**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Shannon J. Leap, Esq. (Bar No. 339574)
sleap@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.V. and X.V., minors by and through their guardian *ad litem*, Karla Juarez; D.V., a minor, by and through his guardian *ad litem*, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., individually; | Case No. 23-1562 **COMPLAINT FOR DAMAGES** |

Plaintiffs,

vs.

CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN; DOES 1-10, inclusive,

Defendants.

1. Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)
2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)
3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)
4. Substantive Due Process (42 U.S.C. § 1983)
5. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)
6. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
7. Battery (Survival and Wrongful Death)
8. Negligence (Survival and Wrongful Death)
9. Violation of Cal. Civil Code § 52.1

**DEMAND FOR JURY TRIAL**

1

## **COMPLAINT FOR DAMAGES**

COME NOW, Plaintiffs E.V. and X.V., by and through their guardian *ad litem* Karla Juarez and D.V., by and through his guardian *ad litem,* Elias Valdivia, individually and as successors in interest to Daniel Luis Valdivia, deceased; and JESSICA VALDIVIA; and LUIS VALDIVIA JR., individually, for their Complaint against Defendants CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN; DOES 1-10, inclusive, allege as follows:

## **JURISDICTION AND VENUE**

1.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## **INTRODUCTION**

3.     This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Their father and son, Daniel Luis Valdivia on April 9, 2022.

## **PARTIES**

4.     At all relevant times, Decedent DANIEL LUIS VALDIVIA ("DECEDENT") was an individual residing in the City of Covina, COUNTY of Los Angeles, California.

5.     Plaintiff E.V., a minor, is an individual residing in the City of Pomona, California and is the natural daughter of DECEDENT. E.V. sues in her individual capacity as the daughter of DECEDENT and also as a successor in interest to DECEDENT. E.V. seeks both survival and wrongful death damages under federal and state law.

6.     Plaintiff X.V., a minor, is an individual residing in the City of Pomona, California and is the natural son of DECEDENT. X.V. sues in his individual capacity as the son of DECEDENT and also as a successor in interest to DECEDENT. X.V. seeks both survival and wrongful death damages under federal and state law.

7.     Plaintiff D.V., a minor, is an individual residing in the City of Apple Valley, California and is the natural son of DECEDENT. D.V. sues in his individual capacity as the son of DECEDENT and also as a successor in interest to DECEDENT. D.V. seeks both survival and wrongful death damages under federal and state law.

8.     Plaintiff JESSICA VALDIVIA is an individual residing in the City of Apple Valley, California and is the natural mother of DECEDENT. JESSICA VALDIVIA sues in her individual capacity as the mother of DECEDENT. JESSICA VALDIVIA seeks both survival and wrongful death damages under state law.

9.     Plaintiff LUIS VALDIVIA JR. is an individual residing in the City of Apple Valley, California and is the natural father of DECEDENT. LUIS VALDIVIA JR.  sues in his individual capacity as the father of DECEDENT. LUIS VALDIVIA JR.  seeks both survival and wrongful death damages under state law.

10.    At all relevant times, Defendant CITY OF CORONA ("CITY") is and was a duly organized public entity existing under the laws of the State of California. CITY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the Covina

Police Department ("CPD") and its agents and employees. At all relevant times, Defendant CITY is and was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California.

11.     At all relevant times, Defendants VANESSA CARDOZA ("CARDOZA"); DAVID MEADOWS ("MEADOWS"); BILLY SUN ("SUN") and DOES 1-7, inclusive (collectively "OFFICER DEFENDANTS") were duly appointed by CITY as CPD OFFICERS and employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials. CARDOZA, MEADOWS, SUN, and DOES 1-7 acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of defendant CITY and the CPD, and under the color of the statutes and regulations of the State of California.

12.     At all relevant times, Defendants DOES 8-10 are managerial, supervisorial, and policymaking employees of the CPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the CPD.  DOES 8-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

13.     In doing the acts and failing and omitting to act as hereinafter described, CARDOZA, MEADOWS, SUN, and DOES 1-7 were acting on the implied and actual permission and consent of Defendant CITY.

14.     CARDOZA, MEADOWS, SUN, and DOES 1-10 are sued in their individual capacities.

15.     The true names and capacities of DOES 1-10 are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of the Defendants when they have been ascertained. Each of the fictitiously named

COMPLAINT FOR DAMAGES

1  Defendants is responsible in some manner for the conduct or liabilities alleged
2  herein.

3        16.    At all times mentioned herein, each and every defendant was the
4  agent of each and every other defendant and had the legal duty to oversee and
5  supervise the hiring, conduct, and employment of each and every defendant.

6        17.    All of the acts complained of herein by Plaintiffs against Defendants
7  were done and performed by said Defendants by and through their authorized
8  agents, servants, and/or employees, all of whom at all relevant times herein were
9  acting within the course, purpose, and scope of said agency, service, and/or
10  employment capacity.  Moreover, Defendants and their agents ratified all of the acts
11  complained of herein.

12        18.    On or around September 28, 2022, Plaintiffs filed comprehensive
13  and timely claims for damages with the City of Corona pursuant to the applicable
14  sections of the California Government Code. Said claims were rejected on February
15  8, 2023.

16        **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

17        19.    Plaintiffs repeat and re-allege each and every allegation in the
18  foregoing paragraphs of this Complaint with the same force and effect as if fully set
19  forth herein.

20        20.    This incident occurred on April 9, 2022 at approximately 10:00 p.m.
21  DECEDENT was standing outside of a convenience store in a small strip mall in the
22  100 block of East Arrow Highway in Covina, California.

23        21.    DEFENDANT OFFICERS responded to the strip mall parking lot
24  and approached DECEDENT.

25        22.    DEFENDANT OFFICERS then shot at DECEDENT without
26  justification, thereby using excessive force against him.

27

28

COMPLAINT FOR DAMAGES

23.    At least some of the lethal rounds that DEFENDANT OFFICERS fired hit DECEDENT in his back.

24.    On information and belief, OFFICER DEFENDANTS failed to give a warning that deadly force was going to be used before shooting at DECEDENT, despite it being feasible to do so.

25.    On information and belief, DECEDENT did not pose an immediate threat of serious bodily injury or death to anyone at the time of the shooting. OFFICER DEFENDANTS were not faced with an immediate or imminent defense of life situation and had less than lethal alternatives available to subdue DECEDENT and to take DECEDENT into custody.

26.    On information and belief, despite having knowledge that DECEDENT was seriously injured by OFFICER DEFENDANTS' use of deadly force, OFFICER DEFENDANTS failed to timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT was a contributing cause of DECEDENT's harm, injury, pain and suffering, and ultimate death.

27.    DECEDENT sustained gunshot wounds to his body. DECEDENT died as a result of those injuries.

28.    Plaintiffs D.V., E.V., and X.V. are DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the biological children of DECEDENT.

29.    Plaintiffs JESSICA VALDIVIA and LUIS VALDIVIA JR.  were financially dependent on DECEDENT to some extent for the necessities of life.

30.    Plaintiffs incurred funeral and burial expenses as a result of the shooting.

///

COMPLAINT FOR DAMAGES

## **FIRST CLAIM FOR RELIEF**

**Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)**

(Plaintiffs D.V., E.V., and X.V. against OFFICER DEFENDANTS)

31.    Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

32.    The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy.  42 U.S.C. § 1983 provides a private right of action for conduct which violates this right. OFFICER DEFENDANTS violated DECEDENT's right to be free from unreasonable search and seizures, which is guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

33.    When OFFICER DEFENDANTS used lethal munition against DECEDENT, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34.    The conduct of OFFICER DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to OFFICER DEFENDANTS.

35.    As a result of their misconduct, OFFICER DEFENDANTS are liable for DECEDENT's injuries, because they were integral participants in the wrongful detention and arrest.

36.    Plaintiffs D.V., E.V., and X.V. bring this claim as successors-in-interest to the DECEDENT, and seek survival damages, including physical and

mental pre-death pain and suffering, loss of life, and loss of enjoyment of life for the violation of DECEDENT's rights.

37.    Plaintiffs also seeks attorney's fees under this claim pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)

(By Plaintiffs D.V., E.V., and X.V. against OFFICER DEFENDANTS)

38.    Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

39.    OFFICER DEFENDANTS used excessive force against DECEDENT when he they shot him several times. OFFICER DEFENDANTS' unjustified use of force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

40.    As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

41.    The conduct of OFFICER DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages.

42.    The shooting was excessive and unreasonable, and DECEDENT posed no immediate threat of death or serious bodily injury at the time of the shooting. Further, OFFICER DEFENDANTS' shooting and use of force violated their training and standard police officer training.

43.   As a result of their misconduct, OFFICER DEFENDANTS are liable for DECEDENT'S injuries, either because they were integral participants in the use of excessive force, and/or because they failed to intervene to prevent these violations.

44.   Plaintiffs D.V., E.V., and X.V. bring this claim as a successors-in-interest to the DECEDENT, and seek survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, for the violation of DECEDENT's rights.

45.   Plaintiffs D.V., E.V., and X.V. also seek attorney's fees under this claim pursuant to 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF

**Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)**

(By Plaintiffs D.V., E.V., and X.V. against OFFICER DEFENDANTS)

46.   Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

47.   The denial of medical care by OFFICER DEFENDANTS deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

48.   On information and belief, OFFICER DEFENDANTS failed to provide needed medical care to DECEDENT, failed to timely summon needed medical care for DECEDENT, prevented medical care personnel from timely treating DECEDENT, and refused to permit medical care personnel to access and care for DECEDENT at the scene for an appreciable time after the incident.

49.    As a result of the foregoing, DECEDENT suffered great physical pain and suffering up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

50.    OFFICER DEFENDANTS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

51.    The conduct of OFFICER DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to OFFICER DEFENDANTS.

52.    As a result of their misconduct, OFFICER DEFENDANTS are liable for DECEDENT'S injuries, either because they were integral participants in the denial of medical care, and/or because they failed to intervene to prevent these violations.

53.    Plaintiffs D.V., E.V., and X.V. bring this claim as a successors-in-interest to the DECEDENT, and seek survival damages, including pre-death pain and suffering, loss of life, and loss of enjoyment of life for the violation of DECEDENT'S rights.

54.    Plaintiffs D.V., E.V., and X.V. also seek attorney's fees and costs under this claim pursuant to 42 U.S.C. § 1988.

## **FOURTH CLAIM FOR RELIEF**

### **Substantive Due Process (42 U.S.C. § 1983)**

(By All Plaintiffs against OFFICER DEFENDANTS)

55.    Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

56.     Plaintiff D.V. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in his familial relationship with his Father, DECEDENT.

57.     Plaintiff E.V. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in her familial relationship with her Father, DECEDENT.

58.     Plaintiff X.V. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in his familial relationship with his Father, DECEDENT.

59.     Plaintiff JESSICA VALDIVIA had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in their familial relationship with her son, DECEDENT.

60.     Plaintiff LUIS VALDIVIA JR. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in his familial relationship with his son, DECEDENT.

61.     The aforementioned actions of OFFICER DEFENDANTS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate

1  indifference to the constitutional rights of Plaintiffs, and with purpose to harm
2  unrelated to any legitimate law enforcement objective.

3       62.     As a direct and proximate result of these actions, DECEDENT
4  experienced pain and suffering and eventually died.  OFFICER DEFENDANTS
5  thus violated the substantive due process rights of Plaintiffs to be free from
6  unwarranted interference with their familial relationship with DECEDENT.

7       63.     As a direct and proximate cause of the acts of OFFICER
8  DEFENDANTS, Plaintiffs suffered emotional distress, mental anguish, and pain.
9  Plaintiffs has also been deprived of the life-long love, companionship, comfort,
10 support, society, care, and sustenance of DECEDENT, and will continue to be so
11 deprived for the remainder of her natural life.

12      64.     The conduct of OFFICER DEFENDANTS was willful, wanton,
13 malicious, and done with reckless disregard for the rights and safety of DECEDENT
14 and Plaintiffs and therefore warrants the imposition of exemplary and punitive
15 damages as to OFFICER DEFENDANTS.

16      65.   Plaintiffs brings this claim in each case individually for the interference
17 with her relationship with her son, DECEDENT and seek wrongful death damages
18 for the violation of their rights.

19      66.   Plaintiffs also seek attorney's fees under this claim pursuant to 42
20 U.S.C. § 1988.

21                 **FIFTH CLAIM FOR RELIEF**

22     **Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

23       (By All Plaintiffs against Defendants CITY and DOES 8-10)

24      67.   Plaintiffs repeat and re-allege each and every allegation in the foregoing
25 paragraphs of this Complaint with the same force and effect as if fully set forth
26 herein.

27      68.   OFFICER DEFENDANTS acted under color of law.

28

69.  The acts of OFFICER DEFENDANTS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

70.  The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal. Specifically, Defendant CITY's training policies were not adequate to train its OFFICERS to respond to situations they confront regularly using de-escalation tactics, to avoid unlawful detention and arrests, and to avoid excessive uses of force. Defendant CITY's training policies were not adequate to train the OFFICERS to properly use nonlethal and lethal force in the event that such force was warranted. The OFFICERS were not trained in the proper use of equipment they carried with them.

71.  Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its OFFICERS adequately.

72.  The failure of Defendant CITY to provide adequate training, including training with regards to mental health crises responses, de-escalation techniques, detention, use of deadly force, and the use of force caused the deprivation of DECEDENT's and Plaintiffs' rights by OFFICER DEFENDANTS; that is, Defendants' failure to train is so closely related to the deprivation of the DECEDENT's and Plaintiffs' rights as to be the moving force that caused the ultimate injury.

73.  On information and belief, CITY failed to train OFFICER DEFENDANTS properly and adequately.

74.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

75.    Accordingly, Defendants CITY and DOES 8-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

76.    Plaintiffs D.V., E.V., and X.V. bring this claim individually and as successors-in-interest to DECEDENT, and seek both survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, and wrongful death damages under this claim.

77.    Plaintiffs JESSICA VALDIVIA and LUIS VALDIVIA JR.  bring this claim individually in each case and seek wrongful death damages under this claim.

78.    Plaintiffs also seek attorney's fees under this claim pursuant to 42 U.S.C. § 1988.

### SIXTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(By All Plaintiffs against Defendants CITY and DOES 8-10)

79.    Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

80.    OFFICER DEFENDANTS acted under color of law.

81.    OFFICER DEFENDANTS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

82.    On information and belief, OFFICER DEFENDANTS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

83.    Defendants CITY, OFFICER DEFENDANTS, and DOES 8-10, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

　　　　(a)    Using excessive force, including excessive deadly force;

　　　　(b)    Providing inadequate training regarding the use of deadly force;

(c)    Employing and retaining as law enforcement officers individuals such as OFFICER DEFENDANTS, who Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)    Inadequately supervising, training, controlling, assigning, and disciplining CITY OFFICERS, and other personnel, including OFFICER DEFENDANTS, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY OFFICERS, including OFFICER DEFENDANTS;

(f)    Failing to adequately discipline CITY law enforcement OFFICERS, including OFFICER DEFENDANTS, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(h)    Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(i)    Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(j)    Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in unjustified shootings;

(k)    Failing to properly train police officers to use nonlethal force and to maintain their equipment concerning nonlethal force, including Tasers, in working condition.

84.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

85.    Defendants CITY, OFFICER DEFENDANTS, and DOES 8-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT and Plaintiffs, and other individuals similarly situated.

86.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, OFFICER DEFENDANTS and DOES 8-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants

-15-

CITY, OFFICER DEFENDANTS, and DOES 8-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs, including but not limited to OFFICER DEFENDANTS' unreasonable use of excessive force, including deadly force, against DECEDENT.

87.    Accordingly, Defendants CITY, OFFICER DEFENDANTS, and DOES 8-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

88.    Plaintiffs D.V., X.V., and E.V. bring this claim individually and as successors-in-interest to DECEDENT, and seek both survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, and wrongful death damages under this claim.

89.    Plaintiffs JESSICA VALDIVIA and LUIS VALDIVIA JR. bring this claim individually in each case and seek wrongful death damages under this claim.

90.    Plaintiffs also seek attorney's fees under this claim pursuant to 42 U.S.C. § 1988.

<u>**SEVENTH CLAIM FOR RELIEF**</u>

**Battery**

(By All Plaintiffs against Defendants CITY and OFFICER DEFENDANTS)

91.    Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

92.    OFFICER DEFENDANTS, while working as law enforcement OFFICERS for CPD, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times and used unreasonable and excessive force against him.  As a result of the actions of OFFICER DEFENDANTS, DECEDENT ultimately died from his injuries.  OFFICER DEFENDANTS had no

legal justification for using force against DECEDENT, and their use of force while carrying out their duties as police officers was an unreasonable and non-privileged use of force.

93.    As a direct and proximate result of the conduct of OFFICER DEFENDANTS as alleged above, DECEDENT sustained injuries, experienced pain and suffering, died from his injuries and also lost his earning capacity. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of their son and father, DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

94.    CITY is vicariously liable for the wrongful acts of OFFICER DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

95.    The conduct of OFFICER DEFENDANTS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs D.V., X.V., and E.V., as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to OFFICER DEFENDANTS and OFFICER DEFENDANTS.

96.    Plaintiffs D.V., X.V., and E.V. bring this claim individually and as successors-in-interest to DECEDENT and seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

97.    Plaintiffs JESSICA VALDIVIA and LUIS VALDIVIA JR.  bring this claim individually, in each case, and seek wrongful death damages under this claim.

# **EIGHTH CLAIM FOR RELIEF**

## **Negligence**

(By All Plaintiffs against all Defendants)

98.    Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

99.    Law enforcement officers, including OFFICER DEFENDANTS have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

100.    OFFICER DEFENDANTS, and Defendants DOES 8-10 breached this duty of care.  Upon information and belief, the actions and inactions of OFFICER DEFENDANTS, and Defendants DOES 8-10 were negligent and reckless, including but not limited to:

> (a)    the failure to properly and adequately assess the need to use force or deadly force against DECEDENT;
>
> (b)    the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;
>
> (c)    the negligent use of force, including deadly force, against DECEDENT;
>
> (d)    the failure to provide prompt medical care to DECEDENT;
>
> (e)    the failure to properly train and supervise employees, both professional and non-professional, including OFFICER DEFENDANTS;

(f)     the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g)     the negligent handling of evidence and witnesses; and

(h)     the negligent communication of information during the incident.

101.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT experienced pain and suffering ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

102.   CITY is vicariously liable for the wrongful acts of OFFICER DEFENDANTS and Defendants DOES 8-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

103.   Plaintiffs D.V., E.V., and X.V. bring this claim individually and as successors-in-interest to DECEDENTand seek survival damages, including pain and suffering, and wrongful death damages under this claim.

104.   Plaintiffs JESSICA VALDIVIA and LUIS VALDIVIA JR.  bring this claim individually, in each case, and seek wrongful death damages under this claim.

///
///
///
///

-19-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NINTH CLAIM FOR RELIEF

### Violation of Cal. Civil Code § 52.1

(By All Plaintiffs against all Defendants)

105.   Plaintiffs repeat and re-allege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

106.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts against another person for exercising that person's constitutional rights, which can be shown by a reckless disregard for that person's civil rights.

107.   On information and belief, OFFICER DEFENDANTS, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT or acted in reckless disregard of DECEDENT's civil rights, including by shooting him without justification or excuse, and by denying him necessary medical care.

108.   When OFFICER DEFENDANTS shot DECEDENT numerous times, either by integrally participating in the shooting or by failing to intervene, they deliberately subjected DECEDENT to excessive force that was beyond what was necessary and coercively interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

109.   On information and belief, Defendants specifically intended to violate DECEDENT's constitutional rights as stated above, as demonstrated by OFFICER DEFENDANT's reckless disregard for DECEDENT's constitutional rights, which he was fully entitled to enjoy.  Thus, Plaintiffs D.V., E.V., and X.V. can recover for

violation of the Bane Act as successor-in-interest to DECEDENT.  *See Reese v. City of Sacramento*, 888 F.3d 1030, 1040-45 (2018).

110.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by OFFICER DEFENDANTS, inclusive were intended to coercively interfere with DECEDENT's civil rights, to discourage him from exercising the above civil rights or to prevent him from exercising such rights.

111.   Defendants successfully interfered with the above civil rights of DECEDENT. The conduct of Defendants was a substantial factor in causing DECEDENT's harms, losses, injuries, and damages.

112.   Defendants DOES 8-10 are vicariously liable under California law and the doctrine of *respondeat superior*. CITY is vicariously liable for the wrongful acts of OFFICER DEFENDANTS and Defendants DOES 8-10, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

113.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's rights, justifying an award of exemplary and punitive damages as to OFFICER DEFENDANTS.

114.   Plaintiffs D.V., E.V., and X.V. bring this claim as successors-in-interest to DECEDENT and seek survival damages, including emotional distress, loss of life, and loss of enjoyment of life under this claim.

115.   Plaintiffs JESSICA VALDIVIA and LUIS VALDIVIA JR.  bring this claim individually, in each case, and seek wrongful death damages under this claim.

116.   All Plaintiffs also seek treble damages, attorney's fees, and costs under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs D.V., E.V., and X.V., individually and as successor-in-interest to Daniel Valdivia, as well as Plaintiffs JESSICA VALDIVIA and LUIS VALDIVIA JR., in each case as individuals, request entry of judgment in their favor and against Defendants CITY OF COVINA, VANESSA CARDOZA, DAVID MEADOWS, AND BILLY SUN; DOES 1-10, inclusive, as follows:

A.   For compensatory damages in whatever other amount may be proven at trial, including survival damages, pre-death pain and suffering damages, and wrongful death damages under federal and state law;

B.   For funeral and burial expenses, and loss of financial support;

C.   For punitive damages against the individual defendants in an amount to be proven at trial;

D.   For statutory damages;

E.   For treble damages pursuant to California Civil Code Sections 52, 52.1;

F.   For interest;

G.   For reasonable attorneys' fees, including litigation expenses;

H.   For costs of suit; and

I.   For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  August 4, 2023          LAW OFFICES OF DALE K. GALIPO

By _____ */s/ Dale K. Galipo*
Dale K. Galipo
Attorneys for All Plaintiffs

-22-
COMPLAINT FOR DAMAGES

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand a trial by jury.

3

4

DATED:  August 4, 2023              LAW OFFICES OF DALE K. GALIPO

5

6

By_____*/s/ Dale K. Galipo*_____
Dale K. Galipo
Attorneys for All Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES