1    Mildred K. O'Linn (State Bar No. 159055)
     *missy.olinn@manningkass.com*
2    Craig Smith (State Bar No. 265676)
     *craig.smith@manningkass.com*
3    **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4    801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
5    Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
6
   Attorneys for Defendants,
7

8               **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11    E.V. and X.V., minors by and through    Case No. 5:23-cv-01562-CBM-SHK
   their guardian ad litem, Karla Juarez;    District Judge: Consuelo B. Marshall
12    D.V., a minor, by and through his    Magistrate Judge: Shashi H.
   guardian ad litem, Elias Valdivia;    Kewalramani
13    individually and as successors-in-
   interest to Daniel Luis Valdivia,    **Joint Stipulated Protective Order**
14    deceased; JESSICA VALDIVIA; LUIS
   VALDIVIA JR., individually;,
15
              Plaintiffs,             FILED: 11/14/2023
16
           v.
17
   CITY OF COVINA; VANESSA
18    CARDOZA; DAVID MEADOWS;
   BILLY SUN; DOES 1-10, inclusive,
19
           Defendants.
20

21

22    <u>1. A. PURPOSES AND LIMITATIONS</u>

23          Discovery in this action is likely to involve production of confidential,

24 proprietary, or private information for which special protection from public

25 disclosure and from use for any purpose other than prosecuting this litigation may

26 be warranted. Accordingly, the parties hereby stipulate to and petition the Court to

27 enter the following Stipulated Protective Order. The parties acknowledge that this

28 Order does not confer blanket protections on all disclosures or responses to

1   discovery and that the protection it affords from public disclosure and use extends

2   only to the limited information or items that are entitled to confidential treatment

3   under the applicable legal principles. The parties further acknowledge, as set forth in

4   Section 12.3, below, that this Stipulated Protective Order does not entitle them to

5   file confidential information under seal; Civil Local Rule 79-5 sets forth the

6   procedures that must be followed and the standards that will be applied when a party

7   seeks permission from the court to file material under seal.

8

9       B. GOOD CAUSE STATEMENT

10          Defendants contend that there is good cause and a particularized need for a

11  protective order to preserve the interests of confidentiality and privacy in peace

12  officer personnel file records and associated investigative or confidential records for

13  the following reasons.

14          First, Defendants contend that peace officers have a federal privilege of

15  privacy in their personnel file records: a reasonable expectation of privacy therein

16  that is underscored, specified, and arguably heightened by the *Pitchess* protective

17  procedure of California law.  *See Sanchez v. Santa Ana Police Dept.*, 936 F.2d 1027,

18  1033-1034 (9th Cir. 1990); *Hallon v. City of Stockton*, 2012 U.S. Dist. LEXIS

19  14665, *2-3, 12-13 (E.D. Cal. 2012) (concluding that "while "[f]ederal law applies

20  to privilege based discovery disputes involving federal claims," the "state privilege

21  law which is consistent with its federal equivalent significantly assists in applying

22  [federal] privilege law to discovery disputes"); *Soto v. City of Concord*, 162 F.R.D.

23  603, 613 n. 4, 616 (N.D. Cal. 1995) (peace officers have constitutionally-based

24  "privacy rights [that] are not inconsequential" in their police personnel records); *cf.*

25  Cal. Penal Code §§ 832.7, 832.8; Cal. Evid. Code §§ 1040-1047.  Defendants

26  further contend that uncontrolled disclosure of such personnel file information can

27  threaten the safety of non-party witnesses, officers, and their families/associates.

28          Second, Defendants contend that municipalities and law enforcement

2

agencies have federal deliberative-executive process privilege, federal official information privilege, federal law enforcement privilege, and federal attorney-client privilege (and/or attorney work product protection) interests in the personnel files of their peace officers – particularly as to those portions of peace officer personnel files that contain critical self-analysis, internal deliberation/decision-making or evaluation/analysis, or communications for the purposes of obtaining or rendering legal advice or analysis – potentially including but not limited to evaluative/analytical portions of Internal Affairs type records or reports, evaluative/analytical portions of supervisory records or reports, and/or reports prepared at the direction of counsel, or for the purpose of obtaining or rendering legal advice.  *See Sanchez*, 936 F.2d at 1033-1034; *Maricopa Audubon Soc'y v. United States Forest Serv.*, 108 F.3d 1089, 1092-1095 (9th Cir. 1997); *Soto*, 162 F.R.D. at 613, 613 n. 4; *Kelly v. City of San Jose*, 114 F.R.D. 654, 668-671 (N.D. Cal. 1987); *Tuite v. Henry*, 181 F.R.D. 175, 176-177 (D. D.C. 1998); *Hamstreet v. Duncan*, 2007 U.S. Dist. LEXIS 89702 (D. Or. 2007); *Admiral Ins. Co. v. United States Dist. Ct.*, 881 F.2d 1486, 1492, 1495 (9th Cir. 1988).  Defendants further contend that such personnel file records are restricted from disclosure by the public entity's custodian of records pursuant to applicable California law and that uncontrolled release is likely to result in needless intrusion of officer privacy; impairment in the collection of third-party witness information and statements and related legitimate law enforcement investigations/interests; and a chilling of open and honest discussion regarding and/or investigation into alleged misconduct that can erode a public entity's  ability to identify and/or implement any remedial measures that may be required.

Third, Defendants contend that, since peace officers do not have the same rights as other private citizens to avoid giving compelled statements, it is contrary to the fundamental principles of fairness to permit uncontrolled release of officers' compelled statements.  *See generally Lybarger v. City of Los Angeles*, 40 Cal.3d

3

822, 828-830 (1985); *cf*. U.S. Const., amend V.

Accordingly, Defendants contend that, without a protective order preventing such, production of confidential records in the case can and will likely substantially impair and harm defendant public entity's interests in candid self-critical analysis, frank internal deliberations, obtaining candid information from witnesses, preserving the safety of witnesses, preserving the safety of peace officers and peace officers' families and associates, protecting the privacy officers of peace officers, and preventing pending investigations from being detrimentally undermined by publication of private, sensitive, or confidential information – as can and often does result in litigation.

Plaintiff agrees that there is Good Cause for a Protective Order so as to preserve the respective interests of the parties without the need to further burden the Court with such issues.  Specifically, the parties jointly contend that, absent this Stipulation and its associated Protective Order, the parties' respective privilege interests may be impaired or harmed, and that this Stipulation and its associated Protective Order may avoid such harm by permitting the parties to facilitate discovery with reduced risk that privileged and/or sensitive/confidential information will become matters of public record.


2. DEFINITIONS

2.1 Action: Valdivia et. al v. City of Covina et. al. (Case No. 5:23-cv-01562-CBM-SHK)

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4



2.4 <u>Counsel:</u> Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party:</u> a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>House Counsel:</u> attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record:</u> attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 <u>Party:</u> any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action. 2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in

any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, until a court order otherwise directs, or until a given piece of information or material designated as "CONFIDENTIAL" is admitted into evidence at trial. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for

6

protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). Whenever possible, the Confidential Legend should be placed in the margins of the designated document. The Confidential Legend should not obscure or otherwise impact the contents of the document or designated material.

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a

designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

9

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; (h) during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and   (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this

Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

11

1    (1) promptly notify in writing the Requesting Party and the Non-

2    Party that some or all of the information requested is subject to a confidentiality

3    agreement with a Non-Party;

4    (2) promptly provide the Non-Party with a copy of the Stipulated

5    Protective Order in this Action, the relevant discovery request(s), and a reasonably

6    specific description of the information requested; and

7    (3) make the information requested available for inspection by

8    the Non-Party, if requested.

9    (c) If the Non-Party fails to seek a protective order from this court

10   within 14 days of receiving the notice and accompanying information, the Receiving

11   Party may produce the Non-Party's confidential information responsive to the

12   discovery request. If the Non-Party timely seeks a protective order, the Receiving

13   Party shall not produce any information in its possession or control that is subject to

14   the confidentiality agreement with the Non-Party before a determination by the

15   court. Absent a court order to the contrary, the Non-Party shall bear the burden and

16   expense of seeking protection in this court of its Protected Material.

17   <u>10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

18   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

19   Protected Material to any person or in any circumstance not authorized under this

20   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

21   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

22   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

23   persons to whom unauthorized disclosures were made of all the terms of this Order,

24   and (d) request such person or persons to execute the "Acknowledgment and

25   Agreement to Be Bound" that is attached hereto as Exhibit A.

26   <u>11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

27   <u>PROTECTED MATERIAL</u>

28   When a Producing Party gives notice to Receiving Parties that certain

12

inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

13

1  summaries, and any other format reproducing or capturing any of the Protected
2  Material. Whether the Protected Material is returned or destroyed, the Receiving
3  Party must submit a written certification to the Producing Party (and, if not the same
4  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies
5  (by category, where appropriate) all the Protected Material that was returned or
6  destroyed and (2)affirms that the Receiving Party has not retained any copies,
7  abstracts, compilations, summaries or any other format reproducing or capturing any
8  of the Protected Material. Notwithstanding this provision, Counsel are entitled to
9  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing
10 transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert
11 reports, attorney work product, and consultant and expert work product, even if such
12 materials contain Protected Material. Any such archival copies that contain or
13 constitute Protected Material remain subject to this Protective Order as set forth in
14 Section 4 (DURATION).

15      14. Any violation of this Order may be punished by any and all appropriate
16 measures including, without limitation, contempt proceedings and/or monetary
17 sanctions.

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

14

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  November 16, 2023          LAW OFFICES OF DALE K. GALIPO

                                   */s/ Shannon J. Leap*

                                        Dale K. Galipo, Esq.
                                        Shannon J. Leap, Esq.
                                        *Attorneys for Plaintiffs*

DATED:  November 14, 2023          **MANNING & KASS**
                                   **ELLROD, RAMIREZ, TRESTER LLP**


                                   By:      */s/ Mildred K. O'Linn*
                                        Mildred K. O'Linn
                                        G. Craig Smith
                                        Joseph Gordon
                                        Attorneys for Defendants, CITY OF
                                        COVINA, VANESSA CARDOZA,
                                        DAVID MEADOWS, AND BILLY SUN


     FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED:11/17/2023
                                        _____
                                        HON. Shashi H. Kewlamarani
                                        United States Magistrate Judge

15

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of Valdivia et. al v. City of Covina et. al. (Case No. 5:23-cv-

01562-CBM-SHK). I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order. I further agree to submit to the

jurisdiction of the United States District Court for the Central District of California

for the purpose of enforcing the terms of this Stipulated Protective Order, even if

such enforcement proceedings occur after termination of this action. I hereby

appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____