1  **LAW OFFICES OF DALE K. GALIPO**
   Dale K. Galipo, Esq. (Bar No. 144074)
2  dalekgalipo@yahoo.com
   Shannon J. Leap, Esq. (Bar No. 339574)
3  sleap@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California, 91367
   Telephone: (818) 347-3333
5  Facsimile: (818) 347-4118

6  Attorneys for Plaintiffs

7  Mildred K. O'Linn (State Bar No. 159055)
   G. Craig Smith (State Bar No. 265676)
8  **MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP**
9  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
10 Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
11

12 Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| E.V. and X.V., minors by and through their guardian *ad litem*, Karla Juarez; D.V., a minor, by and through his guardian *ad litem*, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., individually;<br><br>Plaintiffs,<br>vs.<br><br>CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN; DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 5:23-cv-01562-CBM-SHK<br>[*Honorable Consuelo B. Marshall, Magistrate Judge Shashi H. Kewalramani*]<br><br>**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP RULE 26**<br><br>**Scheduling Conference**<br>Date: December 5, 2023<br>Time: 10:00 a.m.<br>Ctrm: 8D<br>350 West 1st Street<br>Los Angeles, California 90012 |

JOINT SCHEDULING REPORT PURSUANT TO FRCP RULE 26

Pursuant to this Court's October 11, 2023 Order (Dkt. No. 24), as well as Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, the parties submit the following report, by and through their respective counsel of record following their Early Meeting of Counsel, held on October 27, 2023:

## I. NATURE OF THE CASE:

### A. Parties:

The Plaintiffs in this case are: E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez; D.V., a minor, by and through his guardian ad litem, Elias Valdivia; individually and as successors-in-interest to DANIEL LUIS VALDIVIA, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., individually.

The Defendants in this case are: CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN; DOES 1-10, inclusive.

### B. Facts:

#### i. *Plaintiffs' Version of the Facts*

This case arises out of the fatal officer-involved shooting of Daniel Luis Valdivia ("Decedent" or "Mr. Valdivia"), deceased, on April 9, 2022 outside of a strip mall in the 100 block of East Arrow Highway in Covina, California. Defendant Officers Vanessa Cardoza, David Meadows, Billy Sun, and unidentified officers, Doe Officers 1-10, approached Mr. Valdivia and shot at Daniel Valdivia. At least some of their lethal rounds hit him in his back. At all relevant times, Daniel Luis Valdivia did not pose an immediate threat of death or serious bodily injury to the officers or any bystanders. At all relevant times, the Defendant Officers had less than lethal alternatives available to subdue Mr. Valdivia and safely take him into custody, but failed to utilize or exhaust those alternatives.

#### ii. *Defendants' Version of the Facts*

This case arises out of an April 9, 2022 officer-involved shooting incident where, at approximately 10:00 p.m., the Covina Police Department received

multiple 911 calls regarding a guy with a gun near Country Liquor and holding a large beer. Officers Meadows, Sun and Cardoza were dispatched, and encountered decedent Daniel Valdivia who had the gun described by callers in his waistband. Officers gave multiple commands to Valdivia of "let me see your hands" and "put your hands up." Valdivia moved his right hand in the direction of his waistband prompting further commands of "don't reach for anything."

Valdivia reached for his waistband and officers yelled "Don't reach for it." Instead Valdivia pulled out the gun and pointed in in the direction of officers Meadows and Sun prompting them to defend themselves and discharge their service firearms.

**C. Claims For Relief:**

This is a civil rights action arising out of the fatal shooting of decedent, Daniel Luis Valdivia, by City of Covina Police Department Officers, Vanessa Cardoza, David Meadows, Billy Sun, and other yet to be identified DOE officers on April 9, 2022. Plaintiffs filed their Complaint on August 4, 2023 with the following claims for relief against Defendants for their uses of force against Decedent.

1. Fourth Amendment – Excessive Force (42 U.S.C. § 1983);
2. Fourth Amendment – Denial of Medical Care (42 U.S.C. § 1983);
3. Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983);
4. Municipal Liability – Inadequate Training (42 U.S.C. § 1983);
5. Municipal Liability – Unconstitutional Custom, Practice, or Policy (Municipal Liability – Inadequate Training (42 U.S.C. § 1983);
6. Battery (Survival and Wrongful Death);
7. Negligence (Survival and Wrongful Death);
8. Violation of Cal. Civil Code § 52.1

**II. SUBJECT MATTER JURISDICTION:** This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**III.    KEY LEGAL ISSUES:**

The following are among the principal issues raised by Plaintiffs' Complaint:

    a) Whether Defendant Officers used excessive force;

    b) Whether the uses of excessive force against decedent was malicious, oppressive, or in reckless disregard of his rights;

    c) Whether Defendant Officers unreasonably denied medical care to Decedent under the Fourth Amendment;

    d) Whether the use of deadly force and shooting interfered with Plaintiffs' rights to a familial relationship with the Decedent;

    e) Whether Defendant City of Covina failed to train its Officers

    f) Whether Defendant City of Covina maintained an unconstitutional custom, policy, and/or practice with regard to the Covina Police Department.

    g) Whether the Defendants were negligent with respect to their handling of the situation, including pre-shooting negligence, using lethal force with decedent, negligent training and supervision, and failing to deliver prompt care to the decedent.

    h) Whether the Defendants violated the Bane Act;

    i) The extent and nature of Plaintiffs' damages including punitive damages.

///

### IV. RANGE OF PROBABLE DAMAGES:

Plaintiffs anticipate that the range of possible damages is as follows: in excess of $10 million in wrongful death damages, in excess of $5 million for survival damages, including pre-death pain and suffering and loss of life damages.

### V. APPEARANCE OF ADDITIONAL PARTIES:

At this time, Plaintiffs do not anticipate naming additional parties, or amending the pleadings, unless the documents produced during discovery by Defendants reveal that other City of Covina Police Department Officers were integral participants in, failed to intervene in, or were somehow otherwise responsible for the violation of Plaintiffs' constitutional rights.

### VI. MANUAL FOR COMPLEX LITIGATION:

This case is not complex and does not require utilization of the Manual For Complex Litigation.

### VII. DISCOVERY PLAN:

The parties have discussed anticipated discovery and propose the following dates for expert and non-expert discovery deadlines. This schedule was compiled based upon the trial calendars of counsel and their evaluation of the parties' discovery needs. Discovery will be conducted in two phases, non-expert fact discovery and expert discovery. The parties will serve their initial disclosures in accordance with Fed. R. Civ. P. 26(a)(1)(C), by December 1, 2023.

A. Depositions:
  i. Plaintiffs anticipate deposing the named defendant officers, including the DOE officers, once Plaintiffs learn of their identities through the course of discovery. Plaintiffs may also depose percipient witnesses, including other Covina Police Department Officers and/or civilian witnesses. The parties will work together to find mutually agreeable dates on which these depositions may take place.

      ii.    Defendants anticipate taking the depositions of plaintiffs, third party witnesses, investigators from the Department of Justice and the Coroner. The parties will work together to find mutually agreeable dates on which these depositions may take place.

B. Written Discovery:

      i.    Plaintiffs anticipate propounding written discovery, including requests for production of documents and interrogatories, upon Defendants regarding the facts and circumstances of the incident that forms the basis of this lawsuit, including matters of individual liability, supervisory liability, compensatory damages and punitive damages.

      ii.    Defendants anticipate propounding written discovery upon plaintiffs with respect to their claims for relief and claims for recovery of damages, as well as take depositions of plaintiffs and relevant third parties.

C. Expert Discovery: The Parties each anticipate designating retained and non-retained experts on liability and damages, and that depositions of such experts will also be taken. The parties share the understanding that expert discovery is outside of the presumptive limit on the number of depositions.

      i.    The Parties propose a Fact Discovery Cutoff Date of: **January 24, 2025.**

      ii.    The Parties propose an Initial Expert Witness Disclosure Date of: **February 7, 2025.**

      iii.    The Parties propose a Rebuttal Expert Witness Disclosure Date of: **March 7, 2025.**

      iv.    The Parties propose an Expert Discovery Cutoff Date of: **March 28, 2025.**

Counsel for the parties will meet-and-confer on any discovery issues and any

potential Rule 29 stipulations as may be appropriate.

  D. The parties plan to enter into a protective order concerning documents that the parties contend are confidential. Defendants will submit a proposed Joint Stipulation for Protective Order and meet and confer with Plaintiffs regarding same.

  E. The parties do not anticipate any issues regarding disclosure, discovery and preservation of electronically stored information.

  F. The parties do not anticipate any issues about claims for privilege or of protection as trial-preparation materials.

  G. The parties do not anticipate any other changes to the limitations on discovery imposed under the Rules or by Local Rule.

IV.   **MOTION SCHEDULE:**

Plaintiff anticipates filing the following motions:

If, in the course of discovery, Plaintiff learns of additional uses of force by the named officers and/or the identities of the Doe Officers, Plaintiff will seek leave to amend the pleadings. Plaintiff will file appropriate discovery motions, if and as needed.

Defendants anticipate filing the following motions: A motion for summary judgment and a potential motion to bifurcate individual liability from *Monell* liability and punitive damages.

The Parties anticipate filing motions *in limine* if this matter proceeds to trial.

The Parties request a period of fourteen (14) days to file an opposition to any dispositive motion including a motion for summary judgment or partial summary judgment. The Parties are also agreeable to a period of fourteen (14) days to file a reply.

IV. **STATEMENT OF SETTLEMENT EFFORTS:**

    A. **Possibility Of Prompt Settlement Or Resolution:**

The parties have discussed the possibility of informal resolution of the case, as well as early mediation. The parties have not yet engaged in substantive settlement discussions but are amenable to settlement discussions following a period of discovery. The Parties propose a mediation cutoff date of:

    B. **ADR Selection Pursuant To Local Rule 16-15.4:**

The parties agree to ADR Procedure No. 2, and will select a mutually agreed upon mediator. Plaintiffs' counsel will seek the consent of the mutually agreed upon mediator and will file the appropriate ADR forms with the Court.

V. **TRIAL ESTIMATE:**

The parties have discussed trial and trial preparation, and propose a Pre-Trial Conference date of **April 25, 2025**. The parties request a trial date of **May 13, 2025**, which is the earliest trial date available on the trial calendars for all counsel. The parties estimate that this trial will take 5-7 days, not including *voir dire*, opening statements, closing arguments, and time reasonably anticipated that will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury. Trial will be by jury. Plaintiffs filed their Demand for a Jury Trial on August 4, 2023. (See Dkt. No. 1).

Lead Trial counsel for Plaintiffs will be Dale K. Galipo.

Lead Trial counsel for Defendants will be Mildred K. O'Linn.

IX. **INSURANCE:**

Defendants are self-insured and have adequate excess insurance coverage.

X. **MAGISTRATE JUDGE**

The parties do not consent to a mutually agreeable magistrate judge from the court's Voluntary Consent List to preside over this action for all purposes, including trial.

**OTHER ISSUES:**

Counsel agree that this matter is not a class action.

Counsel agree that neither a discovery master, nor independent scientific expert are needed for this lawsuit.

The parties are not aware of any other issues that need to be addressed by the court at this time.

Dated: November 28, 2023

**LAW OFFICES OF DALE K. GALIPO**

By: /s/ Dale K. Galipo
Dale K. Galipo, Esq.
Shannon J. Leap, Esq.[1]
*Attorneys for Plaintiffs*

Dated: November 28, 2023

**MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP**

By: /s/     G. Craig Smith
Mildred K. O'Linn
G. Craig Smith

*Attorneys for Defendants*

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.