**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez; D.V., a minor, by and through his guardian ad litem, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., individually,

           Plaintiffs,

   vs.

CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN; DOES 1-10, inclusive,

           Defendants.

Case No.: **5:23-cv-01562-CBM-SHK**

[*Honorable Consuelo B. Marshall*]
Magistrate Judge Shashi H. Kewalramani

**PLAINTIFFS' STATEMENT OF GENUINE DISPUTES**

[*Filed concurrently with* Plaintiffs' Opposition to Defendants' Motion for Summary Judgment; Memorandum of Points and Authorities in support thereof; Plaintiffs' Objections to Evidence Presented in Defendants' Separate Statement; Declaration of Marcel F. Sincich and exhibits thereto; Declaration of Roger Clark; Declaration of Scott Holdaway]

Hearing:    July 15, 2025
Time:      10:00 a.m.
Crtrm:     8D

Trial Date: October 21, 2025
Complaint Filed: August 4, 2023

1

## PLAINTIFFS' STATEMENT OF GENUINE DISPUTES

Pursuant to Local Rule 56-2, Plaintiffs respectfully submit their Statement of Genuine Disputes.

DATED:  June 17, 2025          **LAW OFFICES OF DALE K. GALIPO**

By: _/s/     Marcel F. Sincich_
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq.
*Attorney for Plaintiffs*

## PLAINTIFFS' STATEMENT OF GENUINE DISPUTES

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| **1.** On April 9, 2022, Jonathan Logan, an employee of Country Liquor, located at 124 East Arrow Highway in the City of Covina, went to the parking lot in front of the store to take out the trash and smoke a cigarette.<br><br>Defendants/Moving Party's Evidence: Ex. 4 at 10:55–11:05. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation.<br><br>**See Defense Ex. 24, CPD Incident Report (CAD Call)** at 14 (CPD 92): information provided to Officers, prior to their use of unreasonable deadly force, includes: 22:12:51 "417 J/O-- Sus M/H 40 yrs blk sweater, shorts facial hair holding a can of beer blk hand gun." 22:13:13 same. 22:13:17 "one call at this time." 22:13:37 "Starbucks employee called to adv same circs." 22:13:55 "Subj is still near the front door." 22:15:09 "X3 calls received, subj is 415 verbal with two other subjs to the front." 22:15:31 "Starbucks employee adv grp of 3-4 males subjs to the front of the loc." 22:15:37 "415V with two other males." 22:16:21 "subj with a gun placed the gun blk into his front pocket."<br><br>*See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*. **Additional Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown. **Rule 602/603**: Not Under Oath, Speculation. **Rule 403/602/611**: Compound, Lacks Foundation. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
|  | **Rule 801/802**: Impermissible Hearsay. |
| **2.** While he was outside, Logan was approached by Valdivia, who informed Logan that he was with a gang and that he "kill[s] n[****]s like you, all day." <u>Defendants/Moving Party's Evidence</u>: Ex. 4 at 11:00–11:30. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. **See Defense Ex. 24, CPD Incident Report (CAD Call)** at 14 (CPD 92): at <u>22:12:51</u>; <u>22:13:13</u>; <u>22:13:17</u>; <u>22:13:37</u>; <u>22:13:55</u>; <u>22:15:09</u>; <u>22:15:31</u>; <u>22:15:37</u>; and <u>22:16:21</u> for information known provided to officers. (See No. 1 Above.) <u>*See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith*. **<u>Additional Objections</u>**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Misleading, Information Unknown, Vague and Ambiguous. **Rule 602/603**: Not Under Oath, Speculation. **Rule 403/602/611**: Compound, Lacks Foundation. **Rule 404**: Impermissible Character Evidence. **Rule 801/802**: Impermissible Hearsay and Hearsay within Hearsay. |
| **3.** Valdivia also showed Logan what "looked like a g[***] d[***] gun." <u>Defendants/Moving Party's Evidence</u>: Ex. 4 at 11:35–11:42. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. **See Defense Ex. 24, CPD Incident Report (CAD Call)** at 14 (CPD 92): at |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | 22:12:51; 22:13:13; 22:13:17; 22:13:37; 22:13:55; 22:15:09; 22:15:31; 22:15:37; and 22:16:21 for information known provided to officers. (See No. 1 Above.) *See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith.* **Additional Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. **Rule 602/603**: Not Under Oath, Speculation. **Rule 403/611**: Compound, Lacks Foundation. **Rule 404**: Impermissible Character Evidence. **Rule 801/802**: Impermissible Hearsay and Hearsay within Hearsay. |
| 4.      According to Logan, Valdivia told him: "I'll shoot you, m[***] f[***]." <br><br> Defendants/Moving Party's Evidence: Ex. 5 at 22:40–22:45. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. <br><br> **See Defense Ex. 24, CPD Incident Report (CAD Call)** at 14 (CPD 92): at 22:12:51; 22:13:13; 22:13:17; 22:13:37; 22:13:55; 22:15:09; 22:15:31; 22:15:37; and 22:16:21 for information known provided to officers. (See No. 1 Above.) <br><br> *See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith.* **Additional Objections**: **Rule 401/402**: Relevance. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading.<br>**Rule 602/603**: Not Under Oath, Speculation.<br>**Rule 403/611**: Compound, Lacks Foundation.<br>**Rule 404**: Impermissible Character Evidence.<br>**Rule 801/802**: Impermissible Hearsay and Hearsay within Hearsay. |
| **5.** When asked to describe the gun, Logan said it was "black" and, after noting that he "know[s] guns," described it as a "45."<br><br>Defendants/Moving Party's Evidence: Ex. 4 at 11:42–11:48. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation.<br><br>**See Defense Ex. 24, CPD Incident Report (CAD Call)** at 14 (CPD 92): at 22:12:51; 22:13:13; 22:13:17; 22:13:37; 22:13:55; 22:15:09; 22:15:31; 22:15:37; and 22:16:21 for information known provided to officers. (See No. 1 Above.)<br>**See also Defense Ex. 26, Physical Evidence Report** at 1: $CO_2$ powered BB gun.<br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. E, Meadows Depo** 56:10-12 to Sinich Decl ¶6: The "gun" at issue was not a "45" caliber handgun but BB gun.<br><br>*See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*.<br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Rule 602/603**: Not Under Oath, Speculation.<br>**Rule 403/611**: Compound, Lacks Foundation.<br>**Rule 404**: Impermissible Character Evidence.<br>**Rule 801/802**: Impermissible Hearsay. |
| **6.** According to Logan, "the m[***] f[***] was real."<br><br>Defendants/Moving Party's Evidence: Ex. 4 at 11:47–11:50; *see also* Ex. 5 at 24:45–25:05. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation.<br><br>**See Defense Ex. 24, CPD Incident Report (CAD Call)** at 14 (CPD 92): at 22:12:51; 22:13:13; 22:13:17; 22:13:37; 22:13:55; 22:15:09; 22:15:31; 22:15:37; and 22:16:21 for information known provided to officers. (See No. 1 Above.)<br>**See also Defense Ex. 26, Physical Evidence Report** at 1: $CO_2$ powered BB gun.<br>Plaintiffs/Opposing Party's Evidence: **Exh. E, Meadows Depo** 56:10-12 to Sincich Decl ¶6: The "gun" at issue was not "real" gun but BB gun.<br><br>*See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*.<br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading.<br>**Rule 602/603**: Not Under Oath, Speculation.<br>**Rule 403/611**: Compound, Lacks Foundation, Speculation. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Rule 801/802**: Impermissible Hearsay. |
| **7.** When asked what type of gun it was, Logan said: "It was a Glock. It was a g[***] d[***] Glock." <br><br> <u>Defendants/Moving Party's Evidence</u>: Ex. 4 at 11:49–11:53. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. <br><br> **See Defense Ex. 24, CPD Incident Report (CAD Call)** at 14 (CPD 92): at <u>22:12:51</u>; <u>22:13:13</u>; <u>22:13:17</u>; <u>22:13:37</u>; <u>22:13:55</u>; <u>22:15:09</u>; <u>22:15:31</u>; <u>22:15:37</u>; and <u>22:16:21</u> for information known provided to officers. (See No. 1 Above.) <br> **See also Defense Ex. 26, Physical Evidence Report** at 1: $CO_2$ powered BB gun. <br> <u>Plaintiffs/Opposing Party's Evidence</u>: **Exh. E, Meadows Depo** 56:10-12 to Sincich Decl ¶6: The "gun" at issue was a BB gun. <br><br> <u>*See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith*. <br> **Additional Objections**: <br> **Rule 401/402**: Relevance. <br> **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. <br> **Rule 602/603**: Not Under Oath, Speculation. <br> **Rule 403/611**: Compound, Lacks Foundation. <br> **Rule 801/802**: Impermissible Hearsay. |
| **8.** And then he added, twice more: "It was real." <br><br> <u>Defendants/Moving Party's Evidence</u>: | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| Ex. 4 at 11:53–11:54, 12:29–12:31. | inquiry, thus unfair prejudice and lacks foundation.<br><br>**See Defense Ex. 24, CPD Incident Report (CAD Call)** at 14 (CPD 92): at <u>22:12:51</u>; <u>22:13:13</u>; <u>22:13:17</u>; <u>22:13:37</u>; <u>22:13:55</u>; <u>22:15:09</u>; <u>22:15:31</u>; <u>22:15:37</u>; and <u>22:16:21</u> for information known provided to officers. (See No. 1 Above.) **See also Defense Ex. 26, Physical Evidence Report** at 1: $CO_2$ powered BB gun.<br><u>Plaintiffs/Opposing Party's Evidence</u>:<br>**Exh. E, Meadows Depo** 56:10-12 to Sinich Decl ¶6: The "gun" at issue was a BB gun.<br><br>*See* <u>Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith*.<br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading, Cumulative.<br>**Rule 602/603**: Not Under Oath, Speculation.<br>**Rule 403/611**: Compound, Lacks Foundation, Speculation.<br>**Rule 801/802**: Impermissible Hearsay. |
| **9.**     Logan also explained that he has seen fake guns before, and it appeared to him that the gun that Valdivia showed him was "real," not fake.<br><br><u>Defendants/Moving Party's Evidence</u>:<br>Ex. 4 at 13:25–13:40;<br>Ex. 5 at 24:45–25:05. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation.<br><br>**See Defense Ex. 24, CPD Incident Report (CAD Call)** at 14 (CPD 92): at <u>22:12:51</u>; <u>22:13:13</u>; <u>22:13:17</u>; <u>22:13:37</u>; |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | 22:13:55; 22:15:09; 22:15:31; 22:15:37; and 22:16:21 for information known provided to officers. (See No. 1 Above.) **See also Defense Ex. 26, Physical Evidence Report** at 1: $CO_2$ powered BB gun. <br> Plaintiffs/Opposing Party's Evidence: **Exh. E, Meadows Depo** 56:10-12 to Sincich Decl ¶6: The "gun" at issue was a BB gun. <br><br> *See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith.* **Additional Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. **Rule 602/603**: Not Under Oath, Speculation. **Rule 403/611**: Compound, Lacks Foundation. **Rule 801/802**: Impermissible Hearsay. |
| **10.** To Logan, the gun looked like a real Glock because it did not have an orange tip (that a fake gun would normally have). <br><br> Defendants' Evidence: Ex. 5 at 7:20–7:35. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. No officer described not seeing an orange tip on the gun as relevant to their analysis or to establish it as a fact. <br><br> **Objections**: **Local Rule 56-1:** Not a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Restriction of hindsight evidence. *See Tennessee v. Garner*, 471 U.S. 1, 26 (1985); *Glenn v. Washington* |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | *Cnty.*, 673 F.3d at 873 n.8 (9th Cir. 2011). (See No. 1 Above)<br>**Local Rule 7-6**: Witness requires, and Plaintiffs' request Oral Examination.<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading.<br>**Rule 602/603**: Not Under Oath, Speculation.<br>**Rule 403/611**: Compound, Lacks Foundation.<br>**Rule 801/802**: Impermissible Hearsay. |
| **11.**     Logan explained that Valdivia had the gun in his hand and showed it to him about four to five times.<br><br><u>Defendants' Evidence</u>:<br>Ex. 4 at 12:00–12:31, 14:30–15:25, 16:52–17:05. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation.<br><br>*See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith.*<br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading.<br>**Rule 602/603**: Not Under Oath, Speculation.<br>**Rule 403/611**: Compound, Lacks Foundation.<br>**Rule 801/802**: Impermissible Hearsay. |
| **12.**     Valdivia told Logan that he wanted to "use" the gun and to shoot somebody.<br><br><u>Defendants' Evidence</u>:<br>Ex. 4 at 15:28–15:41; | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| Ex. 5 at 22:20–22:40. | inquiry, thus unfair prejudice and lacks foundation.<br><br>**See Defense Ex. 24, CPD Incident Report (CAD Call)** at 14 (CPD 92): at <u>22:12:51</u>; <u>22:13:13</u>; <u>22:13:17</u>: <u>22:13:37</u>: <u>22:13:55</u>, <u>22:15:09</u>; <u>22:15:31</u>; <u>22:15:37</u>; and <u>22:16:21</u> for information known provided to officers. (See No. 1 Above.)<br>**See also Defense Ex. 26, Physical Evidence Report** at 1: $CO_2$ powered BB gun.<br><u>Plaintiffs/Opposing Party's Evidence</u>:<br>**Exh. E, Meadows Depo** 56:10-12 to Sincich Decl ¶6: The "gun" at issue was a BB gun.<br><br><u>*See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith*.<br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading.<br>**Rule 602/603**: Not Under Oath, Speculation.<br>**Rule 403/611**: Compound, Lacks Foundation.<br>**Rule 801/802**: Impermissible Hearsay and Hearsay within Hearsay. |
| **13.** And to Logan, it seemed like Valdivia "wanted to shoot someone tonight" and "wanted to shoot a person."<br><br><u>Defendants' Evidence</u>:<br>Ex. 4 at 12:29–12:41, 15:49–15:52. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation.<br><br>**See Defense Ex. 24, CPD Incident Report (CAD Call)** at 14 (CPD 92): at |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | 22:12:51; 22:13:13; 22:13:17; 22:13:37; 22:13:55; 22:15:09; 22:15:31; 22:15:37; and 22:16:21 for information known provided to officers. (See No. 1 Above.) |
| | *See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith.* **Additional Objections**: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. **Rule 602/603**: Not Under Oath, Speculation. **Rule 403/602/611**: Compound, Lacks Foundation. **Rule 801/802**: Impermissible Hearsay and Hearsay within Hearsay. |
| **14.** During his interview with a detective, Logan emphasized several times that the way Valdivia was acting, it looked as if he wanted to kill someone or get himself killed. <br><br> Defendants/Moving Party's Evidence: Ex. 5 at 23:00–23:30, 24:15–24:30, 25:00–25:20. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. <br><br> **See Defense Ex. 24, CPD Incident Report (CAD Call) at 14 (CPD 92)**: at 22:12:51; 22:13:13; 22:13:17; 22:13:37; 22:13:55; 22:15:09; 22:15:31; 22:15:37; and 22:16:21 for information known provided to officers. (See No. 1 Above.) <br><br> *See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith.* |

Case No. 5:23-cv-01562-CBM-SHK

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Additional Objections**: <br> **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. <br> **Rule 401/402**: Relevance. <br> **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. <br> **Rule 602/603**: Not Under Oath, Speculation. <br> **Rule 403/602/611**: Compound, Lacks Foundation. <br> **Rule 801/802**: Impermissible Hearsay and Hearsay within Hearsay. |
| **15.**   The incident was witnessed by multiple persons, who became scared of Valdivia brandishing the gun and threatening people. <br><br> Defendants/Moving Party's Evidence: <br> *See, e.g.*, Exs. 6, 7, 8; <br> *see also* Ex. 5 at 10:18–10:28. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. <br><br> **See Defense Ex. 24, CPD Incident Report (CAD Call)** at 14 (CPD 92): at <u>22:12:51</u>; <u>22:13:13</u>; <u>22:13:17</u>; <u>22:13:37</u>; <u>22:13:55</u>; <u>22:15:09</u>; <u>22:15:31</u>; <u>22:15:37</u>; and <u>22:16:21</u> for information known provided to officers. (See No. 1 Above.) <br> **See also Defense Ex. 5 at 10:18–10:28**: did not state that Valdivia "brandished" a gun, cannot speak for what another person saw, does not state that anyone was scared. <br> **See also Defense Ex. 6**: did not state that Valdivia "brandished" a gun, instead stated "there's a group of people there, I don't know which one it is exactly"— caller does not identify Valdivia as the subject in question. Caller also states, |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | "sorry there's not much else I can say about it, I didn't witness it personally"—caller was calling 911 to inform about what someone else may have seen, states that people are not in distress, does not mention scared, just that it's making people uncomfortable, never mentions threatening people, and when asked if they were arguing at all caller stated "No, they're just outside smoking." Further, there is no distress in the caller's voice. **See also Defense Ex. 7**: did not state that Valdivia "brandished" a gun, states that he did not know what Valdivia was saying and never states that anyone was scared. Further, there is no distress in the caller's voice. **See also Defense Ex. 8**: did not state that Valdivia "brandished" or pointed the gun at anyone, never states that anyone was scared, never states that Valdivia threatened anyone. Caller is relaying information for an unknown person in the background and asking that person for information to answer dispatcher questions. Further, there is no distress in the caller's voice. *See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*. **Additional Objections**: **Local Rule 56-1**: Unsupported with Pinpoint Citation. Each fact must be supported by pinpoint citation to evidence in the record. **Rule 401/402**: Relevance. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading, Misstates Evidence. **Rule 602/603**: Not Under Oath, Speculation. **Rule 403/611**: Compound, Lacks Foundation. **Rule 404**: Impermissible Character Evidence. **Rule 801/802**: Impermissible Hearsay and Hearsay within Hearsay. |
| **16.** At least three of those witnesses called 911 to report the incident. <u>Defendants/Moving Party's Evidence:</u> Exs. 6, 7, 8. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. **See Defense Ex. 6**: caller stated, "sorry there's not much else I can say about it, I didn't witness it personally"—caller was calling 911 to inform about what someone else may have seen. **See Defense Ex. 8**: Caller is parroting information for an unknown person in the background and asking that person for information to answer dispatcher questions. *See* <u>Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith*. **Additional Objections**: **Local Rule 56-1**: Unsupported with Pinpoint Citation. Each fact must be supported by pinpoint citation to evidence in the record. **Rule 401/402**: Relevance. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading.<br>**Rule 603**: Not Under Oath.<br>**Rule 403/602/611**: Compound, Lacks Foundation, Speculation.<br>**Rule 801/802**: Impermissible Hearsay and Hearsay within Hearsay. |
| **17.** Thus, a Starbucks manager called 911 to report that there was a man outside "flashing his gun," which scared the customers.<br><br>Defendants/Moving Party's Evidence: Ex. 6 at 0:02–0:10, 1:00–1:10, 1:27–1:31, 2:00–2:07. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation.<br><br>**See Defense Ex. 24, CPD Incident Report (CAD Call)** at 14 (CPD 92): at 22:12:51; 22:13:13; 22:13:17; 22:13:37; 22:13:55; 22:15:09; 22:15:31; 22:15:37; and 22:16:21 for information known provided to officers. (See No. 1 Above.)<br>**See also Defense Ex. 6**: "sorry there's not much else I can say about it, I didn't witness it personally"—was calling 911 to inform about what someone else may have seen, states that people are not in distress, does not mention scared, just that it's making people uncomfortable. Further, there is no distress in the caller's voice.<br><br>*See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*.<br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading, Misstates Evidence. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Rule 603**: Not Under Oath. **Rule 403/602611**: Compound, Lacks Foundation, Speculation. **Rule 404**: Impermissible Character Evidence. **Rule 801/802**: Impermissible Hearsay and Hearsay within Hearsay. |
| **18.** Another caller told 911 that there was a customer outside of his business having an argument and it seemed like he had a gun.<br><br>Defendants/Moving Party's Evidence: Ex. 7 at 0:10–0:22. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation.<br><br>*See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*. **Additional Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. **Rule 603**: Not Under Oath. **Rule 403/602/611**: Compound, Lacks Foundation, Speculation. **Rule 801/802**: Impermissible Hearsay. |
| **19.** According to the caller, the man was "arguing with people" and "showing his gun."<br><br>Defendants/Moving Party's Evidence: Ex. 7 at 0:39–0:46. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation.<br><br>*See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*. **Additional Objections**: **Rule 401/402**: Relevance. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. **Rule 603**: Not Under Oath. **Rule 403/602/611**: Compound, Lacks Foundation, Speculation. **Rule 801/802**: Impermissible Hearsay. |
| **20.** A third person also called 911 to report a man with a gun outside of a liquor store next to Starbucks.<br><br>Defendants/Moving Party's Evidence: Ex. 8 at 0:00–0:09. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation.<br><br>_See_ Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement _filed concurrently herewith_. **Additional Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. **Rule 603**: Not Under Oath. **Rule 403/602/611**: Compound, Lacks Foundation, Speculation. **Rule 801/802**: Impermissible Hearsay. |
| **21.** According to the caller, "there were people running away from him."<br><br>Defendants/Moving Party's Evidence: Ex. 8 at 0:10–0:15. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation.<br><br>_See_ Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement _filed concurrently herewith_. **Additional Objections**: **Rule 401/402**: Relevance. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. **Rule 603**: Not Under Oath. **Rule 403/602/611**: Compound, Lacks Foundation, Speculation. **Rule 801/802**: Impermissible Hearsay. |
| **22.**    The caller indicated that the man was holding the gun in his hand.<br><br>Defendants/Moving Party's Evidence: Ex. 8 at 0:15–0:25. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation.<br><br>*See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*. **Additional Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. **Rule 603**: Not Under Oath. **Rule 403/602/611**: Compound, Lacks Foundation, Speculation. **Rule 801/802**: Impermissible Hearsay. |
| **23.**    She described him as a Hispanic male wearing a black sweater and black shorts.<br><br>Defendants/Moving Party's Evidence: Ex. 8 at 0:25–0:35. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation.<br><br>*See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*. **Additional Objections**: **Rule 401/402**: Relevance. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. <br> **Rule 603**: Not Under Oath. <br> **Rule 403/602/611**: Compound, Lacks Foundation, Speculation. <br> **Rule 801/802**: Impermissible Hearsay. |
| **24.** The caller described the gun as "a black handgun." <br><br> <u>Defendants/Moving Party's Evidence</u>: Ex. 8 at 0:54–1:05. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. <br><br> <u>See</u> Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*. <br> **Additional Objections**: <br> **Rule 401/402**: Relevance. <br> **Rule 403**: Unduly Prejudicial, Information Unknown, Vague and Ambiguous, Misleading. <br> **Rule 603**: Not Under Oath. <br> **Rule 403/602/611**: Compound, Lacks Foundation, Speculation. <br> **Rule 801/802**: Impermissible Hearsay. |
| **25.** At approximately 10:12 p.m., dispatch broadcasted to the officers that a 40-year-old Hispanic male with facial hair wearing a black sweater and shorts was at a liquor store "holding a can of beer ***and a black handgun*** in his hands." <br><br> <u>Defendants/Moving Party's Evidence</u>: Ex. 9; <br> Ex. 24 at CPD000092. | **Undisputed** that this information was broadcasted to officers over the radio. <br><br> **Disputed** as to the accuracy of the information broadcasted. <br><br> <u>Plaintiffs/Opposing Party's Evidence</u>: <br> **Exh. J, Autopsy Report** at CPD 121 to Sincich Decl ¶11: Valdivia was 24-years-old. <br> **Exh. Q, Sun BWC** at 02:44 to Sincich Decl ¶17: Valdivia was wearing pants. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | See also **Defense Ex. 26, Physical Evidence Report** at 1: $CO_2$ powered BB gun.<br><br>_See_ Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement _filed concurrently herewith._ **Additional Objections**:<br>**Rule 403**: Vague and Ambiguous, Misleading.<br>**Rule 403/602/611**: Compound, Lacks Foundation, Speculation.<br>**Rule 801/802**: Impermissible Hearsay. |
| **26.**    At approximately 10:15 p.m., dispatch advised the officers that the suspect was ***actively disturbing the peace*** with others in the area and that there were already three calls received.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 10;<br>Ex. 24 at CPD000092;<br>Ex. 1 at 0:29–0:47. | **Disputed**. Valdivia was not "actively disturbing the peace."<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. N, Surveillance Video** at 17:53-18:45 (04-09-2022, 10:18:01-10:18:51 AM) to Sincich Decl ¶15; Holdaway Decl ¶8: Valdivia was not "actively disturbing the peace," and was not acting in a threatening manner.<br>**Exh. Q, Sun BWC** at 02:40-02:47 to Sincich Decl ¶17: Valdivia was not "actively disturbing the peace."<br>See **Defense Ex. 24, CPD Incident Report (CAD Call)** at 14 (CPD 92): Call does not state that the subject was "actively disturbing the peace."<br>See also **Defense Ex. 1**: dispatch does not state that the subject was "actively disturbing the peace."<br>See also **Defense Ex. 10**: dispatch does not state that the subject was "actively disturbing the peace."<br><br>**Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | the light most favorable to the non-moving party.<br>**Rule 403**: Argumentative, Vague and Ambiguous, Misleading.<br>**Rule 403/611**: Compound, Lacks Foundation.<br>**Rule 801/802**: Impermissible Hearsay. |
| **27.**    At approximately 10:16 p.m., just as the officers arrived at the scene, dispatch advised the officers that the subject **_had the gun "in his front pocket."_**<br><br>Defendants/Moving Party's Evidence:<br>Ex. 11;<br>Ex. 24 at CPD000092;<br>Ex. 1 at 2:18–2:23. | **Undisputed**. |
| **28.**    Several officers responded to the scene, including Officers Sun, Meadows, and Cardoza.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 28 at 53:14–54:2;<br>Ex. 29 at 60:15–21. | **Undisputed**. |
| **29.**    While enroute, Officer Sun took charge of setting up a containment and directed other units as to where they should park once they are on the scene.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 28 at 24:12–15, 53:21–54:10;<br>Ex. 13 at 20:9–13;<br>Ex. 29 at 46:23–47:13. | **Undisputed**. |
| **30.**    To that end, Officer Sun (1) told Officer Meadows that he and Officer Sun would park near the Starbucks and approach on foot, (2) directed Officers Dixon and Cardoza to the east side, (3) | **Undisputed** for the purposes of this opposition. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| directed Officer Avila to be on the northwest side, and (4) directed the officer arriving after Officers Sun and Meadows to be on the south side.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 28 at 52:15–18, 53:21–54:10;<br>Ex. 29 at 47:6–48:2. | |
| **31.** Officers Sun and Meadows arrived on the scene and exited their patrol vehicles at approximately **10:16:30 p.m.**<br><br>Defendants/Moving Party's Evidence:<br>Ex. 1 at 2:23;<br>Ex. 2 at 0:24. | **Disputed**. Officer Meadows exited his patrol vehicle at approximately 10:16:36 p.m. such that he had to jog to catch up with Officer Sun, who also took a few jogging steps.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. E, Meadows Depo** at 50:4-9 to Sincich Decl ¶6.<br>**Exh. R, Meadows BWC** at 00:21-00:28 to Sincich Decl ¶18.<br>**Exh. Q, Sun BWC** at 02:20-02:36 to Sincich Decl ¶17.<br><br><u>**Objections**</u>:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Misstates Facts, Misleading. |
| **32.** They walked over to the liquor store and obtained visual of Valdivia approximately twenty seconds later.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 1 at 2:41;<br>Ex. 2 at 0:39. | **Disputed** as to "walked." These officers rushed into the parking lot without a plan.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. E, Meadows Depo** at 50:4-9 to Sincich Decl ¶6.<br>**Exh. R, Meadows BWC** at 00:21-00:28 to Sincich Decl ¶18.<br>**Exh. Q, Sun BWC** at 02:20-02:36 to Sincich Decl ¶17. |

Case No. 5:23-cv-01562-CBM-SHK

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| **33.** Officer Cardoza arrived on the scene shortly before Officers Sun and Meadows did and was in the process of observing Valdivia from the north as Officers Sun and Meadows approached him from the west.<br><br>Defendants/Moving Party's Evidence: Ex. 30 at 14:16–23, 55:6–8, 56:19–21; Ex. 21 at 23:10–16, 24:9–13. | **Undisputed** that Officer Cardoza was observing Valdivia instead of getting her beanbag shotgun and was forced to abandon her plan to get the beanbag shotgun because Officer Sun rushed to the parking lot without a plan or communication with Officer Cardoza.<br><br>**Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Vague as to time, Vague as to "scene", Misleading.<br>**Rule 403/611**: Compound. |
| **34.** At **<u>10:16:54 p.m.</u>**, Officer Sun yells to Valdivia: "Hey, let me see your hands! Let me see your hands!" and when that fails to get Valdivia's attention, continues with: "Put your hands up! Don't fucking move!"<br><br>Defendants/Moving Party's Evidence: Ex. 1 at 2:43–2:47. | **Undisputed** that Officers Sun and Meadows gave simultaneous and conflicting (thus confusing) commands, including "Let me see your hands," "Don't move," and "Put your hands up." Further undisputed that Officer Meadows statements cannot be heard from Officer Sun's video, thus disputed as to whether Valdivia heard and was able to understand Officers' statements.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. E, Meadows Depo** at 49:5-17 to Sincich Decl ¶6: pursuant to training, officers should avoid giving simultaneous and conflicting commands because they could cause confusion.<br>**Exh. P, Sun BWC** with Counter at 00:00-00:10 to Sincich Decl ¶17; Holdaway Decl ¶4.<br>**Exh. R, Meadows BWC** at 00:40-00:44 to Sincich Decl ¶18.<br>**Objections**: |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403/611**: Compound. |
| **35.** Officer Meadows similarly tells Valdivia: "Police! Put your hands up! Put your hands up!"<br><br>Defendants/Moving Party's Evidence: Ex. 2 at 0:40–0:44. | **Undisputed** that Officers Sun and Meadows gave simultaneous and conflicting (thus confusing) commands, including "Let me see your hands," "Don't move," and "Put your hands up." Further undisputed that Officer Meadows statements cannot be heard from Officer Sun's video, thus disputed as to whether Valdivia heard and was able to understand Officers' statements.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. E, Meadows Depo** at 49:5-17 to Sincich Decl ¶6: pursuant to training, officers should avoid giving simultaneous and conflicting commands because they could cause confusion.<br>**Exh. P, Sun BWC** with Counter at 00:00-00:10 to Sincich Decl ¶17; Holdaway Decl ¶4.<br>**Exh. R, Meadows BWC** at 00:40-00:44 to Sincich Decl ¶18. |
| **36.** Instead of complying, Valdivia moves the beer bottle that he had in his right hand to his left hand and ***immediately reaches for his waistband with his right hand***.<br><br>Defendants/Moving Party's Evidence: Ex. 1 at 2:47–2:48. | **Undisputed** that Valdivia moved a bottle from one hand to the other.<br><br>**Disputed** that Valdivia did not comply with commands given the improper nature of the commands given.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. E, Meadows Depo** at 49:5-17 to Sincich Decl ¶6: pursuant to training, officers should avoid giving simultaneous and conflicting commands because they could cause confusion. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Exh. P, Sun BWC** with Counter at 00:00-00:10 to Sincich Decl ¶17; Holdaway Decl ¶4. **Exh. R, Meadows BWC** at 00:40-00:44 to Sincich Decl ¶18.<br><br>**Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403/611**: Argumentative, Compound, Vague and Ambiguous. |
| **37.**    Officer Sun tells him not to reach: "Hey, get your fucking hands out of your pocket, dude!"<br><br>Defendants/Moving Party's Evidence: Ex. 1 at 2:47–2:50. | **Undisputed** that Officer Sun stated, "Hey, get your fucking hands out of your pocket, dude!" and that Valdivia could hear and understand the command given his immediate compliance and lack of simultaneous and conflicting commands.<br>**Disputed** that the quoted statement is equivalent to telling Valdivia "not to reach."<br>**Disputed** as to argumentative sequence.<br><br>Plaintiffs/Opposing Party's Evidence: **Exh. P, Sun BWC** with Counter at 00:05-00:07 to Sincich Decl ¶17; Holdaway Decl ¶4. At approximately the time that Officer Sun stated, "Hey, get your - - ", Valdivia's hands are already moving up in the air and his hands are all the way in the air prior to Officer Sun finishing the present command as Valdivia is already in compliance with the prior command to get his hands up.<br><br>**Objections**: |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | Rule 403/611: Argumentative, Compound, Vague and Ambiguous. |
| 38.    Valdivia says: "Whatever!" but complies and raises his hands.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 1 at 2:49–2:51;<br>Ex. 2 at 0:48. | Undisputed. That Valdivia says "Whatever" and that Valdivia complied with Officer Commands.<br><br>Objections:<br>Rule 403/611: Argumentative, Compound, Vague and Ambiguous. |
| 39.    At this point, Officer Meadows tells Valdivia to get on the ground: "Get on the ground, now!"<br><br>Defendants/Moving Party's Evidence:<br>Ex. 2 at 0:49–0:50;<br>Ex. 1 at 2:51–2:53. | Undisputed. That Officer Meadows commands Valdivia, "Get on the ground, now!"<br><br>Objections:<br>Rule 403/611: Argumentative, Compound, Vague and Ambiguous. |
| 40.    As Valdivia starts getting on the ground, Officer Meadows tells him: "Don't reach for anything!"<br><br>Defendants/Moving Party's Evidence:<br>Ex. 2 at 0:51–0:53;<br>Ex. 1 at 2:54–2:55. | Undisputed.<br><br>Objections:<br>Rule 403/611: Argumentative, Compound, Vague and Ambiguous. |
| 41.    As Officers Sun and Meadows were giving commands to Valdivia, Officer Cardoza run toward them to provide assistance.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 30 at 55:9–12, 56:19–23, 57:2–6, 58:10–13;<br>Ex. 21 at 23:18–22. | Undisputed. |
| 42.    Valdivia proceeds getting on the ground, but only with the left elbow on the ground and the right hand propping him up.<br><br>Defendants/Moving Party's Evidence: | Undisputed that Valdivia got onto the ground.<br><br>Disputed. Valdivia's entire lower body is flat on the ground and the right side of this stomach is on the ground along with |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| Ex. 1 at 2:56. | his left forearm (from elbow to wrist) and right hand.<br><br>Plaintiffs/Opposing Party's Evidence: **Exh. P, Sun BWC** with Counter at 00:12-00:15 to Sincich Decl ¶17; Holdaway Decl ¶4.<br><br>**Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403/611**: Argumentative, Vague and Ambiguous. |
| 43.    Valdivia then ***shifts his weight*** to his left elbow and ***reaches for his waistband*** with his right hand at **10:17:07 p.m.**<br><br>Defendants/Moving Party's Evidence: Ex. 1 at 2:57. | **Disputed**. Valdivia's "weight" already appeared to be on his left forearm/ elbow and does not appear to shift weight.<br><br>Plaintiffs/Opposing Party's Evidence: **Exh. P, Sun BWC** with Counter at 00:12-00:15 to Sincich Decl ¶17; Holdaway Decl ¶4. |
| 44.    Officer Sun radios that Valdivia "reached for his waist."<br><br>Defendants/Moving Party's Evidence: Ex. at 1 2:57. | **Undisputed**.<br><br>**Objections**:<br>**Rule 401**: Irrelevant/Immaterial. |
| 45.    Simultaneously, Officers Sun and Meadows yell to Valdivia: "Don't reach for it!"<br><br>Defendants/Moving Party's Evidence: Ex. 1 at 2:57–2:58; Ex. 2 at 0:55–0:56. | **Disputed** to the extent that it is argumentatively vague. When Officers Sun and Meadows are simultaneously yelling commands at Valdivia, he is already tossing the gun away and to the ground.<br><br>Plaintiffs/Opposing Party's Evidence: **Exh. P, Sun BWC** with Counter at 00:13-00:15 to Sincich Decl ¶17; Holdaway Decl ¶4. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| **46.** Valdivia proceeds to retrieve the gun and bring it forward until it is pointing in the direction of Officers Sun and Meadows.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 1 at 2:58;<br>Ex. 13 at 28:20–30:6;<br>Ex. 28 at 17:5–20, 71:20–23;<br>Ex. 17 at 24:10–17;<br>Ex. 29 at 55:17–25;<br>Ex. 21 at 25:1–15, 33:16–24;<br>Ex. 23 at 4:3–13;<br>Ex. 30 at 16:15–18, 17:4–9, 68:24–69:5, 69:17–18, 70:5–7. | **Disputed**. At 22:17:09 hours, which is 02:58 of Officer Sun's video as cited by the Defense, the gun is no longer in Valdivia's hand. Valdivia is not "proceeding" to retrieve the gun. Valdivia is not bringing the gun forward. Valdivia is not and had not ever pointed the gun in the direction of Officers Sun and Meadows. Instead, Valdivia tossed/discarded the gun away and to the ground. All of Defendants' self-serving statements lack credibility and are contradicted by the video evidence.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4.<br>**Decl. of Clark** ¶12.<br><br>**Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
|  | **Rule 403/602/611**: Compound, Vague, Speculation. |
| **47.** Shots are fired between <u>**10:17:08 p.m.**</u> and <u>**10:17:11 p.m.**</u><br><br><u>Defendants/Moving Party's Evidence</u>:<br>Ex. 1 at 2:58 – 3:01;<br>Ex. 2 at 0:56–0:58. | **Undisputed**. That the shots occur within this timeframe but **Disputed** as to the precise timing of shots. The first shot is fired, according to the time stamp on Officer Sun's Video, at 22:17:09.<br><br><u>Plaintiffs/Opposing Party's Evidence</u>:<br>**Exh. G, 4-Up Screenshots** at 44-91, to Sincich Decl ¶8; Holdaway Decl ¶7.<br>**Exh. H, Sun BWC Screenshots** at 44-91, to Sincich Decl ¶9; Holdaway Decl ¶5.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4. |
| **48.** Valdivia's gun drops in front of him.<br><br><u>Defendants/Moving Party's Evidence</u>:<br>Ex. 1 at 3:01. | **Undisputed** that the gun ended up on the ground in front of Valdivia who was face-down on the ground.<br><br>**Disputed** as phrased given Defendants argument. The gun was out of Valdivia's hand prior to every shot fired.<br><br><u>Plaintiffs/Opposing Party's Evidence</u>:<br>**Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4. **Decl. of Clark** ¶12d. |
| | **Objections:** **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 403**: Argument, Misleading as phrased and in context. |
| **49.**     Logan, who was standing right next to Valdivia when the officers arrived and during the shooting, confirmed that Valdivia was "ready to pull that thing" (the gun) during his interaction with the officers. <br><br> Defendants/Moving Party's Evidence: Ex. 4 at 14:05–14:10. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. Further, Logan was not standing next to Valdivia during the shooting—he was on the other side of the black car, out of view of Valdivia's upper body at the time of the shooting. <br><br> Plaintiffs/Opposing Party's Evidence: **Exh. Q, Sun BWC** at 02:56-03:18 to Sincich Decl ¶18. **Exh. L, Statler BWC** at 01:10-01:30 to Sincich Decl ¶19. <br><br> *See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*. **Additional Objections**: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 401/402**: Relevance. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Rule 403**: Unduly Prejudicial, Information Unknown, Misleading, Confusing and Unintellegible. **Rule 602/603**: Not Under Oath, Speculation. **Rule 403/602/611**: Compound, Lacks Foundation, Speculation. **Rule 801/802**: Impermissible Hearsay. |
| **50.** And then, once he got on the ground, Valdivia "pulled it out on the officers." <br><br> <u>Defendants/Moving Party's Evidence</u>: Ex. 4 at 15:22–15:28. | **Disputed**. Valdivia did not pull the gun out on the officers. Valdivia submitted to the officers' presence and discarded the BB gun once he got on the ground, before any shots were fired. <br><br> <u>Plaintiffs/Opposing Party's Evidence</u>: **Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand. **Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand. **Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10. **Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6. **Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4. **Decl. of Clark** ¶12. <br><br> <u>*See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement</u> *filed concurrently herewith*. **Additional Objections**: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Rule 403**: Unduly Prejudicial, Information Unknown, Misleading, Confusing and Unintelligible. **Rule 602/603**: Not Under Oath, Speculation. **Rule 403/602/611**: Compound, Lacks Foundation, Speculation. **Rule 801/802**: Impermissible Hearsay. |
| 51.    According to Logan, "it looked like [Valdivia] pointed that s[***] at … them," referring to the officers.<br><br>Defendants/Moving Party's Evidence: Ex. 5 at 7:00–7:15. | **Disputed**, inadmissible evidence. This information was unknown to the Defendant Officers, impermissible hindsight evidence, irrelevant to the inquiry, thus unfair prejudice and lacks foundation. Further, Logan was not standing next to Valdivia during the shooting—he was on the other side of the black car, out of view of Valdivia's upper body at the time of the shooting. Additionally, as seen on the Sun Video, Valdivia never pointed the gun at any officer.<br><br>Plaintiffs/Opposing Party's Evidence: **Exh. G, 4-Up Screenshots**, to Sincich Decl ¶7; Holdaway Decl ¶2: at 1-43 discarding gun; at 44-91 shots fired without gun in hand. **Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand. **Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10. **Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6. **Exh. P, Sun BWC** at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4. **Decl. of Clark** ¶12c. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | *See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*. **Additional Objections**: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown, Misleading, Confusing and Unintelligible. **Rule 602/603**: Not Under Oath, Speculation. **Rule 403/602/611**: Compound, Lacks Foundation. **Rule 801/802**: Impermissible Hearsay. |
| 52.    Officer Sun testified that he received the call at around 10:14 p.m. <br><br> Defendants/Moving Party's Evidence: Ex. 28 at 8:7–9. | **Undisputed**. |
| 53.    He was familiar with the area because it was "undoubtedly our most serviced area of the city" due to a large volume of crime, including stabbings, domestic violence, and narcotics and alcohol violations. <br><br> Defendants/Moving Party's Evidence: Ex. 13 at 20:17–23, 21:7–10, 21:17–20. | **Disputed** for the purpose of this opposition as there is no foundation for this irrelevant and prejudicial statement. <br><br> **Objections**: **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial, Information Unknown, Misleading. **Rule 404**: Impermissible Character Evidence. **Rule 403/602/611**: Compound, Lacks Foundation. |
| 54.    The initial call informed him that the subject was a Hispanic male in his 40's wearing black sweater and shorts, holding a bear and a gun, and that he | **Undisputed**. Including that the initial call was for a suspected violation that required investigation. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| was suspected of violating Penal Code § 417 by brandishing a gun.<br><br>Defendants/Moving Party's Evidence: Ex. 28 at 40:8–18, 45:3–4, 45:13–14, 45:19–23. | |
| **55.** While enroute, Officer Sun received additional information, including that more people have called 911 regarding the same subject and that the subject was "actively 415" with several other individuals, which to Officer Sun meant that he was "argumentative, aggressive, trying to start a fight."<br><br>Defendants/Moving Party's Evidence: Ex. 28 at 41:4–17, 42:16–22, 43:1–5, 44:13–16, 50:1–10; Ex. 13 at 19:8–18. | **Disputed**: the subject was not "actively 415." This is a self-serving statement of Officer Sun who was "enroute" and did not see what was "actively" happening. Further, Officer Sun's argumentative interpretation of "415" lacks foundation and calls for speculation. No call stated that Valdivia was "argumentative, aggressive, trying to start a fight."<br><br>Plaintiffs/Opposing Party's Evidence: **Exh. A, Sun Depo** to Sincich Decl ¶2: at 41:14-17 – Sun states that 415 could mean uncooperative but nevertheless is a reflection of the Penal Code (which include making unreasonable noise). At 42:16-22 – Sun erroneously states that he was notified by dispatch that the subject was aggressive and that they were going to encounter someone aggressive. At 43:1-5 – Sun clarified that the only thing dispatch actually said was that the initial subject was causing a 415 with two others. At 43:6-8 – dispatch did not tell Sun that Valdivia was starting a fight. At 43:9-11 – dispatch did not tell Sun that Valdivia was being aggressive. At 43:12-13 – by reasonable inference, Sun admits that a person can be 415 without being aggressive. At 44:22-24 – Sun did not know who started the argument.<br><br>**Objections**: |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Unduly Prejudicial, Information Unknown, Misleading.<br><br>**Rule 403/611**: Compound, Lacks Foundation, Speculation. |
| **56.**    Officer Sun testified that the fact that there were multiple callers reporting similar information gave more credibility to the received information.<br><br><u>Defendants/Moving Party's Evidence</u>:<br>Ex. 28 at 47:3–6;<br>Ex. 13 at 19:19–20:1. | **Undisputed** as to what was actually known to the officers at the time. Caller information given to dispatch is not relevant to the inquiry. |
| **57.**    As he was getting out of his patrol car, Officer Sun also received information that the subject placed the gun in his right pocket.<br><br><u>Defendants/Moving Party's Evidence</u>:<br>Ex. 28 at 41:12-13;<br>Ex. 13 at 22:6–9. | **Undisputed**. Officers knew upon arrival that the situation was de-escalating without officer presence/intervention. |
| **58.**    Upon making his approach, Officer Sun observed Valdivia arguing with two other individuals.<br><br><u>Defendants/Moving Party's Evidence</u>:<br>Ex. 28 at 49:1–3;<br>Ex. 13 at 23:11–13. | **Disputed**.<br><br><u>Plaintiffs/Opposing Party's Evidence</u>:<br>**Exh. A, Sun Depo** to Sincich Decl ¶2: At 44:22-24 – Sun did not know who started the argument. At 49:1-5 – despite claiming that Valdivia was arguing, Sun was too far to hear anything that Valdivia was saying in order to determine if he was arguing. **Exh. N, Surveillance Video** at 07:24-18:52, to Sincich Decl ¶15; Holdaway Decl ¶8: Valdivia does not appear to be arguing. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Exh. Q, Sun BWC** at 02:20-02:55 to Sincich Decl ¶18. Cannot hear any arguing and Valdivia does not appear to be arguing.<br><br>**Objections**:<br>**Rule 403**: Unduly Prejudicial, Information Unknown, Misleading.<br>**Rule 403/611**: Lacks Foundation, Speculation. |
| **59.**    Given Valdivia's clothing and his actions, which matched the information provided by the 911 callers, Officer Sun was immediately able to identify Valdivia as the subject of the 911 calls.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 28 at 47:3–6, 49:12–16;<br>Ex. 13 at 23:4–10, 42:16–25. | **Disputed**. There is nothing in Valdivia's clothing or actions that matched information provided by 911 callers for Offices to immediately identify Valdivia as the subject of the 911 calls.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**See Defense Ex. 24, CPD Incident Report (CAD Call)** at 14 (CPD 92): 22:12:51 male Hispanic, 40 years, black sweater, shorts, facial hair, holding beer and handgun. 22:15:09 Subject 415 verbal with two other subjects in front. 22:16:21 Subject placed gun into front pocket.<br>**See Defense Ex. 4, Avila BWC** at 07:35-07:55: At least Subject Logan appears to be closer to 40 years old than Valdivia.<br>**Exh. J, Autopsy Report** at CPD 121 to Sincich Decl ¶11: Valdivia was 24-years-old.<br>**Exh. N, Surveillance Video** at 17:53-18:45 (04-09-2022 10:18:01-10:18:51 AM) to Sincich Decl ¶15; Holdaway Decl ¶8: no actions observable that match 417 or 415.<br>**Exh. Q, Sun BWC** at 02:46, to Sincich Decl ¶18: All three subjects are wearing black sweaters and black pants. Valdivia |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | is not wearing black shorts as the call identified. Cannot see facial hair on Valdivia. Finally, cannot see a gun in Valdivia's hands or on his person. All three subjects appear to be in a verbal conversation.<br><br>__Objections__:<br>__FRCP Rule 56__: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>__Rule 403__: Argumentative, Misleading.<br>__Rule 403/611__: Lacks Foundation. |
| 60.    Upon arrival, Officer Sun commanded Valdivia to show him his hands and then to put up his hands.<br><br>Defendants/Moving Party's Evidence: Ex. 28 at 58:12–18. | __Undisputed__ that Officers Sun and Meadows gave simultaneous, confusing, and conflicting commands, which is counter to the training, including "Let me see your hands," "Don't move," and "Put your hands up." |
| 61.    Valdivia did not immediately comply.<br><br>Defendants/Moving Party's Evidence: Ex. 28 at 58:19–21. | __Disputed__. Within approximately 5 seconds of Officer Sun's surprise commands after his stealth approach, Valdivia's hands were over his head in the air.<br><br>Plaintiffs/Opposing Party's Evidence:<br>__Exh. A, Sun Depo__ at 58:19-59:10, to Sincich Decl ¶2: Officer Sun viewed Valdivia putting his hands up as a sign of compliance.<br>__Exh. E, Meadows Depo__ at 49:5-17 to Sincich Decl ¶6: pursuant to training, officers should avoid giving simultaneous and conflicting commands because they could cause confusion.<br>__Exh. Q, Sun BWC__ at 02:40-02:46 to Sincich Decl ¶18. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | See Defense Ex. 2, Meadows BWC at 00:40-00:44. |
| **62.** Instead, Valdivia reached for his waistband, which prompted Officer Sun to tell him get his hands out of his pocket.<br><br>Defendants/Moving Party's Evidence: Ex. 28 at 60:3–8; Ex. 13 at 24:25–25:10. | **Disputed** as phrased. Defendants claimed that Valdivia was reaching for his waistband in No. 36 above, now they claim it was his pocket. Further disputed that Valdivia did not comply with commands given the improper nature of the commands given, being simultaneous and conflicting.<br><br>Plaintiffs/Opposing Party's Evidence: **Exh. A, Sun Depo** at 58:19-59:10, to Sincich Decl ¶2: Officer Sun viewed Valdivia putting his hands up as a sign of compliance.<br>**Exh. E, Meadows Depo** at 49:5-17 to Sincich Decl ¶6: pursuant to training, officers should avoid giving simultaneous and conflicting commands because they could cause confusion.<br>**Exh. Q, Sun BWC** at 02:40-02:46 to Sincich Decl ¶18.<br>**See Defense Ex. 2, Meadows BWC** at 00:40-00:44. |
| **63.** Eventually, Valdivia raised his hands and was then ordered to get on ground by Officer Meadows.<br><br>Defendants/Moving Party's Evidence: Ex. 28 at 60:11–18. | **Undisputed** that Valdivia complied by raising his hands over his head and complied by getting to the ground as commanded by Officers.<br><br>Plaintiffs/Opposing Party's Evidence: **Exh. A, Sun Depo** at 58:19-59:10, to Sincich Decl ¶2: Officer Sun viewed Valdivia putting his hands up as a sign of compliance. At 60:6-61:5 – Valdivia complied several times with officer commands.<br>**Exh. E, Meadows Depo** at 49:5-17 to Sincich Decl ¶6: pursuant to training, |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | officers should avoid giving simultaneous and conflicting commands because they could cause confusion. **Exh. Q, Sun BWC** at 02:40-02:46 to Sincich Decl ¶18. **See Defense Ex. 2, Meadows BWC** at 00:40-00:44. |
| **64.** Officer Sun testified that Valdivia did not get fully on the ground as commanded; instead, he "started leaning to his left" and getting into what to Officer Sun looked like "a modified prone shooting position." Defendants/Moving Party's Evidence: Ex. 28 at 60:19–24; Ex. 13 at 26:15–27:1, 27:22–25. | **Disputed**. No officer described how Valdivia should get on the ground, no officer described what "fully" on the ground means; thus, there was no non-compliance to some specificity in a command never given. Disputed that Valdivia was ever in a shooting position. Plaintiffs/Opposing Party's Evidence: **Exh. P, Sun BWC** with Counter at 00:00-00:10 to Sincich Decl ¶17; Holdaway Decl ¶4. **Decl. of Clark** ¶12. Objections: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 403**: Argumentative. **Rule 403/611**: Compound, Lacks Foundation, Speculation. |
| **65.** To Officer Sun, Valdivia's actions looked deliberate, as if he was preparing to reach for his gun. Defendants/Moving Party's Evidence: Ex. 13 at 26:15–27:12, 27:20–28:5. | **Undisputed** that this was stated. **Decl. of Clark** ¶12: Valdivia's apparent intent was to comply with commands and discard the gun. |

Case 5:23-cv-01562-CBM-SHK     Document 48-1     Filed 06/17/25     Page 42 of 83     Page
ID #:719

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Argumentative.<br>**Rule 403/611**: Compound, Vague, Lacks Foundation, Speculation. |
| **66.** Valdivia then starts reaching for his waistband, causing Officer Sun to yell as loudly as he could not to reach for it.<br><br>Defendants/Moving Party's Evidence: Ex. 13 at 28:10–14. | **Undisputed** that this was stated.<br><br>**Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Argumentative.<br>**Rule 403/611**: Compound. |
| **67.** Valdivia, however, ignored the command, lowered his hand, and almost immediately pulled out a gun.<br><br>Defendants/Moving Party's Evidence: Ex. 13 at 28:20–25. | **Disputed**: At 22:17:09 hours, which is 02:58 of Officer Sun's video as cited by the Defense (No. 46 above) as retrieving the gun, the gun is no longer in Valdivia's hand. Valdivia is not lowering his hand and is not immediately pulling out a gun after Officer Sun gives his command thereby being some form of non-compliance as argued by the defense. Instead, Valdivia tossed/discarded the gun away and to the ground. Defendants' self-serving statements lack credibility and are contradicted by the video evidence.<br><br>Plaintiffs/Opposing Party's Evidence: **Exh. G, 4-Up Screenshots**, to Sincich Decl ¶7; Holdaway Decl ¶2: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4.<br>**Clark Decl** ¶12c.<br><br>**Objections**:<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading.<br>**Rule 403/602/611**: Compound, Vague, Speculation. |
| **68.** Officer Sun testified that the way Valdivia pulled out the gun and had a good grip on it was another huge flag because it told him that Valdivia was either a "trained shooter" or had "some kind of firearms experience" to be able to get such a good grip on the gun so quickly.<br><br>Defendants/Moving Party's Evidence: Ex. 13 at 28:25–29:9. | **Disputed**. There is nothing in the record that would suggest that Valdivia was a "trained shooter" or that he had "some kind of firearms experience." Valdivia in fact was not and did not. As seen on the video, Valdivia did not have a "good grip" on the gun. Valdivia was in the act of discarding the gun.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | Clark Decl ¶12c-d.<br><br>**Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading.<br>**Rule 403/602/611**: Compound, Vague, Speculation. |
| **69.** After retrieving the gun, Valdivia proceeded to raise it until it was almost pointing in the direction of Officers Sun and Meadows.<br><br>Defendants/Moving Party's Evidence: Ex. 13 at 29:9–30:4. | **Disputed**. Valdivia never points or "almost" points the gun in the Officers' direction. Valdivia discards the gun.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4.<br>**Clark Decl** ¶12c-d.<br><br>**Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Rule 403/602/611**: Compound, Vague, Speculation. |
| **70.** According to Officer Sun, once Valdivia raised the gun so that the barrel was pointing in his direction, he felt that he had no choice but to shoot to avoid Valdivia shooting him or Officer Meadows.<br><br>Defendants/Moving Party's Evidence: Ex. 13 at 29:12–16, 29:20–25, 30:4–7, 39:22–40:6, 43:7–13; Ex. 28 at 71:20–23. | **Disputed**. Valdivia never points the gun in Officer Sun's direction, therefore Officer Sun did have a choice. Nevertheless, Valdivia does not shoot the gun, but discards the gun, prior to Officer Sun using deadly force.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holaday Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holaday Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holaday Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holaday Decl ¶4.<br>**Clark Decl** ¶12.<br><br>**Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading.<br>**Rule 403/602/611**: Compound, Vague, Speculation. |
| **71.** At the time Officer Sun fired his first shot, Valdivia was leaning to his left side while on the ground and had | **Disputed**. This entire statement is objectively false. Every time Officer Sun fired his weapon, Valdivia was flat |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| the gun in his right hand pointing in the direction of Officers Sun and Meadows.<br><br>Defendants/Moving Party's Evidence: Ex. 28 at 17:5–15, 17:23–25. | on the ground, not leaning to his left, Valdivia's hands were visibly empty, not pointing a gun, Valdivia's hands were already moved away from the discarded gun. |
|  | Plaintiffs/Opposing Party's Evidence:<br>**Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4.<br>**Clark Decl** ¶12c-d.<br><br>**Objections**:<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading. |
| 72.    Officer Sun fired six rounds.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 28 at 9:20–21;<br>Ex. 13 at 41:3–8. | **Undisputed**. |
| 73.    There was less than a second and a half between the first and the sixth shot.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 28 at 18:4–6. | **Disputed**. Officer Sun fired his first round at approximately 22:17:09:28 and fired his last round at approximately 22:17:10:84, which is 1.56 seconds.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6.<br><br>**Objections**:<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading.<br>**Rule 602/611/702**: Lacks Foundation, Speculation, Calls for Expert Opinion. |
| **74.**    Officer Sun testified that he assessed after each shot.<br><br>Defendants/Moving Party's Evidence: Ex. 28 at 12:9–14. | **Undisputed**. |
| **75.**    According to Officer Sun, he perceived Valdivia continuously pointing the gun in his direction between his first and sixth shot.<br><br>Defendants/Moving Party's Evidence: Ex. 28 at 17:16–20, 72:6–7. | **Disputed**. Officer Sun's unreasonable belief is objectively false. Every time Officer Sun fired his weapon, Valdivia was flat on the ground, not leaning to his left, Valdivia's hands were visibly empty, not pointing a gun, Valdivia's hands were already moved away from the discarded gun.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6. **Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4. **Clark Decl** ¶12. <br><br> <u>Objections</u>: **Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading. |
| **76.** He testified that he genuinely feared that Valdivia would kill him and his partner at the time that he fired. <br><br> <u>Defendants/Moving Party's Evidence</u>: Ex. 13 at 27:8–12, 29:12–16, 29:20–25, 39:22–40:6, 43:7–13. | **Disputed**. Officer Sun's fear is based on an unreasonable belief that is objectively false. Every time Officer Sun fired his weapon, Valdivia's hands were visibly empty, not pointing a gun, Valdivia's hands were already moved away from the discarded gun, followed by additional shots where Valdivia was flat on the ground, not leaning to his left, and clearly unarmed and not a threat. Further, Officer Sun's statements that the otherwise compliant, down, and unarmed Valdivia was going to shot Sun, shot Meadows, shot to kill some civilians in the area, and kill additional officers, or take hostages with his discarded BB gun clearly demonstrate Officer Sun's unreasonable subjective fear and overreaction leading to his use of unreasonable deadly force. <br><br> <u>Plaintiffs/Opposing Party's Evidence</u>: <br><br> **Exh. E, Meadows Depo** 82:3-25, to Sincich Decl ¶6: The definition of "imminent" as it relates to the use of deadly force, according to the policy and Penal Code 835a, requires a person to have the present ability, opportunity, and apparent intent to cause death or |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | serious bodily injury; not merely a fear of future harm, no matter how great the fear, and no matter how great the likelihood of the harm.<br>**Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4.<br>**Clark Decl** ¶12.<br><br>**Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading. |
| **77.** Officer Sun stopped shooting when he no longer perceived Valdivia as a threat, which was when the gun was no longer pointed in the officers' direction.<br><br><u>Defendants/Moving Party's Evidence</u>:<br>Ex. 28 at 72:1–15. | **Undisputed**, it is appropriate to not and/or no longer shoot a human being who is not and/or no longer a threat because the person discarded a gun.<br><br>**Disputed** as phrased. Every time Officer Sun fired his weapon, Valdivia's hands were visibly empty, not pointing a gun, Valdivia's hands were already moved away from the discarded gun, followed by additional shots where Valdivia was flat on the ground, not leaning to his |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | left, and clearly unarmed and not a threat. Further, Valdivia never pointed a gun at or in the direction of anyone and was never an immediate threat of death or serious bodily injury justifying the use of deadly force. Officer Sun stopped shooting Valdivia once Valdivia stopped moving. |
| | Plaintiffs/Opposing Party's Evidence: **Exh. B, Sun Statement** at 26:19-24, to Sincich Decl ¶3: Officer Sun's sequence of shots was (a) firing the gun, (b) seeing Valdivia still moving, (c) seeing the handgun drop, (d) seeing Valdivia still moving, and (e) "I kept shooting until he stopped moving." **Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand. **Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand. **Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10. **Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6. **Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4. **Clark Decl** ¶12.

**Objections**: **Rule 403**: Argument, Misstatement of Fact, Misstates the Law, Misleading. |
| **78.**    Officer Meadows testified that he received the call at around 10:13 p.m. | **Undisputed**. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| Defendants/Moving Party's Evidence: Ex. 29 at 27:11–13. | |
| **79.** He was familiar with the location because it was in a high crime area known for narcotics violations, assaults with deadly weapons, and other violent crimes.<br><br>Defendants/Moving Party's Evidence: Ex. 17 at 18:6–12, 30:19–31:11. | **Disputed** for the purpose of this opposition as there is no foundation for this irrelevant and prejudicial statement.<br><br>**Objections:**<br>**Rule 401/402:** Relevance.<br>**Rule 403:** Unduly Prejudicial, Information Unknown, Misleading.<br>**Rule 404:** Impermissible Character Evidence.<br>**Rule 403/602/611:** Compound, Lacks Foundation. |
| **80.** The call indicated that the subject was brandishing a firearm outside of a liquor store, which to Officer Meadows meant that he was showing the gun to others in a threatening manner.<br><br>Defendants/Moving Party's Evidence: Ex. 29 at 28:1–5, 28:16–21. | **Undisputed** that this was the alleged nature of the call pursuant to the penal code given to officers by dispatch that needed to be investigated. |
| **81.** Upon receiving the call, Officer Meadows followed Officer Sun to the Starbucks parking lot.<br><br>Defendants/Moving Party's Evidence: Ex. 29 at 42:11–13. | **Undisputed**. |
| **82.** While enroute, Officer Meadows received additional information, including that there were multiple calls and that the subject was either threatening or arguing with other individuals.<br><br>Defendants/Moving Party's Evidence: Ex. 29 at 30:2–5, 30:13–14; Ex. 17 at 18:17–22. | **Disputed**. Officer Meadows did not receive additional information that the subject was threatening anyone.<br><br>Plaintiffs/Opposing Party's Evidence: **See Defense Ex. 24, CPD Incident Report (CAD Call)** at 14 (CPD 92) at 22:12:51; 22:13:13; 22:13:17; 22:13:37; 22:13:55; 22:15:09; 22:15:31; 22:15:37; |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | and 22:16:21 for information known provided to officers. (See No. 1 Above.) |
| **83.** As he was arriving, Officer Meadows also received information that the subject placed the gun in his right pocket, which was consistent with where he would later observe the gun on Valdivia.<br><br>Defendants/Moving Party's Evidence: Ex. 29 at 29:8–18; Ex. 17 at 21:20–23. | **Undisputed** as generally consistent but **Disputed** as not precisely consistent. Officer Meadows stated that he later observed the gun in the waistband (not pocket) when Valdivia's shirt lifted as he complied with officer commands to put his hands in the air. (See No. 88 below.) |
| **84.** Upon making his approach, Officer Meadows could hear several persons arguing.<br><br>Defendants/Moving Party's Evidence: Ex. 17 at 19:24–25, 20:14–15. | **Disputed**.<br><br>Plaintiffs/Opposing Party's Evidence: **Exh. E, Meadows Depo** to Sincich Decl ¶6: At 30:15-17 – Meadows did not know who started the argument. At 3:18-20 – the calls required investigation.<br>**Exh. N, Surveillance Video** at 7:24-18:52, to Sincich Decl ¶15; Holdaway Decl ¶8: Valdivia does not appear to be arguing.<br>**See Defense Ex. 2, Meadows BWC** at 00:30-00:54: Cannot hear any arguing and Valdivia does not appear to be arguing.<br><br>Objections:<br>**Rule 403**: Unduly Prejudicial, Information Unknown, Misleading.<br>**Rule 403/611**: Lacks Foundation, Speculation. |
| **85.** Officer Meadows identified Valdivia as the subject of the 911 calls based on his actions and clothing. | **Disputed**.<br><br>Plaintiffs/Opposing Party's Evidence: **See Defense Ex. 24, CPD Incident Report (CAD Call)** at 14 (CPD 92): at |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| Defendants/Moving Party's Evidence: Ex. 17 at 20:16–23. | 22:12:51; 22:13:13; 22:13:17; 22:13:37; 22:13:55; 22:15:09; 22:15:31; 22:15:37; and 22:16:21 for information known provided to officers. (See No. 1 Above.) **See Defense Ex. 4, Avila BWC** at 07:35-07:55: At least Subject Logan appears to be closer to 40 years old than Valdivia. **Exh. J, Autopsy Report** at CPD 121 to Sincich Decl ¶11: Valdivia was 24-years-old. **Exh. N, Surveillance Video** at 17:53-18:45 (04-09-2022 10:18:01-10:18:51 AM) to Sincich Decl ¶15; Holdaway Decl ¶8: no actions observable that match 417 or 415. **Exh. Q, Sun BWC** at 02:46, to Sincich Decl ¶18: All three subjects are wearing black sweaters and black pants. Valdivia is not wearing black shorts as the call identified. Cannot see facial hair on Valdivia. Finally, cannot see a gun in Valdivia's hands or on his person. All three subjects appear to be in a verbal conversation. <br><br> **Objections**: <br> **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. <br> **Rule 403**: Argumentative, Misleading. <br> **Rule 403/611**: Lacks Foundation. |
| **86.** Upon arrival, Officer Meadows identified the officers as "police" and ordered everyone to put their hands up. <br><br> Defendants/Moving Party's Evidence: Ex. 17 at 21:13–16. | **Undisputed** that Officers Sun and Meadows gave simultaneous and conflicting commands (thus confusing), including "Let me see your hands," "Don't move," and "Put your hands up." Further undisputed that Officer |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | Meadows statements cannot be heard from Officer Sun's video, thus disputed as to whether Valdivia heard and was able to understand Officers' statements. <br><br> <u>Plaintiffs/Opposing Party's Evidence</u>: **Exh. E, Meadows Depo** at 49:5-17 to Sincich Decl ¶6: pursuant to training, officers should avoid giving simultaneous and conflicting commands because they could cause confusion. **Exh. P, Sun BWC** with Counter at 00:05-00:14 to Sincich Decl ¶17; Holdaway Decl ¶4. **See Defense Ex. 2, Meadows BWC** at 00:40-00:44. <br><br> <u>Objections</u>: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 403/611**: Compound. |
| **87.** The two individuals with whom Valdivia was arguing complied but Valdivia did not and, instead, started to reach toward his waistband. <br><br> <u>Defendants/Moving Party's Evidence</u>: Ex. 17 at 21:16–19. | **Disputed**. <br><br> <u>Plaintiffs/Opposing Party's Evidence</u>: **Exh. E, Meadows Depo** at 66:4-6 to Sincich Decl ¶6: in response to questioning what commands Valdivia complied with, Meadows admits, "He complied at one point when he put his hands up and at one point as he began to get on the ground." |
| **88.** As he raised his hands, Valdivia's sweatshirt lifted and Officer Meadows could see the grip of a firearm protruding from his waistband. <br><br> <u>Defendants/Moving Party's Evidence</u>: Ex. 29 at 14:2–6; | **Undisputed**. That this occurred because Valdivia was complying. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| Ex. 17 at 22:20–25, 36:20–25, 37:10–11. | |
| **89.**     According to Officer Meadows, he could see the finger groves in the handle of the gun, which to him "looked like a Glock pistol."<br><br>Defendants/Moving Party's Evidence: Ex. 17 at 23:1–7, 37:1–4. | **Undisputed**. |
| **90.**     As a result, Officer Meadows ordered Valdivia to get on the ground, which he felt was the safest position to take Valdivia into custody and to prevent Valdivia from fleeing or potentially taking hostages.<br><br>Defendants/Moving Party's Evidence: Ex. 29 at 14:10–16, 52:10–16; Ex. 17 at 23:8–22. | **Disputed**.<br><br>**Objections**:<br>**Rule 403/611**: Compound, Lacks Foundation.<br>**Rule 701/702**: Improper Opinion. |
| **91.**     As Valdivia started getting on the ground, Officer Meadows observed that he posted himself on the ground with his left arm and begun reaching again for his waistband with his right hand in the direction where his gun was.<br><br>Defendants/Moving Party's Evidence: Ex. 17 at 23:25–24:6. | **Undisputed**. |
| **92.**     Officers Meadows and Sun both gave Valdivia commands not to reach for it.<br><br>Defendants/Moving Party's Evidence: Ex. 17 at 24:9–10. | **Undisputed** that Officers Sun and Meadows yelled simultaneous commands. |
| **93.**     Valdivia, however, ignored the commands, removed the gun from his waistband, and started to bring it up in | **Disputed**. At 22:17:09 hours, which is 02:58 of Officer Sun's video, the gun is no longer in Valdivia's hand. Valdivia is |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| the direction of Officers Meadows and Sun.<br><br>Defendants/Moving Party's Evidence: Ex. 17 at 24:10–12. | not "removing" the gun nor is Valdivia "bringing" the gun in the direction of any officer. Valdivia is not and had not ever pointed the gun in the direction of Officers Sun and Meadows. Instead, Valdivia tossed/discarded the gun away and to the ground. All of Defendants' self-serving statements lack credibility and are contradicted by the video evidence.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4.<br>**Clark Decl** ¶12.<br><br>**Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading.<br>**Rule 403/602/611**: Compound, Vague, Speculation. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| **94.** Officer Meadows could see clearly as the muzzle started to raise up in their direction.<br><br>Defendants/Moving Party's Evidence: Ex. 17 at 24:15–17. | **Disputed**.<br><br>Plaintiffs/Opposing Party's Evidence: **Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4. |
| **95.** Officer Meadows sidestepped to the side to avoid being in Valdivia's line of fire and pulled the trigger before Valdivia could get a round off.<br><br>Defendants/Moving Party's Evidence: Ex. 17 at 24:18–25:2; *see also* Ex. 29 at 13:21–14:1. | **Disputed**. At 22:17:09 hours, which is 02:58 of Officer Sun's video, the gun is no longer in Valdivia's hand. Valdivia is not "removing" the gun nor is Valdivia "bringing" the gun in the direction of any officer. Valdivia is not and had not ever pointed the gun in the direction of Officers Sun and Meadows. Instead, Valdivia tossed/discarded the gun away and to the ground. All of Defendants' self-serving statements lack credibility and are contradicted by the video evidence.<br><br>Plaintiffs/Opposing Party's Evidence: **Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | 1-43 discarding gun; at 44-91 shots fired without gun in hand. **Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10. **Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6. **Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4. |
| | **Objections**: **FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party. **Rule 403**: Assumes Facts, Unduly Prejudicial, Misstatement of Fact, Misleading. **Rule 403/602/611**: Compound, Vague, Speculation. |
| **96.** According to Officer Meadows, at the time that he fired, Valdivia's gun was pointed in the direction of him and Officer Sun.<br><br>Defendants/Moving Party's Evidence: Ex. 29 at 55:17–25. | **Disputed**. Officer Meadow's unreasonable belief is objectively false. When Officer Meadows fired his weapon, Valdivia was flat on the ground, not leaning to his left, Valdivia's hands were visibly empty, not pointing a gun, Valdivia's hands were already moved away from the discarded gun.<br><br>Plaintiffs/Opposing Party's Evidence: **Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand. **Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4.<br>**Clark Decl** ¶12.<br><br>**Objections**:<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading. |
| **97.**    He testified that he fired because he was afraid that Valdivia was going to start shooting and kill either him or Officer Sun.<br><br>Defendants/Moving Party's Evidence: Ex. 29 at 55:14–25; Ex. 17 at 24:15–25:2, 38:14–24, 40:20–25. | **Disputed**. Officer Meadow's "fear" is based on an unreasonable belief that is objectively false. When Officer Meadows fired his weapon, Valdivia was flat on the ground, not leaning to his left, Valdivia's hands were visibly empty, not pointing a gun, Valdivia's hands were already moved away from the discarded gun. Further, Officer Meadow's statements that the otherwise compliant, down, and unarmed Valdivia was going to shot kill someone with his discarded gun clearly demonstrate Officer Meadow's irrational subjective fear and overreaction leading to his use of unreasonable deadly force.<br><br>Plaintiffs/Opposing Party's Evidence: **Exh. E, Meadows Depo** 82:3-25, to Sincich Decl ¶6: The definition of "imminent" as it relates to the use of deadly force, according to the policy and Penal Code 835a, requires a person to have the present ability, opportunity, and apparent intent to cause death or serious bodily injury; not merely a fear of future harm, no matter how great the |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | fear, and no matter how great the likelihood of the harm.<br>**Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4.<br>**Clark Decl** ¶12.<br><br>**Objections:**<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading. |
| **98.**    Officer Meadows fired only one shot.<br><br>_Defendants/Moving Party's Evidence_: Ex. 17 at 25:2–7. | **Undisputed**. |
| **99.**    Following his shot, Officer Meadows reassessed and stopped shooting because Valdivia no longer had a gun in his hand.<br><br>_Defendants/Moving Party's Evidence_: Ex. 29 at 58:14–20; Ex. 17 at 25:2–7. | **Undisputed**. However, Valdivia did not have the gun in his hand prior to the first shot. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| **100.** Officer Meadows testified that no shots were fired while Valdivia was still reaching for the gun in his waistband.<br><br>Defendants/Moving Party's Evidence: Ex. 29 at 67:6–8. | **Undisputed.** All the shots were fired after Valdivia discarded the gun. |
| **101.** According to Officer Meadows, based on his perception, all of the shots were fired as Valdivia was pointing his gun at him and Officer Sun.<br><br>Defendants/Moving Party's Evidence: Ex. 29 at 67:9–13. | **Disputed.** Officer Meadow's unreasonable belief is objectively false. When Officer Meadows fired his weapon, Valdivia was flat on the ground, not leaning to his left, Valdivia's hands were visibly empty, not pointing a gun, Valdivia's hands were already moved away from the discarded gun.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4.<br>**Clark Decl** ¶12.<br><br>Objections:<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading. |
| **102.** Officer Meadows further testified that Valdivia's right arm with the gun | **Disputed.** Officer Meadow's unreasonable belief is objectively false. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| was extending and moving in the direction of the officers while the shots were being fired.<br><br>Defendants/Moving Party's Evidence: Ex. 29 at 67:19–24. | When Officer Meadows fired his weapon, Valdivia was flat on the ground, not leaning to his left, Valdivia's hands were visibly empty, not pointing a gun, Valdivia's hands were already moved away from the discarded gun.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4.<br>**Clark Decl ¶12.**<br><br>**Objections**:<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading. |
| **103.** Once Valdivia's gun was secured, Officer Meadows immediately checked for pulse and started CPR by doing chest compressions.<br><br>Defendants/Moving Party's Evidence: Ex. 29 at 25:19–20, 26:2–5. | **Disputed**: for the purposes of this opposition.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial.<br>**Rule 403/611**: Compound. |
| **104.** Officer Meadows also confirmed that emergency medical services were called. | **Disputed**: for the purposes of this opposition.<br><br>**Objections**: |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| Defendants/Moving Party's Evidence: Ex. 17 at 26:7–10. | **Rule 401/402**: Relevance. **Rule 403**: Unduly Prejudicial. **Rule 403/611**: Compound. |
| **105.** He continued performing CPR, alternating with Officer Marquez, until he was relieved by other officers on the scene.<br><br>Defendants/Moving Party's Evidence: Ex. 17 at 26:6–13. | **Disputed**: for the purposes of this opposition.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial.<br>**Rule 403/611**: Compound. |
| **106.** Officer Cardoza similarly indicated that she was familiar with the area where the 911 calls originated, describing it as having a lot of drug sales and physical altercations.<br><br>Defendants/Moving Party's Evidence: Ex. 21 at 22:7–10, 30:1–4. | **Disputed** for the purpose of this opposition as there is no foundation for this irrelevant and prejudicial statement.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Information Unknown, Misleading.<br>**Rule 404**: Impermissible Character Evidence.<br>**Rule 403/602/611**: Compound, Lacks Foundation. |
| **107.** When she heard that only three units were initially dispatched, she attached herself to the call to assist the other officers given the area and the nature of the call (man with a gun).<br><br>Defendants/Moving Party's Evidence: Ex. 21 at 22:2–16. | **Undisputed**. |
| **108.** Officer Cardoza heard dispatch inform the officers that the subject was a Hispanic male in his 40's with facial hair and wearing a black sweater and shorts, that he was waving a firearm, and that people in the area were fearful.<br><br>Defendants/Moving Party's Evidence: | **Disputed**. Officer Cardoza did not receive information that people in the area were fearful.<br><br>Plaintiffs/Opposing Party's Evidence: **See Defense Ex. 24, CPD Incident Report (CAD Call)** at 14 (CPD 92): at 22:12:51; 22:13:13; 22:13:17; 22:13:37; 22:13:55; 22:15:09; 22:15:31; 22:15:37; |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| Ex. 30 at 43:10–15, 44:6–7; Ex. 21 at 28:5–16. | and 22:16:21 for information known provided to officers. (See No. 1 Above.) |
| **109.**   While enroute, Officer Cardoza also learned that the subject was in a verbal argument with two other persons, that he was holding a beer in his hand, and that he had placed the firearm in his pocket.<br><br>Defendants/Moving Party's Evidence: Ex. 30 at 44:17–24, 45:13–19. | **Undisputed**. |
| **110.**   Upon arrival, Cardoza could see Valdivia, whom she was able to identify based on his appearance, which matched the description provided by dispatch.<br><br>Defendants/Moving Party's Evidence: Ex. 30 at 50:3–20, 53:7–11; Ex. 21 at 23:10–16; Ex. 23 at 2:23–3:6, 3:17–20. | **Undisputed** given that he was the only Hispanic male out of the three subjects. |
| **111.**   She could see that he was in some sort of verbal altercation with two other individuals.<br><br>Defendants/Moving Party's Evidence: Ex. 30 at 53:12–20, 70:17–18. | **Disputed**.<br><br>Plaintiffs/Opposing Party's Evidence: **Exh. C, Cardoza Depo** to Sincich Decl ¶4: At 53:24-54:8 – Cardoza did not hear anything they were saying, could not hear them yelling, and did not see Valdivia attempt to grab or strike anyone. **Exh. N, Surveillance Video** at 07:24-18:52, to Sincich Decl ¶15; Holdaway Decl ¶8: Valdivia does not appear to be arguing. **Exh. Q, Sun BWC** at 02:40-02:46, to Sincich Decl ¶18: Cannot hear any arguing and Valdivia does not appear to be arguing. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **See Defense Ex. 2, Meadows BWC** at 00:30-00:54: Cannot hear any arguing and Valdivia does not appear to be arguing. |
| **112.** As she was observing Valdivia, she heard Officer Sun announce over the radio that he was arriving on scene.<br><br>Defendants/Moving Party's Evidence: Ex. 30 at 54:9–12. | **Undisputed**. |
| **113.** Based on prior radio traffic, she knew that Officer Meadows would be with him and that they would park behind Starbucks and make their approach from there.<br><br>Defendants/Moving Party's Evidence: Ex. 30 54:15–25. | **Disputed**: as to their approach.<br>Plaintiffs/Opposing Party's Evidence: **Exh. C, Cardoza Depo** to Sincich Decl ¶4: At 49:9-11 – there was no specific tactical plan on how to approach Valdivia. At 53:3-6 – there was no communication in any form from any of the other officers that they were going to make a stealth approach. At 56:3-11 – there was no coordination with Officer Cardoza as to how to approach. |
| **114.** Officer Cardoza was able to observe Valdivia for a only a couple of seconds before Officers Sun and Meadows made their approach.<br><br>Defendants/Moving Party's Evidence: Ex. 30 at 55:6–8; Ex. 21 at 30:20–25. | **Disputed**. Defendants claim as an undisputed material fact that "Officer Cardoza arrived on scene shortly before Officer Sun and Officer Meadows." (No. 33 above.) Defendants also claim as an undisputed material fact that when Officer Cardoza "was observing Valdivia, she heard Officer Sun announce over the radio that he was arriving on scene," which was indicated by Officer Sun stating he was "going 97" over the radio. (No. 112 above.) Officer Sun dispatched over the radio that he was "going 97" at 22:16:18 hours. Officer Sun gets to the southeast |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | corner of Starbucks at 22:16:46 hours – approximately 28 seconds later. |
| | <u>Plaintiffs/Opposing Party's Evidence:</u> **Exh. C, Cardoza Depo** at 54:9-12, to Sincich Decl ¶4. **Exh. Q, Sun BWC** at 02:00-02:36 to Sincich Decl ¶18. |
| **115.**    She observed the officers start giving Valdivia commands and she run toward them to provide assistance.<br><br><u>Defendants/Moving Party's Evidence</u>: Ex. 30 at 55:9–12, 56:19–23, 57:2–6, 58:10–13; Ex. 21 at 23:18–22. | **Undisputed** including that Officer Cardoza had approximately 36 seconds of observing Valdivia and 36 seconds of time available to communicate with officers—but failed to, and 36 seconds of time available to retrieve the beanbag shotgun—but failed to.<br><br><u>Plaintiffs/Opposing Party's Evidence:</u> **Exh. C, Cardoza Depo** at 54:9-12, to Sincich Decl ¶4. **Exh. Q, Sun BWC** at 02:00-02:43 to Sincich Decl ¶18. |
| **116.**    She testified that there was insufficient time to retrieve the non-lethal shotgun.<br><br><u>Defendants/Moving Party's Evidence</u>: Ex. 21 at 23:18–22, 30:16–19; Ex. 30 at 57:10–12, 57:20–25. | **Disputed.** Defendants claim as an undisputed material fact that "Officer Cardoza arrived on scene shortly before Officer Sun and Officer Meadows." (No. 33 above.) Defendants also claim as an undisputed material fact that when Officer Cardoza "was observing Valdivia, she heard Officer Sun announce over the radio that he was arriving on scene," which was indicated by Sun stating he was "going 97" over the radio. (No. 112 above.) Officer Sun dispatched over the radio that he was "going 97" at 22:16:18 hours. Officer Sun starts to give commands to Valdivia at 22:16:54 hours, approximately 36 seconds later. Officer Cardoza had approximately 36 seconds of observing |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
|  | Valdivia and 36 seconds of time available to communicate with officers, but failed to, and 36 seconds of time available to retrieve the beanbag shotgun but failed to.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. C, Cardoza Depo** at 54:9-12, to Sincich Decl ¶4.<br>**Exh. Q, Sun BWC** at 02:00-02:43 to Sincich Decl ¶18. |
| **117.** Officer Cardoza heard additional commands being given to Valdivia as she was running, including not to reach for anything.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 30 at 59:10–12;<br>Ex. 21 at 24:4–6. | **Undisputed.** |
| **118.** She also observed Valdivia being noncompliant.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 21 at 24:18–20. | **Disputed.**<br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. A, Sun Depo** at 58:19-59:10, to Sincich Decl ¶2: Valdivia putting his hands up was compliance. At 60:6-61:5 – Valdivia complied several times with officer commands.<br>**Exh. Q, Sun BWC** at 02:40-02:46 to Sincich Decl ¶18. |
| **119.** Given her position (approaching Valdivia from the side), Officer Cardoza was able to observe how Valdivia started lifting up his sweater with his right hand as he started to lay down.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 21 at 24:13, 25:1–2. | **Undisputed.** |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| **120.**    As Valdivia lifted up his sweater, she observed the handle of a black handgun in his waistband.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 21 at 25:2–4;<br>Ex. 23 at 4:3–10. | **Undisputed**. |
| **121.**    Immediately thereafter, she observed Valdivia reach for the gun with his right hand, pull it out, and start to point it at Officers Sun and Meadows.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 21 at 25:5–7, 33:16–24;<br>Ex. 23 at 4:10–13. | **Disputed**. Valdivia never pointed a gun at Officers Sun or Meadows.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4.<br>**Clark Decl** ¶12.<br><br>Objections:<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading.<br>**Rule 403/602/611**: Compound, Vague, Speculation. |
| **122.**    She also testified hearing the other officers tell Valdivia "don't reach for it" before she fired her first shot.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 30 at 60:3–5. | **Undisputed**. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| **123.** Officer Cardoza indicated that she started firing when she observed Valdivia pointing the gun at Officers Sun and Meadows because she afraid he was going to shoot and kill one or both of them. <br><br> Defendants/Moving Party's Evidence: Ex. 21 at 25:8–15, 34:2–12. | **Disputed**. Officer Cardoza's unreasonable belief is objectively false. Every time Officer Cardoza fired her weapon, Valdivia was flat on the ground, not leaning to his left, Valdivia's hands were visibly empty, not pointing a gun, Valdivia's hands were already moved away from the discarded gun. <br><br> Plaintiffs/Opposing Party's Evidence: <br> **Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand. <br> **Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand. <br> **Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10. <br> **Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6. <br> **Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4. <br> **Clark Decl** ¶12. <br><br> **Objections**: <br> **Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading. |
| **124.** Officer Cardoza testified that at the time that she fired her first shot, Valdivia was leaning to the side on his left arm, his legs were in a sort of a "mounted stance," and his right hand was holding a gun that was pointed or in the process of being pointed at Officers Sun and Meadows. | **Disputed**. Officer Cardoza's unreasonable belief is objectively false. Every time Officer Cardoza fired her weapon, Valdivia was not in any form of shooting or "mounted stance," Valdivia's hands were visibly empty, not pointing a gun, Valdivia's hands |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| Defendants/Moving Party's Evidence: Ex. 30 at 15:15–23, 16:13–18, 17:4–9, 61:19–22, 68:24–69:5, 69:17–18, 70:5–7. | were already moved away from the discarded gun.<br><br>Plaintiffs/Opposing Party's Evidence: **Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand. **Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand. **Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10. **Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6. **Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4. **Clark Decl ¶12c-d.**<br><br>Objections: **Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading. |
| **125.** Officer Cardoza fired five rounds during the incident.<br><br>Defendants/Moving Party's Evidence: Ex. 30 at 9:8–9. | **Undisputed**. |
| **126.** There was less than a second between the first and the fifth shot.<br><br>Defendants/Moving Party's Evidence: Ex. 30 at 11:21–24. | **Disputed**. Officer Cardoza fired her first shot at approximately 22:17:08:08 and fired her last shot at approximately 22:17:10:76 – which is 1.68 seconds.<br><br>Plaintiffs/Opposing Party's Evidence: **Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4. |
| 127.    She testified that she assessed after each shot and that she perceived Valdivia continuously pointing the gun in the direction of Officers Sun and Meadows during her five shots.<br><br>Defendants/Moving Party's Evidence: Ex. 30 at 11:19–20, 16:19–17:16. | **Undisputed** that Officer Cardoza assessed after each shot – thereby being able to see that Valdivia was visibly unarmed for all her shots.<br><br>**Disputed**. Officer Cardoza's unreasonable belief is objectively false. Every time Officer Cardoza fired her weapon, Valdivia was flat on the ground, not leaning to his left, Valdivia's hands were visibly empty, not pointing a gun, Valdivia's hands were already moved away from the discarded gun.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | Clark Decl ¶12.<br><br>**Objections**:<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading. |
| **128.**    Officer Cardoza testified that she genuinely feared that Valdivia would kill her partners at the time that she fired.<br><br><u>Defendants/Moving Party's Evidence</u>: Ex. 21 at 25:8–15, 34:2–12. | **Disputed**. Officer Cardoza's "fear" is based on an unreasonable belief that is objectively false. Every time Officer Cardoza fired her weapon, Valdivia's hands were visibly empty, not pointing a gun, Valdivia's hands were already moved away from the discarded gun. Further, Officer Cardoza's statements that the otherwise compliant, down, and unarmed Valdivia was going to kill someone with his discarded gun clearly demonstrate Officer Cardoza's irrational subjective fear and overreaction leading to her use of unreasonable deadly force.<br><br><u>Plaintiffs/Opposing Party's Evidence</u>:<br>**Exh. E, Meadows Depo** 82:3-25, to Sincich Decl ¶6: The definition of "imminent" as it relates to the use of deadly force, according to the policy and Penal Code 835a, requires a person to have the present ability, opportunity, and apparent intent to cause death or serious bodily injury; not merely a fear of future harm, no matter how great the fear, and no matter how great the likelihood of the harm.<br>**Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | **Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holladay Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holladay Decl ¶4.<br>**Clark Decl** ¶12.<br><br>**Objections**:<br>**FRCP 56**: requires all facts and reasonable inferences to be viewed in the light most favorable to the non-moving party.<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading. |
| **129.** Valdivia was still pointing the gun at the officers at the time of her last shot.<br><br><u>Defendants/Moving Party's Evidence</u>: Ex. 30 at 17:14–16, 18:2–4, 18:18–22. | **Disputed**. This statement is clearly and objectively false.<br><br><u>Plaintiffs/Opposing Party's Evidence</u>:<br>**Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holladay Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holladay Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holladay Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holladay Decl ¶4.<br>**Clark Decl** ¶12c-d.<br><br>**Objections**:<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| **130.** Officer Cardoza testified that Valdivia dropped the firearm after she fired her five rounds.<br><br>Defendants/Moving Party's Evidence: Ex. 30 at 18:24–19:1. | **Disputed**. This statement is clearly and objectively false.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4.<br>**Clark Decl** ¶12d.<br><br>Objections:<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading. |
| **131.** She stopped shooting once Valdivia dropped the gun because he was no longer a threat.<br><br>Defendants/Moving Party's Evidence: Ex. 30 at 62:12–15, 62:18–21; Ex. 21 at 25:19–22, 35:13–16. | **Undisputed** that it would be appropriate to not and/or stop shooting a person who is not and/or no longer a threat given that the subject dropped the gun – as here it was inappropriate to fire any rounds because all rounds were fired after Valdivia dropped the gun.<br><br>**Disputed**. Every time Officer Cardoza fired her weapon, Valdivia's hands were visibly empty, not pointing a gun, Valdivia's hands were already moved away from the discarded gun.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**Exh. G, 4-Up Screenshots**, to Sincich Decl ¶8; Holdaway Decl ¶7: at 1-43 |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. H, Sun BWC Screenshots**, to Sincich Decl ¶9; Holdaway Decl ¶5: at 1-43 discarding gun; at 44-91 shots fired without gun in hand.<br>**Exh. I, Shots Fired Screenshots** at 1-11 to Sincich Decl ¶10.<br>**Exh. O, 4-Up Video** at 00:12-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6.<br>**Exh. P, Sun BWC** with Counter at 00:12-00:18 to Sincich Decl ¶17; Holdaway Decl ¶4.<br>**Clark Decl** ¶12.<br><br>**Objections**:<br>**Rule 403**: Unduly Prejudicial, Misstatement of Fact, Misleading. |
| **132.** The Officer Defendants testified that not approaching Valdivia could have caused him to escalate the situation, flee, or take hostages.<br><br>Defendants/Moving Party's Evidence:<br>Ex. 13 at 23:11–24:1, 34:17–35:7; Ex. 28 at 80:13–81:12, 92:14–93:2; Ex. 29 at 83:25–84:16. | **Disputed**. Mischaracterization of statements. The Officers expressed a concern that something *may* happen and that *if* they did not approach they would be too far away to react safely *if* something did happen—nothing regarding if they took the time they had to meet and formulate a plan including assigning less-lethal coverage would *cause* the situation to escalate. Nevertheless, any such opinion would be impermissible. Further, no support is given for any of Officer Cardoza's statements.<br><br>Plaintiffs/Opposing Party's Evidence:<br>**See Defense Ex. 13, Sun Statement** at 23:11-24:1, 34:17-35:7: Officer Sun is stating that he moved up because *if* the subject decided to take a hostage or attempt to kill someone, then Officer Sun would not be close enough to safely |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| | react. Further, that the stealth approach would give the officers an opportunity to get close enough to detain Valdivia where Valdivia would feel like he did not have the opportunity to take a hostage or run. This statement has nothing to do with causing Valdivia to do anything. **See Defense Ex. 28, Sun Depo** at 80:13-81:12, 92:14-93:2. **See Defense Ex. 29, Meadows Depo** at 83:25-84:16. <br><br> <u>Objections</u>: **Rule 403**: Unduly Prejudicial Argument. **Rule 403/611**: Compound, Lacks Foundation, Speculation. **Rule 702**: Impermissible Opinion. |
| **133.** The Officer Defendants testified that they have engaged in de-escalation attempts by setting up the containment and approaching Valdivia and diverting his attention away from the other two individuals with whom he was arguing. <br><br> <u>Defendants/Moving Party's Evidence</u>: Ex. 28 at 24:12–15, 53:21–54:10, 62:3–14; Ex. 13 at 20:9–13, 24:11–15, 42:1–10; Ex. 29 at 46:23–47:13; Ex. 21 at 32:12–25. | **Disputed**. Defendants did not engage in de-escalation. <br><br> <u>Plaintiffs/Opposing Party's Evidence</u>: **Exh. O, 4-Up Video** at 00:00-00:18, to Sincich Decl ¶16; Holdaway Decl ¶6. **Exh. Q, Sun BWC** at 02:25-03:01 to Sincich Decl ¶18. **Clark Decl** ¶10. <br><br> <u>Objections</u>: **Rule 403/611**: Compound, Lacks Foundation. **Rule 702**: Impermissible Expert Testimony. |
| **134.** The Officer Defendants testified that given the nature of the call (man with a gun), it would not have been prudent to engage Valdivia with non-lethal weapons, which would have endangered the officers and the public. | **Disputed**. Less-lethal weapons were available and reasonable. <br><br> <u>Plaintiffs/Opposing Party's Evidence</u>: **Exh. A, Sun Depo** at 55:9-11, to Sincich Decl ¶2. Officer Sun admits that the use of the less-lethal shotgun was within the discretion of the officers. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| Defendants/Moving Party's Evidence:<br>Ex. 28 at 93:7–20;<br>Ex. 29 at 83:11–24. | **Exh. C, Cardoza Depo**, to Sincich Decl ¶4, at 48:20-49:1. Knowing the nature of the call, Officer Sun wanted Officer Cardoza to get the less-lethal shotgun.<br>**Exh. E, Meadows Depo**, to Sincich Decl ¶6, at 4:23-24, 20:19-21, 21:20-23, 26:20-22, 42:20-43:6, 46:10-18. Knowing the call involved a potential brandishing of a gun, one of the reasons Officer Meadows specifically responded to the call is that he knew he had the K9 option. Based on the nature of the call, the Taser, beanbag shotgun, and K9 were less-lethal options to consider.<br>**Exh. F, Meadows Statement**, to Sincich Decl ¶7, at 16:7-11.<br>**Clark Decl** ¶10.<br>**PAMF Nos.** 180-194.<br><br>**Objections**:<br>**Rule 403/611**: Compound, Lacks Foundation.<br>**Rule 702**: Impermissible Expert Testimony. |
| 135.    The CAD log reveals an almost immediate request for paramedics after the shots were fired ("Shots fired[,] roll fire.").<br><br>Defendants/Moving Party's Evidence:<br>Ex. 24 at CPD000092. | **Undisputed** for the purpose of this opposition.<br><br>*See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*.<br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, After Acquired Information. |
| 136.    Less than a minute later, at **10:17:59 p.m.**, Officer Sun repeats: "I need fire now."<br><br>Defendants/Moving Party's Evidence: | **Undisputed** for the purpose of this opposition.<br><br>**Objections**:<br>**Rule 401/402**: Relevance. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| Ex. 1 at 3:49 – 3:50. | **Rule 403**: Unduly Prejudicial, After Acquired Information. |
| **137.** Immediately after the shooting, the officers approached Valdivia, who was lying on the ground next to his gun, and Officer Sun secured the gun by moving it away from Valdivia.<br><br>Defendants/Moving Party's Evidence: Ex. 1 at 3:02–3:23. | **Undisputed** for the purpose of this opposition.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, After Acquired Information. |
| **138.** At 10:17:56 p.m., the officers start handcuffing Valdivia.<br><br>Defendants/Moving Party's Evidence: Ex. 1 at 3:46; Ex. 2 at 1:41. | **Undisputed** for the purpose of this opposition.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, After Acquired Information. |
| **139.** Officer Meadows immediately asks for a first aid kit.<br><br>Defendants/Moving Party's Evidence: Ex. 2 at 1:51–1:57; Ex. 1 at 3:54 – 4:01. | **Disputed** as to "immediately." |
| **140.** Once Valdivia is secured, Officer Meadows checks for pulse and informs: "No pulse. I'm going to start CPR."<br><br>Defendants/Moving Party's Evidence: Ex. 2 at 2:10 – 2:13. | **Undisputed** that "no pulse" was stated, but Disputed as to whether there was actually a pulse or not. |
| **141.** Officer Meadows starts performing CPR on Valdivia at **10:18:27 p.m.**—approximately 1 minute and 17 seconds after the shooting.<br><br>Defendants/Moving Party's Evidence: Ex. 2 at 2:12; Ex. 1 at 4:16. | **Undisputed** for the purpose of this opposition.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, After Acquired Information. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| **142.** The officers performed CPR *continuously* for more than seven minutes until the paramedics took over.<br><br>Defendants/Moving Party's Evidence: Ex. 2 at 2:12–9:40. | **Undisputed** for the purpose of this opposition.<br><br>Objections:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, After Acquired Information. |
| **143.** Paramedics arrived on the scene at approximately 10:25:22 p.m.<br><br>Defendants/Moving Party's Evidence: Ex. 1 at 11:12;<br>Ex. 2 at 9:09. | **Undisputed** for the purpose of this opposition. |
| **144.** Valdivia was taken to a hospital, where he was pronounced deceased at approximately 11:06 p.m.<br><br>Defendants/Moving Party's Evidence: Ex. 24 at CPD000091. | **Undisputed** for the purpose of this opposition. |
| **145.** Testing of Valdivia's blood sample revealed the presence of alcohol and methamphetamine.<br><br>Defendants/Moving Party's Evidence: Ex. 26;<br>Ex. 25 at CPD001093. | *See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*.<br><br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Information Unknown.<br>**Rule 403/602/611**: Lacks Foundation.<br>**Rule 801/802**: Impermissible Hearsay. |
| **146.** Immediately after the shooting, Officer Sun approached Valdivia and secured Valdivia's gun by moving it away from him.<br><br>Defendants/Moving Party's Evidence: Ex. 1 at 3:02–3:23. | **Undisputed** for the purpose of this opposition.<br><br>Objections:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, After Acquired Information. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| **147.** After the officers started CPR, Officer Sun grabbed Valdivia's gun and went to secure it in his patrol car.<br><br>Defendants/Moving Party's Evidence: Ex. 1 at 5:02 – 5:10. | **Undisputed** for the purpose of this opposition.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, After Acquired Information. |
| **148.** As Officer Sun picked up the gun, he identified it as a "Glock."<br><br>Defendants/Moving Party's Evidence: Ex. 1 at 5:11 – 5:19. | **Undisputed** for the purpose of this opposition.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, After Acquired Information. |
| **149.** In addition to being a SWAT operator and a range and rifle instructor, Officer Sun is also a Glock armorer.<br><br>Defendants/Moving Party's Evidence: Ex. _13 5:10–13; Ex. 15 at 3:5–6. | **Undisputed** for the purpose of this opposition.<br><br>**Objections**:<br>**Rule 401/402**: Relevance. |
| **150.** According to him, when Valdivia pulled out the gun, "it looked like a semiautomatic handgun," similar to the Glock that he had.<br><br>Defendants/Moving Party's Evidence: Ex. 15 at 2:7–15. | **Undisputed** for the purpose of this opposition.<br><br>**Objections**:<br>**Rule 401/402**: Relevance. |
| **151.** He further explained that when he picked it up, "the weight, the feel of it, everything felt like it was just like" his duty gun.<br><br>Defendants/Moving Party's Evidence: Ex. 15 at 3:9–11. | **Undisputed** for the purpose of this opposition.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, After Acquired Information. |
| **152.** According to Officer Sun, the finger grooves, the textured pattern on the grip, and even the magazine release | **Undisputed** for the purpose of this opposition.<br><br>**Objections**:<br>**Rule 401/402**: Relevance. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| "was consistent with the Generation 3 Glock 17."<br><br>Defendants/Moving Party's Evidence: Ex. 15 at 3:11–14. | **Rule 403**: Unduly Prejudicial, After Acquired Information. |
| 153. It even had "Glock 17" marking on the side.<br><br>Defendants/Moving Party's Evidence: Ex. 15 at 3:14–16. | **Undisputed** for the purpose of this opposition.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, After Acquired Information. |
| 154. Officer Sun also noticed the metal slide, which was worn down as if the gun has been unholstered and re-holstered multiple times, which was similar to Officer Sun's gun.<br><br>Defendants/Moving Party's Evidence: Ex. 15 at 3:17–4:2. | **Undisputed** for the purpose of this opposition.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, After Acquired Information.<br>**Rule 404**: Impermissible Character Evidence. |
| 155. It was only after Officer Sun released the magazine and noticed that the gun could not chamber a round that he released that Valdivia's gun was actually a .177 caliber replica Glock 17 BB gun that "was made to be an exact replica" of a Glock 17 gun, including the weight, the texture, the feel, and even the operation manipulations.<br><br>Defendants/Moving Party's Evidence: Ex. 15 at 4:3–5:1; *see also* Ex. 26. | **Undisputed** for the purpose of this opposition.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, After Acquired Information. |
| 156. According to the DOJ physical evidence examination report, Valdivia's gun was a "GLOCK, Model 17 Blowback Action Pistol" that | **Undisputed**. |

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| "functioned as a semi-automatic air ($CO_2$) powered BB gun."<br><br>Defendants/Moving Party's Evidence: Ex. 26. | |
| **157.** Multiple witnesses at the scene, including the three 911 callers, Logan, and other witnesses at the Country Liquor and Starbucks, as well as the responding officers, all believed that Valdivia was in the possession of a real gun.<br><br>Defendants/Moving Party's Evidence: Ex. 4 at 11:35–11:54, 12:29–12:31, 13:25–13:40;<br>Ex. 5 at 7:20–7:35, 24:45–25:05;<br>Ex. 6 at 0:02–0:10, 1:00–1:10, 1:27–1:31, 2:00–2:07;<br>Ex. 7 at 0:10–0:22, 0:39–0:46;<br>Ex. 8 at 0:00–0:09, 0:15–0:25, 0:54–1:05;<br>Ex. 29 at 14:2–6;<br>Ex. 17 at 22:20–25, 23:1–7, 36:20–37:4, 37:10–11;<br>Ex. 21 at 25:2–4;<br>Ex. 23 at 4:3–10;<br>Ex. 24 at CPD000103–105, 108–109, 111–112. | **Disputed**.<br><br>*See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*.<br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Information Unknown.<br>**Rule 602/603**: Not Under Oath, Speculation.<br>**Rule 403/602/611**: Compound, Lacks Foundation.<br>**Rule 801/802**: Impermissible Hearsay. |
| **158.** The photos of the gun similarly confirm that it looks like a real Glock 17 firearm.<br><br>Defendants/Moving Party's Evidence: Ex. 31;<br>Ex. 32;<br>Ex. 25 at CPD001087–1088. | **Undisputed**. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES

| Defendants' Undisputed Facts | Plaintiffs' Genuine Disputes |
|---|---|
| **159.** Picture of Valdivia's gun.<br><br>Defendants/Moving Party's Evidence: Ex. 25 at CPD001088. | **Undisputed**. This is a picture of Valdivia's BB gun. |
| **160.** Pursuant to California Assembly Bill 1506, the California DOJ conducted a thorough investigation of the incident and issued a report in August 2024, concluding that, based on the totality of circumstances, the evidence did not demonstrate that the Officer Defendants' actions were unreasonable.<br><br>Defendants/Moving Party's Evidence: Ex. 25 at CPD001086, 001104. | **Disputed**.<br><br>*See* Plaintiffs' Objections To Exhibits Presented In Defendants' Separate Statement *filed concurrently herewith*.<br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Information Unknown.<br>**Rule 403/611**: Compound, Lacks Foundation.<br>**Rule 702**: Calls for Expert Opinion.<br>**Rule 801**: Impermissible Hearsay. |