**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez; D.V., a minor, by and through his guardian ad litem, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., individually, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN; DOES 1-10, inclusive, <br><br> Defendants. | Case No.: **5:23-cv-01562-CBM-SHK** <br><br> [*Honorable Consuelo B. Marshall*] <br> Magistrate Judge Shashi H. Kewalramani <br><br> **PLAINTIFFS' OBJECTIONS TO EXHIBITS PRESENTED IN DEFENDANTS' SEPARATE STATEMENT** <br><br> [*Filed concurrently with* Plaintiffs' Opposition to Defendants' Motion for Summary Judgment; Memorandum of Points and Authorities in support thereof; Declaration of Marcel F. Sincich and exhibits thereto; Declaration of Roger Clark; Declaration of Scott Holdaway; Plaintiffs' Statement of Genuine Disputes and Additional Material Facts] <br><br> Hearing: July 15, 2025 <br> Time: 10:00 a.m. <br> Crtrm: 8D <br><br> Trial Date: October 21, 2025 <br> Complaint Filed: August 4, 2023 |

# PLAINTIFFS' OBJECTIONS TO EXHIBITS PRESENTED IN DEFENDANTS' SEPARATE STATEMENT

To assist the Court, Plaintiffs provide objections to inadmissible and irrelevant exhibits repeatedly cited by Defendants that the Ninth Circuit and Supreme Court have clearly stated cannot be considered in determining the reasonableness of an officer's use of deadly force. These objections apply uniformly to each of the several Defendants' Separate Statement paragraphs cited herein. When there are additional objections to Defendants' exhibits or specific information from those exhibits particular to the separate statement paragraph, those are listed within Plaintiffs' Statement of Genuine Disputes filed concurrently herewith. Plaintiffs contend that the following exhibits should not be considered at all in evaluating Defendants' Motion:

Objection to Defendants' **Exhibit 4** – Officer Avila's Body-Worn Camera Video (CPD 55) and **Exhibit 5** – Officer Avila's Body-Worn Camera Video (CPD 955), on the grounds that these exhibits do not capture the incident, instead captures Officer Avila arrive on scene after the shooting and his investigation thereafter (see Def Ex. 4 at 01:00-01:20). These exhibits are cited by Defendants to show the custodial interrogation of Jonathan Logan who was handcuffed, searched, and in distress after seeing Officers kill Valdivia and nearly getting shot himself. This after-acquired information unknown to the Defendant Officers should not be considered. Fed. R. Evid. 401, 402, 403, 404, 801. Further, Mr. Logan's statements are not under oath, in distress, and nevertheless lack credibility, lack foundation, call for speculation, and includes inappropriate opinion testimony (FRE 403, 602, 611) that Defendants characterize as "facts" that are not genuinely disputed.

Objection to Defendants' **Exhibit 6** – 911 call (CPD 1), **Exhibit 7** – 911 call (CPD 3), and **Exhibit 8** – 911 call (CPD 4) on the grounds that it is obviously information unknown to officers. There is never a contention by the officers that they knew what the 911 callers stated. The only information the Defendant Officers

knew besides their own observations was that information provided to them either over the radio and/or as indicated on the CAD call. These exhibits should not be considered because they are irrelevant and unduly prejudicial. Fed. R. Evid. 401, 402, 403, 801.

Objection to Defendants' **Exhibit 24** – Covina Police Department Complete Incident Report (CPD 87-115) on the grounds that it is obviously information unknown to officers, cumulative, inappropriate to file documents and pages of documents that are not used to support a contention, unduly prejudicial, and includes several layers of hearsay. This exhibit should not be considered because they are irrelevant and unduly prejudicial. Fed. R. Evid. 401, 402, 403, 801.

Objection to Defendants' **Exhibit 25** – Department of Justice Investigation Report on the grounds that it is obviously information unknown to officers, cumulative, inappropriate to file documents and pages of documents that are not used to support a contention, unduly prejudicial, includes several layers of hearsay, and includes conclusions that are based on a different standard of proof. This exhibit should not be considered because they are irrelevant and unduly prejudicial. Fed. R. Evid. 401, 402, 403, 801.

Objection to Defendants' **Exhibit 27** – Toxicology Report (CPD 138-139) on the grounds that it is obviously information unknown to officers. This exhibit should not be considered because they are irrelevant, unduly prejudicial, and inadmissible character evidence. Fed. R. Evid. 401, 402, 403, 404, 801.

This is a §1983 civil rights and state tort case arising from the use of excessive and unreasonable force against Decedent Daniel Valdivia by City of Covina Police Officers. The central issue in this case is whether the deadly force used against Valdivia was excessive. The analysis is limited to information known to Officers at the time the force was used. Defendants' erroneous attempt to use inadmissible information unknown to effectual judgment could only be a distraction intended to inflame passions against Plaintiffs and Decedent and should not be

considered. The information known to the Defendant Officers prior to their own observations as shown in the CAD Call includes in relevant part: 22:12:51 "417 J/O- - Sus M/H 40 yrs blk sweater, shorts facial hair holding a can of beer blk hand gun." 22:13:13 same. 22:13:17 "one call at this time." 22:13:37 "Starbucks employee called to adv same circs." 22:13:55 "Subj is still near the front door." 22:15:09 "X3 calls received, subj is 415 verbal with two other subjs to the front." 22:15:31 "Starbucks employee adv grp of 3-4 males subjs to the front of the loc." 22:15:37 "415V with two other males." 22:16:21 "subj with a gun placed the gun blk into his front pocket." See Defense Ex. 24, CPD Incident Report at 14 (CPD 92).

Plaintiffs object on the grounds that Defendants' exhibits cited do not establish the absence of a genuine dispute, thus at least Defendants "Separate Statement Nos. 1-24 do not "produce admissible evidence to support the fact" alleged. FRCP. 56(c)(1)(B), (c)(2). Thus, these "facts" should not be considered.

Pursuant to Local Rule 56-1, these exhibits do not present material facts. A fact is "material" if its proof or disproof is essential to an element of a plaintiff's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With the restriction of hindsight evidence, this information unknown to Defendants is immaterial. *See Tennessee v. Garner*, 471 U.S. 1, 26 (1985) ("The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances."); *Glenn v. Washington Cnty.*, 673 F.3d at 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways.").

Under the Federal Rule of Evidence, evidence that does not tend to make the existence of any fact that is of consequence to the determination of the action more probable or less probable is not admissible. Rules 401, 402. Since the Supreme Court first elucidated the Fourth Amendment reasonableness standard in police shooting cases, lower courts and juries have been required to confine their inquiry to

the information known to the officer at the time of the use of force. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985). Adhering to the parameters of what the officer knew at the time of the seizure in a Fourth Amendment reasonableness analysis is of the utmost importance because it maintains an essential balance and protects both law enforcement officers and the public. *See Id.* at 25-26; *United States v. Place*, 462 U.S. 696, 703 (1983).

After acquired information by investigators or during discovery cannot be considered. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011). In *Glenn*, unknown to the shooting officer at the time of the incident, a witness told a 911 operator that the suspect "was threatening to kill everybody" and might "run at the cops with a knife." *Id*. Rejecting the "suggestion that…these statements provide uncontroverted evidence demonstrat[ing] that the officers' safety concerns were not at odds with information provided to law enforcement," the Ninth Circuit reiterated, "**[w]e cannot consider evidence of which the officers were unaware**…" *Id.* at 873, n.8, citing *Graham*, 490 U.S. at 396 (emphasis added). Accordingly, any evaluation here "must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene" at the time of the use of force "and not with the 20/20 vision of hindsight." *Id.*; Ninth Circuit Model Jury Inst. 9.25.

Defendants' exhibits are irrelevant and inadmissible because it was not part of the "totality of the circumstances" facing the Officers at the time of their use of deadly force. *See Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272, 275 n.* (4th Cir. 2011) (noting that the plaintiff's "criminal history and possession of illegal narcotics...are irrelevant to the excessive force analysis because, as the troopers themselves acknowledge, they 'did not know' these facts 'at the time'"—even though the facts of the incident were profoundly disputed); *Wisler v. City of Fresno*, No. CVF 06-1694 LJO SMS, 2008 WL 2954179, at *5 (E.D. Cal. July 30, 2008)

(excluding drug evidence because it was unknown to defendants).

Under Rule 404, the foregoing exhibits cannot be used to prove that Valdivia acted in some general "bad character" during the incident. Rule 404(a)(1) specifically prohibits character evidence, stating that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Further, Ninth Circuit case law is clear that character evidence is normally not admissible in a civil rights case. *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). <u>Character of Valdivia is not an essential element to this matter</u>. The Defendants' credibility in their testimony under oath that the gun was still in Valdivia's hands at the time of all the shots is another matter. Defendants' use of specific instances of conduct are not permitted and should not be considered in a dispositive motion.

This information unknown should not be considered under Rule 403 since any probative value it may have, is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, waste of time, and needlessly presenting cumulative evidence. "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame and evoke anger or punitive impulses); *Jackson v. City of Gahanna*, 2011 WL 587283, at *5 (S.D. Ohio Feb. 9, 2011) ("Allowing evidence of the illegal items seized from the [decedent]...would undermine the protections of the Fourth Amendment by permitting the jury to infer that the [decedent's] culpability or status as a presumed drug dealer justify the Defendant's use of force against him."); *Wisler*, 2008 WL 2954179, at *5; *Kunz v. DeFelice*, 538 F.3d 667,

676-77 (7th Cir. 2008). The exhibits Defendants submit as indicated herein have minimal if any probative value at all. Yet Defendants seek to repeatedly introduce prejudicial information unknown to Officers. Defendants must not be permitted to needlessly present witnesses and documents all to repeat the same or similar information that Officers cannot even testify to from personal knowledge at the time. The focus of this matter should properly remain on the Officers' conduct. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1021 (9th Cir. 2014), cert. denied, 135 S. Ct. 1482 (2015) (the issue is the conduct of the police).

      Finally, Plaintiffs object that the identified exhibits as having multiple layers of hearsay without exception under Federal Rule of Evidence 801, 802, and 805.

      Therefore, Plaintiffs respectfully request that these exhibits be stricken from the record, not considered in evaluating Defendants' motion, and that any "fact" cited by defendants that is supported by any of these exhibits also be stricken and not considered for determining this dispositive motion.

DATED: June 17, 2025    **LAW OFFICES OF DALE K. GALIPO**

By:    /s/   *Marcel F. Sincich*
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq.
*Attorneys for Plaintiffs*