# Exhibit 34

## (Martin expert rebuttal report)

# E.V. and X.V. et al. v City of Covina Department et al.

## Case No. 5:23-cv-05162-CBM-SHK

## United States District Court – Central District of California

### Expert Witness Report of Jeffrey A. Martin, J.D., M.S., C.F.V.T.
### Pursuant to FRCP Rule 26(a)(2)(B)

1                                   **IDENTIFICATION AND QUALIFICATIONS**

2        My full name is Jeffrey Alan Martin. I am a retired police sergeant from the San Jose,
3 California, Police Department. I currently divide my time between consulting, expert witness
4 services, and teaching. I am a former labor relations attorney whose practice focuses on
5 representing public safety personnel in administrative matters. I also worked as an author of "Daily
6 Training Bulletins" regarding various police practices, including the use of force, for Lexipol,
7 L.L.C. In that capacity, I regularly applied policy, legal, and other police practices concepts to fact
8 patterns to determine whether the presented conduct would likely be deemed within policy.

9        I started my full-time law enforcement career as an officer with the San Francisco Bay
10 Area Rapid Transit District (B.A.R.T.) Police Department from October 1981 through December
11 1984. While there, I worked in uniformed and plainclothes patrol assignments and was a collateral-
12 duty baton instructor. After starting my tenure at the San Jose Police Department, I was promoted
13 to sergeant in 1995. I worked in the Patrol Division, the Administrative Unit of the Bureau of Field
14 Operations, as the training coordinator, the Airport Division, and as a supervisor in the Training
15 Division.

16        Before that, I was a police officer, and my assignments included Patrol, the Parks
17 Enforcement Unit, the Field Training Officer Program, and as an investigator in the
18 Narcotics/Covert Investigations (NCI) Unit. While in the NCI unit, I participated in the execution
19 of about 100 search warrants, several probation searches, parole searches, and planned arrests.

20      My training regarding the **technical preparation, examination, and interpretation of video**
21 **evidence** totals over 180 hours, including the following:

22
23       ▸   A 40-hour course titled "Level 1: Forensic Video Analysis & the Law" provided
24           by LEVA.

25
26       ▸   A 40-hour course titled "Level 2: Digital Multimedia Evidence Processing,"
27           provided by LEVA, completion of which provided certification as a "Certified
28           Forensic Video Technician."

29
30       ▸   Provided testimony regarding the importance of properly analyzing video evidence
31           in administrative hearings in Wisconsin and California.

32
33       ▸   Provided training on the basics of examining video evidence in other investigations

courses, as well as training and technical assistance to the Inspectors of the San Mateo County District Attorney's Office.

▸ Presented on the topic of forensic evaluation of video evidence at the 2021, 2022, and 2023 annual training symposiums of the International Homicide Investigators Association, as well as in the 2021, 2022, and 2024 Public Safety Discipline and Internal Investigations Seminar for Americans for Effective Law Enforcement on the limitations of video evidence as well as proper interpretation.

▸ I have testified to digital video analysis and demonstrative video exhibits I had prepared in nine California Superior Court trials and hearings and one federal court trial.

My training and experience in **human factors** include the following:

▸ I hold a Bachelor of Arts in Psychology from California State University, Hayward (now "East Bay").

▸ I hold a graduate certificate in Human Factors Psychology from Grand Canyon University.

▸ I hold a Master of Science degree in Psychology with an Emphasis on Human Factors Psychology from Grand Canyon University.

▸ I completed an additional graduate-level Human Factors and Ergonomics course at San Jose State University.

▸ I was invited back to San Jose State University as a guest lecturer regarding applying fundamental human vision to a forensic setting.

▸ For the POST-ICI OISI course, I was recruited to develop and deliver a block of instruction on "Human Factors." The curriculum includes the basics of sensory and cognitive factors and how they form the reasonable officer's perspective, including basic vision, attention, perception, memory, reaction time, officer-subject interactions, pattern (gestalt) v. detailed (feature-intensive) processing, time-to-stop-shooting responses, human memory compared to video evidence, fatigue, and stress reactions.

▸ I am a member of the Human Factors and Ergonomics Society (H.F.E.S.) I have presented at the annual meetings in 2016, 2018, 2020, and 2023, each accompanied by the publication of peer-reviewed proceedings papers. I was the ad-hoc program chair for the Forensic Professionals Technical Group for the 2023 and 2024 Annual

1    Meetings.

2

3    ▸    Other authors and researchers have cited my published work.

4

5    ▸    I have testified on human factors in 10 state criminal court trials or hearings and

6         once in federal court.

7

8    I hold a Juris Doctor Degree from Northwestern California University and am a member

9    of the State Bar of California. I also have a Bachelor of Arts in Psychology from California State

10   University, Hayward (now "East Bay"). I also hold a Master of Science Degree in Psychology –

11   Emphasis on Human Factors Psychology from Grand Canyon University.

12   My expertise and qualifications to conduct forensic video analysis, including the

13   preparation, examination, and interpretation of video evidence, flow from the following:

14

15   1.   My education, personal experiences, and training.

16

17   2.   My forensic video analysis expertise includes preparing, examining, and

18        interpreting video and audio evidence.

19

20   3.   My forensic workflow and process are similar to those of other experts in the field.

21        It is sufficiently documented so that another analyst can replicate my work product

22        using the same starting video or audio data, the same software, and the same steps.

23

24   4.   My training, experience, and education in human factors and applying it to law

25        enforcement contexts.

26

27   5.   I understand the facts of this case, e.g., the round counts from the three involved

28        officers, as needed to verify or support specific data.

29

30   My curriculum vitae is attached and incorporated into the body of this report by this

31   reference. It comprehensively lists my professional experiences, activities, and publications from

32   the previous ten years. It also contains a list of the cases in which I have testified as an expert in

33   deposition or trial during the past four years.

34   Much of my professional life involves studying and analyzing the conduct of peace officers

35   and law enforcement agencies and their practices, including liability issues and human

36   performance factors. This has, by necessity, caused me to become familiar with forensic video

37   analysis, including the limitations on the information that can be obtained from it. My hourly rate

38   is $375.00 per hour and $475.00 per hour while testifying. My fee agreement for the work in this

39   matter is also attached and incorporated by reference.

<u>**WHY EXPERT TESTIMONY IS REQUIRED TO ASSIST THE FINDER OF FACT IN THIS MATTER TO UNDERSTAND THE PROPER EXAMINATION, PREPARATION, AND INTERPRETATION OF DIGITAL VIDEO EVIDENCE**</u>

It should be remembered that California peace officers are trained on constitutional legal standards regarding the limitations of their use of force. If those standards dictate that the use of force will be judged from the officers' perspectives, digital video evidence must be put into proper context. This is because digital video evidence does not necessarily reflect the reasonable officers' perspectives, especially how officers processed the actual event in real time and how that compares to what is or is not depicted in a video file. As I have written before, ***"Cameras record; people process."***

When compared to how humans detect and perceive visual information, it is essential to remember the following limitations of video evidence:

1. Even when a camera is mounted on an officer's head, it does not perfectly represent the officer's visual perspective;

2. The video perspective is limited to the field of view recorded in each frame;

3. The viewer of a video usually knows the outcome of the event, while an officer experiencing the same event in real time does not, thereby failing to accurately represent the fears, emotions, and stressors that might be affecting an officer's reasonable perceptions and decision-making;

4. Video records a series of still images at constant or variable frame rates. Most people are accustomed to watching video that is recorded and played back at 29.97 FPS. The faster the frame rate, the smoother the motion will appear.[1] Video recorded at significantly slower frame rates tends to miss a lot of action or contribute to the perception that movements or actions depicted were more forceful than they were, thereby making the video less accurate and reliable in depicting the events;

5. Even though metadata readers might indicate that a video file is played back at a particular frame rate, that rate frequently represents an average, and it cannot be assumed that each frame accurately represents even time intervals between frames This is because frames might be encoded or displayed at various time intervals and/or for different durations;

---

[1] Scientific Working Group on Digital Evidence, *S.W.G.D.E. Technical Overview of Digital Video Files,* Version 1.3, 8/5/2024. https://www.swgde.org/17-v-001/

6.  Humans usually perceive their visual worlds in three dimensions; video is two-dimensional and can have a "flattening" effect that influences the perception of depth, space, and distance;

7.  Most body-worn cameras (BWCs) used by law enforcement agencies have a relatively wide field of view, i.e., they use wide-angle lenses with inherent distortion, which makes their representations of depth and distance even more difficult to gauge accurately;

8.  During fast-paced events, actions that are shown to have been perceived and reacted to by officers in video evidence may not be stored in an officer's long-term memory if the time and/or effort to reflect on them is interfered with;[2]

9.  Most humans usually see in clear detail, while recordings that are recorded and/or stored at low resolution have the potential to obscure that detail;

10. The quality and accuracy of video evidence can be significantly affected by what is known as "spatial" and "temporal" compression.[3]  Temporal compression occurs when "predictive framing" algorithms are used to encode the data for most of the frames and can fail to record movement that occurred, produce movement that did not happen, or cause the same object to appear in two different locations within the same frame   Spatial compression occurs within individual frames whereby redundant or less important color aspects are removed and can result in the loss of detail – making the images visually distorted;

11. Video data can be further degraded or altered through compression if it is processed, even if that processing includes emailing a video directly from a cell phone, uploading to a social media platform, or on-screen recording, any of which can also include the loss of entire frames; and

12. While inferences may be drawn about what viewers believe video images depict, there might be qualitative factors such as resolution, frame rate, compression, distance, motion, perspective, and lighting that constitute the "bandwidth."[4] The bandwidth of the video determines whether or not the video can be said to be authenticated, i.e., is it adequate to accurately represent what it is being offered to

---

[2] Schwartz, Bennett L. *Memory: Foundations and Applications*. Thousand Oaks, CA: SAGE, 2018.
[3] *Supra at Note 1.*
[4] Chen, Jessie Y., and Jennifer E. Thropp. "Review of Low Frame Rate Effects on Human Performance." *IEEE Transactions on Systems, Man, and Cybernetics - Part A: Systems and Humans* 37, no. 6 (2007): 1063–76. https://doi.org/10.1109/tsmca.2007.904779.

prove, given how it was originally generated? In other words, what is the question the evidence is believed to answer? Therefore, when video evidence has low bandwidth attributes, it must always be considered that it might be insufficient to answer specific questions conclusively, such as, "Did the kick land on the arm or the head?" Another consideration is if one or more cameras had recorded the same event while closer to the action, at a higher frame rate, or from a better perspective, different interpretations might result;

13. It is inappropriate and unempirical to make determinations as to what people are perceiving or intending based upon the video evidence alone, and

14. The video must be viewed with a player that can single-frame advance and reverse so that the content and context will most likely be interpreted accurately. I recommend Switch®, as it will play most of the exhibits on Windows or Mac operating systems, allowing for single-frame advancing and reversing.

These technical realities make it critical to know the processing history of video files and to ensure that **anyone** using video evidence in investigations or evaluations of peace officer conduct understands the recognized best practices in the technical preparation, examination, and interpretation of digital video evidence.[5]

It is also important to note that when using video evidence in investigating or evaluating police conduct, the same perceptual dynamics that influence how people perceive real-time experiences also apply; their previously held beliefs and biases can influence what they see and how they interpret video images, including a false sense that the video comprises the same experiences as the participants.[6] This dynamic also applies to human performance limitations, such as limited visual acuity, which can lead viewers to look at only one aspect of the video event, such as what the officer appears to be doing, not what a resistive suspect or another officer is doing contemporaneously.

In addition to educating the finder of fact about the nuances of digital video evidence, expert testimony is needed, in this matter, via the demonstrative exhibits to assist the finder of fact with (1) being able to see as much information as can be obtained from the images, and (2) obtaining timing data.

## THE TECHNICAL PREPARATION, EXAMINATION, AND INTERPRETATION OF THE VIDEO EVIDENCE IN THIS CASE

I received several video files in this case, both from a file-sharing download and later via

---

[5] Scientific Working Group on Digital Evidence, *S.W.G.D.E. Best Practices for Digital Forensic Video Analysis*, Version 1.1, 3/22/20. https://www.swgde.org/18-v-001/

[6] Granot, Yael, Emily Balcetis, Neal Feigenson, and Tom Tyler. "In the eyes of the law: Perception versus reality in appraisals of video evidence." *Psychology, Public Policy, and Law* 24, no. 1 (2018): 93.

1   a USB drive containing 27 Lens Lock body-worn camera (BWC) and dash camera video files. I
2   imported the video files from the file share into Amped FIVE, build date 3/26/2025, Revision
3   36648, which generated SHA256 hash values for verification. I also reviewed them to locate the
4   files containing the time period and area of interest. I next took the 27 Lens Lock files from the
5   USB drive and imported them into Amped FIVE. I again generated SHA256 hash values and
6   used those values to match them to the video files from the file share download.
7        I also used the MediaInfo version embedded in Amped FIVE to interrogate the files and
8   obtain the metadata. I also ran a "frame analysis" and examined the structure of the group of
9   pictures (GOP). The video file contained the time period and area of interest, with the metadata
10  revealing the following:
11
12  (Via File Share) 300. BWC. Ofcr. Sun. Arrival and Incident. 55 min. 57 sec.
13  [CONFIDENTIAL CPD 000037].mp4
14  (Via USB Drive) 2022_0409_224442COVPD44_LL0044-002_20220410042104.MP4
15  SHA256:  0929221fe9a4ab7e0a36bcdde20cc8cf06f37c07a25ac57782a514bdd66163b2
16  Codec: AVC1
17  Format: MPEG-4
18  Size: 2.01 GB
19  Duration: 55:57.200
20  Encoded Date and Time: Not displayed.
21  Resolution: 1280x720
22  Display Aspect Ratio: 16:9
23  Frame Rate: 25.00 FPS
24  Frame Rate Mode: Constant
25  Total frames: 83930
26  Audio: AAC LC
27  Channels: 1
28
29  The metadata and an examination of the file suggest that it is "camera original", i.e., it is the same
30  as was originally recorded by the LensLock BWC and stored via upload to the LensLock server.
31  Additionally, the on-screen date and time correspond to the date and time of the incident.
32        To make it easy to recognize which officer wore the camera, recognize exact frames being
33  referenced, and to facilitate the measurement of time intervals, I used Amped Five to add the
34  following text overlays: The last six digits of the file name just before the extension, the officer's
35  name, and the Bates number at the top center, a timer in the upper left corner in formatted
36  "presentation time stamp" (PTS) time, and the original frame number (OFN) in the lower left
37  corner. I also trimmed the portion of the video after the shooting to keep the file size manageable.
38  I then rendered it as a "visually lossless" H.264 file, and saved it as the following demonstrative
39  exhibit:
40
41  **042104 CPD 000037 Sun Marked.mp4**

To create a file that narrowed the time period of interest to Mr. Valdivia's movements leading up to when Officer Sun fired the first shot, I trimmed the file to OFNs 4248 through 4533. I rendered it as above and saved it as:

**Sun Close Trim.mp4**

I also exported the Sun Close Trim.mp4 file audio and examined it in Ocen Audio. Significant clipping was visible. This is the cause of the distortion heard in the audio portions of the BWC recordings, making it very difficult to identify each firearm discharge sound. However, based on the rough observations of the beginning and end of the shooting, it appears that the officers collectively fired their rounds in about 2 seconds or less.

I used Amped Five to decompile those frames as lossless TIFF images. I then used Adobe Bridge to convert them into a lossless PDF file, saving it as:

**Sun PDFs.pdf**

To make Mr. Valdivia more salient in the images, I used the "Magnify" filter in Amped FIVE to magnify him within the frames for OFNs 4417 through 4469, with OFNs 4468 and 4469 annotated to point out the possible and confirmed first discharge of Officer Sun's handgun, respectively. I exported these images as lossless TIFFs and converted them to lossless PDFs using Adobe Bridge and saved them as:

**Sun Annotated Tiffs.pdf**

(Via File Share) 302. BWC. Ofcr. Statler. Incident. 22 min. 11 sec. [CONFIDENTIAL CPD 000038].mp4
(Via USB Drive) 2022_0409_221629COVPD07_LL0007-001_20220410110421.MP4
SHA256: 254c688843b5bde18a90972b298dd0693d8ac196d161e7555020385a44a0
9085
Codec: AVC1
Format: MPEG-4
Size: 915 MB
Duration: 22:11.720
Encoded Date and Time: Not displayed.
Resolution: 1280x720
Display Aspect Ratio: 16:9
Frame Rate: 25.00 FPS
Frame Rate Mode: Constant
Audio: AAC LC

8

Channels: 1

Using Amped FIVE, I trimmed the video file to the first 2401 frames and added text overlays with the OFN in the top left corner, the file name as above in the top center, and the timer in the top right corner. I rendered it as above and saved it as:

**110421 CPD 000038 Statler Marked.mp4**

(Via File Share) 306. BWC. Ofcr. Rasmussen. Speaking with Witnesses in Liquor Store. 45 min. 1 sec. [CONFIDENTIAL CPD 000042].mp4
(Via USB) 2022_0409_224730COVPD48_LL0048-002_20220410094521.MP4
SHA256: 72e17459bcca1d469de35a081e8e83180ca912ccf9772192bf7ba42ffc4418c
0
Codec: AVC1
Format: MPEG-4
Size: 1.99 GB
Duration: 45:01
Encoded Date and Time: Not displayed.
Resolution: 1280x720
Display Aspect Ratio: 16:9
Frame Rate: 25.00 FPS
Frame Rate Mode: Constant
Audio: AAC LC
Channels: 1

I trimmed this video to the first 1,001 frames and added the overlays in the same manner as the previous video. I rendered it as above and saved it as:

**094521 CPD 000042 Rasmussen Marked.mp4**

(Via File Share) 309. BWC. Ofcr. Meadows. Incident and Guns Drawn. 39 min. 30 sec. [CONFIDENTIAL CPD 000045].mp4
(Via USB) 2022_0409_224646COVPD36_LL0036-002_20220410043841.MP4
SHA256: 4f1a50cf130e864ad863b69a588566bf723a0f7706bd5c8a41d371f0b5c1e66a
Codec: AVC1
Format: MPEG-4
Size: 1.46 GB
Duration: 39:30
Encoded Date and Time: Not displayed.
Resolution: 1280x720
Display Aspect Ratio: 16:9

Frame Rate: 25.00 FPS
Frame Rate Mode: Constant
Audio: AAC LC
Channels: 1

I trimmed this video to the first 2,101 frames and added the file name to the top left, the OFN in the bottom left, with the timer just below it. I rendered it as above and saved it as:

**043841 CPD 000045 Meadows Marked.mp4**

To create a file that narrowed the time period of interest to Mr. Valdivia's movements just before Officer Meadows fired the one shot, I trimmed the file to OFNs 1260 through 1482. I rendered it as above and saved it as:

**Meadows Close Trim.mp4**

I used Amped Five to decompile those frames as lossless TIFF images. I then used Adobe Bridge to convert them into a lossless PDF file, saving it as:

**Meadows TIFFs.pdf**

To make Mr. Valdivia more salient in the images, I used the "Magnify" filter in Amped FIVE to magnify him within the frames for OFNs 4417 through 4469, with OFNs 4468 and 4469 annotated to point out the possible and confirmed first discharge of Officer Sun's handgun. I exported these images as lossless TIFFs and converted them to lossless PDFs using Adobe Bridge and saved them as:

**Meadows Annotated TIFFs.pdf**

I also imported the **Sun Close Trim.mp4** and **Meadows Close Trim.mp4** exhibits into Final Cut Pro X version 11.1. Like Mr. Holdaway, I used the liquor store sign's color change to synchronize them visually. I rendered a version via ProRes 422 and another version via H.264, saving them respectively as:

**Valdivia & Sync HI.mov**
**Valdivia & Sync LO.mov**

I then used Final Cut Pro X to export the synchronized video into lossless TIFFs, then converted them to a lossless PDF using Adobe Bridge. I saved that exhibit as:

**Valdivia & Sync TIFFs.pdf**

1    (Via File Share) 317. BWC. Ofcr. Cardoza. 1 hr. 5 min. 3 sec. [CONFIDENTIAL CPD
2    000054].mp4
3    (Via USB) 2022_0409_224839COVPD21_LL0021-003_20220410035354.MP4
4    SHA256: e462570eda19bfc7c0bc505d216a7d132dc65c98aa175e7b28464032b9ff93bc
5    Codec: AVC1
6    Format: MPEG-4
7    Size: 2.25 GB
8    Duration: 1:05
9    Encoded Date and Time: Not displayed.
10   Resolution: 1280x720
11   Display Aspect Ratio: 16:9
12   Frame Rate: 25.00 FPS
13   Frame Rate Mode: Constant
14   Audio: AAC LC
15   Channels: 1
16
17   Upon viewing this file, I noticed the same gap in the images and on-screen display as noted by
18   Scott Holdaway on pages 7 and 8 of his report. The gap in the continuity at OFNs 24208 and 24209
19   (on-screen display times 21:28:59 and 22:18:07, respectively). In determining whether this gap
20   was from editing, I requested and received a freshly downloaded set of the LensLock videos
21   described above.[7] I confirmed that the recently obtained video was identical to the original via
22   SHA256 hash value.
23          I also contacted Mr. Ryan DaFoe at LensLock on 4/29/2025 and sent him the video file via
24   a file-sharing link he provided via email. Mr. DaFoe told me he could locate the original file in
25   their system but could not conduct a hash analysis at the time. He also said that the gap could have
26   resulted from a technical issue and not post-download editing. I have not performed any further
27   work on this file.
28
29   (Via File Share) 366. DOJ. Liquor Parking Lot. XVR. Ch. 4. Main. 040922. 24 min. 46
30   sec. Confidential.mp4
31   SHA256: ea00436a6fd28ac258aa56ae625208bb00a78ea48352c8f258765ab1b622faae
32   Codec: AVC1
33   Format: MPEG-4
34   Size: 93.5 MB
35   Duration: 24:46
36   Encoded Date and Time: Not displayed.
37   Resolution: 960x480

---

[7] The receipt of a download audit from the Covina Police Department is still pending at the time of this writing.

11

1      Display Aspect Ratio: 2.00 (18:9)
2      Frame Rate: 30.000
3      Frame Rate Mode: Variable
4      Minimum Frame Rate: 29.412
5      Maximum Frame Rate: 30.303
6      Audio: None
7
8  I trimmed the video to OFNs 33350 through 34022 and added text overlays with the OFN on the
9  top left, the file name on the top center, and the timer on the right center. I rendered it as above
10  and saved it as:
11
12     **366 DOJ Liquor Store Marked.mp4**
13
14  A complete listing of the demonstrative exhibits created is in Appendix B.
15
16                       **Time and Motion Analysis**

**Table 1. Timing Analysis From Demonstrative Exhibit 4 Sun Annotated Tiffs.pdf**

| OFN | Movement | PTS Time |
|---|---|---|
| 4417 | Right hand on ground with elbow bent | 2:56.680 |
| 4423 | Right hand moving rearward with elbow bent | 2:56.920 |
| 4428 | Right hand further rearward with elbow bent at apparent extent of motion | 2:57.120 |
| 4432 | Right hand and arm still in relatively same posture | 2:57.280 |
| 4433 | Right hand and arm start forward motion | 2:57.320 |
| 4435 | Right hand and arm start continuing forward and officers start yelling | 2:57.400 |
| 4444 | Right hand starts becoming visible | 2:57.760 |
| 4449 | Right hand and arm continues forward movement | 2:57.960 |
| 4452 | Blurred | 2:58.080 |
| 4453 | Left arm blocks camera | 2:58.120 |
| 4463 | Left arm clears camera, Mr. | 2:58.520 |

| | | Valdivia's right hand is forward, and handgun to the front left of him. | |
|---|---|---|---|
| | 4464 | Mr. Valdivia's right hand is forward, and handgun to the front left of him. | 2:58.560 |
| | 4465 | Mr. Valdivia's right hand is forward, and handgun to the front left of him. | 2:58.600 |
| | 4466 | Mr. Valdivia's right hand has moved toward his left hand and the handgun is to the left front of him. | 2:58.640 |
| | 4467 | Mr. Valdivia's right hand is closer to his left hand and the handgun is to the left front of him | 2:58.680 |
| | 4468 | Mr. Valdivia's posture is similar and there is possibly discharge gas being emitted from Officer Sun's handgun | 2:58.720 |
| | 4469 | Gas from Officer Sun's handgun obscures Mr. Valdivia | 2:58.760 |

1    Noted Intervals until OFN 4469:
2    • 4423—From hand moving rearward until first shot: ~1.9 s.
3    • 4428—From hand reaching the apparent rearmost position until the first shot: ~1.7 s.
4    • 4433—From the hand and arm moving forward until the first shot: ~1.4 s.
5    • 4444—From the right hand starting to become visible until the first shot: ~1.0 s.
6    • 4463—From right hand forward with handgun to the front: ~ 0.2 to .3 s.
7    • 4466—From right hand forward with handgun further to the front: ~ 0.1 to 0.2 s.

**Table 2. Timing Analysis From Demonstrative Exhibit 10 Meadows Annotated TIFFs.pdf**

| OFN | Movement | PTS Time |
|---|---|---|
| 1356 | Right hand on ground | 54.240 |
| 1361 | Right hand starts rearward | 54.440 |
| 1367 | Hand continues rearward | 54.680 |
| 1368 | Left arm blocks view of right hand | 54.720 |

| 1428 | Left arm blocks view of Mr. Valdivia and Officer Meadows handgun discharges | 57.120 |
|------|------|------|

Noted Intervals until OFN 4469:
- 1361—From right hand starting rearward until first shot: ~2.7 s.
- 1367—From right hand continuing rearward until first shot: ~ 2.4 s.

Noted Sequence from Valdivia & Sync HI.mov:
- FCPX FN 98/3:92: Sun yells, "Don't reach for anything."
- FCPX Screen Shot of FN 187/7.48: Multiple officers start yelling once Mr. Valdivia's arm moves forward from rearward motion.
- FCPX Screen Shot of FN 220/8.80: Officer Sun fires the first shot.
- FCPX Screen Shot of FN 235/9.40: Officer Meadows fires one shot.
- FXPX Screen Shot of FN 265/9.40: Last shot fired.

Summary:

- Officer Sun fired the first shot from his handgun roughly 1.25 seconds to 1.50 seconds after the officers started yelling and as Mr. Valdivia was bringing his right hand and arm forward after making the rearward motion.

- Officer Meadows fired his shot, roughly 1.75 to 2.0 seconds after the officers started yelling, and Mr. Valdivia was bringing his right hand and arm forward after making the rearward motion.

## **OPINIONS AND BASES THEREOF**

**Context:** On 4/9/2022, Covina Police Department Officers Billy Sun, David Meadows, and Vanessa Cardoza were on duty and in uniform. At approximately 2213 hours, they received a call typed as a "417" (brandishing a weapon) at the Country Liquor Store, located at 124 East Arrow Highway. The three officers became aware of the following details of the call as they responded:
- The subject of the call was a male Hispanic, 40 years old, wearing a black sweater, shorts, and had facial hair;
- The subject was holding a can of beer and a black handgun;
- Updates included that the subject was still near the front door of the liquor store and was engaged in an argument with two other subjects;
- Two additional reporting parties also reported that there were about three to four males in front of the liquor store, and that the subject with the handgun had put it

14

1       into his front pocket; and

2     • All three officers knew the area had a reputation for criminal activity. (Cardoza
3          4/18/2022 Interview Transcript; Meadows 4/18/2022 Transcript; Sun 4/18/2022
4          Transcript; Cardoza Deposition; Meadows Deposition; Sun Deposition; CPD Call
5          Detail Report, Call #C2209977

6

7       Upon arriving at 2217 hours, Officer Sun approached the liquor store parking lot on foot
8 from the west across the front of the Starbucks, and Officer Meadows followed him. Officer
9 Cardoza approached from the east on the south sidewalk of Arrow Highway. Once Officers Sun
10 and Meadows reached the area near the short wall dividing the liquor store parking lot from the
11 Starbucks, the sequence of events unfolded as follows:

12     • They saw a subject, subsequently identified as Daniel Valdivia, and determined he
13          was the subject of the call as he matched the description provided;

14     • Officers Sun and Meadows, with their handguns drawn and pointed in the general
15          direction of Mr. Valdivia, identified themselves as police and told Mr. Valdivia to
16          put your hands up;

17     • Mr. Valdivia transferred a large bottle he was holding in his right hand to his left
18          hand and started reaching toward his right-front pants pocket;

19     • Mr. Valdivia complied, raised both hands into the air (including the bottle in his
20          left hand), and complied with getting on the ground as directed by Officer
21          Meadows;

22     • As Mr. Valdivia went to the ground, he "posted" on his left arm and reached
23          rearward toward the left-rear quadrant area of his waistband, while keeping his head
24          up and looking at the officer(s);

25     • As Mr. Valdivia's right hand and arm started moving toward the officers, Officer
26          Sun yelled, "Don't reach for it";

27     • Officer Sun fired because he perceived that Mr. Valdivia pulled a handgun from his
28          person and pointed it at them;

29     • Officer Meadows had seen the grip of a handgun in Mr. Valdivia's waistband
30          before the forward arm movement from the waistband, and he perceived that Mr.
31          Valdivia pointed the handgun at them; and

32     • Officer Cardoza, who entered the parking lot from the northeast, saw the black
33          handgun in Mr. Valdivia's waistband as Mr. Valdivia was getting on the ground,
34          and saw Mr. Valdivia draw it and start to point it at Officers Sun and Meadows.

35

36 In response, Officer Sun fired six rounds (firing the first shot), Officer Meadows fired one round,
37 and Officer Cardoza fired five rounds at Mr. Valdivia. (Valdivia & Sync HI.mp4, FNs 0 through
38 261; (Cardoza 4/18/2022 Interview Transcript; Meadows 4/18/2022 Transcript; Sun 4/18/2022
39 Transcript; Cardoza Deposition; Meadows Deposition; Sun Deposition; CA DOJ Investigation
40 Report by S. Wyatt)

1   **Opinion One: Mr. Valdivia's motion of reaching for the handgun under the circumstances**
2   **would very likely cause trained and reasonable peace officers facing the same circumstances**
3   **to believe he was in the process of drawing and firing a handgun at them.**

4        Humans, in general, are very fast at reading the patterns of motion by other humans and
5   perceiving what they are doing, whether they are acting with hostile or friendly intentions.[8] Police
6   officers are trained to have an increased sensitivity to patterns of movement that they perceive
7   immediately threatening, such as a motion of drawing a handgun from one's person.

8        As applied to the facts of this case, Mr. Valdivia's movements, as depicted in the video
9   images, the original BWC videos, and the listed demonstrative exhibit, are the motion patterns that
10  police officers are generally very sensitive to.[9]

11

12  **Opinion Two: Officers' firearms discharge well after they have perceived the stimuli to fire,**
13  **decided to fire, and completed the movements to fire. During these time intervals, the**
14  **postures, orientations, and status of weapons possessed change, as they did in this case.**

15       One of the most commonly understood limitations of human information processing in the
16  human factors and law enforcement fields is perception-response time (PRT). PRT associated with
17  this circumstance includes stimulus detection, evaluation, response selection, and movement
18  time.[10]

19       As applied to the facts of this incident, when Mr. Valdivia started moving his right hand
20  forward after having moved it to the right-rear quadrant of his torso, Officers Sun and Meadows
21  started yelling, "Don't reach. Don't reach." (Transcript of Sun BWC Video, 3:15-16; Transcript
22  of Meadows BWC Video, 2:8-10)

23       The approximate interval from when Officer Sun started yelling, "Don't reach…" until he
24  started firing, roughly 1.25 to 1.5 seconds elapsed. By this time, Mr. Valdiva had already removed
25  the black Glock replica from his person and extended it toward the officers, and it had landed in
26  front of him (see Appendix C, Figures 2 and 3)

27       The approximate interval from when Officers Sun and Meadows started yelling, "Don't
28  reach…" until Officer Meadows fired was roughly 1.75 to 2.0 seconds. By this time, Mr. Valdivia
29  had already removed the black Glock replica from his person and extended toward the officers,
30  and it had landed in front of him (see Appendix C, Figures 2 and 4).

31

32  **Opinion Three: Once the officers decided to fire at Mr. Valdivia, the process of shooting him**
33  **likely interfered with their respective abilities to see the handgun leave Mr. Valdivia's right**
34  **hand and land on the ground in front of him.**

---

[8] Blake, Randolph, and Maggie Shffrar. "Perception of Human Motion." Annual Review of Psychology 58, no. 1 (2007): 47-73.
[9] California Commission on Peace Officer Standards and Training: Learning Domain 33: Arrest and Control, v5.1, pp. 1-6, 1-7, 2-3.
[10] Campbell, Amity, Andrea Roelofs, Paul Davey, and Leon Straker. "Response time, pistol fire position variability, and pistol draw success rates for hip and thigh holsters." *Human Factors* 55, no. 2 (2013): 425-434.

Officer Sun recalled that once he decided to fire at Mr. Valdivia, he used his Holosun Model 509T X2 optic to aim at Mr. Valdivia. The housing of the Holosun Model 509T X2 is approximately 1 inch wide and almost 1 inch tall. The interior window is 0.9 inches wide and 0.66 inches tall.[11] The area of visual obstruction from placing the sight between Officer Sun's dominant eye (assuming he used his dominant eye) would be determined by the optic size in Officer Sun's visual field relative to how far he was from Mr. Valdivia. While I currently don't have that data, Mr. Valdivia's posture and orientation toward Officer Sun would increase the area of Mr. Valdivia and the handgun's movements obstructed by the optic and even the pistol.

Officer Meadows was using the open sights on his Glock 17. However, the same effect can be expected, as shooters use their iron sights between their dominant eye and their targets. In addition to the visual obstruction created, law enforcement officers are generally trained to accommodate (i.e., shift their focus) to the front sight, which causes the targets to go out of focus. These dynamics also make it less likely that Officer Meadows was able to see the handgun leave Mr. Valdivia's hand before firing.

Officer Cardoza was further away from Mr. Valdivia than Officers Sun and Meadows, and Mr. Valdivia presented a different orientation. She used a "red dot" optic, although I don't have the make and model. However, given that the optic size in her visual field would likely remain constant, the further distance would cause the optic to obstruct more of her vision of Mr. Valdivia because he would be smaller in her visual field.

**Opinion Four:** **The fact that Mr. Valdivia was already moving the handgun toward Officers Sun and Meadows before the time they decided to fire at him, would make giving a verbal warning before shooting unfeasible, i.e., it would unreasonably increase the risk to themselves.**

It takes approximately one second to say, "Stop, or I'll shoot." By the end of this one second, had Mr. Valdivia possessed a loaded firearm, he would have likely been able to fire it in less than one second, even less than one-half a second.[12,13] Actual incidents support this, demonstrating that once a subject has a handgun in hand, they can point and shoot it in well under one second.[14,15] This would likely apply to the facts of this case since Mr. Valdivia's right hand and arm were already moving forward when he officers stated yelling at him just before shooting.

---

[11] https://holosun.com/products/pistol-sights/509/he509t-gr-x2.html

[12] Ernest J. Tobin & Martin L. Fackler, "Officer Reaction-Response Times in Firing a Handgun," 3 *Wound Ballistics Review, 6–9 (1997)*

[13] Jon M. Shane & Zoë Swenson, Unarmed and dangerous: Patterns of threats by citizens during Deadly Force encounters with police (Routledge, Taylor and Francis Group) (2020).

[14] Person. "Copa Releases Bodycam Video of Lawndale Police Shooting That Injured 2 Officers, Suspect." ABC7 Chicago. WLS-TV, June 10, 2021. https://abc7chicago.com/chicago-police-shooting-lawndale-cpd-assault/10768951/.

[15] "'Tell My Family I Love Them': Video Captures Near-Death Shooting of Cop." Police1, August 11, 2017. https://www.police1.com/police-products/body-cameras/articles/tell-my-family-i-love-them-video-captures-near-death-shooting-of-cop-vNmDWHj8BW0otoFq/

Respectfully submitted,

JEFFREY A. MARTIN, J.D., M.S., C.F.V.T.

Date: __May 2, 2025__
San Carlos, California

# E.V. and X.V. et al. v City of Covina Department et al.

### Case No. 5:23-cv-05162-CBM-SHK

### United States District Court – Central District of California

### Expert Witness Report of Jeffrey A. Martin, J.D., M.S., C.F.V.T.

### Pursuant to FRCP Rule 26(a)(2)(B)

## APPENDIX A: MATERIALS

1. Complaint for Damages, filed 8/4/2023
2. 300. BWC. Ofcr. Sun. Arrival and Incident. 55 min. 57 sec. [CONFIDENTIAL CPD 000037].mp4
3. 300A. Transcript. BWC. Ofcr. Sun. Arrival and Incident. 010925.pdf
4. 302. BWC. Ofcr. Statler. Incident. 22 min. 11 sec. [CONFIDENTIAL CPD 000038].mp4
5. 306. BWC. Ofcr. Rasmussen. Speaking with Witnesses in Liquor Store. 45 min. 1 sec. [CONFIDENTIAL CPD 000042].mp4
6. 309. BWC. Ofcr. Meadows. Incident and Guns Drawn. 39 min. 30 sec. [CONFIDENTIAL CPD 000045].mp4
7. 309A. Transcript. BWC. Ofcr. Meadows. Incident and Guns Drawn. 010925.pdf
8. 317. BWC. Ofcr. Cardoza. 1 hr. 5 min. 3 sec. [CONFIDENTIAL CPD 000054].mp4
9. Vanessa Cardoza Deposition Transcript
10. David Meadows Deposition Transcript
11. Billy Sun Deposition Transcript
12. 008. Report of Incident. Complete Report pgs 1-29.040922.pdf
13. 009. Report. Det Preciado.040922.pdf
14. 010. Report re Supplement.Ofcr M Flores.041022.pdf
15. 011. Report re Supplement.Ofcr C Avila.040922.pdf
16. 012. Report re Supplement.Ofcr. Rasmussen.040922.pdf
17. 013. Report re Supplement.Ofcr D Dixon.040922.pdf
18. 014. Report re Supplement.Det S Lee.040922.pdf
19. 015. Report re CAD.040922.pdf
20. 025. Report re Use of Force.Lt D Regan.040922.pdf
21. 038. LA Coroner Autopsy Report by Carrillo, M.D.041422.pdf
22. 041. CPD CAD Printout.Confidential.041122_Redacted.pdf
23. 113. DOJ Report 06 re Officer Processing.Confidential.041222.pdf
24. 141.1 DOJ Interview Transcripts re Ofc. Cardoza. Pt. 1.Confidential.041822_Redacted.pdf

25. 142. DOJ Interview Transcripts re Ofc. Cardoza. Pt. 2.Confidential.041822_Redacted.pdf
26. 143. DOJ Interview Transcripts re Ofc. Meadows Pt. 1.Confidential.041822_Redacted.pdf
27. 144. DOJ Interview Transcripts re Ofc. Meadows Pt. 2.Confidential.041822.pdf
28. 145.1 DOJ Interview Transcripts re Ofc. Sun Pt. 1.Confidential.041822_Redacted.pdf
29. 146. DOJ Interview Transcripts re Ofc. Sun Pt. 2 .Confidential.041822.pdf

# E.V. and X.V. et al. v City of Covina Department et al.

**Case No. 5:23-cv-05162-CBM-SHK**

**United States District Court – Central District of California**

**Expert Witness Report of Jeffrey A. Martin, J.D., M.S., C.F.V.T.**

**Pursuant to FRCP Rule 26(a)(2)(B)**

## APPENDIX B: DEMONSTRATIVE VIDEO EXHIBITS

1. 042104 CPD 000037 Sun Marked.mp4

2. Sun Close Trim.mp4

3. Sun PDFs.pdf

4. Sun Annotated Tiffs.pdf

5. 110421 CPD 000038 Statler Marked.mp4

6. 094521 CPD 000042 Rasmussen Marked.mp4

7. 043841 CPD 000045 Meadows Marked.mp4

8. Meadows Close Trim.mp4

9. Meadows TIFFs.pdf

10. Meadows Annotated TIFFs.pdf

11. Valdivia & Sync HI.mov

12. Valdivia & Sync LO.mov

13. Valdivia & Sync TIFFs.pdf

14. 366 DOJ Liquor Store Marked.mp4

# E.V. and X.V. et al. v City of Covina Department et al.

## Case No. 5:23-cv-05162-CBM-SHK

### United States District Court – Central District of California
### Expert Witness Report of Jeffrey A. Martin, J.D., M.S., C.F.V.T.
### Pursuant to FRCP Rule 26(a)(2)(B)

## APPENDIX C: SCREENSHOTS OF FINAL CUT PRO X IMAGES AND AUDIO WAVEFORM



*Figure 1. The waveform indicates the start of Officer Sun saying, "Don't reach for it."*



*Figure 2. The waveform indicates when Officers Sun and Meadows start yelling as Mr. Valdivia's right hand and arm move forward.*



*Figure 3. The images and waveform show when Officer Sun fired the first shot.*



*Figure 4. The images show when Officer Meadow fired.*



*Figure 5. The images and waveform indicate the state of affairs at the approximate time the last shot was fired.*

**Jeffrey A. Martin**
727 Industrial Rd. Ste. #102
San Carlos, CA 94070
Telephone (650) 595-2452
E-mail: jeff@dsiconsult.com

---

## EDUCATION

**Juris Doctor – 2007**
Northwestern California University School of Law, Sacramento, California
- State Bar of California, License No. 262839

**Master of Science, Psychology with an Emphasis on Human Factors Psychology – 2023**
Grand Canyon University – Phoenix, AZ

**Graduate Certificate, Human Factors Psychology – 2017**
Grand Canyon University - Phoenix, AZ

**Bachelor of Arts, Psychology – 1981**
California State University - East Bay, Hayward, CA

**Associate in Risk Management – 2000**
Insurance Institute of America, Malvern, PA

---

## EMPLOYMENT

**DSI CONSULTING, LLC**                                                    **2014 - Present**

    **Chief Consultant**
    Provides consulting, training, and expert witness services related to police practices, human factors, and forensic video analysis.

**SELF-EMPLOYED, San Carlos, CA**                                         **2009 -Present**

    **Consultant/Trainer/Attorney**
    Provides expert-witness services and adjunct instruction for California P.O.S.T. Institute of Criminal Investigations Officer-involved Shootings Investigations Course.

**BERRY WILKINSON LAW GROUP**                                             **2009 - 2014**

    **Associate Attorney**
    Provided legal representation for public safety personnel in disciplinary and other administrative matters.

**FORCE SCIENCE INSTITUTE, LTD.**                                         **2012**

    **Staff Consultant**
    Assisted with operations pertaining to training, research and administrative functions.

**LEXIPOL, LLC.**                                                                 2009-2013

**Contract "Daily Training Bulleting" Author**
Authored approximately four to six daily monthly training bulletins on various law enforcement topics, including use of force, pursuits, ethics, officer safety, and other topics related to policy compliance.

**SAN JOSE POLICE DEPARTMENT, San Jose, CA**                                   1984 - 2010

**Sergeant, Bureau of Field Operations**              2009 - 2010, 2000 - 2003, 1995 - 1997
**Patrol Division**
Supervised one or more patrol areas, criminal and tactical operations and conducted use-of-force investigations and community-oriented policing activities.  Engaged in other supervisory duties such as writing performance appraisals, coaching, and responding to citizen complaints. Member of the Crisis Intervention Team since April 2001.

**Sergeant, Bureau of Administration**                                          2005 - 2009
**Training Division**
Supervised the P.O.S.T. Force-Options Simulator (FOS) and Law Enforcement Driving Simulator Programs, which delivered training to the San Jose Police Department and peace officers within Santa Clara County.  Delivered and supervised FOS instructor training to other trainers throughout the state of California.  Taught and supervised classes in defensive tactics and officer safety.  Served as the lead instructor and instructor-trainer for the TASER program for the San Jose Police Department and Basic Academy.  Revised pursuit policy and designed, delivered and supervised mandated training for all sworn personnel to meet legislative requirements.  Delivered instruction on use-of-force investigations in the Night Detective Academy.

**Sergeant, Bureau of Field Operations**                                        2003 - 2005
**Patrol Division, Main Lobby, and Pre-Processing Center**
Supervised operations in the main lobby, which included the Witness Center during serious criminal investigations and the department's temporary holding facility, as regulated by Title 24 of the California Code of Regulations.  Also completed bi-weekly assignments for regular patrol supervision.

**Sergeant, Bureau of Field Operations**                                        1998 - 2000
**Administrative Unit**
Served as the patrol bureau training coordinator for 800 sworn personnel and supervised sworn and non-sworn employees in the Administrative Unit.

**Sergeant, Bureau of Field Operations**                                        1997 - 1998
**Airport Division**
Supervised the policing and security functions by sworn personnel at San Jose International Airport. Ensured compliance with FAA and other regulations.

**Police Officer, Bureau of Field Operations**
**Patrol Division**                                   1984 - 1986, 1988 - 1989, 1994 - 1995
Engaged in proactive enforcement activities, investigated felony and misdemeanor crimes, and participated in community-oriented policing activities.

**Field Training Officer, Bureau of Field Operations**                          1992 - 1994
**Patrol Division**
Directly trained and evaluated new officers in basic patrol officer functions, including criminal investigations, patrol tactics and report writing.

**Police Officer, Bureau of Investigations**                                    **1989 - 1992**
**Narcotics/Covert Investigations Unit**
Investigated drug and narcotic-related crimes, conducted and/or participated in undercover activities including sting operation support, conducting parole and probation searches, working with informants, obtaining and serving search warrants, and conducting surveillance.  Also, served as the firearms instructor for the unit.

<u>**SAN JOSE POLICE DEPARTMENT, San Jose, CA (cont.)**</u>

**Police Officer, Bureau of Field Operations**                                    **1986 - 1988**
**Special Operations Division, Parks Enforcement Unit**
Engaged in proactive enforcement activity throughout the city and its parks, including the investigation of misdemeanor and felony crimes, conducting parole and probation searches, obtaining and executing search warrants, and working with informants.  Also, responded to and handled regular patrol calls as needed.

<u>**BAY AREA RAPID TRANSIT (BART) DIST. POLICE DEPARTMENT, Oakland, CA**</u>   **1981 - 1984**

**Police Officer**
Assignments included both uniformed and plain clothes patrol.

<u>**SOUTH BAY REGIONAL PUBLIC SAFETY TRAINING CONSORTIUM, San Jose, CA**</u>    **1997 - 2004**

**Adjunct Instructor – Multiple Courses and Programs**
Taught liability issues and use-of-force investigations in the Supervisor School, Liability and Officer Safety in the Field Training Officer Course, Liability Issues in FTO Updates, Force-options Simulator Instructor, and Defensive Tactics Instructor in the Basic Academy.

---

## TEACHING/PRESENTATIONS

2024    **Charges Filed: Pros and Cons of Approaching Prosecutors with Exculpatory Analyses.** A case study highlighting an incompetent investigation and video analysis contributing to an unfounded criminal charge being filed against a peace officer. Presented at the 2024 Force Science Conference.

2024    **Forensic Video and Its Role in the IA Investigation.** Two case studies analyzed where IA investigators made mistakes with video evidence. Presented at the Advanced Public Safety Significant Events Internal Investigations and Discipline Seminar by Americans for Effective Law Enforcement.

2024    **Officer-Involved Critical Incident (OIS) Investigations.** Included use-of-force law, human factors, video evidence basics, and other subjects. Three presentations to date on behalf of the International Homicide Investigators Association.

2024    **Video Evidence: What did I see?** Presented to the San Bernardino Police Department Homicide Division.

2023    **A Potential Case of Change Blindness in an Officer-involved Shooting.** Annual Meeting of the Human Factors and Ergonomics Society – Forensic Professionals Group.

| | |
|---|---|
| 2023 | **Pros and Cons of Relying on In-House Subject-Matter Experts/What does it mean to "watch" BWC video.** International Association of Homicide Investigators 29th Annual Symposium (Leadership/Management Breakout). |
| 2023 | **Harvesting Objective Facts from BWC Video** (co-presented with Brandi Harper, Esq.). PORAC LDF Members Conference. |
| 2023 | **A Potential Case of Change Blindness in an Officer-involved Moving-vehicle Shooting.** 2023 PORAC LDF Symposium. |
| 2022 | **Pros and Cons of Relying on In-House Subject-Matter Experts**, and **Video Evidence: What did I just see?** Public Safety and Internal Investigations Seminar, Americans for Effective Law Enforcement. |
| 2022 | **Video Evidence: What did I just see?** International Association of Homicide Investigators 28th Annual Symposium. |
| 2022 | **Things Can Be Deceiving, Especially on Video** (Co-presenter). PORAC LDF Member Conference. |
| 2022 | **A Potential Case of Change Blindness in an Officer-involved Moving-vehicle Shooting.** 2022 Force Science Conference. |
| 2022 | **Officer-Involved Shooting/Death Investigation.** Including use of force law, human factors, basics of video evidence, and other subjects. Curriculum designer and Instructor - 2 presentations to date on behalf of Cutting Edge Training, LLC. |
| 2021 | **Avoiding Errors in Police-Conduct Investigations with an Emphasis on Video Evidence.** Public Safety and Internal Investigations Seminar, Americans for Effective Law Enforcement. |
| 2021 | **Avoiding Failures in Police-Conduct Investigations with an Emphasis on Video Evidence.** International Association of Homicide Investigators 27th Annual Symposium (Leadership/Management Breakout). |
| 2021 | **Video Evidence Survival for the Current Era.** California Reserve Peace Officers Association – Annual Reserve Peace Officers Conference. |
| 2021 | **Eyewitness Dynamics for Events.** San Diego County Office of the County Counsel. |
| 2021 | **New Priorities and Ambiguities Created by the New California Use-of-Force Law – Penal Code § 835a.** Jail and Prisoner Operational and Legal Issues Seminar, Americans for Effective Law Enforcement. |
| 2020 | **A Potential Case of Inattentional Blindness in a Police-Pursuit Collision** (co-presented with Angela Stokes, Ph.D. and Joseph Cohen, Ph.**D.).** Annual Meeting of the Human Factors and Ergonomics Society – Forensic Professionals Group. |
| 2019 | **Understanding and Evaluating Eyewitness Identifications** (MCLE). Santa Clara County District Attorney's Office. |
| 2019 | **Basic Information for Using Video in Officer-involved Incidents**. San Mateo County District Attorney Inspectors. |
| 2018 | **Understanding and Evaluating Eyewitness Recall of Events** (MCLE). San Diego County District Attorney's Office. |

4

| 2018 | **Understanding and Evaluating Eyewitness Recall of Events.** Annual Meeting of the Human Factors and Ergonomics Society – Forensic Professionals Group. |
|---|---|

| 2018 | **In-Custody Death Investigations — "History & Definitions," "Standards of Lawful Force," "Excited Delirium," "Theories of Police Culpability vs. Science," "Specific Investigative Steps & TASER Forensics," "Human Factors & Eyewitness Dynamics," "Video Seizures," and "Video Evidence."** Curriculum designer and Instructor - 1 presentation to date on behalf of Cutting Edge Training, LLC. |

| 2017 | **Forensic Application of ISE 210 - Vision.** Guest lecturer at San Jose State University, Graduate Human Factors & Ergonomics course for Assistant Professor Dan Nathan-Roberts. |

| 2016 | **Applied Human-Error Theory: A Police TASER-Confusion Shooting Case Study**. Annual Meeting of the Human Factors and Ergonomics Society – Forensic Professionals Group. |

| 2016 | **Human Factors for the Crime Scene Investigator (Including Eyewitness Dynamics).** Presented at the Santa Clara County Crime Laboratory. |

| 2016 | **Eyewitness Dynamics.** Presented at the Bay Area Gang Alliance monthly meeting. |

| 2015 - 2022 | Officer-involved Shootings Investigations – **"Lawful Force," "Human Factors," "Analyzing Video Evidence," Eyewitness Dynamics,"** and other topics. Curriculum designer and Instructor - 3 presentations to date on behalf of Cutting Edge Training, LLC. |

| 2015 | **"Human Factors," and "Eyewitness Dynamics."** Presented to the California Highway Patrol – Critical Incident Response Team. |

| 2014 | **"Understanding the Deadly Bluff: When Unarmed Subjects Commit Suicide by Cop."** Presented at the *Suicide Identification, Prevention and Investigation for Law Enforcement & Correctional Officers: Train-the-Trainer Program*, sponsored by the Institute for the Prevention of In-custody Deaths, Las Vegas, NV. |

| 2012 - Present | **Officer-involved Shootings Investigations Course - "Lawful Force" and "Human Factors"** curriculum designer and instructor, with coaching on interviewing – Over 80 presentations. California P.O.S.T. Robert Presley Institute of Criminal Investigation. |

| 2006 – 2009 | **TASER X-26 Instructor and Instructor-Trainer.** San Jose Police Department Basic Academy and In-service Training Unit. |

| 2006 – 2009 | **California P.O.S.T. LD 20 (Use of Force) Scenario Evaluator**. San Jose Police Basic Academy. |

| 2007 | **SB719 Pursuit Policy Update.** Curriculum designer and instructor, San Jose Police Department. |

| 2005 – 2009 | **Force Options Simulator; Law Enforcement Driving Simulator; TASER X-26, TASER Update; Officer Safety Update; First Aid; Defensive Tactics; Tactical Field Exercises.** Supervision and delivery in San Jose Police Department In-service Training Unit. |

| 2004 – 2007 | **Liability.** San Jose Police Department Communications Training Officer Seminar. |

| 2002 – 2004 | **Force Options Simulator**, South Bay Regional Public Safety Training Center. |

| 2001 | **Police Pursuit Driving.** Featured expert regarding pursuit decision making in the training videotape "produced by Performance Dimensions Publishing. |

5

| | |
|---|---|
| 2001 | **Pursuit Decision Making,** course developer and instructor for interactive training CD-ROM for The Backup, Inc. |
| 2000 – 2004 | **Defensive Tactics**, Basic Academy, South Bay Regional Public Safety Training Consortium. |
| 1999 – 2003 | **Pursuit Decision Making**, developed and delivered course curriculum, nine presentations in seven states. |
| 1997 – 2001 | **SWAT Weapons Retention, Performance Appraisals, and Field Tactics for Patrol**, various departments. |
| 1997 – 2006 | **FTO Liability**, San Jose Police Department Field Training Officer Seminar. |
| 1997 – 2004 | **FTO Liability, Officer Safety, and Supervisor Liability** (Including use-of-force investigation and documentation), South Bay Regional Public Safety Training Consortium. |
| 1997, 1998, 2000, and 2003 | **In-custody Death Update, Universal Weapon Retention, Evaluating Physical Skills Training, and Multiple-Officer Takedowns, and Dealing with the Mentally Ill**, presented at the *Defensive Tactics Newsletter* Instructors Conferences. |
| 1995 – 1998 | **Constitutional Limitations on the Use of Force**, taught to selected patrol teams, San Jose Police Department. |
| 1992 | **Redefining the Basics of Patrol Tactics**, taught to selected patrol teams, San Jose Police Department. |
| 1991-1992 | **Raid Planning and Entry,** assistant instructor, San Jose Police Department, Narcotics/Covert Investigations Unit. |
| 1990-1992 | **Firearms**, San Jose Police Department, Narcotics/Covert Investigations Unit. |
| 1987 | **Side-handle baton (PR-24),** developed and delivered curriculum for the San Jose Police Department.  This included the initial and in-service training to over 100 sworn department members, as well as writing the Side-handle baton specifications and requirements for the department. |
| 1986 | **Modern Pistol Technique**, delivered to the San Jose Police Department Youth Services Detail. |
| 1983 | **Side-handle baton (PR-24)** researched and developed program for the BART Police Department.  This included the initial and in-service training for all 130 sworn members. |

---

## COMMITTEE PARTICIPATION

- 2021    Calif. POST Did you know? Duty to Intercede Subject Matter Expert
- 2020    Calif. POST Pursuit Guidelines Revision Subject Matter Expert
- 2017    Calif. POST Use-of-Force Training Video Subject Matter Expert
- 2008 – 2011/2014 California POST SAFE Driving Campaign – Subject Matter Expert Committee
- 2007    San Jose Police Department Lead SB 719 Pursuit Policy Revision
- 2006    Calif. POST SB 719 Vehicle Pursuit Guidelines Revision per SB 719 Subject Matter Expert
- 2006    San Jose Police Department Awards & Commendation Board
- 2004    San Jose Police Department TASER/Use of Force policy update Consultant
- 1999    Calif. POST Supervisors School Redesign Committee

- 1998  San Jose Police Department Duty Manual Update Consultant
- 1998  Calif. Commission on Peace Officers Standards & Training (POST) Field Training Officer School Review Committee
- 1998  San Jose Police Department Crisis Intervention Team Implementation Task Force
- 1998  San Jose Police Department Carbine Program Deployment Committee
- 1997  San Jose Police Department Pursuit Policy Update Committee
- 1995  San Jose Police Department Bureau of Field Operations Training Committee
- 1992  San Jose Police Department Training Committee (Academy Subcommittee)

---

# PUBLICATIONS

## Peer Reviewed

Martin, J. A., & Suss, J. (2023). A Potential Case of Change Blindness in an Officer-Involved Shooting. *Proceedings of the Human Factors and Ergonomics Society Annual Meeting*, 67(1), 354-359. https://doi.org/10.1177/21695067231192699

Martin, J. A. (2023). Biased investigation, destroyed evidence, and no proof: An internal affairs investigation autopsy. *AELE Public Safety Journal*. *2*(1), 4-13.

Kroll, M. W., Melinek, J., Martin, J. A., Brave, M. A., & Williams, H. E. (2022). Confusion between firearms and electrical weapons as a factor in police shootings. *Forensic Science, Medicine and Pathology*, *18*(3), 280-287. https://doi.org/10.1007/s12024-022-00457-6

Martin, J. A. (2020). A Potential Case of Inattentional Blindness in a Police-Pursuit Collision. *Proceedings of the Human Factors and Ergonomics Society Annual Meeting*, 64(1), 536-540. https://doi.org/10.1177/1071181320641121

Martin, J. A., Cohen, J., & Stokes, A. (2018). Understanding and Evaluating Eyewitness Recall of Events. *Proceedings of the Human Factors and Ergonomics Society Annual Meeting*, 62(1), 421-425. https://doi.org/10.1177/1541931218621096

Martin, J. A. (2016). Applied Human Error Theory: A Police Taser-Confusion Shooting Case Study. *Proceedings of the Human Factors and Ergonomics Society Annual Meeting*, 60(1), 475-479. https://doi.org/10.1177/1541931213601108

Martin, J.A. (2016). Science, experience and the law support changing traditional vehicle-stop tactics. *Law Enforcement Executive Forum, 16*(1), 58-69.

Kaminski, R. J., & Martin, J. A. (2000). An analysis of police officer satisfaction with defense and control tactics. *Policing: An International Journal of Police Strategies & Management*, *23*(2), 132-153. https://doi.org/10.1108/13639510010333697

## Non-peer Reviewed

Martin, J. (2019, September). "Assumed Realism" – What is it and what does it mean for law enforcement? CalibrePress.com, https://www.calibrepress.com/2019/09/assumed-realism/.

Martin, J. (2003, September/October). What's Missing in Police Pursuit Decision Making? *The Police Marksman, 28(5),* 16-18.

Martin, J. (2003, March/April). Suicide by Cop: What the Responding Officer Needs to Know. *The Police Marksman, 28(2),* 31-32.

Martin, J. (2002, July). Revising Policy and Procedure Manuals. *Law and Order, 50 (7),* 114-116.

Martin, J. (2002, May). Making Appraisal Writing Easy. *The Police Chief.*

Martin, J. (2002). Dealing with the Mentally Ill: The Importance of the Subject Control Instructor. *The Defensive Tactics Newsletter, 12(1),* 1, 3.

Martin, J. (2002). Clarifying the "Cover Fire" Issue. *The Backup, 5(1).*

Martin, J. (2001, September). 3QFC Pursuit Decision Making Model. *Law and Order, 49(9),* 16-17.

Martin, J. (2001, July). Pursuit Termination: A Lifesaver? *Law and Order, 49(7),* 30-33.

Martin, J. (2000, November). The Pitfalls of the FTO as Instant Backup. *Law and Order, 48(7),* 20, 22.

Martin, J. (2000, November). Force 101 – Part IV: *Tennessee v. Garner. The Vanguard, 27(11).*

Martin, J. (2000, October). Force 101 – Part III: *Graham v. Connor. The Vanguard, 27(10),* 17.

Martin, J. (2000, September). Force 101 – Part II: Rules of Force Conduct. *The Vanguard, 27(9),* 14.

Martin, J. (2000, August). Force 101 – Part I: The "Core Transaction." *The Vanguard, 27(8),* 15-16.

Martin, J. (2000). Getting Over the Hurdle of Your First Article. *The Defensive Tactics Newsletter, 10(1),* 5-8.

Martin, J., Papenfuhs, S. (2000, January/February). The "Sneak Attack" vs. the "Tactical Distance" Approach to Handcuffing. *The Police Marksman, 25(1).*

Martin, J., Williams, G.T. (2000, January). Extracting Suspects from Commercial Aircraft Safely. *Police, 24(1),* 60-63.

Martin, J. (1999). Evaluating the Effectiveness of Subject Control and Defensive Tactics Training. *The Defensive Tactics Newsletter,* 9(1), 1, 10-11.

Martin, J., Williams, G.T. (1998). 1998 California Peace Officers Murdered. *The Journal of California Law Enforcement, 32(4),* 1-11.

Martin, J., Williams, G.T. (1998). 1997 California Officers Murdered Study. *The Journal of California Law Enforcement, 32(3),* 18-28.

Martin, J. (1997, November). Arrest and Control Tactics: A Risk Management Perspective. *Law and Order, 45(11),* 74-76.

Martin, J. (1997). Reducing Suspect Resistance Through "Direct" Handcuffing. *The Defensive Tactics Newsletter, 6(4),* 1, 10-12.

Martin, J. (1997, September/October). Krav Maga: Serious Training for Serious Times. *The Police Marksman, 22(5),* 40-42.

Martin, J. (1997, July/August). The Myth of Control. *The Police Marksman, 22(4),* 54-55.

Martin, J. (1996, August). The Dangers of Dual Force. *Law and Order, 44(8),* 86-88.

Martin, J. (1996). The Wrap: A Definitive Solution Finally Arrives. *The Defensive Tactics Newsletter, 6(2),* 1, 4-7.

Martin, J. (1996, Spring).  The Pat Search: Clarifying the Issues for Trainees. *NAFTO News*, 5(1), 18-20.

Martin, J. (1990, September/October). The Secondary Sidearm. *The Police Marksman, 15(5),* 43-44.

Martin, J. (1990, May/June). The Training Attitude. *The Police Marksman, 15(3),* 59-60.

---

## PROFESSIONAL MEMBERSHIPS

California State Bar
International Association of Chiefs of Police
Human Factors and Ergonomics Society – Forensic Professionals Technical Group (2023 and 2024 program co-chair)
Law Enforcement and Emergency Services Video Association
California Force Instructors Association

---

## SPECIALIZED TRAINING

### Electronic Control Weapons

TASER® X-26P, X2, and TASER 7 Instructor - Axon® Academy – 2019, 2021 & 2023

TASER® Master Instructor - TASER® Training Academy – 2007, 2009, 2011 & 2014

TASER® X-26 Instructor – TASER, International – 2003

Advanced TASER® (M26) Instructor – TASER International – 2001

TASER Instructors Course, Tasertron, Inc. – 1996, 2000

### Arrest/Subject Control and Defensive Tactics

FBI Defensive Tactics Instructor – Federal Bureau of Investigation – 2000

C.L.A.M.P. Instructors Course – Law Enforcement & Security Trainers, Inc. – 1999

G.R.A.S.P. Instructors Course – Law Enforcement & Security Trainers, Inc. – 1999

Arrest & Control Instructor – Los Angeles Police Department – 1998

Master Instructor Handcuffing – ISC Division of Wellness – 1998

Defensive Tactics Instructors Course – Krav Maga Assoc. of America, Law Enforcement Training Division – 1997

Control Points – ISC Division of Wellness – 1997

Police Close Defense Instructor – Williams Defense Systems (now Cutting Edge Training) – 1997

### Edged Weapons

Tactical Folding Knife Instructor – CQC Service Group – 1997

### Firearms

P.O.S.T. Certified Firearms Instructors Course – Napa Valley College Criminal Justice Training Center – 1997

MP5 Submachinegun Operators Course – Heckler & Koch, International Training Division – 1997

Tactical Shotgun – International Law Enforcement Training & Consulting – 1994

Urban Rifle – Thunder Ranch/International Training Consultants - 1993

Defensive Pistol-Level II – Thunder Ranch/International Training Consultants – 1993

Police Shotgun- Level I – Yavapai Firearms Academy – 1988

Intermediate Pistol Course – American Pistol Institute (Gunsite) – 1987

Basic Pistol Course – American Pistol Institute (Gunsite) – 1986

### Impact Weapons

ASP Tactical Baton Instructors Course – Armament Systems & Procedures – 1995, 1997

Side-handle Baton Instructors Update – Gavilan College – 1988

Side-handle Baton Instructors Update – Santa Rosa Criminal Justice Training Center – 1987

Side-handle Baton Instructors Workshop – Martinez Adult School – 1984

P.O.S.T. Certified Side-handle Baton Instructors Course – Martinez Adult School – 1984

### Chemical Agents

Aerosol Defense Spray (O.C.) Instructor – CQB Supply – 2005

### Use of Force

P.O.S.T. Force-options Simulator Instructor – San Jose Police Department – 2002

Confrontational Simulation/Use of Force Instructor – Con Sim International – 1995

### Arrest-related Deaths

Perceived Unusual Behavior Instructor – I.P.I.C.D. – 2025

Forensic Analyst: Excited Delirium, Sudden In-Custody Deaths Program – I.P.I.C.D. – 2009, 2014

In-custody Death Prevention Instructor – I.P.I.C.D. – 2005

Legal, Medical, and Scientific Constraints on Human Restraints Symposium – I.P.I.C.D. – 2014

### Emergency Vehicle Operations

Law Enforcement Driving Simulator Instructor – San Jose Police Department – 2005

Pursuit Intervention Technique – Oakland Police Department – 2005

Driver Awareness Instructor – San Jose Police Department – 2005

Emergency Vehicle Operation Instructor – San Jose Police Department – 2005

### Crisis Intervention and De-escalation

San Diego County Regional De-escalation Course – San Diego County District Attorney's Office – 2020

Realistic De-escalation – Force Science Institute – 2017

Suicide by Cop/Suicide Response – San Jose Police Department CIT update – 2002

Crisis Intervention Team Academy – San Jose Police Department – 2001

Crisis Management and Resolution – San Francisco Police Department – 1998

### Human Factors

Fundamentals of Biomechanics and Injury Causation – GTD Scientific – 2022

Perception-Response Times for OIS Investigations – Association of Force Investigators – 2021

Human Factors/Ergonomics (ISE 210) – San Jose State University – 2015

Investigating Human Fatigue Factors – National Transportation Safety Board – 2009

Principles of Force Science Certification Course – Force Science Research Center – 2008

### Specialized Investigations

Internal Affairs Investigations – San Jose State University – 2009

Responding to Officer-Involved Shootings – Police Training Services Company – 2008

Officer-Involved Shootings Investigations Course – LAPD, Force Investigations Division – 2008

Narcotic Investigation – California Department of Justice – 1990

### Supervision/Leadership

P.O.S.T. Police Supervision – Gavilan College – 1995

Supervisors In-house Academy – San Jose Police Department – 1995

Sergeants Workshop in Community Oriented Policing – Justice Training Institute – 1994

Situational Leadership, Train the Trainer – Center for Leadership Studies – 1994

**Forensic Video/Audio Analysis**

Deepfake Audio: A Comprehensive Study in Digital Forensics – eForensics Magazine - 2024

Biomechanics From Video Evidence – GTD Scientific – 2023

Advanced Video Examinations – LEVA – 2023

Forensic Image and Video Enhancement with Amped Five – Amped Software – 2023

Digital Multimedia Evidence Processing – Law Enforcement & Emergency Services Video Association (LEVA) – 2021

Forensic Video Analysis & the Law – LEVA – 2021

Workflow 101 – LEVA – 2020

Online Video Evidence Training Symposium – Input-Ace – 2020

Video Examinations for the Police Investigator – Forensic Video Solutions – 2018

Video Evidence for Investigators – LEVA – 2018

Basic Video Forensics – Michael G. Schott – 2013 & 2015

_____

# CONSULTANT AND EXPERT WITNESS

## Civil – Defense (Deposed: 25 Testified: 8)

January 2025    Samuel Rosas v. Robert Glenn et al.. United States District Court – Northern District of California – Case no. 3:23-cv-04913-SK. Areas of Expertise: ***"Probable cause to arrest," "Deescalation," "Reasonable use of force," "Reasonable first aid,"*** and ***"Forensic video analysis."*** (Report submitted and **deposed** – Attorney: Tom Tarkoff).

September 2024 Cavazos v. County of Fresno et al. United States District Court – Eastern District of California – Case No. 1:23-cv-00859-JLT-BAM. Areas of Expertise: ***"Tactical response," Reasonable use of deadly force," "Feasibility of de-escalation approach," "Feasibility of warning prior to use of deadly force," "Feasibility of less-intrusive force options," "Timely rendering of medical aid," "Supervision of incident and immediate investigative tasks,"*** ***"Policy compliance,"*** and ***"Forensic video analysis."*** (Report submitted – Attorney: Margaret Long).

May 2024        *Anthony Navarro v. City and County of San Francisco et al.* United States District Court – Northern District of California – Case No. 3:23-cv-02402-SK. Areas of Expertise: "***Probable cause to arrest," "Reasonable force,"*** and ***"Forensic video analysis."*** (Report submitted and **deposed** – Attorney: Lucia Li).

February 2024   *Estate of Donovan Lewis v. Ricky R. Anderson*. Common Pleas Court of Franklin County, Ohio – Case No. AM-23CV001021. Areas of Expertise: ***"Reasonable use of deadly force," "Mistake-of-fact shootings,"*** and ***"Human factors."*** (Report Submitted and **deposed** – Attorney: David Goldstein).

November 2023   *Lester Hogan v. Deputy Ibarra.* United States District Court – Northern District of California – Case No. 5:22-cv-01666-DMR. Areas of Expertise: ***"Forensic video analysis and interpretation," "Reasonable suspicion for investigative detention," "Probable cause to arrest,"*** and ***"Reasonable force."*** (Report Submitted – Attorney: Kate Bearman).

October 2023    *Xavier Lopez v. City of Riverside et al.* United States District Court – Central District of California – Case No. 5:21-cv-02140-ODW (JEMx). Areas of Expertise: ***"Forensic video analysis and interpretation," "Planned-arrest tactics,"*** Perception-reaction time," ***"Reasonable use of deadly force," "Time consumption of giving verbal warnings,"*** and ***"Manner of carrying concealed handgun and effects on drawing efficiency."*** (Report submitted and **deposed** – Attorney: Debra Cook).

August 2023     *Roger Hepner v. County of Tulare et al.* United States District Court – Eastern District of California – Case No. 1:18-cv-00774-DAD-EPG. Areas of Expertise: ***"Forensic video analysis and interpretation," "Reasonable use of force in jail setting and pre-trial detainee," "Predictable response to resistance given limited training,"*** and ***"Incompetent investigation."*** (Report submitted and **deposed** – Attorney: Grant Winter).

July 2023       *Jamaica Hampton v. Christopher Flores.* United States District Court – Northern District of California – Case No. 3:21-cv-09407-SK. Areas of Expertise: ***"Reasonable use of deadly force," "Human factors," "Forensic video analysis,"*** and ***"Policy compliance."*** (Report Submitted – Attorney: Lucia Li).

January 2023    *Steven Dalton & Tina Pizzo v. County of San Diego et al.* United States District Court – Southern District of California – Case No. 21-cv-2143-W. Areas of Expertise**: *"Probable cause to arrest," "Explicit probable cause for a hold pursuant to California W&I Code § 5150," "State-created danger – foreseeability of danger," "Actions causing citizen to believe they were being detained," "Forensic video analysis,"*** and ***"Policy compliance."*** (Report submitted, **deposed**, and **testified** – Attorneys: Alexa Katz, Steve Inman, and Laura Wilson).

January 2023    *Ashley Blackmon v. City of Beverly Hills et al.* United States District Court – Central District of California – Case No. 2:21-cv-08381-AB. Areas of Expertise: ***"Reasonable suspicion to detain,"*** reasonable drawing and display of weapons, handcuffing and searching during detention and high-risk vehicle stop," ***"Forensic video analysis," "Consent to search," "Monell," "Evidence of bias,"*** and ***"Policy compliance."*** (Report submitted – Attorney: Jeanne Tollison).

November 2022   *Estate of Castro Gutierrez by and through... v. Isai Castillo et al.* United States District Court – Southern District of California – Case No. 21-cv-01292-H-LL. Areas of Expertise: ***"Pre-shooting planning and tactics," "Reasonable use of deadly force," "Reasonable use of the TASER," "Policy compliance,"*** and ***"Forensic video analysis."*** (Report submitted – Attorney: Stacy Plotkin-Wolff).

August 2022     *Neftali Monterrosa et al. v. City of Vallejo et al.* United States District Court – Eastern District of California – Case No. 2:20-cv-01563. Areas of Expertise: ***"Forensic video analysis," "Human factors,"*** and ***"The reasonable use of deadly force,"*** and ***"Mistake-of-fact shootings."*** (Reports submitted and deposed – Attorney: Derick Konz).

June 2021       *Estate of Toby Diller v. City of San Diego.* United States District Court – Southern District of California – Case No. 3:20-cv-01003. Areas of Expertise: ***"Reasonable suspicion to detain," "probable cause to arrest," "reasonable use of force by peace officers; reasonable use of deadly force by peace officers," "human factors," "forensic video analysis,"*** and **"firearm retention and holster retention devices."** (Report submitted and **deposed** – Attorney: Rayna Stephan).

13

April 2021    *Winston Settrini v. City of San Diego et al*. United States District Court – Southern District of California – Case No. 3:20-cv-2273 CAB (BGS). Areas of Expertise: ***"Reasonable use of force by peace officers," "human factors,"*** and ***"forensic video analysis."*** (Report submitted and **testified** – Attorney: Jacqueline McQuarrie).

January 2021    *D.W., a minor, by and through her guardian ad litem et al. v. County of San Diego, et al.* Superior Court of the State of California – County of San Diego. Case No. 37-2019-00029602-CU-PO-NC. Areas of expertise: ***"Reasonable planning and tactics in apprehending wanted suspect in violation of P.R.C.S., and active methamphetamine and firearms violations, including high-risk vehicle stops, foot pursuits, setting perimeter containments, air support resources, and reasonable use of cover and dynamics of firearms projectiles impacting building materials," "California peace officer training regarding those subjects," "Use of TASERs and extended-range-impact weapons during foot pursuits and searches for armed suspects and the relative likelihoods of effectiveness of each," "Human factors, including human pattern movement recognition, attentional demands, perception-reaction time issues, and memory issues during high-stress incidents," "Vehicle pursuit decision-making/balancing test," "Facts supporting suicide-by-cop shooting," "Speed of firing a Glock handgun in actual field conditions," "Sawed-off shotguns, ammunition types, and relative dangerousness," "Feasibility of issuing pre-shooting warnings and providing opportunities to comply,"*** and ***"De-escalation and feasibility."*** (Deposed and **testified** – Attorneys: J. Chapin/R. Lenert/M. Holmes).

December 2020    *Paul Holland and Geoffrey Nelson v. City and County of San Francisco.* United States District Court – Central District of California. Areas of expertise***: "Reasonable suspicion to detain for investigative detentions," "Reasonable pat searches," "Probable cause to arrest,"*** and **"Proper use of handcuffs."** (Report submitted – Attorney: Hunter Sims)

December 2020    *Susan Bennett v. County of Orange et al.* United States District Court – Central District of California. Areas of expertise: ***"Technical preparation, examination and interpretation of video evidence," "Objectively reasonable force," "Proper application of handcuffs,"*** and ***"Policy compliance."*** (Report submitted – Attorney: Jeanne Tollison).

December 2020    *Judy O'Neil v. City and County of San Francisco.* United States District Court – Northern District of California – Case No. 3:17-cv-07190. Areas of expertise: ***"Probable cause to arrest," "Reasonable perception of threat of death or serious bodily injury," "Tactics during attempt to locate and apprehend carjacking suspect," "Supervision of trainee by field training officer," "Use-of-force"*** and ***"BWC policy compliance."*** (Report submitted and **deposed** – Attorney: Hunter Sims)

August 2020    *Michael Juricich v. County of San Mateo et al.* United States District Court – Northern District of California. California. Areas of expertise: ***"Technical preparation, examination and interpretation of video evidence,"*** "Reasonable suspicion to detain, "Probable cause to arrest, ***"Objectively reasonable force," "Response to immediate medical needs of arrestee through booking process,"*** and, ***"Policy compliance."*** (Report submitted – Attorney: Peter Cruz)

March 2020    *Oscar Tapia Carmona v. County of San Mateo et al.* United States District Court – Northern District of California – Case No. 5:18-cv-05232. Areas of expertise: ***"Technical preparation, examination and interpretation of video evidence," "Procedure for protecting inmate identified at-risk of suicide," "Reasonable attempts at persuasion prior force applications," "Providing immediate medical assistance," and Policy compliance."*** (Report submitted and **deposed** – Attorney: Brian Kulich)

14

February 2020 *Carl Edwards v. City of Vallejo et al.* United States District Court – Eastern District of California. Areas of expertise: ***"Reasonable suspicion to detain," "Probable cause to conduct pat search," "Probable cause to arrest," "Reasonable use of force including the use of the carotid restraint," "Areas constituting curtilage," "Reasonable basis for listing booking charges," Policy compliance," and the "Examination, preparation, and interpretation of digital video evidence."*** (Report submitted – Attorney: Richard Osman)

November 2019 *Dominique Abdullah v. City of San Diego et al.* United States District Court – Southern District of California. Areas of expertise: ***"Technical preparation, examination and interpretation of video evidence," "Objectively reasonable force,"*** and ***"Policy compliance."*** (Report submitted – Attorney: Seetal Tejura)

November 2019 *Scott Daniels v. City and County of San Francisco et al.* United States District Court – Northern District of California. Areas of expertise: ***"Reasonable suspicion to detain," "Reasonable us of Handcuffs."*** (Report submitted – Attorney: James Hannawalt)

Sept. 2019 *Steven Young v. East Palo Alto Police Officers Daniel Cancilla and Steve Humrich.* United States District Court – Northern District of California – Case No. 4:18-cv-01931. Areas of expertise: ***"Reasonable suspicion to detain," "Probable cause to conduct a pat search,"*** and ***"Reasonable use of force."*** (Report submitted and **testified** – Attorney Jeffrey Vucinich).

August 2019 *Willie Flanigan v. San Francisco Police Department et al.* United States District Court – Northern District of California. Areas of expertise: ***"Proper notification and response of off-duty incident," Reasonable suspicion to detain," "Probable cause to arrest," "Reasonable use of force," "Diligent investigative follow-up," "Compliance with Agency Policy."*** (Report submitted – Attorneys Rebecca Bers and Sabrina Berdux)

April 2019 *A. B., a minor, et al., v. County of San Diego et al.* United States District Court – Southern District of California – Case No. 18-cv-1541. Areas of expertise: ***"Probable cause to arrest," Reasonable use of force," Reasonable use of TASERs," "Reasonable use of impact weapons," "TASER forensics," "Examination, preparation, and interpretation of digital video evidence," Indicators of methamphetamine influence," "Maximal restraint methods," "Rendering reasonably timely medical assistance," "Arrest-related death issues, i.e., positional asphyxia, restraint asphyxia, compression asphyxia,"*** *and* ***"Compliance with agency policy."*** (Reports submitted and **deposed** – Attorneys, Ronald Lenert and Christina Vilaseca)

August 2018 *Estate of Mark Roshawn Adkins et al. v. County of San Diego et al.* United States District Court – Eastern District of California – Case No. 3:18-cv-00371. Areas of expertise: ***"Probable cause to arrest," Reasonable use of force," Reasonable use of TASERs," "TASER forensics," "Examination, preparation, and interpretation of digital video evidence," "Indicators of PCP and methamphetamine influence and related dangers," "Adequacy of training in the use of TASERs and force responses,"*** *and* ***"Compliance with agency policy."*** (Reports submitted and **deposed** – Attorney: Melissa Holmes)

June 2018 *Brian Ramirez v. County of Sacramento, et al.* United States District Court – Eastern District of California – Case No. 2:17-cv-01868. Areas of expertise: ***"Reasonable Use of vehicle as an instrumentality of Force," "Reasonable use of TASER," Probable cause to arrest/Recognition of vehicle code violations," "Recognition of dangerous driving behavior by motorcyclist," "California legal requirements for peace officers driving while in pursuit or with emergency equipment," "Driving with due care and caution by peace officers," "Human factors, including perception and reaction time, basic vision and perception, and 'inattentional blindness;'*** *and* ***"Compliance with department policies regarding emergency driving, pursuits, and the use of the TASER."*** (Report submitted and **deposed** – Attorney: Shanan Hewitt)

15

February 2018  *Bernardo Luque-Villanueva & Eduardo Sandoval v. County of San Diego, et al.* United States District Court - Southern District of California. Areas of expertise: ***"Reasonable suspicion to detain," "Probable cause to arrest," "Reasonable use of OC spray," "Reasonable use of neck restraint," "Reasonable use of available surfaces to control threatening prisoner,"*** and ***"Reasonable officer-safety detention of bystander recording police arrest."*** (Report submitted – Attorney: Christina Vilaseca)

January 2018  *D.W., a minor, by and through her guardian ad litem Jessica Martinez, et al. v. County of San Diego, et al.,* United States District Court – Southern District of California – Case No. 17-CV-1459 & Superior Court of the State of California for the County of San Diego – Case No. 37-2019-00029602. Areas of expertise: ***"Probable cause to arrest based upon information from other peace officers," "Reasonable use of deadly force," "Perception of human movement patterns," "Perception and reaction time," "Evaluation of other feasible force options, including de-escalation," "Rendering reasonably timely medical assistance,"*** and ***"Policy compliance."*** (Report submitted and **deposed** Attorney: James Chapin/Ronald Lenert)

June 2017  *Robert Brown v. City and County of San Francisco, et al.* United States District Court - Northern District of California – Case No. 4:16-cv-04671. Areas of expertise: ***"Probable cause to arrest," Reasonable force,"*** and ***"Policy compliance."*** (Report submitted, **deposed** and **testified** – Attorney: Rebecca Bers)

April 2017  *Alma Godinez v. County of San Diego, et al.* United States District Court - Southern District of California. Areas of expertise: "***Reasonable conduct of civil standby call," "Consent-based warrantless entry into dwelling based upon apparent authority," "Exigency based warrantless entry into dwelling," "Probable cause to arrest," "Reasonable use of TASER to stop the threat of serious bodily injury or death," Factors influencing how peace officers react to threatening persons," "Perception of human motion," "Legal duty of peace officers to come to the aid of others (public-duty doctrine)," "Timely provision of medical attention to arrestee," and "Compliance with department policy."*** (Report submitted and **testified (2)** – Attorney: James Chapin)

March 2017  *Corey Bland v. New Jersey State Police, et al.* United States District Court - District of New Jersey. Areas of expertise: ***"Automatic response to threat," "Perceptual distortions and memory gaps during officer-involved shootings," "Perception and memory factors," "Reasonable use of deadly force to stop a dangerous fleeing driver," "Pre-shooting tactics," "Reasonable pursuit decision making."*** (Report submitted – Attorney: Vincent Rizzo)

February 2017  *Estate of Cecilia Lam v. City and County of San Francisco, et al.* United States District Court - Northern District of California. Areas of expertise: ***"California peace officer training regarding domestic violence calls," "Information typically provided to patrol officers responding to domestic violence calls," "Context for informing potential domestic violence victim of right to make a private person arrest pursuant to 836(b) P.C.," "Probable cause to arrest," "Private persons arrests," "Providing civil standby services,"*** and ***"Creation of special relationship."*** (Report submitted – Attorney: James Hannawalt)

February 2017  *Thomas Chang et al. v. City of Pacifica, et al.* United States District Court - Northern District of California. Areas of expertise: ***"Requisite probable cause for emergency psychiatric detention," "Use of de-escalation approach," "Probable cause to arrest," "Tactical response to barricaded suspect," "Use of Noise-flash diversionary devices," "Pre-shooting tactics," "Reasonable use of deadly force."*** (Report submitted – Attorney: Jeffrey Vucinich)

January 2017    *Lucas Moore v. County of San Diego, et al.* United States District Court - Southern District of California. Areas of expertise: ***"Reasonable suspicion to detain for potential domestic violence incident," "Probable cause to arrest," "Arrests for Public Intoxication," "Reasonable use of force to overcome resistance,"*** and ***"Proper use of preliminary alcohol screening devices."*** (Report submitted & **Deposed** – Attorney: James Chapin)

December 2016 *Andrew Garcia v. City of Garden Grove, et al.* United States District Court - Central District of California. Areas of expertise: ***"Reasonable suspicion to detain," "Probable cause to arrest," "Human Factors - Perception of human movement patterns (threat perception)," Reasonable use of deadly force in immediate defense of life and to stop dangerous fleeing suspect," "Human visual capability to detect and identify Airsoft pistol marking," "Officer-subject interactions during officer-involved shootings," "Timely rendering of medical assistance," and "Policy compliance."*** (Report submitted & **Deposed** – Attorney: Bryan Moore)

November 2016 *James Soler v. County of San Diego, et al.* United States District Court - Southern District of California. Areas of expertise: ***"Probable cause to arrest and continue to hold related to the totality of the circumstances supporting a reasonable belief that an arrested subject is the named person on an arrest warrant, including reliance on other official channels for information,"*** and ***"Diligence in investigating an inmate's claim that he is not the person named on an arrest warrant."*** (Report submitted – Attorney: Stephanie Kish)

August 2016    *Estate of Amilcar Perez-Lopez v. City and County of San Francisco, et al.* United States District Court – Northern District of California. Areas of expertise: ***"Reasonable suspicion to detain," "Reasonable use of deadly force in both immediate defense of life and fleeing felon contexts," "Changing directions and orientations of suspect explaining shots to the back,"*** and ***"Policy compliance."*** (Report submitted – Attorney: James Hannawalt)

July 2016    *Joseph James Greer v. City of Hayward, et al.* United States District Court - Northern District of California. Areas of expertise: "***Probable cause to arrest," "Reasonable use of force," Reasonable use of TASERs," "Reasonable use of baton as a leverage tool," "Reasonable use of pressure point application," "Reasonable use of restraints - including handcuffs and The WRAP device," "Proper monitoring of physical condition and timely rendering of first aid," "Provision of emergency medical treatment in a timely manner."*** (Report submitted – Attorney: Jeffrey Vucinich)

June 2016    *L.M. by and through her guardian ad litem v. City of Redding, et al.* United States District Court – Eastern District of California. Areas of expertise: ***"Vehicle flight constituting a threat to the public," "Reasonable use of TASERs," "Reasonable use of the carotid restraint," Reasonable use of personal weapons," "Reasonable use of batons," "Secondary head strikes with Batons," and "Theoretically dangerous positions increasing risk of arrest-related deaths."*** (Report submitted – Attorney: Richard Fisher)

*February 2016* *Daniel Acedo v. City of Chula Vista, et al.* United States District Court – Southern District of California. Areas of expertise: ***"Probable Cause to Arrest," "Warrantless Entry onto Property Based Upon Fresh Pursuit," "Pointing of Firearms While Making Arrest," "Use of Police Dog While Making Arrest,"*** and ***"Conformance with Departmental Policy."*** (Report submitted – Attorney: Karen Rogan)

January 2016 *Jovan Jimenez v. County of San Diego, et al.* United States District Court – Southern District of California. Areas of expertise: ***"Reasonable Suspicion to Detain," "Probable Cause to Arrest," "Arrest based on Citizens Arrest," "Use of Handcuffs During Detentions," "Reasonable Force to Control Handcuffed Suspects,"*** and ***"Factors Supporting that Head Strike with an Impact Weapon was Accidental."*** (Report submitted – Attorney: James Chapin)

17

January 2016    *Gary Lawman v. City and County of San Francisco, et al*. United States District Court – Central District of California. Areas of expertise: ***"Probable Cause to Arrest," "Booking of Misdemeanant Arrestees," "Explicit Probable Cause to Detain Pursuant to Section 5150 W&I," "Policy Conformance,"*** and ***"Monell Liability."*** (Report submitted, **Deposed** and **testified** – Attorney: James Hannawalt)

August 2015    *Michael Nichols et al v. City of Palm Springs, et al*. United States District Court – Central District of California. Areas of expertise: ***"Proper Use of Informants," "Determining the Status of Informants,"*** and ***"Creation of Duty to Protect Informants."*** (Report submitted – Attorney: Michael Tam)

July 2015    *Robert Barron v. City of Redding et al.* United States District Court – Eastern District of California. Areas of expertise: ***"Reasonable Suspicion to Detain," "Probable Cause to Arrest," "Reasonable Use of Deadly Force," "Patrol Tactics"*** and ***"Policy Compliance."*** (Report submitted & **deposed** – Attorney: Sean O'Dowd)

March 2015    *Estate of Yanira Serrano v. County of San Mateo, et al.* United States District Court – Northern District of California. Areas of expertise: ***"Reasonable Use of Deadly Force," "Force Options," "Patrol Tactics," "Policy Compliance," "Pointing of Firearm," "Monell Liability."*** (Report submitted & **deposed** – Attorney: David Levy)

August 2014    *Jose Antonio Aguilar Jaramillo v. City of San Mateo, et al.* United States District Court – Northern District of California. Areas of expertise: ***"Reasonable Suspicion to Detain," "Probable Cause to Arrest," "Reasonable Force," "Post-arrest care,"*** and ***"Policy Compliance."*** (Report submitted – Attorney: Jeffrey Vucinich)

December 2013    *United States Automobile Assoc. v. Las Vegas Metropolitan Police Department*. Consolidated with Dennis Wallace v. Las Vegas Metropolitan Police Department, et al. Nevada District Court, Clark County, Nevada. Areas of expertise: ***"Vehicular Pursuits," "Policy Compliance," "Threat Assessment of Suspect Driving," "Emergency Vehicle Operations."*** (Consulted – Attorney: Adam Fulton)

June 2013    *Nicholas Damante v. City of Hayward, et al.* Alameda County Superior Court. Areas of expertise: ***"Reasonable Suspicion to Detain," "Probable Cause to Arrest," "Differentiation of Knives Under 653k PC," "Reasonable Force."*** (Consulted – Attorney: Jeffrey Vucinich)

February 2013    *A.K.H., a minor by and through her Guardian Ad Litem, Elizabeth Landeros; Maria Cerda Reyes; and Benito Herrera v. City of Tustin et al*. United States District Court – Central District of California. Areas of expertise: ***"Reasonable Suspicion to Detain," "Probable Cause to Arrest," "Reasonable Use of Deadly Force," "Human Perception and Reaction Time," "Suicide by Cop," "Timely Rendering of First Aid,"*** and ***"Policy Compliance."*** (Report submitted & **deposed** – Attorney: Robert Kaufman)

December 2011    *Carrillo/Correa v. Las Vegas Metropolitan Police Department, et al*. United States District Court – District of Nevada. Areas of expertise: ***"Vehicular Pursuits," "Policy Compliance," "Threat Assessment of Suspect Driving," "Emergency Vehicle Operations"*** and ***"Perception and Memory."*** (Report submitted and **deposed** – Attorney: Sean Lyttle)

October 2011    *Mary & Charles Piskura v. TASER, International, et al.* United States District Court – Southern District of Ohio. Areas of expertise: ***"Eyewitness Perception and Memory of Events"*** and ***"The Biomechanics of Officer-Suspect Interactions."*** (Report submitted – Attorney: Andrew Yosowitz)

November 2010   *Kenneth Carrethers v. Bay Area Rapid Transit, et al.* San Francisco, CA.  United States District Court – Northern District of California.  Areas of expertise:  **"Reasonable Suspicion to Detain, Probable Cause to Arrest, and Reasonable Force"** and **"Reasonable Use of Leg Restraint for Defense of a §1983 Action Alleging Unlawful Arrest and Excessive Force."** (Report submitted and **deposed** – Attorney: Dale Allen)

December 2008   *John Garcia v. County of Merced, et al.* U.S. District Court – Eastern District of California.  Area of expertise: "**Officers' Training Regarding Proper Search Warrant Affidavit Procedures in a Narcotic Investigation."**  (Report submitted – Attorney: Roger Matzkind)

February 2008   *Randy Sewell v. Dustin James Hutchcraft, et al.* Lane County, OR.  Second Judicial District of Oregon. Area of expertise:  **"Off-duty Police Practices in Assault and Battery by Police Plaintiff."** (Consulted – Attorney: Kevin Crawford)

April 2004   *Steven May v. Maaco Auto Body, Modesto, CA.* Superior Court of California, Stanislaus County.  Area of expertise: **"Proper Police Procedures and Policies Related to Emergency Vehicle Operation and Pursuits."** (Consultation – Attorney: Dale Thayer)

May 2003   *Peruzzaro v. San Mateo County Transit District.* Superior Court of California, San Mateo County.  Area of expertise:  **"Current Training and Proper Procedure Related to Emergency Vehicle Operation, "Code-3" Driving and Safety Measures."** (**Deposed** – Attorney: Albert Wenzell, Jr.)

June 1999   *Steve Hatzigeorgiou vs. Camelot Park, et al.* Modesto, CA.  Superior Court of California, Stanislaus County. Area of expertise:  **"Appropriate Off-Duty Conduct by Peace Officers."** (Consultation – Attorney: Michael Amaro)

## Civil – Plaintiff (Deposed: 1)

October 2023   *Aron Sellers v. City of Davenport et al.* Seventh Judicial District in and for the State of Iowa – Scott County. Areas of Expertise: **"Following standard vehicle-pursuit initiation and termination policy,"** and **"Reasonable Pursuit decision-making."** (Report submitted – Attorney: Kylie Franklin)

March 2021   *Steven Wren v. El Paso County Sheriff's Office, et al.* United States District Court (District of Colorado). Areas of Expertise: **"Following standard vehicle-pursuit initiation and termination policy,"** **"Pursuit decision-making,"** and **"Reasonable conditions for engaging in legal interventions."** (Report submitted – Attorney: Zachary Mugge)

April 2020   *Alan and Kelly Strickland v. Masai Uriji et al.* United States District Court – Northern District of California. Areas of expertise: **"Technical preparation, examination and interpretation of video evidence,"** **"Objectively reasonable force,"** **"Probable cause to arrest."** (Report submitted – Attorney: Brett Beyler)

April 2017   *Aprintess Williams v. Krook, et al.* United States District Court – District of Nevada.  Areas of expertise: **"Unreasonable use of handcuffs,"** **"Duty to provide water and protect arrestee from excessive heat,"** **"Failure to respond to prisoner's serious medical needs."** (Report Submitted – Attorney: Brittnie Watkins)

March 2015   *Angel Keith Toscano, Jr., et al. v. City of Fresno, et al.* United States District Court – Eastern District of California.  Areas of expertise: **"Probable cause to arrest,"** **"Reasonable force – patrol vehicle v. bicyclist,"** **"Driving with due regard during pursuit of bicyclist,"** **"Effect of use of emergency lights and siren,"** **"Increasing the danger to struck fleeing suspect,"** and **"Emergency vehicle operations training."** (Submitted Report – Attorneys: Andrew Jones & Adam Rushing)

19

October 2013    *Steve Armstrong v. El Rancho Market of Chandler, Inc.* Superior Court of Arizona – Maricopa County. Areas of expertise: ***"Proper procedure for detaining suspected shoplifters by retail loss-prevention personnel," "inadequate training of loss-prevention personnel," and Improper use of handcuffs."*** (Consulted – Attorney: Robert Trop)

October 2012    *Austin Koval v. United States of America.* United States District Court – Eastern District of California. Areas of expertise: ***"Reasonable suspicion to detain," "Probable cause to arrest," "Reasonable officer's application of criminal statute," "Unreasonable seizure of personal property without cause," and "Duty to intercede."*** (Report submitted & **deposed** – Attorney: Robert Trop)

March 2009    *Steven Morrow v. Park-Gaylord Apartments, Paul Pries, et al.* Superior Court of California, Santa Clara County.  Area of expertise: ***"Proper police practices in foot pursuits."*** (Report submitted – Attorney: Peter Timewell)

## Criminal – Prosecution (Testified: 8)

February 2018    *People of the State of California v. Kehinde Jackson*. Superior Court, County of Marin. Areas of expertise: ***"Human perception and memory compared to video recordings," "Reasonable use of batons, OC spray, and TASERs,"*** and ***"Appropriate use of de-escalation."*** (Submitted Report – Attorney: Namita Patel)

December 2016    *People of the State of California v. Scott Thorne*. Superior Court, County of Sonoma. Areas of expertise: ***"Standard procedures for investigating potential domestic violence calls," "Peace officer training regarding making warrantless entries into dwellings based upon exigent circumstances," "Reasonable use of force with baton and TASER," "Reasonable perception by officers and factors in deciding to intervene with another officer's excessive force,"*** and ***"Organizational and system factors that influence decision-making by peace officers."*** (Submitted Report & **testified** – Attorney: Robert Waner)

June 2016    *People of the State of California v. Gabrielle Lemos and Michelle Lemos*. Superior Court, County of Sonoma.  Areas of expertise: ***"Reasonableness of having occupants of stopped vehicles exit"*** and ***"Proper procedures for preliminary investigations of potential domestic violence incidents."*** (**Testified** – Attorney: Jenica Leonard)

September 2014    *People of the State of California v. Brian Rathjen*. Superior Court of California, Santa Clara County.  Areas of expertise: ***"Reasonable force"*** and ***"Dealing with mentally ill individuals."*** (Consulted – Attorney: Angela Bernhard – Prosecution for Murder and Resisting Arrest with Injury to Peace Officer)

September 2014    *People of the State of California v. Christopher Melton*. Superior Court of California, Stanislaus County.  Areas of expertise: ***"Reasonable force"*** and ***"arrest & control tactics."*** (**Testified** – Attorney: Blythe Harris – Prosecution for Assault Under Color of Authority)

August 2009    *People v. Romel Custodio, Marlo Custodio, and Marilou Alvarado*. Superior Court of California, Santa Clara County. Areas of expertise: ***"Operation and Use of the TASER® brand electronic control device"*** and ***"The use of force in the prosecution for resisting arrest/obstructing and delaying a peace officer."*** (**Testified** – Attorney: Donald Shearer) STATUS:  Uncompensated expert witness as part of regular police duties.

December 2006    *People v. Phouc Ngoc Pham*. Superior Court of California, Santa Clara County. Area of expertise: ***"Brandishing a firearm by off-duty police defendant."*** (Report submitted – Attorney: Raymond Mendoza) STATUS:  Uncompensated expert witness as part of regular police duties.

August 2006        *People v. Joe Reyes Guerra.* Superior Court of California, Santa
                   Clara County. Areas of expertise: ***"Police use of force," "Force options,"*** and
                   ***"Proper application of the TASER® brand electronic control device."*** (**Testified** – Attorney:
                   James Leonard) STATUS:  Uncompensated expert witness as part of regular police duties.

February 2005      *People vs. Michael Kan and Craig Daniel Lee.* Superior Court of California, Santa Clara County.
                   Areas of expertise: ***"Assault under color of authority," "Officers' training as to facts amounting
                   to reasonable suspicion to detain & probable cause to arrest,"*** and ***"Policy and Practices
                   Regarding Use of Force."*** (Report submitted & **testified** – Attorney: Peter Waite)  STATUS:
                   Uncompensated expert witness as part of regular police duties.

May 2005           *People vs. Marvin Evenorlazo Amaya.* Superior Court of California – County of Santa Clara.
                   Areas of expertise: ***"Officers' training as to facts amounting to reasonable suspicion to detain"***
                   and ***"Policy and practices regarding the use of force."*** (**Testified** – Attorney: Angela Bernard)
                   STATUS: Uncompensated expert witness as part of regular police duties.

December 2002      People vs. Lugo Santillan Silva. California Superior Court – County of Santa Clara. Area of
                   expertise***: "Use of force/police service dogs as an instrumentality of force."*** (**Testified** –
                   Attorney: Judith Sklar – Prosecution) STATUS:  Uncompensated expert witness as part of regular
                   police duties.

September 2001     People vs. Craig Winton Mosher, Monterey, CA.  Superior Court of California,
                   Monterey County.  Area of expertise: ***"Assault under color."*** (Consulted – Attorney: Gary
                   Thelander – Prosecution) STATUS:  Uncompensated expert witness

## Criminal – Defense (Testified: 12)

May 2024           *People v. Corie Smith.* Superior Court – County of San Bernardino (Jury Trial). Areas of expertise:
                   ***"California peace officer training regarding the use of force," "Human factors (perception,
                   vision, reaction time, patterns of movement associated with mistake-of-fact shootings),"*** and
                   ***"Forensic video analysis."*** (**Testified** – Attorneys: Kasey Castillo and Michael Seylum).

February 2024      *State of Georgia v. Michael Davis.* Superior Court – County of Athens-Clarke – Case No.
                   SU23CR0107. Areas of Expertise: ***"Human factors affecting the perception of the reasonable
                   use of deadly force,"*** and ***"Reasonable use of deadly force."***  (Report submitted and **testified** – to
                   be continued at a later date – Attorney: Pierce Blitch)

February 2023      *People v. Joseph Lamantia.* Superior Court – County of Stanislaus (Preliminary Hearing). Areas of
                   expertise: ***"California peace officer training regarding 835a PC," "Human factors (perception,
                   vision, reaction time, patterns of movement associated with mistake-of-fact shootings),"*** and
                   ***"Forensic video analysis."*** (**Testified** – Attorney: Roger Wilson (initially retained by Stanislaus
                   County District Attorney's Office, subpoenaed by Defense).

July 2022          *People v. Henry Abe.* Superior Court – County of Yuba (Jury Trial). Areas of Expertise:
                   ***"Reasonable use of force," "Human factors,"*** and ***"Forensic video analysis."*** (**Testified** –
                   Attorney: Roberto Marquez)

January 2022       *People v. Charles Blount.* Superior Court – County of Sonoma (Jury Trial). Areas of Expertise:
                   ***"Use of force," "Reasonableness of tactics," "Human factors (perception, reaction time,
                   patterns of movement/affordance perception associated with mistake-of-fact shootings),"*** and
                   ***"Forensic video analysis."*** (**Testified** – Attorney: Harry Stern (initially retained and subpoenaed
                   by Deputy D.A. Robert Waner)

November 2021 *People v. Justin Wall*. Superior Court – County of San Joaquin (Jury Trial). Areas of expertise: ***"Use of force," "Human factors – Perception, reaction time, and perceptual failures to see (change blindness)," and "Forensic video analysis."*** (Report submitted and **testified** – Attorneys: Paul Goyette and Brett Sherman)

June 2019 *People v. Blake Lycett*. Superior Court – County of San Mateo. Areas of expertise: "Technical preparation, examination and interpretation of video evidence," ***"Reasonable use of force in jail setting,"*** and ***"Human Factors – Attention & Basic memory."*** (Report submitted – Attorney: Julia Fox)

May 2019 *People v. Joshua Nahan and Nicholas Morgan*. Superior Court – County of San Diego. Areas of expertise**: *"Use of Force," "Human Factors – Perception, Reaction Time, Attention & Basic Memory,"*** and *"**Preparation, examination, and interpretation of video evidence."*** (Report submitted and **testified** – Attorneys: Richard Pinckard & Michael Begovich)

February 2019 *People v. Justin Wall*. Superior Court – County of San Joaquin (Preliminary hearing). Areas of expertise: ***"Use of Deadly Force," "Human Factors – Attentional Resources and Perceptual Limitations,"*** and *"**Preparation, examination, and interpretation of video evidence."*** (Report submitted and **testified** – Attorney: Judith Odbert)

March 2018 *In re Allan T*. Superior Court – County of San Diego. Areas of expertise: "***Interaction between subject responding with gunfire during a fight or being struck with a metal flashlight," "Factors influencing unintentional self-inflicted gunshot wound while drawing handgun," "Perception-reaction time and subject interactions resulting in back-to-front gunshot wounds,"*** and ***"Short trigger travel distance and light trigger-pull weight as a potential factor in an unintentional self-inflicted gunshot wound."*** (Report submitted – Attorneys: Michael Fremont & Joseph Adelizzi)

January 2018 *People v. Scott Ruppel*. Superior Court – County of Butte. Areas of expertise**: *"Human Factors: Automatic versus controlled responses," "Use of Force,"*** and **"Preparation and presentation of video evidence and analysis."** (Report submitted and **testified** – Submitted Report – Attorney: Brett Sherman)

July 2017 *People v. Jeffrey Villanueva*. Superior Court – County of Placer. Areas of expertise: ***"Reasonable force responses in overcoming resistance by pre-trial detainee in custodial facility," and "Effect of organizational culture on conduct," "Generally accepted procedures for criminal force-response investigations."*** (Report submitted – Attorney: Paul Goyette)

December 2017 *State of Maine v. Derrick DuPont*. Superior Court of the State of Maine – Franklin County. Areas of expertise: ***"Reasonable perception of deadly threat by civilian," "Perception of human motion,"*** and ***"Basics of human perception and memory of eyewitnesses of events."*** (Report submitted – Attorney: Scott Hess)

October 2017 *People v. Matthew Mettler*. Superior Court – County of San Joaquin. Areas of expertise: ***"Reasonable force in compelling compliance with jail procedures,"*** and ***"Factors affecting how sound perception can influence the perception of the level of force."*** (Report submitted – Attorney: Nicole Valentine)

May 2017 *People v. Max Whalen Crowell*. Superior Court – County of Monterey. Areas of expertise: ***"Reasonable force in overcoming inmate resistance;"*** and ***"Indicators suggesting inaccurate perception and memory of an event."*** (Report Submitted – Attorney: Sean Connolly/Kevin Wimmer)

22

February 2017  *People v. Jaime Salvador Martinez.* Superior Court – County of Sutter.  Areas of expertise: ***"Reasonable suspicion to detain," Reasonable use of firearm in effecting detention," "Peace officer powers as conferred by California Penal Code section 830.2(h)," "Basic vision, perception and attention,"*** and ***"Inadequate investigation upon which to make charging decision."*** (Report Submitted & Consulted at trial – Attorney: Greg Thoming)

November 2016 *People v. Daniel Nessling.* Superior Court – County of Modoc. Areas of expertise: ***"Proper use of video evidence in evaluating police conduct," "Conclusions about report omissions," "Reasonable force in physically controlling intoxicated bleeding prisoner," "Recognition of bloodborne pathogen hazards," "Incomplete investigation of alleged misconduct,"*** and ***"Officer movement based upon automatic postural response."*** (Report Submitted – Attorney: Joshua Olander)

April 2016  *People v. Patrick Feaster*. Superior Court – County of Butte. Areas of expertise: ***"Distraction Effects of Stress and its Interaction with Automatic Behavior," "Memory Gaps in Officer-involved Shootings,"*** and ***"Reasonableness of Drawing of a Sidearm by a Police Officer."*** (Report Submitted – Attorney: Paul Goyette)

January 2016  *People v. John Demery*. Superior Court – County of Riverside. Areas of expertise: ***"Factors that constitute proportionate force," "Human factors," "Perception of threat of death or serious bodily injury by an unarmed assailant,"*** and ***"punches resulting in death or serious bodily injury."*** (**Testified** – Attorney: Richard Pinckard)

July 2011  *State of Nevada v. Aron Carpenter.* Eighth Judicial District of Nevada. Areas of expertise:  ***"Pursuit policy," "Determining policy compliance", "Pursuit dynamics," "Distinguishing policy from law,"*** and ***"Human perception and reaction time."*** (**Testified** – Attorney: Bret Whipple)

April 2010  *People v. Julio Morales*. Superior Court of California, Santa Clara County. Areas of expertise: ***"Consensual encounters, reasonable suspicion to detain," "Probable cause for pat searches," "San Jose Police Department regulations, San Jose Police Department performance appraisal practices, and under the influence (11550 H&S) investigative procedures for the defense of a San Jose Police Officer charged with sexual battery and false imprisonment."*** (**Testified** – Attorney: Craig M. Brown)

## **Administrative – Grievant (Testified: 18)**

March 2024  *In re: Disciplinary Appeal of Fraternal Order of Police, Lodge #32 and Scott Schaefer.*  Areas of Expertise: ***"Forensic Video Analysis"*** and ***"Human Factors."*** (Report submitted – Attorney: Tom McCarty).

May 2023  In the Matter of the Appeal by Grievant. Areas of Expertise: ***"Forensic Video Analysis," "Policy Compliance re Use of Force,"*** and ***"Human Factors."*** (**Testified** – Attorney: Brett Sherman).

November 2022 In the Matter of the Appeal by Grievant. Areas of Expertise: ***"Forensic Video Analysis," "Human Factors,"*** and ***"Pursuit Policy Compliance."*** (**Testified** – Attorney: James Shore).

August 2022  In the Matter of the Appeal by Grievant. Areas of expertise: ***"Forensic Video Analysis"*** and ***"Human Factors – Perception-reaction Time."*** (**Testified** – Attorney: Josh Olander).

March 2021  In the Matter of the Appeal by Grievants, State Personnel Board Case No. 20-1533K. Areas of expertise: ***"Forensic Video Analysis"*** and ***"Factors affecting the reliability of digital video evidence."*** (Submitted Report & **testified** – Attorney: Tyler Talbot).

December 2020   Personnel Matter of Lincoln, Nebraska Police Officer. Area of expertise: *"Preparation, examination, and interpretation of video evidence," "Human perception and memory vs. video recordings," "Standards for reasonable pat search," "Perception, vision, and decision-making," "Policy compliance."* (Report Submitted – Attorney: Tom McCarty).

November 2020   Grievant/Appellant v. City of Marysville. Areas of expertise: *"Preparation, examination, and interpretation of video evidence," "Limitations of video evidence," "Proper force-response investigative steps," "Injury literature on police motor vehicles vs. pedestrians," "Policy compliance."* (Submitted Report & **testified** – Attorney: Seth Nunley).

July 2020   Grievant/Appellant v. Stockton Unified School District. Areas of expertise: *"Forensic video analysis," "Probable cause to arrest," "Reasonable force," "Proper investigative steps for allegations of excessive force,"* and *"Proper interviewing techniques."* (Report submitted & **testified** – Attorney: Josh Olander).

March 2020   Grievant/Appellant v. San Francisco Department of Police Accountability. Areas of expertise: *"Preparation, examination, and interpretation of video evidence," "Standards for reasonable pat search," "Reasonable force responses," "Courtroom testimony," and "Task prioritization and body-worn camera activation."* (Submitted Report & **testified** – Attorney: Julia Fox).

January 2020   In the Matter of the Appeal by Grievants, State Personnel Board Case Nos. 20-0126K, 20-0130K, and 20-0134K. Areas of expertise: *"Factors affecting the reliability of digital video evidence."* (Submitted Report & **testified** – Attorney: Rick Pinckard).

April 2019   Grievant/Appellant v. City of Chico. Areas of expertise: *"Preparation, examination, and interpretation of video evidence." "Reasonable force responses on the handcuffed arrestee," "Inadequate investigation," and "Failure to identify unreasonable force*." (Submitted Report & **testified** – Attorney: Brett Sherman).

September 2018   Grievant/Appellant v. City of Sacramento (7/11/16 Incident). Areas of expertise: *"Policy Analysis," "Reasonable Force responses," "Use of Police Vehicle as an Instrumentality of Force," "Video Analysis," and "Human Factors."* (Submitted Report & **testified** – Attorney: Judith Odbert).

August 2018   Grievant/Appellant v. City of Sacramento (2/23/16 Incident). Areas of expertise: *"Policy Compliance," "Assignment of Primary Collision Factor," Reasonable Force," "Proper Analysis of Video Evidence,"* and *"Human Factors: Perception-reaction Time," "Memory,' and 'Evaluation of Eyewitness Memory for Events.'"* (Submitted Report & **testified** – Attorney: Judith Odbert).

May 2018   Grievant/Appellant v. City of Novato. Areas of expertise: *"Examination, preparation, and interpretation of digital video evidence," Analysis of video evidence," "Human Factors,"* and *"Law enforcement emergency vehicle operations (EVOC) training," "Law enforcement psychomotor skills training," "Available remedial driver training,"* and *"Driving with due regard."* (Submitted Report & **testified** – Attorney: Alison Berry Wilkinson).

May 2018   Grievant/Appellant v. Mendocino County Sheriff's Department. Areas of expertise: *Reasonable force response (TASER) to Pre-trial detainee in custodial setting,"* and *"Compliance with sheriff's policies*." (Submitted Report – Attorney: Greg Thoming)

April 2017   Grievant/Appellant v. City of Sacramento. Areas of expertise: *"Policy Compliance," "Reasonable Force Responses,"* and *"Examination, Preparation, and Interpretation of Video Evidence."* (Submitted Report & **testified** – Attorney Joshua Olander).

24

| Dec 2016 | Grievant/Appellant v. San Jose Police Department. Areas of expertise: "***Training required to transfer policy knowledge to field performance;" "Indicators of investigator bias and investigative defects;" "Use of digital video evidence in reconstructing events;" "Perception and reaction time;" "Attentional demands under threat;" and "Application of the pursuit policy of the San Jose Police Department when no pursuit has occurred.***" (**Testified** – Attorney: James Shore) |
|---|---|
| March 2015 | *In the Matter of the Appeal of Rodolfo Gomez, Jr., Board of Fire and Police Commissioners of the City of Milwaukee.* Area of expertise: "***Importance of proper analysis of video evidence in use-of-force investigations.***" (**Testified** – Attorney: Brendan Matthews) |
| June 2013 | *Juan Vara & Kevin Wheeler v. New Orleans Police Department.* Areas of expertise: ***"Use of force," "TASER," and "Human factors" (Basic vision, light & dark adaptation, lighting, and attention).*** (Report submitted & **Testified** – Attorneys: Donovan Livacarri & Raymond Burkett, III) |
| March 2012 | Grievant/Appellant v. Santa Clara County Sheriff's Department, San Jose, CA. Areas of expertise: "***Use-of-force policy compliance," "Force options," and "Arrest and control tactics.***" (**Testified** – Attorney: William Rapoport – Grievant) |
| August 2011 | Arbitration Hearing: Aron Carpenter v. Las Vegas Metropolitan Police Department. Areas of expertise: ***"Pursuit policy and compliance," "Recognition of suicidal behavior," "Vehicle dynamics," "Basic collision report writing,"*** and ***"Perception, memory and reaction time."*** (**Testified** – Attorney: John Harper – Grievant) |
| March 2011 | Grievant v. City of Grover Beach. Areas of expertise: ***"Human Perception and Memory," "Operation and Capabilities of the TASER® X26 and TASER Cam®,"*** and ***"Reasonable Use of the TASER®"*** and ***"Reasonable Force Per Department Policy."*** (**Testified** – Attorney: Alison Berry Wilkinson) |
| March 2003 | Grievant/Appellant vs. City of San Jose, San Jose, CA. Areas of expertise: ***"Use of Force/Police Service Dogs as an Instrumentality of Force."*** (**Testified** – Attorney: Craig M. Brown – Grievant) STATUS: An uncompensated expert witness was subpoenaed by an officer. |

## Consultation/Review

| May 2022 | Consultation & Review: Officer-involved shooting of Tyrell Wilson. Areas of Expertise: ***"Reasonable use of deadly force under 835a PC," "Human factors,"*** and ***"Forensic video analysis."*** (Report Submitted – Contra Costa County District Attorney's Office – Chief Investigator Arnold Threets). |
|---|---|
| February 2022 | Consultation & Review: Officer-involved shooting of Trevor Seever. Areas of Expertise: ***"Reasonable use of deadly force under 835a PC and peace officer training re 835a PC," "Human factors,"*** and ***"Forensic Video Analysis."*** (Report submitted and testified at preliminary hearing [subpoenaed by Defense]: Stanislaus County District Attorney's Office). |
| May 2021 | Consultation & Review: Confidential review of officer-involved shooting incident. Areas of expertise: ***"Reasonable use of deadly force under 835a PC," "Human factors," and "Forensic video analysis***." (Report Submitted – California district attorney's office). |
| March 2021 | Consultation & Review: In the matter of Devin Carter. Areas of expertise: ***"Evaluation of Force Responses by Peace Officers,"*** a*nd **"Forensic Video Analysis."*** (**Testified** at Grand Jury: San Joaquin County District Attorney's Office – Attorney: Angela Hayes). |

25

| | |
|---|---|
| May 2020 | Consultation & Review: Arrest-related Death of David Ward. Areas of expertise: ***"Evaluation of Force Responses by Peace Officers," "Arrest-related Death Incidents," "Examination, Preparation and Interpretation of Video Evidence."*** (**Testified** at Grand Jury: Sonoma County District Attorney's Office – Attorney: Robert Waner). |
| December 2018 | Consultation & Review: Chinedu Okobi Arrest-related Death Analysis. Areas of expertise: ***"Evaluation of Force Responses by Peace Officers," "Arrest-related Death Incidents," "Examination, Preparation and Interpretation of Video Evidence," "Timely Summoning of Medical Attention," "Accountability Measures," and  "Sudden cardiac deaths in the arrest-related death cont***ext." (Report Submitted –San Mateo County District Attorney's Office – Chief Inspector John Warren) |
| October 2017 | Consultation & Review: Confidential force-response analysis of the actions of county corrections personnel. Areas of expertise: ***"Reasonable use of body force and TASER to overcome resistance of inmates."*** (Report Submitted –Mendocino County District Attorney's Office – Chief Investigator K.B.) |
| December 2016 | Consultation & Review: Force-response Analysis of Force Response by Then-Deputy Scott Thorne on September, 2016. (See People of the State of California v. Scott Thorne under Criminal Prosecutions section, above). (Report Submitted – Sonoma County District Attorney's Office – Deputy District Attorney Robert Waner). |
| October 2015 | Consultation & Review: Force-Response Analysis of the Actions of San Diego County Sheriff's Deputy Jeffrey Cruz. Areas of expertise: ***"Reasonable suspicion to detain," "Reasonable use of handcuffs," "Probable cause to arrest based on private-persons arrest," "Reasonable use of pushing handcuffed subject in reacting to pre-assault indicators," "Reasonable use of flashlight to strike body,"*** and ***"Factors supporting that strike to head was inadvertent."*** (Report Submitted San Diego County District Attorney's Office – Attorney: Annette Irving) |
| July 2015 | Consultation & Review: Force-Response Analysis of Officer-Involved Shooting: Fridoon Rawshan Nehad.  Areas of expertise: ***"Reasonable suspicion to detain," "Probable cause to arrest," "Human perception v. video evidence," "Force options," "reasonable use of deadly force."*** (Report submitted – San Diego County District Attorney's Office – Attorney: Fiona Dunleavy) |
| March 2015 | Consultation: Confidential Client (Chief of Police) – Review of reports and examination and interpretation of in-car camera video of arrest to determine reasonableness of force during arrest. |
| January 2015 | Consultation & Training: Confidential Client (Police Internal Affairs Unit) – Examination and interpretation of two body-worn camera videos of two separate incidents, one involving physical non-lethal force (physical force, TASERs, and OC spray) and the other of an officer-involved shooting. Provided training to IA investigators about how to examine and interpret video of force incidents. |
| March 2000 | Interviewed for review of claim regarding a training injury in a defensive tactics course at a basic academy for Keenan & Associates (TPA). |
| July 1998 | Reviewed evidence and documentation for the U.S. Department of Justice Civil Rights Division and rendered an opinion as to reasonableness of force for patterns and practices. Case name is confidential. |

## **Professional/Peer Review**

| | |
|---|---|
| April 2024 | Peer reviewer for proposals for 2024 Annual Meeting of the Human Factors and Ergonomics Society – Forensic Professionals Technical Group (Ad hoc Program Chair). |

| April 2023 | Peer reviewer for proposals for 2023 Annual Meeting of the Human Factors and Ergonomics Society – Forensic Professionals Technical Group (Ad hoc Program Chair). |
|---|---|
| August 2008 | Peer Review Panel member for the Commercial Equipment Direct Assistance Program (CEDAP), Department of Homeland Security. |
| November 2006 | Peer Review Panel member for the Commercial Equipment Direct Assistance Program (CEDAP), Department of Homeland Security.  STATUS:  Compensated consultant. |
| February 2006 | Peer Review Panel member for the Commercial Equipment Direct Assistance Program (CEDAP) Department of Homeland Security. |
| August 2001 | Professional Review of Research Report, National Institute of Justice. |
| March 1999 | Professional Review of Research Report, National Institute of Justice |
| August 1998 | Peer Review Panel member for grant proposals, National Institute of Justice |

---

## ADJUDICATION

| March 2014 | Confidential File No. 033.14284.15294. Neutral board member agreed to by the California Highway Patrol and Appellant in good cause hearing for revocation of a retired peace officer's concealed weapon endorsement pursuant to California Penal Code Sections 25740 and 26305(b) et seq. |
|---|---|

---

### DEPOSITION AND TRIAL TESTIMONY OVER THE PAST FOUR YEARS

| April 2025 | Samuel Rosas v. Robert Glenn et al.. United States District Court – Northern District of California – Case no. 3:23-cv-04913-SK. (Report submitted and **deposed** – Attorney: Tom Tarkoff). |
|---|---|
| March 2025 | *Steven Dalton & Tina Pizzo v. County of San Diego et al.* United States District Court – Southern District of California – Case No. 21-cv-2143-W. **Testified** – Attorneys: Alexa Katz, Steve Inman, and Laura Wilson). |
| September 2024 | *Neftali Monterrosa et al. v. City of Vallejo et al.* United States District Court – Eastern District of California – Case No. 2:20-cv-01563. (Reports submitted and **deposed** – Attorney: Derick Konz). |
| September 2024 | *Jamaica Hampton v. Christopher Flores*. United States District Court – Northern District of California – Case No. 3:21-cv-09407-SK. (Report Submitted and **deposed** – Attorney: Lucia Li). |
| August 2024 | *Anthony Navarro v. City and County of San Francisco et al*. United States District Court – Northern District of California – Case No. 3:23-cv-02402-SK. (Report submitted and **deposed –** Attorney: Lucia Li). |
| August 2024 | *State of Georgia v. Michael Davis*. Superior Court – County of Athens-Clarke – Case No. SU23CR0107. (Report submitted and **testified** – continued – Attorney: Pierce Blitch). |
| July 2024 | *Estate of Donovan Lewis v. Ricky R. Anderson* – Common Pleas Court of Franklin County, Ohio – Case No. AM-23CV001021. (Report Submitted and **deposed** – Attorney: David Goldstein). |

| | |
|---|---|
| May 2024 | *People v. Corie Smith.* Superior Court of California – County of San Bernardino. Case No. FWV21003946. (Report submitted and **testified** – Attorneys: Kasey Castillo and Michael Selyem). |
| January 2024 | Grievant v. City of San Jose - Confidential personnel matter (**Deposed** – Attorney: James Shore). |
| December 2023 | *Xavier Lopez v. City of Riverside et al. United States District Court* – Central District of California – Case No. 5:21-cv-02140-ODW (JEMx). (Report submitted and **deposed** – Attorney: Debra Cook). |
| August 2023 | *Roger Hepner v. County of Tulare et al. United States District Court* – Eastern District of California – Case No. 1:18-cv-00774-DAD-EPG (Report submitted and **deposed** – Attorney: Grant Winter). |
| August 2023 | *Winston Settrini v. City of San Diego et al. United States District Court* – Southern District of California – Case No. 3:20-cv-2273 CAB (BGS) (Report submitted and **testified** – Attorney: Jacqueline McQuarrie). |
| July 2023 | *Steven Dalton & Tina Pizzo v. County of San Diego et al*. United States District Court – Southern District of California – Case No. 21-cv-2143-W (Report submitted and **deposed** – Attorney: Alexa Katz). |
| May 2023 | *People v. Henry Abe*, Superior Court – County of Yuba, Case No. CRM22-00833 (Jury Trial) (**Testified** – Attorney: Roberto Marquez). |
| January 2023 | *People v. Joseph Lamantia*, Superior Court – County of Stanislaus, Case No. CR-21-002254 (Preliminary Hearing). (**Testified** – Attorney Roger Wilson [originally hired by Stanislaus County District Attorney's Office]). |
| Nov. 2022 | *D.W., a minor, by and through her guardian ad litem et al., v. County of San Diego, et al.* Superior Court of the State of California – County of San Diego. Case No. 37-2019-00029602-CU-PO-NC. (**Deposed** and **testified** – Attorneys J. Chapin/R. Lenert/M. Holmes). |
| January 2022 | *People v. Charles Blount*, Superior Court – County of Sonoma – Case No. SRO-1916259 (Jury Trial). (**Testified** – Attorney: Harry Stern [originally hired by Sonoma County District Attorney's Office – DDA Robert Waner]). |
| November 2021 | *People v. Justin Wall*, Superior Court – County of San Joaquin – Case No. STK-CR-FE-2018-0008639 (Jury Trial and preliminary hearing). (Report submitted and **testified** – Attorneys: Paul Goyette and Brett Sherman) |
| June 2021 | *Estate of Toby Diller v. City of San Diego et al.* United States District Court – Southern District of California – Case No. Case No. 3:20-cv-01003. (Report submitted and **deposed** – Attorney: Rayna Stephan). |

28

**DSI** Consulting

## FEE AGREEMENT
Effective: 8/20/2024

**Re the matter of:** _____

### CASE REVIEW AND OPINIONS:

A Complete review of all materials furnished will be done on a timely basis, and written opinion(s) will be completed if requested. A review of the materials provided will be performed at the rate of $375.00 per hour, with a minimum of 20 hours ($7,500.00) required in advance of the commencement of the review. This $7,500.00 fee is nonrefundable and must accompany this signed Fee Agreement acknowledging Jeffrey A. Martin's participation in the case as an expert. Payment to Jeffrey A. Martin is not dependent upon the client's decision to continue using Jeffrey A. Martin's services. Designating Jeffrey A. Martin as an expert in any case matter without his consent, signing the fee agreement, and paying the minimum $7,500.00 fee is prohibited. If the fee arrives before case materials are sent or received, the receipt of the fee is considered an agreement to retain. Jeffrey A. Martin reserves the right to withdraw from assisting if the client-attorney misrepresents any information about the case or relationships constituting potential conflicts. The $7,500.00 minimum billing will be credited toward subsequent invoices. The $375.00 per hour rate applies to reading, consultation, preparation, research, forensic video work, site visits, and report writing.

### TESTIMONY:

Advance Waived

Actual testimony in a trial or hearing will be billed at $475.00 per hour with a four-hour minimum of $1,900.00. Deposition testimony will be billed $475.00 per hour for the duration of the deposition. Waiting to testify at the venue of the proceeding before actually testifying will be billed at $375.00 per hour. If the case settles, is dismissed, or otherwise rescheduled after arrival at the venue of the proceeding, a four-hour minimum of $1,900.00 will be billed. The four-hour minimum of $1,900.00 will be billed if the case settles, is dismissed, or otherwise rescheduled within 24 hours (excluding Saturdays and Sundays) of scheduled testimony. The retaining entity will be responsible for payment of deposition time if the noticing attorney does not pay within 90 days.

**TRAVEL (Not including expenses):** $187.50 per hour. In addition to travel time, services rendered at locales requiring an overnight stay or exceeding 150 miles of one-way travel are billed at either $1,500.00 per four-hour minimum or $3,000.00 per diem up to 8 hours, plus $375.00 per hour afterward.

**FILING/BILLING/OFFICE SUPPLY/SOFTWARE FEE (One-time fee per case):** $500.00

Airfare will be booked at an unrestricted business-class fare.
Car rental will be for a mid-sized sedan or SUV unless a larger vehicle is needed for the project.
Mileage will be charged at the current IRS rate.
Invoices may be issued every 30 days when the case is active.
After 45 days, a 10 percent late fee will be charged every 30 days after that.
Expenses will be billed as incurred.
The hiring firm/organization ensures all fees are paid in full and on time.
All hourly rates will be billed per tenth hour.
**An Expedited-Report fee of $2,500.00 is billed if a report is needed in less than 21 calendar days.**

Engagement in Accordance with Terms: If you understand and agree to these terms, please sign and date a copy of this document and return it via email or U.S. Mail to engage my services in the above-listed matter.

_____
Signature                              Title                              Date

**727 Industrial Road, Suite 102**
**San Carlos, CA 94070**
**650 595-2452**
**jeff@dsiconsult.com**