UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF COVINA et al.,<br><br>Defendants. | Case No.: 5:23-cv-1562-CBM-SHK<br><br>**ORDER RE: EVIDENTIARY OBJECTIONS RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

The parties filed evidentiary objections to evidence filed in connection with Defendants' motion for summary judgment. (Dkt. Nos. 48-3, 54-6.) The Court rules on the parties' evidentiary objections as follows.

**A.   Plaintiffs' Evidentiary Objections (Dkt. Nos. 48-3)**

    **1.   Defendants' Ex. 4 – Officer Avila's Body-Worn Camera Video (CPD 55); and Defendants' Ex. 5 – Officer Avila's Body-Worn Camera Video (CPD 955)**

Plaintiffs object to Defendants' Exs. 4 and 5 on the ground such "after-acquired information" unknown to the Officer Defendants should not be considered by the Court pursuant to Fed. R. Evid. 401, 402, 403, 404 and 801. Plaintiffs also object on the grounds Logan's statements are not under oath, in distress, lack credibility, lack foundation, call for speculation, and include

inappropriate opinion testimony under Fed. R. Evid. 403, 602, and 601 which Defendants improperly characterize as "facts." The Court SUSTAINS Plaintiffs' objections to Defendants' Exs. 4 and 5 because they are not relevant to what the Defendant Officers knew at the time incident in determining whether the officers' use of deadly force was reasonable, deliberately indifferent or shocked the conscience, or was negligent. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).

2. **Defendants' Ex. 6 – 911 call (CPD 1); Ex. 7 – 911 call (CPD 3), and Ex. 8 – 911 call (CPD 4)**

Plaintiffs object to Defendants' Exs. 6, 7, and 8 on the grounds they are irrelevant and unduly prejudicial under Fed. R. Evid. 401, 402, 403 and 801 because they are information unknown to the Officer Defendants. The Court SUSTAINS Plaintiffs' objections to Defendants' Exs. 6, 7, and 8 because they are not relevant to what the Defendant Officers knew at the time incident in determining whether the Defendant Officers' use of deadly force was reasonable, deliberately indifferent or shocked the conscience, or was negligent. *See Kingsley*, 576 U.S. at 397.

3. **Defendants' Ex. 24 – Covina Police Department Complete Incident Report (CPD 87-115)**

Plaintiffs object to Defendants' Ex. 24 pursuant to Fed. R. Evid. 401, 402, 403 and 801 on the grounds it is irrelevant because it is information unknown to the Officer Defendants, cumulative, inappropriate to file documents and pages of documents that are not used to support a contention, unduly prejudicial, and includes several layers of hearsay.

Contrary to Plaintiffs' contention that Defendants' Ex. 24 is not used to support a contention, Defendants' Ex. 24 is cited in support of various statement of facts of Defendants in support of Defendants' Motion for summary judgment. (*See, e.g.*, Defendants' Statement of Fact Nos. 25, 26, 27, 135, 144, 157.) To the

extent Defendants' Ex. 24 includes hearsay statements offered for the truth of the matter asserted, those hearsay statements are inadmissible and the Court SUSTAINS Plaintiffs' objections thereto. (*See, e.g.,* Defendants' Statement of Fact No. 157.) The portions of Defendants' Ex. 24 regarding reports from non-party officers who arrived at the scene after the incident (*see, e.g.,* Defendants' Ex. 24 at pp.1-14, 17-24) and non-party officers regarding their view of the scene (*see, e.g., id*. at 25), and a property report and list of witnesses (*see id*. 26-30) are not relevant to what the Defendant Officers knew at the time incident in determining whether the Defendant Officers' use of deadly force was reasonable, deliberately indifferent or shocked the conscience, or was negligent. *See Kingsley*, 576 U.S. at 397. However, the CAD Call info/comments in Defendants' Ex. 24 (*see* Defendants' Ex. 24 at p.15) contain information known to officers at the time of the incident and is not prejudicial. Therefore, the Court SUSTAINS Plaintiffs' objections to Defendants' Ex. 24, except as Plaintiff's objections to the CAD Call info/comments on Defendants' Ex. 24 at 15 which are OVERRULED.

    **4.** **Defendants' Ex. 25 – Department of Justice "Report on the Investigation into the Death of Daniel Luis Valdivia on April 9, 2022"** (hereinafter, "DOJ Report")

Plaintiffs object to the entirety of Defendants' Ex. 25 on the grounds it is irrelevant and unduly prejudicial pursuant to Fed. R. Evid. 401, 402, 403 and 801 because it is information unknown to the Officer Defendants, cumulative, inappropriate to file documents and pages of documents that are not used to support a contention, unduly prejudicial, includes several layers of hearsay, and includes conclusions based on a different standard of proof.

Contrary to Plaintiffs' contention that Defendants' Ex. 25 is not used to support a contention, Defendants' Ex. 25 is cited in support of various statement of facts of Defendants in support of Defendants' Motion for summary judgment. (*See, e.g.*, Defendants' Statement of Fact Nos. 145, 158, 159, and 160.)

1  Moreover, "[t]he findings of the DOJ Report are not hearsay under Federal Rule
2  of Evidence Rule 803(8), which states that 'a record or statement of a public
3  office' is not hearsay "if it sets out ... factual findings from a legally authorized
4  investigation." *Amie v. Cnty. of Los Angeles*, 2015 WL 13916130, at *5 (C.D.
5  Cal. Dec. 30, 2015) (citing Fed. R. Evid. 803(8)).  The DOJ Report is not unduly
6  prejudicial.  However, Defendants cite the DOJ Report in support of Defendants'
7  Statement of Fact No. 160 which states:  "Pursuant to California Assembly Bill
8  1506, the California DOJ conducted a thorough investigation of the incident and
9  issued a report in August 2024, concluding that, based on the totality of
10  circumstances, the evidence did not demonstrate that the Officer Defendants'
11  actions were unreasonable."  The burden of proof for criminal prosecution applied
12  in the DOJ's Report is different from the burden of proof applicable in this civil
13  case.   Therefore, the Court SUSTAINS Plaintiffs' objections to Defendants' Ex.
14  25 to the extent Defendants rely on the DOJ's findings therein to demonstrate that
15  the Defendants Officers' actions were reasonable.

16           **5.      Defendants' Ex. 27 – Toxicology Report (CPD 138-139)**
17           Plaintiffs object to Defendants' Ex. 27 on the ground it is information
18  unknown to the Officer Defendants, and it is irrelevant, unduly prejudicial and
19  inadmissible character evidence pursuant to Fed. R. Evid. 401, 402, 403, 404, and
20  801.  The Court SUSTAINS Plaintiffs' objections to Defendants' Ex. 27 because
21  it is not relevant to what the Defendant Officers knew at the time incident in
22  determining whether the Defendant Officers' use of deadly force was reasonable,
23  deliberately indifferent or shocked the conscience, or was negligent.  *See Kingsley*,
24  576 U.S. at 397.

25  **B.    Defendants' Evidentiary Objections (Dkt. Nos. 54-6)**
26           **1.      Plaintiffs' Ex. G, H, I, and O**
27           Plaintiffs' Ex. G are screenshots from the Defendant Officers' bodycam
28  videos during the incident.  Plaintiffs' Exs. H and I are screenshots from

4

Defendant Officer Sun's bodycam video during the incident. Plaintiffs' Ex. O is a "4-up video" which synchronizes and places side by side the bodycam videos of the different Defendant Officers during the incident. Defendants object to Plaintiffs' Ex. G H, I, and O on the basis the exhibits were not available to officers at the time of the incident and therefore are not relevant to the totality of the circumstances known to officers. However, Plaintiffs' Ex. G, H, I, and O are relevant to demonstrate what the Defendant Officers knew at the time of the incident and are relevant for determining whether the Defendant Officers' use of deadly force was objectively reasonable from the perspective of a reasonable officer on the scene. *See Kingsley*, 576 U.S. at 397. Therefore, the Court OVERRULES Defendants' objections to Plaintiffs' Exs. G, H, I, and O.

### 2. Declaration of Scott Holdaway

Plaintiffs filed a declaration from Scott Holdaway in support of their opposition to Defendants' summary judgment motion, who declares he is a "Forensic Video Analyst" and attaches videos wherein he synchronized four body-worn camera videos from officers during the incident which were produced by Defendants. (Dkt. No. 51, Holdaway Decl. ¶¶ 2-8.) Defendants object to the entirety of Holdaway's declaration on the ground Holdaway relies on unreliable data and facts, fails to establish the necessary qualifications and expertise, and includes improper legal conclusions.

Defendants do no identify what data or facts relied on by Holdaway are unreliable. Holdaway declares that he reviewed the Complaint, the body-worn camera videos of the Defendant Officers from the incident, the body-worn camera videos of other officers from the incident, and surveillance video from the Country Liquor store where the incident occurred. (Holdaway Decl. ¶ 3.) Holdaway declares he reviewed and used videos, images and frames of videos produced by Defendants in this litigation. (*Id*. ¶¶ 4-8.) Therefore, the Court OVERRULES Defendants' objection to Holdaway's declaration based on their contention

5

Holdaway relied on unreliable data and facts.

Defendants do not identify what portion of Holdaway's declaration are purported improper legal conclusions.  Therefore, the Court OVERRULES Defendants' objections to Holdaway's declaration on the basis it includes improper legal conclusions.

Defendants do not explain what "necessary qualifications and expertise" Holdaway purportedly lacks.  Holdaway declares he is "a Forensic Video Analyst with over six years of experience and expertise in video clarification, timing, graphics, stabilization, and conversions," he has "experience as an instructor teaching classes on digital video production and editing," and he has "a Bachelor of Arts Degree in Digital Media Arts, graduating with honors as magna cum laud." (Holdaway Decl. ¶ 2.)  Therefore, the Court OVERRULES Defendants' objections to Holdaway's declaration on the basis he lacks the necessary qualifications and expertise.

### 3. Declaration of Roger Clark

Defendants object to the entire declaration of Plaintiffs' police practices expert Roger Clark on the ground he relies on unreliable data and facts, fails to establish the necessary qualifications and expertise, and includes improper legal conclusions.

Defendants do not identify nor explain what data or facts relied on by Clark are unreliable.  Clark declares he reviewed "involved officer body-worn camera videos; deposition transcripts of Defendants; statements of the officers involved; investigative records; photographs of the scene and evidence; autopsy report; policies and training documents; POST Learning Domains; Plaintiffs' Complaint and the Protective Order" (Clark Dec. ¶ 4) and states his declaration and opinions are based on his review of these materials and based on his experience and knowledge of law enforcement training and standards (*id*. ¶ 5).  Therefore, the Court OVERRULES Defendants' objection on the basis Clark relied on unreliable

data and facts.

Defendants do not explain the "necessary qualifications and expertise" Clark purportedly lacks. Clark's declaration sets forth his qualifications, experience and training. (*See* Clark Decl. ¶ 3.) Therefore, the Court OVERRULES Defendants' objection on the basis Clark lacks the necessary qualifications and expertise.

Defendants do not identify any improper legal conclusions by Clark. "Questions as to the correctness of Clark's opinions, or the relative weaknesses or strengths of the factual underpinnings of Clark's opinions, are questions that go the weight of the opinions, not their admissibility." *Est. of Elkins v. Pelayo*, 2022 WL 1123117, at *3 (E.D. Cal. Apr. 14, 2022). Therefore, the Court OVERRULES Defendants' objections to Clark's declaration based on improper legal conclusions.

**IT IS SO ORDERED.**

DATED: October 14, 2025.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE