**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.V. and X.V., minors by and through their guardian *ad litem*, Karla Juarez; D.V., a minor, by and through his guardian *ad litem*, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., individually;<br><br>          Plaintiffs,<br>vs.<br><br>CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN; DOES 1-10, inclusive,<br><br>          Defendants. | Case No.: 5:23-cv-01562-CBM-SHK<br><br>[*Honorable Consuelo B. Marshall* Magistrate Judge Shashi H. Kewalramani]<br><br>**PLAINTIFFS' MOTION FOR AN ORDER CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS AND RETAIN JURISDICTION**<br><br>Hearing Date:  Feb. 24, 2026<br>Time:          10:00 am<br><br>[[Proposed] Order; Declaration of Marcel F. Sincich and exhibits thereto *filed concurrently herewith*] |

**TO THE HONORABLE COURT AND DEFENDANTS, CITY OF COVINA, VANESSA CARDOZA, DAVID MEADOWS, AND BILLY SUN THROUGH THEIR ATTORNEYS OF RECORD**:

      Plaintiffs E.V. and X.V., minors by and through their guardian *ad litem*, Karla Juarez; D.V., a minor, by and through his guardian *ad litem*, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; and LUIS VALDIVIA JR., individually, hereby move,

pursuant to the cases cited in Plaintiffs' memorandum of points and authorities, <u>for an order certifying the interlocutory appeal</u> filed by Defendants CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN <u>as frivolous</u> and retaining jurisdiction. This motion is based on the attached memorandum of points and authorities, the supporting Declaration of Marcel F. Sincich, the pleadings and other papers on file in this action, and all matters of which the Court may take judicial notice.

Defendants filed their notices of appeal on November 12, 2025. (Doc. 71.) The pretrial conference in this case was scheduled for December 16, 2025, and trial was scheduled to begin on January 20, 2026. (Doc. 70.) Thus, this frivolous interlocutory appeal has already unjustifiably delayed Plaintiffs' opportunity for trial. Plaintiffs are requesting an order certifying Defendants' appeals as frivolous and retaining jurisdiction in order to avoid any additional undue delay in Plaintiffs' case proceeding to trial. Plaintiffs will suffer prejudice if this case remains stayed pending Defendants' unmeritorious appeals to the Ninth Circuit. With respect to the issue of prejudice, Plaintiffs submit, by way of example, the case of *Sandoval v. Cnty. of Los Angeles*, Ninth Cir. Case No. 10-55733, Dist. Ct. Case No. CV 09-03428 PSG (SSx). (Sincich Decl. at ¶6; See "Ex. D"). *Sandoval*, like this case, was a Fourth Amendment excessive force civil rights case arising from an encounter with law enforcement. In *Sandoval*, as in this case, the court denied the defendants' motion for summary judgment based on qualified immunity. On appeal, the Ninth Circuit ultimately affirmed. Echoing the district court's summary judgment ruling in *Sandoval*, the Ninth Circuit tersely held that disputed issues of material fact preclude a finding of qualified immunity at the summary judgment stage. *Id*. The defendants' unsuccessful appeal in *Sandoval* nevertheless resulted in a two year and seven-month delay in that trial.

Unless this Court certifies Defendants' appeals as frivolous in accordance with Ninth Circuit and Supreme Court precedent, Defendants' appeals could result

(as in the *Sandoval* case) in a two- or three-year delay in the trial. The heavy weight
of such potential prejudice to Plaintiffs justifies the Court granting this Motion.
There are multiple avenues of potential prejudice to Plaintiffs from such a delay:
memories fading; witnesses moving away; attorneys' fees mounting; and the time
value of the delay in terms of Plaintiffs' delayed remedies. Further, in addition to
consuming the resources of the appellate court, such a lengthy appeal would cut
across the public interest in the expeditious and efficient resolution of litigation.
Accordingly, Plaintiffs request that the Court enter the proposed order filed
concurrently herewith, which would certify that Defendants' interlocutory appeals
are frivolous because they are appeals from a denial of summary judgment on the
grounds of the existence of disputed questions of material fact. (See Doc. 66).
Because the appeal is frivolous, this Court would retain jurisdiction over this matter,
and the matter would proceed to trial at the Court's convenience in 2026.

The parties met and conferred in advance of the filing of this motion in
compliance with the local rules, as follows. On January 2, 2026, Plaintiffs' counsel
Marcel F. Sincich, and Defendants' Counsel Safi Henson and Susannah Conn, met
and conferred telephonically regarding Plaintiffs' intention to seek an order from the
district court certifying Defendants' appeals as frivolous, and, if necessary, to move
to dismiss the appeal filed by the Defendants in the Ninth Circuit. Also on January
2, 2026, counsel for the parties exchanged emails whereby Plaintiffs provided
authority for their position and Defendants provided their intent to oppose Plaintiffs'
motion. (Sincich Decl. at ¶2).

Respectfully submitted,

DATED: January 23, 2026        **LAW OFFICES OF DALE K. GALIPO**

                               */s/    Marcel F. Sincich*
                               Dale K. Galipo, Esp.
                               Marcel F. Sincich
                               *Attorneys for Plaintiffs*

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3         This civil rights action arises from the excessive and unreasonable shooting of

4    Decedent Daniel Valdivia by Officers Vanessa Cardoza, Billy Sun, and David

5    Meadows, on April 9, 2022. Viewing the evidence in the light most favorable to

6    Plaintiffs, Officers rapidly approached Valdivia in a parking lot, failed to give a

7    warning, failed to de-escalate, and failed to attempt less-intrusive alternatives; then

8    Officers repeatedly shot Valdivia after he complied with several commands, put his

9    hands up, got on the ground, and when he was not resisting, not fleeing, and had

10   visibly empty hands—when he did not pose an immediate threat of death or serious

11   bodily injury. Defendants' Motion for Summary Judgment failed by their

12   impermissible addition of hindsight evidence, and unsupported arguments based on

13   self-serving statements that lack credibility and require jury scrutiny.

14        Plaintiffs brought this action under 42 U.S.C. §1983 and California state law

15   against the Defendant Officers and City of Covina. All Defendants previously

16   moved for summary judgment on all of Plaintiffs' §1983 claims and state law

17   claims. On October 14, 2025, this Court denied Defendants' motions in full with

18   respect to Plaintiffs' claims for excessive force under 42 U.S.C. §1983, interference

19   with familial relations under the Fourteenth Amendment, and battery, negligence

20   and violation of the Bane Act under California law. (Doc. 66, attached to the Sincich

21   Decl. as "Exhibit A.") Within their motion for summary judgment, Defendants

22   argued that the defendant officers are entitled to qualified immunity on Plaintiffs'

23   federal claims. (Doc. 44.) This Court correctly denied the Defendant Officers'

24   request for qualified immunity with respect to their use of deadly force against

25   Valdivia. (Doc. 66.) On November 12, 2025, Defendants noticed their appeal this

26   Court's Order denying qualified immunity on summary judgment to the Ninth

27   Circuit Court of Appeals. (Doc. 71.) Plaintiffs now move for an order that this Court

28   certify Defendants' appeals as frivolous and retain jurisdiction for trial in 2026.

## II.   **LEGAL STANDARD**

The Supreme Court of the United States was very clear on its instruction on matters just here, "immediate appeal from the denial of summary judgment on a qualified immunity plea is available when the appeal presents a 'purely legal issue....' However, instant appeal is not available ... when the district court determines that factual issues genuinely in dispute preclude summary adjudication." *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011). In determining whether to stay proceedings pending appeal of a denial of qualified immunity, district courts must weigh the interests of the defendants claiming immunity from trial with the interest of the other litigants and the judicial system. "During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic (to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined." *Apostol v. Gallion*, 870 F.2d 1335, 1338-39 (7th Cir. 1989). A stay is automatic only where the appeal is not frivolous and turns on an issue of law. *Chuman v. Wright*, 960 F.2d 104, 104 (9th Cir. 1992); *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Where a district court certifies an appeal as frivolous, the district court may proceed with trial. *Rodriguez v. City of Los Angeles*, 891 F.3d 776, 790-92 (9th Cir. 2018).

## III.   **DISCUSSION**

### A.   **The Ninth Circuit Lacks Jurisdiction to Consider Interlocutory Appeals from the Denial of Qualified Immunity on the Basis that Material Facts are in Dispute**

Whether the Ninth Circuit has jurisdiction to hear an interlocutory appeal from the denial of qualified immunity on summary judgment depends on the basis of the denial. *Maropulos v. Cnty. of Los Angeles*, 560 F.3d 974, 975 (9th Cir. 2009); *see Plumhoff v. Rickard*, 572 U.S. 565, 772 (2014). Appellate courts have jurisdiction to hear an interlocutory appeal from a denial of qualified immunity when the question involves a matter of law. *See Mitchell*, 472 U.S. at 528 (holding that a district court's denial of a claim of qualified immunity is an appealable "final

decision" within the meaning of 28 U.S.C. § 1291 "to the extent that it turns on an issue of law"); *see also Collins v. Jordan*, 110 F.3d 1363, 1370 (9th Cir. 1996). By contrast, "[w]here the district court denies immunity on the basis that material facts are in dispute, [appellate courts] generally lack jurisdiction to consider an interlocutory appeal." *Collins*, 110 F.3d at 1370; *see also Scott v. Harris*, 550 U.S. 372 (2007); *Johnson v. Jones*, 515 U.S. 304, 307 (1995) ("A defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial."). In other words, an order denying qualified immunity on the basis of disputed material facts is not a final, immediately appealable order. *Johnson*, 515 U.S. at 313-20; *see also Behrens v. Pelletier*, 516 U.S. 299, 308 (1996).

The filing of an interlocutory appeal generally divests the district court of jurisdiction to proceed with trial. *Chuman*, 960 F.2d at 104. However, because this result could potentially disrupt and delay trial court proceedings, the Ninth Circuit has held that a district court may proceed with trial if the defendant's appeal is frivolous. *Id.* (citing *Apostol*, 870 F.2d at 1335); *Rodriguez*, 891 F.3d at 790-92. "An appeal is frivolous if it is wholly without merit." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002); *see also In re George*, 322 F.3d 586, 591 (9th Cir. 2003). A qualified immunity claim may be certified as frivolous where it does not invoke appellate jurisdiction, such as where the denial is based on disputed issues of material fact. *See Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996); *Apostol*, 870 F.2d at 1339.

Here, the Court properly denied summary judgment and qualified immunity because there are disputed issues of material fact, rendering the order not immediately appealable. The Court correctly applied the Rule 56 standard that the evidence must be viewed in the light most favorable to the nonmoving party and that there be no genuine issues of material fact. (Doc. 66, Order at 2:9-12.) The Court

also correctly found that it does not make credibility determinations but does resolve
all justifiable inferences in the nonmovant's favor. (*Id.* at 2:21-26.) Noting that the
most important factor is whether the subject was an immediate threat, the Court
properly applied the standards outlined by the Ninth Circuit and Supreme Court.
(See *id*. at 3:28-4:8.) In its analysis, the Court recognized that the Defendants
contended that Decedent disregarded commands, reached for his waist band and
pointed a gun at the officers before they shot him. (*Id.* at 4:9-14, 5:8-9.) Because the
law requires this fear to be objectively reasonable to justify the use of deadly force,
the Court analyzed the primary dispute of fact in detail. The Court highlighted that
Plaintiffs presented objective photographic and video evidence showing that at the
time of the shots, Decedent's gun was already on the ground in front of him, and
that previously, Decedent did not attempt to flee, was not resistive, showed acts of
compliance, was not an immediate threat of death or serious bodily injury, that
Decedent did not point the gun at officers, Decedent was lying unarmed on the
ground at the time. (*Id.* at 5:9-21.) Construing all facts in the light most favorable to
Plaintiffs, the Court correctly held that it could not credit the Defendants testimony
that Decedent pointed his gun at officer or assume that Decedent took other
objectively threatening actions. (*Id.* at 5:22-25.) Thus, the Court held that the record
showed genuine issues of disputed fact, that must be determined by a jury, prior to a
Court determining whether Decedent posed an immediate threat to officers and
whether the officers' use of deadly force was objectively reasonable. (*Id.* at 5:26-
6:6.) Therefore, the Court's Order denying summary judgement and qualified
immunity is not immediately appealable under the law.

> **B.     This Court Denied Qualified Immunity to Defendant Officers on
> the Basis of Material Factual Disputes; Thus, This Court Should
> Certify the Appeals as Frivolous**

Here, it is clear that this Court's Order denying summary judgment to the
Defendant officers on qualified immunity grounds was premised on material factual

1  disputes. (Doc. 66, Order at 6-7.) On October 14, 2025, this Court denied

2  Defendants' motions for summary judgment with respect to Plaintiffs' claims for

3  excessive force under 42 U.S.C. §1983, interference with familial relations under

4  the Fourteenth Amendment, and battery, negligence and violation of the Bane Act

5  under California law. (Doc. 66.) In denying qualified immunity to the Defendant

6  officers, this Court stated, "There is evidence in the record creating a genuine issue

7  of dispute fact as to whether the Decedent pointed his gun at officers, and therefore

8  the Court cannot determine at the summary judgment stage whether Decedent posed

9  an immediate threat to officers and the Defendant Officers' use of deadly force was

10  objectively reasonable." (*Id*. at 5:26-6:2.)

11      Regarding the Defendant officers' entitlement to qualified immunity for their

12  use of deadly force against Valdivia, this Court was very clear in explaining that

13  factual disputes prevent this Court from determining whether there was an

14  immediate threat of death or seriously bodily injury when the defendant officers shot

15  Valdivia. For example, this Court stated, "there is a genuine issue of material fact in

16  dispute regarding whether Decedent pointed his gun at officers and posed an

17  immediate threat to officers. Resolving facts and inferences in favor of Plaintiffs

18  who are the non-moving party as required here, if Decedent was not pointing his

19  gun at officers and did not pose an immediate threat to officers when shots were

20  fired at Decedent, a reasonable jury could find the Defendants Officers' use of

21  deadly force against Decedent shocks the conscience and that officers used deadly

22  force against Decedent with a purpose to harm without regard to legitimate law

23  enforcement objectives, which precludes summary judgment in favor of Defendants

24  on Plaintiffs' Fourteenth Amendment due process claim." (*Id*. at 9:2-12.)

25      In reaching this conclusion, this Court quoted *Smith v. City of Hemet*, 394

26  F.3d 689, 701 (9th Cir. 2005) for the proposition that because the excessive force

27  inquiry "nearly always requires a jury to sift through disputed factual contentions,

28  and to draw inferences therefrom, [the Ninth Circuit] has held on many occasions

1  that summary judgment ... in excessive force cases should be granted sparingly." *Id*.

2  The Court also pointed out, that based on Plaintiffs' facts, the law does not tolerate

3  deadly force against unarmed, nondangerous subjects and that even if the subject

4  had a gun it does not render the use of deadly force reasonable. (Order at 5:1-7.)

5  Naturally, moving to the second prong of qualified immunity, the Court correctly

6  first construed the facts in light most favorable to Plaintiffs (i.e., unarmed non-

7  threatening subject on the ground) in order to analyze whether the law was clearly

8  established. In doing so, the Court determined that the law was clearly established

9  that "an officer may not use deadly force to apprehend a suspect where the suspect

10 poses no immediate threat to the officer or others." (Order at 7:6-16, citing

11 authority.) On that basis, "Defendants are not entitled to qualified immunity."

12 (Order at 7:16-18.) Therefore, the instant appeal is not available because this Court

13 clearly and appropriately determined that factual issues genuinely in dispute

14 preclude granting summary judgment in this case. *See Ortiz*, 562 U.S. at 188.

15       **C.**    **To the Extent that Defendants Argue that Their Appeals are Based**

16           **on This Court's Denial of Qualified Immunity on the Basis That**

17           **the Defendant Officers Violated Clearly Established Law,**

18           **Defendants Must Assume Plaintiffs' Version of the Facts, Which**

19           **They Did Not**

20     In *Craig v. Cnty. of Orange, et al.*, Case No. SACV 17-00491-CJC (KESx),

21 Judge Cormac J. Carney, sitting for the Central District of California, granted the

22 *Craig* plaintiffs' motion to certify the defendants' appeal as frivolous. (*See* "Ex. B"

23 to Sincich Decl.) In his order granting the *Craig* plaintiffs' motion to certify the

24 defendants' appeal as frivolous, Judge Carney first held that under *Johnson v. Jones*,

25 *supra*, a defendant may not appeal a district court's order denying summary

26 judgment "insofar as that order determines whether or not the pretrial record sets

27 forth a 'genuine' issue of fact for trial." *Id*. at 3:23-28. Next, Judge Carney held that

28 because the *Craig* defendants asserted their own version of the facts in their motion

for summary judgment, the *Craig* defendants could not appeal the district court's determination that the officer's use of force violated clearly established law. *Id*. at 4:14-17; *see Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945-46 (9th Cir. 2017) (holding that a "defendant may appeal a district court's denial of qualified immunity on the basis that his conduct did not violate clearly established law, so long as the defendant assumes the plaintiff's version of the facts.").

In their motions for summary judgment and replies thereto, Defendants City of Covina, Vanessa Cardoza, David Meadows, and Billy Sun challenged the sufficiency of Plaintiffs' evidence and asserted their own version of the facts. (*See* Docs. 44, 54.) For example, Defendants argued that Valdivia "retrieved and started pointing a gun at officers," which is blatantly contradicted by Defendant Sun's body-worn camera showing Valdivia lying down on the ground with the gun visibly out of his hands and contradicted by Plaintiffs' facts. (Doc. 44 at 14:5-6.) Defendants also argued in their motions for summary judgment that Officers Sun and Meadows reasonably believed that they were in danger of being shot by Mr. Valdivia. (*Id*. at 44:10-20.) Defendants further argued that Officer Cardoza reasonably believed that she perceived Valdivia continuously pointing a gun in the direction of her partners during her five shots. (*Id*. at 44:24-25.) By contrast, on Plaintiffs' facts, Valdivia was lying prone on the ground, with his hands visibly empty and having just tossed the replica gun out in front of him and had never pointed the replica gun at officers or any other person prior to or during the shooting. Thus, viewing the facts in the light most favorable to Plaintiffs, this Court appropriately denied summary judgment because there were genuine issues of fact as to whether the defendant officers reasonably believed that Valdivia posed an immediate threat of death or serious bodily injury to the defendant officers.

Plaintiffs' version of the facts puts the defendant officers' conduct squarely at odds with the clearly established law in the following cases: *Wilkinson*, 610 F.3d at 550 ("Case law has clearly established that an officer may not use deadly force to

1    apprehend a suspect where the suspect poses no immediate threat to the officer or

2    others." (citing *Tennessee v. Garner*, 471 U.S. 1, 11 (1985)); *Curnow v. Ridgecrest*

3    *Police*, 952 F.2d 321, 325 (9th Cir. 1991) (defendants not entitled to qualified

4    immunity where, in one witness' version of the shooting, "Curnow did not point the

5    gun at the officers and apparently was not facing them when they shot him the first

6    time."); *Estate of Lopez v. Gelhaus*, 871 F.3d 998, 1008-1010 (9th Cir. 2017)

7    (finding the armed subject's position and movement immediately prior to the

8    shooting did not support a reasonable belief of a threat); *Zion v. Cnty. of Orange*,

9    874 F.3d 1072, 1076 (9th Cir. 2017) ("If a jury determines that [Valdivia] no longer

10   posed an immediate threat any deadly force [Defendant Officers] used after that

11   time violated long-standing Fourth Amendment law.").

12          In their reply brief, Defendants argued that the foregoing cases cited by

13   Plaintiffs in their opposition to Defendants' motions for summary judgment are

14   inapposite to the instant case. In doing so, Defendants relied on their own version of

15   the facts. For example, Defendants argue that *Zion*, *supra*, is inapposite because the

16   officer in *Zion* had time to approach the suspect and fire a second volley of shots.

17   (Doc. 54 at 7.) On Plaintiffs' facts in the instant case, however, Defendant Officers

18   admit that they also had time to reassess the situation between each and every shot

19   fired. Defendants argue that *Curnow, supra*, is also inapposite because there was no

20   video evidence and there were genuine disputes as to whether the suspect pointed a

21   gun at the officers or was even facing them. (Doc. 54 at 8.) On Plaintiffs' facts in the

22   instant case, however, there is video evidence that shows that Valdivia was unarmed

23   and was lying prone on the ground not facing the Defendant officers when they shot

24   and killed him. The key issue in this case—whether Defendant Officers were in an

25   immediate defense of life situation at the time of the shots—is hotly disputed. As

26   Defendants rely on this disputed fact to distinguish Plaintiffs' cases, Defendants

27   cannot articulate a proper basis for their interlocutory appeal.

28

Case 5:23-cv-01562-CBM-ACCV    Document 74    Filed 01/23/26    Page 12 of 12    Page ID #:1686

**D.    If This Court Does Not Certify Defendants' Appeals as Frivolous in Accordance with Ninth Circuit and Supreme Court Precedent, Plaintiffs Will Suffer Prejudice**

Unless this Court certifies Defendants' appeals as frivolous in accordance with Ninth Circuit and Supreme Court precedent, Defendants' unmeritorious appeals could result, as in *Sandoval v. Cnty. of Los Angeles*, Case No. 10-55733, Dist. Ct. Case No. CV 09-03428 PSG (SSx), in a two- or three-year delay in the trial. There are multiple avenues of potential prejudice to Plaintiffs from such a delay: memories fading; witnesses moving away; attorneys' fees mounting; and the time value of the delay in terms of Plaintiffs' delayed remedies. Further, in addition to consuming the resources of the appellate court, a potentially lengthy appeal would cut across the public interest in the expeditious and efficient resolution of litigation. Accordingly, Plaintiffs request that the Court enter the proposed order filed concurrently herewith, which would certify that Defendants' interlocutory appeal is frivolous because it is an appeal from a denial of summary judgment on the grounds of the existence of disputed questions of material fact. (*See* Doc. 66.) Because the appeal is frivolous, this Court would retain jurisdiction over this matter, and the matter would proceed to trial in 2026.

## IV.    CONCLUSION

For each of the foregoing reasons, Plaintiffs respectfully request this Court grant this *ex parte* application and issue an order certifying the interlocutory appeal filed by Defendants City of Covina, Vanessa Cardoza, David Meadows, and Billy Sun as frivolous.

Respectfully submitted,

DATED: January 23, 2026                    **LAW OFFICES OF DALE K. GALIPO**

                                                                    */s/    Marcel F. Sincich*
                                                                    Dale K. Galipo, Esp.
                                                                    Marcel F. Sincich
                                                                    *Attorneys for Plaintiffs*