# "EXHIBIT A"

Case 5:23-cv-01562-CBM-SHK    Document 64-2    Filed 04/25/26    Page 1 of 12    Page ID #:1692

1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez, *et al*., | Case No.:  5:23-cv-1562-CBM-SHK |
| Plaintiffs, | **ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| CITY OF COVINA *et al*., | |
| Defendants. | |

16

17          The matter before the Court is Defendants' Motion for Summary Judgment.

18     (Dkt. No. 44.)

19                           **I.      BACKGROUND**

20          This is a civil rights action arising from an incident on April 9, 2022 during

21     which Covina Police Department ("CPD") officers fired shots at decedent Daniel

22     Luis Valdivia ("Decedent").  On August 4, 2023, Plaintiffs filed the Complaint

23     against the City of Covina ("City") and CPD officers Vanessa Cardoza, David

24     Meadows, and Billy Sun (collectively, "Officer Defendants"), asserting the

25     following causes of action:  (1) Fourth Amendment—Detention and Arrest, 42

26     U.S.C. § 1983; (2) Fourth Amendment—Excessive Force, 42 U.S.C. § 1983; (3)

27     Fourth Amendment—Denial of Medical Care, 42 U.S.C. § 1983; (4) Substantive

28     Due Process, 42 U.S.C. § 1983; (5) Municipal Liability (*Monell*)—Inadequate

                                             1

Training, 42 U.S.C. § 1983; (6) Municipal Liability (*Monell*)—Unconstitutional

Custom, Practice or Policy, 42 U.S.C. § 1983; (7) Battery (survival and wrongful

death); (8) negligence (survival and wrongful death); and (9) violation of Cal. Civ.

Code § 52.1. On June 3, 2025, the Court granted the parties' stipulation for

voluntary dismissal of Plaintiffs' first, third, fifth and sixth causes of action

without prejudice. (Dkt. No. 46.) Defendants now move for summary judgment

on Plaintiffs' remaining claims.

## II.    STATEMENT OF THE LAW

On a motion for summary judgment, the Court must determine whether,

viewing the evidence in the light most favorable to the nonmoving party, there are

any genuine issues of material fact. *Simo v. Union of Needletrades, Indus. &*

*Textile Employees*, 322 F.3d 602, 609-10 (9th Cir. 2003); Fed. R. Civ. P. 56.

Summary judgment against a party is appropriate when the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A

factual dispute is "material" only if it might affect the outcome of the suit under

governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An

issue is "genuine" only if there is a sufficient evidentiary basis on which a

reasonable jury could find for the non-moving party. *Id*. at 249. The evidence

presented by the parties must be admissible. Fed. R. Civ. P. 56(e).[1]  In judging

evidence at the summary judgment stage, the Court does not make credibility

determinations or weigh conflicting evidence. *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Rather, "[t]he evidence of

the nonmovant is to be believed, and all justifiable inferences are to be drawn in

[the nonmovant's] favor." *Anderson*, 477 U.S. at 255.

---

[1] The Court's rulings re: the parties' evidentiary objections (Dkt. Nos. 48-3, 54-6) are set forth in a separate order.

# III.  DISCUSSION

## A.  Excessive Force—Fourth Amendment (Second Cause of Action)

### (1)  Reasonable Use of Force

Officer Defendants Cardoza, Meadows and Sun move for summary judgment on Plaintiffs' second cause of action for violation of the Fourth Amendment based on excessive force on the ground it is undisputed the force used was reasonable under the totality of the circumstances facing the officers.

To determine whether a seizure was unreasonable because officers used excessive force, the Court must determine whether the force was not "objectively reasonable" in light of the facts and circumstances confronting the officer, which "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor,* 490 U.S. 386, 397 (1989) (citation omitted); *see also Villanueva v. California*, 986 F.3d 1158, 1169 (9th Cir. 2021); *Wilkinson v. Torres*, 610 F.3d 546, 551 (9th Cir. 2010).  "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Kingsley*, 576 U.S. at 397.

The list of factors to consider identified in *Graham v. Connor* "isn't exhaustive; [the Court] may also consider other relevant factors, such as 'the availability of less intrusive alternatives to the force employed, whether proper warnings were given[,] and whether it should have been apparent to officers that the person they used force against was emotionally disturbed.'" *Est. of Strickland v. Nevada Cnty.*, 69 F.4th 614, 619 (9th Cir. 2023) (quoting *S.B. v. Cnty. of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017), *cert. denied*, 144 S. Ct. 559, 217 L. Ed. 2d 297 (2024); *see also Robinson v. Solano Cnty.*, 278 F.3d 1007, 1014 (9th Cir. 2002).  However, "[o]f all the use-of-force factors, the 'most important' is

3

1    whether the suspect posed an 'immediate threat." *Strickland*, 69 F.4th at 620

2    (citations omitted).  "Because [the excessive force inquiry] nearly always requires

3    a jury to sift through disputed factual contentions, and to draw inferences

4    therefrom, [the Ninth Circuit has] held on many occasions that summary judgment

5    or judgment as a matter of law in excessive force cases should be granted

6    sparingly." *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005) (citation

7    omitted), *disapproved of on other grounds by Lemos v. Cnty. of Sonoma*, 40 F.4th

8    1002 (9th Cir. 2022).

9         Here, Defendants argue the "key factor" in this case is whether Decedent

10   posed an immediate threat to the safety of the officers.  Defendants contend this

11   factor "weighs conclusively in favor of summary judgment" because the

12   undisputed evidence shows Decedent disregarded multiple commands not to reach

13   for his waistband and instead reached for, retrieved, and started pointing a gun at

14   the officers, and under these circumstances the law "clearly authorized the officers

15   to use deadly force."  Because the Court's "inquiry is about objective

16   reasonableness, there must be 'objective factors' to justify an officer's 'fear[] for

17   his safety or the safety of others." *Strickland*, 69 F.4th at 620 (citation omitted).

18   "[T]he objective facts must indicate that the suspect pose[d] an immediate threat

19   to the officers or a member of the public." *Id*. (internal quotations and citation

20   omitted).  "This analysis is not static, and the unreasonableness of force may

21   change as the circumstances evolve." *Id*. (quotations and citation omitted).

22   "[W]hen a suspect points a gun in an officer's direction, the Constitution

23   undoubtedly entitled to officer to respond with deadly force." *Id*. (quotations and

24   citation omitted); *see also George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013).

25   Moreover, "[r]easonableness also doesn't always require[ ] officers to delay their

26   fire until a suspect turns his weapon on them," and "[i]f the person is armed—or

27   reasonably suspected of being armed—a furtive movement, harrowing gesture, or

28   serious verbal threat might create an immediate threat." *Strickland*, 69 F.4th at

4

1  620 (quotation and citation omitted).  However, "the Constitution does not tolerate

2  the use of lethal force to seize an unarmed, nondangerous suspect by shooting him

3  dead in the absence of probable cause of a threat of serious physical harm." *Id*.

4  (quotations and citation omitted).  Moreover, the fact that "the suspect was armed

5  with a deadly weapon does *not* render the officers' response per se reasonable

6  under the Fourth Amendment." *Napouk v. Las Vegas Metro. Police Dep't*, 123

7  F.4th 906, 917 (9th Cir. 2024) (emphasis in original) (citation omitted).

8      Here, Defendants' version of the incident is that Decedent reached for his

9  gun and pointed it at officers before they fired shots at him.  However, Plaintiffs

10  submit photographic evidence of still shots from officers' body cam footage

11  showing that shots were fired at Decedent by officers after Decedent's gun was

12  already on the floor in front of Decedent.  (Plaintiffs' Ex. G.)  Plaintiffs also

13  submit a declaration from their police practices expert who declares based on his

14  review of the video evidence, Decedent did not attempt to flee, was not resistive,

15  showed acts of compliance by complying with commands to put his hands in the

16  air and to move his hands from his waistband area, and opines Decedent was not

17  an immediate threat of death or serious bodily injury at the time of the use of

18  deadly force because Decedent was lying on the ground when shots were fired,

19  Decedent did not point the gun at anyone prior to officers firing any shots,

20  Decedent dropped the gun to the ground in front of him prior to any shot being

21  fired, and Decedent did not have a weapon in his hand at the time of the shots.

22  (Clark Decl. ¶¶ 11, 12.)  Construing all facts in the light most favorable to

23  Plaintiffs (the non-moving party), the Court cannot credit the Defendant Officers'

24  testimony that Decedent pointed his gun at them nor assume Decedent took other

25  actions that would have been objectively threatening. *See George*, 736 F.3d at

26  838; *Nelson v. City of Davis*, 571 F.3d 924, 928 (9th Cir. 2009).  There is evidence

27  in the record creating a genuine issue of disputed fact as to whether the Decedent

28  pointed his gun at officers, and therefore the Court cannot determine at the

5

1 | summary judgment stage whether Decedent posed an immediate threat to officers

2 | and the Defendant Officers' use of deadly force was objectively reasonable. *See*

3 | *George*, 736 F.3d at 838; *see also Estate of Lopez v. Gelhaus*, 871 F.3d 998, 1003,

4 | 1010-11, 1023) (9th Cir. 2017); *Toussaint v. City of El Monte*, 2022 WL 2125140,

5 | at *4 (C.D. Cal. Jan. 27, 2022); *Rogers v. City of Spokane*, 2016 WL 1175108, at

6 | *5 (E.D. Wash. Mar. 23, 2016).

7 | **(2)    Qualified Immunity**

8 | Officer Defendants also move for summary judgment on Plaintiffs' second

9 | cause of action for excessive force under the Fourth Amendment on the ground

10 | they are entitled to qualified immunity because there is no evidence that the use of

11 | force violated any clearly established law. "Apprehension by deadly force is a

12 | seizure subject to the Fourth Amendment's reasonableness requirement."

13 | *Wilkinson*, 610 F.3d at 550 (*Graham*, 490 U.S. at 395). "However, an officer

14 | using deadly force is entitled to qualified immunity, unless the law was clearly

15 | established that the use of force violated the Fourth Amendment." *Id*. (citing

16 | *Brosseau v. Haugen,* 543 U.S. 194, 198 (2004)). In resolving questions of

17 | qualified immunity at summary judgment, courts engage in a two-pronged

18 | inquiry. *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014). Under the first prong, the

19 | court must consider whether the facts, taken in the light most favorable to the

20 | party asserting the injury, show the officer's conduct violated a federal

21 | right. *Id*. Under the second prong, the court must consider whether the right in

22 | question was "clearly established" at the time of the violation. *Id*. It is within the

23 | "sound discretion [of the Court] in deciding which of the two prongs of the

24 | qualified immunity analysis should be addressed first in light of the circumstances

25 | in the particular case at hand." *Ramirez v. City of Buena Park*, 560 F.3d 1012,

26 | 1020 (9th Cir. 2009) (citation and quotation omitted). A defendant is therefore

27 | entitled to qualified immunity if either: (1) "the facts that a plaintiff has alleged or

28 | shown [do not] make out a violation of a constitutional right"; or (2) if "the right

1 at issue was [not] clearly established at the time of defendant's alleged

2 misconduct." *James v. Rowlands*, 606 F.3d 646, 651 (9th Cir. 2010) (internal

3 quotations and citations omitted).

4       Here, Defendants argue there is no violation of any clearly established law

5 because "it is ***not*** unreasonable for the officers to use deadly force when the

6 suspect starts pointing a gun at them." "Case law has clearly established that an

7 officer may not use deadly force to apprehend a suspect where the suspect poses

8 no immediate threat to the officer or others." *Wilkinson*, 610 F.3d at 550 (citing

9 *Tennessee v. Garner*, 471 U.S. 1, 11 (1985)).  However, assuming the facts in

10 favor of the non-moving Plaintiffs as required on summary judgment, the law is

11 clearly established that use of deadly force against an individual who is not

12 threatening to officers and not pointing his gun at officers is not objectively

13 reasonable. *See Wilkinson*, 610 F.3d at 550; *Curnow v. Ridgecrest Police*, 952

14 F.2d 321, 325 (9th Cir. 1991); *Toussaint*, 2022 WL 2125140, at *8; *Est. of Lopez

15 by & through Lopez v. Gelhaus*, 871 F.3d 998, 1020 (9th Cir. 2017); *Zion v. Cty.

16 of Orange*, 874 F.3d 1072, 1076 (9th Cir. 2017).[2]  Accordingly, Defendants are

17 not entitled to qualified immunity on Plaintiffs' excessive force claim under the

18 Fourth Amendment.

19 **B.**   **Substantive Due Process—Fourteenth Amendment (Fourth Cause of**

20     **Action)**

21     **(1)**   **Valid Law Enforcement Objective and Conduct that Shocks the**

22       **Conscience**

23       Officer Defendants move for summary judgment on Plaintiffs' fourth cause

24 of action for violation of substantive due process on the ground it is undisputed

25 that the officers' actions were not taken for any purpose to harm unrelated to a

26

27 [2] *See also Santos v. Gates*, 287 F.3d 846, 852 (9th Cir. 2002), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565

28 (2009).

7

1  valid law enforcement objective, and did not shock the conscience.

2          A "substantive due process claim" under the Fourteenth Amendment "may

3  be asserted by both the parents and children of a person killed by law enforcement

4  officers" based on the "deprivation of their liberty interest arising out of their

5  relationship" with the decedent. *Moreland v. Las Vegas Metro. Police Dep't*, 159

6  F.3d 365, 371 (9th Cir. 1998), *as amended* (Nov. 24, 1998).[3]  "[O]nly [o]fficial

7  conduct that 'shocks the conscience' in depriving parents" of a familial

8  relationship with their child or depriving children of a familial relationship with

9  their parent "is cognizable as a violation of due process." *Napouk*, 123 F.4th at

10  923; *see also Zion*, 874 F.3d at 1077 (quoting *Wilkinson*, 610 F.3d at 554).[4]

11  "'Where actual deliberation [by the officers] is practical, then an officer's

12  'deliberate indifference' may suffice to shock the conscience.'" *Id*. (quoting

13  *Wilkinson*, 610 F.3d at 554).  "Deliberate indifference is the conscious or reckless

14  disregard of the consequences of one's acts or omissions. It entails something

15  more than negligence but is satisfied by something less than acts or omission for

16  the very purpose of causing harm or with knowledge that harm will result." *Gantt*

17  *v. City of Los Angeles*, 717 F.3d 702, 708 (9th Cir. 2013).  "But where . . . 'a law

18  enforcement officer makes a snap judgment because of an escalating situation, his

19  conduct may only be found to shock the conscience if he acts with a purpose to

20  harm unrelated to legitimate law enforcement objectives.'" *Napouk*, 123 F.4th at

21  923 (quoting *Wilkinson*, 610 F.3d at 554; citing *Porter v. Osborn*, 546 F.3d 1131,

22  1139 (9th Cir. 2008)).

---

23  [3] Plaintiffs E.V., X.V. and D.V. are the minor children of Decedent, Plaintiff
24  Jessica Valdivia is the mother of Decedent, and Plaintiff Luis Valdivia Jr. is the
   father of Decedent.  (Compl. ¶¶ 5-9.)

25  [4] "The Supreme Court has applied two different legal standards to substantive due
   process claims—a "'fundamental rights' standard" and a "'shocks the conscience'
26  standard, under which deliberate government action violates the Fourteenth
   Amendment if it is 'arbitrary' and 'unrestrained by the established principles of
27  private right and distributive justice.'" *Regino v. Staley*, 133 F.4th 951, 960 (9th
   Cir. 2025) (citations omitted).  Here, Plaintiffs' due process claim is based on the
28  "shocks the conscience theory." (*See* Compl. ¶¶ 56-61.)

1    Here, Defendants contend officers had to make a "snap judgment" when

2    Decedent reached for, retrieved, and pointed his gun at them.  However, there is a

3    genuine issue of material fact in dispute regarding whether Decedent pointed his

4    gun at officers and posed an immediate threat to officers.  Resolving facts and

5    inferences in favor of Plaintiffs who are the non-moving party as required here, if

6    Decedent was not pointing his gun at officers and did not pose an immediate threat

7    to officers when shots were fired at Decedent, a reasonable jury could find the

8    Defendants Officers' use of deadly force against Decedent shocks the conscience

9    and that officers used deadly force against Decedent with a purpose to harm

10   without regard to legitimate law enforcement objectives, which precludes

11   summary judgment in favor of Defendants on Plaintiffs' Fourteenth Amendment

12   due process claim.  *See Zion*, 874 F.3d at 1077; *Nicholson v. City of Los Angeles*,

13   935 F.3d 685, 693 (9th Cir. 2019); *Bishop v. City of Buckley*, 2024 WL 1701949,

14   at *6 (W.D. Wash. Apr. 19, 2024) (citing *Atienza v. Hall*, 2021 WL 3409254, at

15   *5 (N.D. Cal. Aug. 4, 2021)); *Scott v. Smith*, 109 F.4th 1215, 1229 (9th Cir. 2024).

16        **(2)    Qualified Immunity**

17        Officer Defendants also move for summary judgment on Plaintiffs'

18   substantive due process claim on the ground Defendants are entitled to qualified

19   immunity because there are no cases where a court has found officers were not

20   entitled to qualified immunity involving the same circumstances where the suspect

21   pulled a gun on officers within a few seconds.  Construing the facts in the light

22   most favorable to Plaintiffs (the non-moving party) that officers fired shots at

23   Decedent when he did not have gun in his hands, did not point the gun at officers,

24   and did not pose a threat to officers, the law was clearly established that officers

25   acted with deliberate indifference through immediate use of deadly force against

26   Decedent who was not engaged in any threatening behavior.  *See Nicholson*, 935

27   F.3d at 693.[5]  Accordingly, Defendants are not entitled to qualified immunity on

28
_____
[5] Here, Plaintiffs' police practices expert opines that the Defendant Officers'

1  Plaintiffs' Fourteenth Amendment due process claim.

2  **C.     Battery (Seventh Cause of Action)**

3       Defendants move for summary judgment on Plaintiffs' battery claim on the

4  ground it is undisputed that the force used by the officers was objectively

5  reasonable, and the City is not vicariously liable because there are no underlying

6  wrongful acts.  Because there is a genuine issue of material fact as to whether

7  Defendants' use of deadly force was objectively reasonable, the Court cannot

8  grant summary judgment in favor of Defendants on Plaintiffs' battery claim.

9  **D.     Negligence (Eighth Cause of Action)**

10      Defendants move for summary judgment on Plaintiffs' negligence claim on

11  the ground it is undisputed that the officers acted reasonably under the totality of

12  the circumstances and did not breach any duty of due care that they owed to the

13  Decedent, and the City is not vicariously liable because there are no underlying

14  wrongful acts.  "[O]fficers have a duty to act reasonably when using deadly

15  force." *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 629 (2013).  Here, there is a

16  genuine issue of material fact in dispute as to whether the Defendant Officers' use

17  of deadly force was objectively reasonable under the circumstances (*see* supra),

18  and whether Defendants' Officers breached their duty to act reasonably when

19  using deadly force, which precludes summary judgment in favor of Defendants on

20  Plaintiffs' negligence claim.  *See S.L. v. Cnty. of Riverside*, 2025 WL 1755147, at

21  *18 (C.D. Cal. June 23, 2025) (quoting *Tabares v. City of Huntington Beach*, 988

22  F.3d 1119, 1125 (9th Cir. 2021)).

23  **E.     Bane Act, Cal. Civ. Code § 52.1 (Ninth Cause of Action)**

24      Defendants move for summary judgment on Plaintiffs' Bane Act claim

25  under Cal. Civ. Code § 52.1 on the ground it is undisputed that there was no

26  _____

27  violated the standard of care, basic law enforcement training, and POST standards
by using deadly force against Decedent who was not an immediate threat to the
death or serious bodily injury of officers at the time of the use of the deadly force.

28  (Clark Decl. ¶¶ 11-12.)

underlying constitutional violation, there is no evidence of any specific intent to violate the Decedent's constitutional rights, and the City is not vicariously liable because there are no underlying wrongful acts.

"The elements of a Bane Act claim are essentially identical to the elements of a § 1983 claim, with the added requirement that the government official had a 'specific intent to violate' a constitutional right." *Chinaryan v. City of Los Angeles*, 113 F.4th 888, 907 (9th Cir. 2024) (citing *Hughes v. Rodriguez*, 31 F.4th 1211, 1224 (9th Cir. 2022); *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018)). "[A] reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." *Reese*, 888 F.3d at 1045. Here, there is a genuine issue of material fact in dispute regarding whether Decedent pointed his gun at officers and posed an immediate threat to officers. (*See* supra.) Resolving facts and inferences in favor of Plaintiffs (the non-moving party), if Decedent was not pointing his gun at officers and did not pose an immediate threat to officers when officers fired shots at Decedent, a reasonable jury could find that the Defendants Officers' use of deadly force against Decedent was objectively unreasonable and the Defendant officers acted with deliberate indifference or reckless disregard to Decedent's constitutional rights by using deadly force against Decedent who was not engaged in any threatening behavior, which precludes summary judgment in favor of Defendants on Plaintiffs' Bane Act claim. *See S.L.*, 2025 WL 1755147, at \*19.

## IV.    CONCLUSION

Accordingly, the Court **DENIES** Defendants' Motion for Summary Judgment.

**IT IS SO ORDERED.**

DATED:  October 14, 2025.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

11