# "EXHIBIT D"

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 04 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA SANDOVAL, personally and on behalf of The Estate of Victor Sandoval,

          Plaintiff - Appellee,

    v.

PETER HISH; et al.,

          Defendants - Appellants,

    —————————————

and

LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; et al.,

          Defendants.

No. 10-55733

D.C. No. 2:09-cv-03428-PSG-SS
U.S. District Court for Central California, Los Angeles

**MANDATE**



RECEIVED
CLERK, U.S. DISTRICT COURT

JAN - 4 2012

CENTRAL DISTRICT OF CALIFORNIA
BY             DEPUTY

      The judgment of this Court, entered December 12, 2011, takes effect this date.

      This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

                                  FOR THE COURT:
                                    Molly C. Dwyer
                                    Clerk of Court

                                    Synitha Walker
                                    Deputy Clerk

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

DEC 12 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA SANDOVAL, personally and on behalf of The Estate of Victor Sandoval, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> PETER HISH; GORDON BAKER; ERNEST FERREAS; GERARD VELONA, in their personal capacities, <br><br> Defendants - Appellants, <br><br> _____, <br><br> and <br><br> LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; COUNTY OF LOS ANGELES; JOE PURCELL, Sergeant; TADASHI HIRAOKE; JEFFREY KOCH; EDWIN ALVAREZ; MICHAEL DOWNING; ROBERT KENNY, in their personal and official capacities, <br><br> Defendants. | No. 10-55733 <br><br> D.C. No. 2:09-cv-03428-PSG-SS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted November 10, 2011
Pasadena, California

Before: SCHROEDER and REINHARDT, Circuit Judges, and HUDSON, District Judge.**

Defendants-Appellants are individual law enforcement officers for the County of Los Angeles who appeal the district court's denial of their motion for summary judgment on the basis of qualified immunity. Plaintiff-Appellee, Maria Sandoval, brought an action on behalf of herself and the Estate of Victor Sandoval, the decedent, pursuant to 42 U.S.C. § 1983. Victor Sandoval, a mentally ill individual, died as a result of positional asphyxia associated with restraint after Defendants used pepper spray and physical restraints to purportedly subdue him. The material facts were disputed, and the district court ruled that if the jury accepted Plaintiff's version of events, Defendants violated the decedent's clearly established right to be free from excessive force.

Contrary to Defendants' suggestion, all of the facts relied upon by the district court and in the Plaintiff's appellate brief are supported by evidence in the district court record. The district court, for purposes of considering immunity,

_____

      **      The Honorable Henry E. Hudson, United States District Judge for the Eastern District of Virginia, sitting by designation.

2

properly assumed that Plaintiff's version of events was correct. *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001). Given that assumption, Defendants' use of pepper spray and physical force to restrain the decedent was objectively unreasonable, because Defendants knew that the decedent was mentally ill, that he had committed no crime, and that he did not pose any threat to the safety of Defendants or others. *See Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1059–60 (9th Cir. 2003). The use of pepper spray in such circumstances would have violated the decedent's constitutional right to be free from excessive force, which was clearly established as of several years before the incident in question. *See Young v. County of Los Angeles*, 655 F.3d 1156, 1167–68 (9th Cir. 2011). The use of physical restraints, moreover, also would have violated the decedent's clearly established right to be free from excessive force at the time of the incident. *See Drummond*, 343 F.3d at 1061–62; *see also Motley v. Parks*, 432 F.3d 1072, 1088 (9th Cir. 2005). Defendants, therefore, were not entitled to qualified immunity.

**AFFIRMED**.

3