# "EXHIBIT F"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** #41/47

| Case No. | CV 21-02140 PSG (JEMx) | Date | October 3, 2022 |
|---|---|---|---|
| Title | Xavier Lopez v. City of Riverside et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** Order DENYING Plaintiff's motion for reconsideration.

Before the Court are two motions. Xavier Lopez ("Plaintiff") filed a motion to certify as frivolous an appeal filed by City of Riverside and Officer Evan Wright (collectively "Defendants"). *See* Dkt. # 41 ("*Cert. Mot.*"). Defendants opposed, *see* Dkt. # 45 ("*Cert. Opp.*"), and Plaintiff replied, *see* Dkt. # 52 ("*Cert. Reply*"). Defendants filed an ex parte application to stay the case pending appeal. *See* Dkt. # 47 ("*Stay Mot.*"). Plaintiff opposed. *See* Dkt. # 49 ("*Stay Opp.*"). The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers, the Court **GRANTS** the motion to certify the appeal as frivolous and **DENIES** the motion to stay pending appeal.

I. Background

    A. Summary Judgment Order

Plaintiff filed this excessive force action against Defendants after Officer Wright shot Plaintiff two times while trying to arrest him. *See* Dkt. # 1. Defendants moved for summary judgment on all of Plaintiff's claims. *See* Dkt. # 19. Relevant here, Defendants argued that Officer Wright was entitled to qualified immunity and summary judgment. *See generally id.* The Court disagreed, ruling that genuine disputes of material fact existed about whether the forced used was reasonable. *See* Dkt. # 38 ("*Summ. J. Order*"), at 7–15. In making its ruling, the Court focused on bodycam footage from Officer Wright and made the following observations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-02140 PSG (JEMx) | Date | October 3, 2022 |
|---|---|---|---|
| Title | Xavier Lopez v. City of Riverside et al. | | |

   *i.*   *Bodycam Footage*

At approximately 0:48, while driving the police vehicle toward Lopez, Wright opens the driver door and begins exiting the vehicle. From approximately 0:49 to 0:54—or, from the time Wright begins opening his vehicle door to exit until the time Wright moves quickly toward Lopez—Wright states, "Hey Xavier, it's the cops, you gotta take your hands out of your pockets bro, hands up, hands up." By approximately 0:51, Wright has exited the vehicle and is facing Lopez who is standing approximately ten feet away, facing toward Wright. Lopez has both hands up together toward the center of his chest and appears to be holding the lapels of his coat together.

By approximately 0:52, Lopez's left hand is still holding the left front panel of his coat, but his right hand is now no longer fully visible and appears to be under the left breast panel of his coat. At this time, Wright clearly has his gun drawn and pointed at Lopez. From 0:52 to 0:54, Wright moves quickly toward Lopez, with his weapon still drawn and pointed at Lopez. At approximately 0:53, Lopez withdraws his hand from beneath the inside of his coat, holding a small unidentifiable black object down toward his chest. Lopez then appears to push the object back into his inside coat pocket. Notably, Lopez does not appear to grab for, clutch, withdraw the object or point the object at anyone. The object disappears from view almost immediately.

At approximately 0:54, Lopez removes his partially concealed right hand from his coat so that both hands are now completely visible and empty. Instantaneously, Wright reaches his empty left hand out toward Lopez. By 0:55, both Lopez's hands are completely visible, held up by his head, and fingers spread apart and empty. In this moment, Wright puts his left hand on his weapon so that he is holding it with both hands and appears ready to fire. Within milliseconds, still at 0:55, Wright fires his first shot at Lopez, and Lopez immediately clutches his abdomen and begins falling to the ground. Simultaneously, Wright fires his second shot at Lopez. By 0:57, Lopez has fallen to the ground with both hands clearly visible and empty. *See id.* at 11–12.

   *ii.*   *The Court's Analysis*

Within these events, the Court found genuine disputes of material fact as to two of the *Graham* factors: (1) whether Plaintiff posed an immediate threat; and (2) whether Plaintiff attempted to resist or evade arrest. *See id.* at 9–13. The Court thus ruled that the reasonableness of the force used was a question for a jury. *See id.* at 13:20–22, 15:7–9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-02140 PSG (JEMx) | Date | October 3, 2022 |
|---|---|---|---|
| Title | Xavier Lopez v. City of Riverside et al. | | |

For the immediate threat prong, the Court found that the bodycam footage supported both Defendants' and Plaintiff's version of events. The footage supported Defendants' view that "Lopez's left hand was not fully visible, Lopez did not comply with Wright's commands, and Lopez appeared to reach inside his coat for a weapon." *Id.* at 12:14–16. And it supported Plaintiff's view that "Lopez's hands were clearly empty at all times, Lopez complied with Wright's commands and held his visibly empty hands in the air, and Lopez neither held nor appeared to reach for any weapon." *See id.* at 2:17–19. So viewing the facts in the light most favorable to Plaintiff, the Court ruled that a reasonable jury could conclude that Plaintiff did not pose an immediate threat and that deadly force was not objectively reasonable. *See id.* at 12:25–27.

The Court provided a similar analysis for the attempting to resist or evade arrest prong. It ruled that based on the footage, there was a genuine dispute of material fact as to whether Lopez complied with Officer Wright's commands or reached for a weapon, and so viewing the facts in the light most favorable to Plaintiff, a jury could conclude that Plaintiff did not attempt to resist or evade arrest. *See id.* at 13:4–22.

The Court then addressed and rejected Defendants' alternative argument that even if summary judgment were inappropriate based on a lack of a constitutional violation, Defendants were entitled to qualified immunity because no clearly established law existed showing that Officer Wright's use of force was unconstitutional. *See id.* at 13:23–28, 14:1–4. Viewing all disputed facts in the light most favorable to Plaintiff as the nonmoving party, the Court explained that Plaintiff "immediately and completely complied with Wright's commands to put his hands up, . . . placed his visibly empty hands by his head, and never held or reached for a weapon." *Id.* at 14:8–10. The Court then highlighted precedent establishing as unconstitutional an officer's use of deadly force against an armed suspect who is complying with all officer orders and not reaching for his weapon or otherwise threatening officers. *See id.* at 14:11–23, 15:1–6 (citing *C.V. by & through Villegas v. City of Anaheim*, 823 F.3d 1252 (9th Cir. 2016); *Hayes v. Cnty. of San Diego*, 736 F.3d 1223 (9th Cir. 2013); and *George v. Morris*, 736 F.3d 829 (9th Cir. 2013)).

In sum, the Court denied qualified immunity for Officer Wright because (1) "at least two genuine disputes of material fact preclude a finding that Wright acted with objective reasonableness, thereby precluding a finding of no constitutional violation"; and (2) "if a jury resolves those disputes in favor of Lopez, there is clearly established fact-specific precedent that put Wright on notice that his conduct was unconstitutional." *Id.* at 15:7–13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-02140 PSG (JEMx) | Date | October 3, 2022 |
|---|---|---|---|
| Title | Xavier Lopez v. City of Riverside et al. | | |

In response, Defendants filed a notice of appeal of the Court's order denying qualified immunity for Officer Wright, *see* Dkt. # 39, and Plaintiff filed its motion to certify the appeal as frivolous, *see Cert. Mot.*

II. Legal Standard

The filing of a notice of an interlocutory appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Rodriguez v. Cnty. of L.A.*, 891 F.3d 776, 790 (9th Cir. 2018) (citation omitted); *see also Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). There is, however, an exception to the "divestiture rule." The Ninth Circuit has authorized the district court to go forward in appropriate cases—including qualified immunity cases—"by certifying that an appeal is frivolous or waived." *Rodriguez*, 891 F.3d at 790; *see also Chuman*, 960 F.2d at 105. "In the absence of such certification, however, the district court is automatically divested of jurisdiction to proceed with trial pending appeal." *Rodriguez*, 891 F.3d at 791 (quoting *Chuman*, 960 F.2d at 105) (cleaned up).

A qualified immunity claim may be certified as frivolous if it is "so baseless that it does not invoke appellate jurisdiction." *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (citation omitted). In other words, "[a]n appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990) (per curiam); *see also United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002). "District courts have certified appeals of qualified immunity as frivolous where (1) defendants claim to rely on, but do not actually rely on, the plaintiff's version of the facts, or (2) where defendants' legal arguments run afoul of clearly established law." *Henderson v. City of Torrance*, No. CV 18-3918-MWF (EX), 2021 WL 3185479, at *3 (C.D. Cal. Apr. 5, 2021).

III. Discussion

The Court finds it appropriate to certify the appeal as frivolous and retain jurisdiction. The Court will not stay the proceedings.

Plaintiff argues that the appeal is frivolous for two reasons. First, Defendants ignore disputed and undisputed facts and fail to accept and rely on Plaintiff's version of the facts. *Cert. Mot.* 8:4–28, 9:1–6; *Cert. Reply* 1:7–14. And second, Defendants misapply the qualified

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-02140 PSG (JEMx) | Date | October 3, 2022 |
|---|---|---|---|
| Title | Xavier Lopez v. City of Riverside et al. | | |

immunity standard and incorrectly argue that the law is not so clearly established. *Cert. Mot.* 8:6–7, 14:6–11; *Cert. Reply* 1:17–27.

Defendants repeatedly state they are relying solely on undisputed facts and making only legal arguments. *See, e.g.*, *Cert. Opp.* 6:2–16, 8:9–14, 15:5–27. They also contend that the Court incorrectly concluded that clearly established law precluded an award of qualified immunity. *See id.* 16:1–27, 18:23–25, 19:1–6.

Defendants disregard the Court's findings and the applicable legal standard. In its summary judgment order, the Court found genuine disputes of material fact. The Court observed that the bodycam footage supported both Defendants' and Plaintiff's version of events. The footage supported Defendants' view that "Lopez's left hand was not fully visible, Lopez did not comply with Wright's commands, and Lopez appeared to reach inside his coat for a weapon." *Summ. J. Order* at 12:14–16. And it supported Plaintiff's view that "Lopez's hands were clearly empty at all times, Lopez complied with Wright's commands and held his visibly empty hands in the air, and Lopez neither held nor appeared to reach for any weapon." *Id.* at 12:17–19. Defendants may not now recast the disputed facts in the light most favorable to them by claiming that the "gun [was] observably in Plaintiff's hands," and that Plaintiff "reached for, touched, and did something with that gun in response to Officer Wright's demand to show his hands." *Cert. Opp.* 15:22–27. Because Defendants dispute the Court's decision on whether genuine disputes of material fact exist, rather than accepting the facts in the light most favorable to Plaintiff, their appeal is frivolous. *See Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022) (holding that on appeal, the court usually may "consider only whether the defendant would be entitled to qualified immunity as a matter of law, assuming all factual disputes are resolved, and all reasonable inferences are drawn, in plaintiff's favor" (citation omitted)); *see also Villanueva v. California*, 986 F.3d 1158, 1164–65 (9th Cir. 2021).

Defendants' argument on the law is also plainly incorrect. Defendants point to published and unpublished Ninth Circuit caselaw that could be supportive of their position if their version of the facts were taken as true. *See Cert. Opp.* 16:5–27. But again, at this moment in time, Plaintiff's version of the facts must be accepted as true. Through that lens, the law is clearly established that an officer may not use deadly force against an armed suspect who is complying with all officer orders and not reaching for a weapon or otherwise threatening officers. In *C.V.*, for example, the court held that the use of deadly force is objectively unreasonable where officers come upon a suspect holding a long gun, the suspect complies with orders to drop the gun, the suspect neither points the gun at officers nor makes any movement toward the trigger, and the officers do not provide a warning or sufficient time to comply before deadly force is

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-02140 PSG (JEMx) | Date | October 3, 2022 |
|---|---|---|---|
| Title | Xavier Lopez v. City of Riverside et al. | | |

deployed. 823 F.3d at 1256. Similarly, in *George*, the court held that the use of deadly force is constitutionally excessive where a suspect trains his firearm to the ground and takes no action that is objectively threatening, such as making "a furtive movement, harrowing gesture, or serious verbal threat." 736 F.3d at 838–39.

Defendants' appeal is thus frivolous, and the Court will retain jurisdiction.

IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to certify the appeal as frivolous and **DENIES** Defendants' motion to stay proceedings pending appeal.

**IT IS SO ORDERED.**