Mildred K. O'Linn (State Bar No. 159055)
 *missy.olinn@manningkass.com*
Robert E. Murphy (State Bar No. 103936)
 *robert.murphy@manningkass.com*
David Fleck (State Bar No. 192912)
 *David.Fleck@manningkass.com*
Gigi Gutierrez (State Bar No. 235138)
 *Gigi.Gutierrez@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF COVINA, VANESSA CARDOZA, DAVID MEADOWS, and BILLY SUN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez; D.V., a minor, by and through his guardian ad litem, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., individually;, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN; DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:23-cv-01562-CBM-ACCV <br> District Judge: Consuelo B. Marshall <br> Magistrate Judge: Angela C. C. Viramontes/ Shashi H. Kewalramani <br><br> **OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS AND RETAIN JURISDICTION** <br><br> *Filed concurrently with Declaration of Safi Henson* <br><br> Filed Date:        08/04/23 |

///

///

///

///

///

1

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS**

## I. INTRODUCTION

Plaintiffs' motion is improper because jurisdiction has been properly divested to the appellate court and briefing has already commenced. Plaintiffs' motion has no legal basis that can support the arguments therein and to grant Plaintiffs' motion would disturb the balance between the district and appellate courts, prejudice to Defendants, and judicial waste.

In order to usurp Defendants' appeal and avoid having to prepare their responsive appellate brief in a timely fashion, Plaintiffs bring this Motion for Order Certifying the appeal as frivolous ("Motion") months after the appeal was noticed on November 12, 2025, after Defendants already submitted their opening brief January 22, 2026, and well after Plaintiffs claimed they intended to so move on January 2, 2026. Plaintiffs' emphasis on speculation regarding delay falls hollow when Plaintiffs themselves have delayed in even bringing this Motion and Defendants have moved expeditiously over the winter to prepare and file their Appellant Opening Brief ("AOB").

Plaintiffs have Defendants AOB in their possession. Declaration of Safi Henson ("Henson Decl."), ¶ 4, Ex. C thereto). They know the issues Defendants are presenting, which are not at all truthfully represented by Plaintiffs in their gross mischaracterization of Defendants' appeal in their Motion. Plaintiffs were informed by Defense Counsel on January 2 that Defendants intended to file the brief on time on January 22, 2026. Henson Decl., ¶ 3. Plaintiffs have been aware of these same issues in more broad strokes since Defendants' Notice of Appeal ("Notice") and Mediation Questionnaire ("Questionnaire"). Docket No. 71; Henson Decl., ¶ 2, Ex. A thereto.

Plaintiffs do not cite any part or portion of Defendants' AOB or Notice or Questionnaire to support their strawman rendition of Defendants' appeal: that Defendants bring an appeal from "denial of summary judgment on the grounds of the existence of disputed questions of material fact." Motion at 9:13 – 9:18. The content

of the Notice, the AOB itself, and this Opposition shows this characterization to be false. In fact, Plaintiffs fail to cite to any of the actual substantive content that Defendants have brought leading up to and within their AOB, which they surely would have done if it supported their Motion.

Plaintiffs hang their hat on the argument that this court finding a purported dispute of fact destroys the immediate appealability of the denial of qualified immunity. Plaintiffs are wrong; all relevant precedent requires more than a purported dispute to render an appeal frivolous and the same precedent allows the Court of Appeals to resolve questions of law regarding qualified immunity **even when** the district court found disputed facts. In addition, precedent provides for a blatant contradiction exception whereby the Court of Appeals can determine whether court's interpretation of a fact is aligned with irrefutable, incontrovertible evidence.

## II. ARGUMENT

### A. This Court Is Divested Of Jurisdiction Which Properly Rests With The Appellate Court

#### 1. *Defendants' Issues Are Appealable*

Appellate courts have jurisdiction to hear an interlocutory appeal from a denial of qualified immunity when the question involves a matter of law. *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985) (holding that a district court's denial of a claim of qualified immunity is an appealable "final decision" within the meaning of 28 U.S.C. § 1291 "to the extent that it turns on an issue of law"). Where "the interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). The Ninth Circuit has held that "Appeals from denials of qualified immunity… immediately divest the district court of jurisdiction over the entire case against defendants because these immunities represent an entitlement to avoid litigation altogether." *California by & through Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 771, fn 7 (9th Cir. 2025).

Defendants call attention to the fact that qualified immunity is a two-step

question: first, the court must determine if there is a violation of a constitutionally protected right; next, the court must determine if there is a clearly established law that would put officers on notice that their behavior was violative. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see also Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

This Court denied summary judgment by finding (1) it could not say whether or not a constitutional violation occurred due to finding a purported dispute of fact as to whether decedent pointed a gun fully at officers. Docket No. 66. ("Order"), at 5:8 – 6:2, 9:1 – 9:15; and (2) adopting wholesale Plaintiffs' characterization of evidence to find that a law was clearly established that would put Defendants' on notice of the violative nature of the behavior. Order, at 6:4 – 6:18, 9:17 – 10:1. Defendants argue that this Court made use of a legal framework best described as a moment in time analysis in both of these determinations.

Defendants bring before the appellate court several legal issues: (1) whether this Court correctly applied the precedent law when it utilized a moment in time framework to analyze the prongs of qualified immunity; (2) whether this Court performed a full second prong analysis or properly identified an applicable case comparable to the situation faced by Defendant Officers; (3) whether this court erred by merging the first and second prongs of qualified immunity when deciding the second prong; (4) whether it was improper for this Court to utilize the legal determinations and factual characterizations of Plaintiff's "expert" rather than establishing a separate determination by utilizing the uncontroverted evidence construed favorably to Plaintiffs; (5) and whether this court erred in adopting facts blatantly contradicted by uncontroverted evidence. Henson Decl., ¶ 4, Ex. C thereto at ii – iii, 3, 8 – 10.

The issues are properly before the appellate court. *See U.S. Bank Nat. Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 583 U.S. 387, 393 (2018) (Legal questions are subject to review by the appellate courts); *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011) (The appellate court determines

independently whether the substantive law was correctly applied). Plaintiffs' assertion to the contrary is unsupported under any law. Plaintiffs do not and cannot set forth a legal argument that these issues are not properly before the court of appeals or otherwise outside of the appellate court's jurisdiction. Instead, Plaintiffs rely exclusively on the argument that the dispute of fact should bar these issues from reaching the appellate court in both sections III.A and III.B of Plaintiffs' Motion.

2. *Defendants' Appeal Is Not Barred By The Purported Dispute Of Fact*

Factual disputes do not preclude appellate review of qualified immunity determinations **even if** "the district court's summary judgment ruling also contains an evidence-sufficiency determination." *Smith v. Agdeppa*, 81 F.4th 994, 1001 (9th Cir. 2023). The court finding a dispute of fact does not automatically bar an appeal or render it baseless or meaningless. Precedent has said time and again that a reviewing court is not prohibited from considering an interlocutory appeal if the disputed facts are not the appeal's sole basis. *Johnson v. Jones*, 515 U.S. 304, 313–320 (1995). Here, as indicated in both the Notice and elaborated on in Defendants' AOB, Defendants' main issue is whether or not this Court applied an erroneous legal framework to the question of qualified immunity. Docket No. 71; Henson Decl., ¶ 4, Ex. C thereto. Defendants made this clear to Plaintiffs on January 2, 2026. Henson Decl., ¶ 3, Ex. B thereto. Defendants' argument is that in utilizing the improper framework, this court did not consider the totality of the circumstances, found a dispute of fact based on a moment-in-time analysis, did not identify established law to deny qualified immunity on the second prong, and adopted Plaintiffs' facts as well as legal conclusions in place of its own determinations.

Further, Defendants also put the factual dispute and this dispute's materiality at issue in accordance with the Ninth Circuit's jurisdiction to review findings that blatantly contradicted by a video recording or other incontrovertible evidence. *Hart v. City of Redwood City*, 99 F.4th 543, 548 (9th Cir. 2024) ("While appellate review does not extend to claims in which the determination of qualified immunity depends

on disputed issues of material fact, *any* issue of law, including the materiality of the disputed issues of fact, is a permissible subject for appellate review."); *See also Williams v. City of Sparks*, 112 F.4th 635, 642 (9th Cir. 2024) ("Where, as here, defendants contend on appeal that the district court failed to review the facts in the "light depicted in the videotape," **they raise a question of law over which we have appellate jurisdiction**.) (*citing Hughes v. Rodriguez*, 31 F.4th 1211, 1218 (9th Cir. 2022))

Each of Defendants' issues are questions of law with the addition of a blatant contradiction. These are immediately appealable issues properly before the Ninth Circuit.

### B. Defendants' Appeal Is Not Frivolous

An appeal is frivolous if it is wholly without merit. *Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir. 1991). "This means that the appeal must be 'so baseless that it does not invoke appellate jurisdiction,' such as when 'the disposition so plainly correct that nothing can be said on the other side.'" *Peck v. Cnty. of Orange*, 528 F. Supp. 3d 1100, 1104 (C.D. Cal. 2021).

Defendants' arguments on appeal are meritorious. There are legitimate issues of law regarding the application of precedent, legal framework, completeness, and legal findings set forth by this Court in its Order. Defendants have laid them out in their AOB. Plaintiffs, however, have failed to indicate how these issues are plainly incorrect or baseless. Plaintiffs have not engaged with the arguments at all. Plaintiffs have not based this Motion on the content of Defendants' AOB at all, let alone the prior Notice or Questionnaire content. Plaintiffs are not making an argument about the content of Defendants' appeal at all; they are arguing that the consequence of this Court's dispute of fact should be bar to appeal. This argument is simply not legally supportable. A dispute does not render an appeal frivolous under any law and, as set forth above, a dispute does not rob the appellate court of jurisdiction to hear the appeal. Plaintiffs cannot dress up what they erroneously believe to be a 'dispute-of-

fact-bar' as a genuine argument of frivolity.

Unable to locate a frivolous claim, Plaintiffs then cite to Defendants summary judgment briefing, including the Reply, and argue that the contents of these documents demonstrates frivolity because they do not adopt Plaintiffs' version of facts. Motion, at 7:7 – 7:25. This argument fails.

First, neither Defendants nor this Court or the Court of Appeals are required to adopt Plaintiffs' characterizations of facts, especially if those facts do not align with the uncontroverted evidence. The Court of Appeals and Supreme Court have recognized this distinction again and again. *See Plumhoff v. Rickard*, 572 U.S. 765, 777 (2014) (stating, based on evidence captured by video cameras on police vehicles, that "the record conclusively disproves [the plaintiff's] claim"); *See also Hernandez v. Town of Gilbert*, 989 F.3d 739, 746 (9th Cir. 2021) ("[W]e are not required to accept a non-movant's version of events when it is clearly contradicted by a video in the record;" *See also Williams v. City of Sparks*, 112 F.4th 635, 642 (9th Cir. 2024) (where court disagreed with plaintiffs' attempt to characterize the appeal was based on unreviewable factual disputes.)

In addition, Defendants' summary judgment briefing is not a stand-in for the content of Defendants' appeal—which is available to Plaintiffs but they refuse to look to its contents to prove frivolity. As showcased in Defendants' actual AOB, the appeal is based on unambiguously legal questions regarding this Court's legal tests, legal analysis, legal determinations based on Plaintiffs' facts, and this Court's reliance on the legal determinations set forth by Plaintiffs' experts for both prongs of qualified immunity. Henson Decl., ¶ 4, Ex. C. These are explicitly legal questions.

Plaintiffs final arguments seems to be that since other Central District Judges have ordered dismissal for frivolity, this Court should follow suit. Motion, at 2:8 – 2:26, 6:20 – 7:6. Plaintiffs' reliance on these unpublished Orders is unsound as they have little to no applicability to this case. In Exhibit B, Plaintiffs attach Hon. Cormac J. Carney's Order deeming an appeal frivolous wherein the appeal was based squarely

7

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS**

on whether a dispute actually existed and because defendants second prong argument "challenged the sufficiency of Plaintiffs' evidence and asserted [defendant's] own version of facts." Exhibit B, 4:13 – 4:28. Defendants primarily do not challenge the sufficiency of Plaintiffs' evidence; the challenge is to this Court's application of the legal standards to the uncontroverted evidence available for all prongs of qualified immunity. Henson Decl., ¶ 4, Ex. C at 3.

Hon. Philip S. Gutierrez's Order deeming an appeal frivolous was similarly based on defendants reframing the facts in a light favorable to themselves and set forth legal arguments that **only** work if the court took only defendants' version of the facts. Plaintiffs' Exhibit F, at 5. Here, Defendants are not centering the sufficiency of Plaintiffs' evidence or establishing facts which lean in their favor. Defendants are relying on the undisputed facts—not their own facts—and challenging the legal determinations this Court made or did not make. Henson Decl., ¶ 4, Ex. C at 3. As Defendants have told Plaintiffs during meet and confer and argued within their AOB, the dispute of fact is a secondary matter and derivative of the legal framework this Court utilized to reach its conclusions. Henson Decl., ¶ 3 – 4, Ex. B thereto, Ex. C thereto at 8 – 9.

Defendants' appeal is based on whether this Court performed a full qualified immunity analysis properly accounting for the totality of the circumstances when it did not rule either way on the first prongs of qualified immunity and as to its framework to analyze the second prongs of qualified immunity.

### C. Defendants Will Be Prejudiced By Granting Plaintiffs' Motion

Robbing Defendants of the ability to bring this interlocutory appeal is extremely prejudicial. Absent immediate appeal, "the central benefits of qualified immunity—avoiding the costs and general consequences of subjecting public officials to the risks of discovery and trial—would be forfeited ...." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is

erroneously permitted to go to trial. *Id.*

Plaintiffs have failed to show that Defendants arguments do not have merit and have misunderstood the law with respect to a dispute of fact and use of facts favorable to Plaintiffs. Thus, Plaintiffs' Motion must be denied. Plaintiffs' unfounded fears of multi-year trial delays are not controlling or indicative of the anticipated timeline of this appeal. Appeals cause some small delay in order to maintain the judicial and public interests that these interlocutory appeals were carved out for.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court deny Plaintiffs' Motion for an order certifying Defendants' interlocutory appeal as frivolous.

DATED: February 3, 2026     Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Mildred K. O'Linn
Mildred K. O'Linn
Robert E. Murphy
David Fleck
Gigi Gutierrez
Attorneys for Defendants, CITY OF COVINA, VANESSA CARDOZA, DAVID MEADOWS, and BILLY SUN

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On February 3, 2026, I served true copies of the following document(s) described as **OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS AND RETAIN JURISDICTION** on the interested parties in this action as follows:

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Richard T Copeland**
  rtc@conflict-solution.com

- **David L Fleck**
  David.Fleck@manningkass.com,adriana.alvarado@manningkass.com

- **Dale K Galipo**
  dalekgalipo@yahoo.com,dgilbert@galipolaw.com,blevine@galipolaw.com,evalenzuela@galipolaw.com,rvalentine@galipolaw.com,slaurel@galipolaw.com,CMayne@galipolaw.com,msincich@galipolaw.com,ldeleon@galipolaw.com,amonguia@galipolaw.com,coopermayne@recap.email,sanderson@galipolaw.com,hlee@galipolaw.com

- **Robert E Murphy**
  Robert.Murphy@manningkass.com,mireya.linares@manningkass.com

- **Mildred K. O'Linn**
  missy.olinn@manningkass.com,dxf@manningllp.com,docket@manningllp.com,mko@manningllp.com

- **Marcel F Sincich**
  msincich@galipolaw.com,amonguia@galipolaw.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

1     Executed on February 3, 2026, at Los Angeles, California.

                                                 /s/ Sandra Alarcon
                                          Sandra Alarcon