**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez, *et al*.,

     Plaintiffs,

v.

CITY OF COVINA *et al*.,

     Defendants.

Case No.:  5:23-cv-1562-CBM-SHK

**ORDER RE: PLAINTIFFS' MOTION FOR AN ORDER CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS AND RETAIN JURISDICTION**

The matter before the Court is Plaintiffs' "Motion for an Order Certifying Defendants' Appeal as Frivolous and Retain Jurisdiction."  (Dkt. No. 74.)

## I.    BACKGROUND

This is a civil rights action arising from an incident on April 9, 2022 involving Covina Police Department ("CPD") officers and decedent Daniel Luis Valdivia ("Decedent").  On August 4, 2023, Plaintiffs filed the Complaint against the City of Covina ("City") and CPD officers Vanessa Cardoza, David Meadows, and Billy Sun (collectively, "Officer Defendants"), asserting the following causes of action:  (1) Fourth Amendment—Detention and Arrest, 42 U.S.C. § 1983; (2) Fourth Amendment—Excessive Force, 42 U.S.C. § 1983; (3) Fourth Amendment—Denial of Medical Care, 42 U.S.C. § 1983; (4) Substantive Due Process, 42 U.S.C. § 1983; (5) Municipal Liability (*Monell*)—Inadequate

1

Training, 42 U.S.C. § 1983; (6) Municipal Liability (*Monell*)—Unconstitutional Custom, Practice or Policy, 42 U.S.C. § 1983; (7) Battery (survival and wrongful death); (8) negligence (survival and wrongful death); and (9) violation of Cal. Civ. Code § 52.1.  On June 3, 2025, the Court granted the parties' stipulation for voluntary dismissal of Plaintiffs' first, third, fifth, and sixth causes of action without prejudice.  (Dkt. No. 46.)  On October 14, 2025, the Court denied Defendants' motion for summary judgment on Plaintiffs' remaining claims, and held Defendants were not entitled to qualified immunity.  (Dkt. No. 66 ("Summary Judgment Order").)  On November 12, 2025, Defendants filed a notice of appeal of the Court's Summary Judgment Order.  (Dkt. No. 71.)  On January 23, 2026, Plaintiffs filed the instant Motion seeking an order certifying Defendants' appeal as frivolous.  (Dkt. No. 74.)

## II.   STATEMENT OF THE LAW

28 U.S.C. § 1291 provides "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."  "[A] district court's denial of a claim of qualified immunity, to the extent that it turns on ***an issue of law***, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (emphasis added); *see also Lewis v. Nanos*, 2026 WL 295738, at *2 (9th Cir. Feb. 4, 2026) (citing *Daniels Sharpsmart, Inc. v. Smith*, 889 F.3d 608, 613 (9th Cir. 2018)).

## III.   DISCUSSION

**A.   Jurisdiction**

Defendants argue Plaintiffs' instant Motion to certify Defendants' appeal as frivolous is improper because jurisdiction has already been "divested to the appellate court" and briefing has already commenced for Defendants' appeal. However, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district

court of its control over those aspects of the case ***involved in the appeal***.” *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (emphasis added). Here, the issue before the Ninth Circuit on appeal is not whether Defendants’ appeal is frivolous. Defendants cite to no authority holding that the district court lacks jurisdiction to rule on a motion for certification of an appeal as frivolous after a notice of appeal is filed. If the Court were to adopt Defendants’ position, a district court would always lack jurisdiction to certify an appeal as frivolous. However, “[r]ecognizing the importance of avoiding uncertainty and waste, but concerned that the appeals process might be abused to run up an adversary’s costs or to delay trial, [the Ninth Circuit has] authorized the district court to go forward in appropriate cases by certifying that an appeal is frivolous or waived.” *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 790–91 (9th Cir. 2018) (citations omitted). Therefore, the Court finds it does not lack jurisdiction to rule on Plaintiffs’ instant Motion.

**B.      Whether Defendants’ Appeal Is Frivolous**

Plaintiffs contend the Court denied summary judgment and qualified immunity based on disputed issues of material fact, and therefore the Court’s denial of qualified immunity is not immediately appealable because Defendants’ appeal is not based on questions of law. Defendants contend Plaintiffs misconstrue the basis for their appeal. Defendants argue their appeal does not challenge the Court’s finding of disputed facts, but rather challenges the following questions of law: (1) whether this Court correctly applied the precedent law when it utilized a moment in time framework to analyze the prongs of qualified immunity; (2) whether this Court performed a full second prong analysis or properly identified an applicable case comparable to the situation faced by Defendant Officers; (3) whether this court erred by merging the first and second prongs of qualified immunity when deciding the second prong; (4) whether it was improper for this Court to utilize the legal determinations and factual

characterizations of Plaintiff's "expert" rather than establishing a separate determination by utilizing the uncontroverted evidence construed favorably to Plaintiffs; (5) and whether this court erred in adopting facts blatantly contradicted by uncontroverted evidence.  Plaintiffs did not file a reply in response to Defendants' opposition which sets forth the questions of law which Defendants represent are the basis for Defendants' appeal.  Therefore, Defendants identify questions of law related to the Court's denial of qualified immunity which are the basis for Defendants' appeal.  *See Mitchell*, 472 U.S. at 530 ("[A] district court's denial of a claim of qualified immunity, to the extent that it turns on **_an issue of law_**, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment.") (emphasis added); *see also Lewis*, 2026 WL 295738, at *2 (citing *Daniels*, 889 F.3d at 613).

## IV.    CONCLUSION

Accordingly, the Court **DENIES** Plaintiffs' "Motion for an Order Certifying Defendants' Appeal as Frivolous and Retain Jurisdiction."

**IT IS SO ORDERED.**

DATED: March 24, 2026.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE