Mildred K. O'Linn (State Bar No. 159055)
  *missy.olinn@manningkass.com*
Robert E. Murphy (State Bar No. 103936)
  *robert.murphy@manningkass.com*
David Fleck (State Bar No. 192912)
  *David.Fleck@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF COVINA, VANESSA CARDOZA, DAVID MEADOWS, and BILLY SUN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez; D.V., a minor, by and through his guardian ad litem, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., individually;, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN; DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:23-cv-01562-CBM-ACCV <br> District Judge: Consuelo B. Marshall <br> Magistrate Judge: Angela C. C. Viramontes/ Shashi H. Kewalramani <br><br> **DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING DEFENDANTS' INTERLOCUTORY APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT E. MURPHY** <br><br> Judge: Hon. Consuelo B. Marshall <br> Crtrm: 8D <br><br> *Filed concurrently with [Proposed] Order* <br><br> Filed Date:        08/04/23 |

///

///

///

///

---

**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING DEFENDANTS' INTERLOCUTORY APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT E. MURPHY**

**TO THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Central District of California Local Rules 7-19, 7-19.1, and 7-19.2, the Court's Standing Order, Defendants City of Covina, Vanessa Cardoza, David Meadows, and Billy Sun ("Defendants") hereby move the Court ex parte for an order staying the proceedings, including pretrial conference and trial pending resolution of Defendants' interlocutory appeal of the Order denying Defendants' Motion for Summary Judgment.

This motion-application is made on the following grounds:

Ex parte relief is warranted because Defendants will be irreparably harmed but for ex parte relief and because Defendants are without or of minimal fault in creating the need for ex parte relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Without the requested stay, Defendants will suffer harm in the form of wasted costs and fees by proceeding to trial that will prove to be entirely unnecessary should the Ninth Circuit grant the Defendants appeal. Defendants believed the Court would stay the matter automatically when the Notice of Appeal was filed but this did not happen. The need for ex parte relief exists because trial is on the horizon under the scheduling order and the Court only recent resolved the certification requests regarding the appeal. Although an automatic stay was anticipated, one has not been set forth as of yet by the Court on its own motion and pretrial conference is one (1) month away with trial only two (2) months away.

Defendants' interlocutory appeal divests the district court of jurisdiction to proceed with trial on qualified immunity and related federal claims. (*Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Specifically, the Court is divested of jurisdiction over Plaintiffs' Second and Fourth Causes of Action. The orderly course of justice, including efficiency and preservation of party and court resources, as well as the hardship on both parties and the court, far outweigh any "potential damage … from granting the stay" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING DEFENDANTS' INTERLOCUTORY APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT E. MURPHY**

The Court should stay trial and all remaining proceedings including pretrial proceedings for the additional Seventh, Eighth, and Ninth Causes of Action as well because they are directly derivative of the findings on the Second and Fourth causes of action and will be significantly impacted by the determinations made by the Court of Appeal. Plaintiffs will not be prejudiced by this limited stay, whereas all parties will be harmed by the expenditure of time and money preparing for trial while the fate of these determinative causes of action remains in question. The Court should exercise its discretion and stay any remaining proceedings, because the requested stay serves the important purposes of qualified immunity and judicial economy, and because the state law claims are inextricably intertwined with the causes of action that are the subject of appeal.

This ex parte application and Motion for stay of the proceedings is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Robert E. Murphy ("Murphy Decl.") filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Pursuant to Local Rules of Court 7-19.1, on April 3, 2026, counsel for defendants notified counsel for plaintiffs of their intention of filing this Ex Parte Application and sought stipulation. Counsel for plaintiffs indicated they would not stipulate and that they would oppose this Ex Parte Application. Murphy Decl., ¶ 2.]

NOTICE OF COURT ORDER RE EX PARTES: PLEASE TAKE FURTHER NOTICE that, pursuant to the Court's Procedures and Schedules available at www.cacd.uscourts.gov: The Court considers ex parte applications on the papers and usually does not set these matters for hearing *Id*.

PARTIES & COUNSEL: The following information is provided pursuant to C.D. Cal. L.R. 7-19. The contact information for plaintiff's counsel is as follows:

///

**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING DEFENDANTS' INTERLOCUTORY APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT E. MURPHY**

Dale K. Galipo, Esq.
Marcel Sincich, Esq.
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118
Email:dalekgalipo@yahoo.com;
msincich@galipolaw.com
sanderson@galipolaw.com
amonguia@galipolaw.com

DATED: April 6, 2026          Respectfully submitted,

                              **MANNING & KASS**
                              **ELLROD, RAMIREZ, TRESTER LLP**

                              By: _____
                                  Mildred K. O'Linn
                                  Robert E. Murphy
                                  David L. Fleck
                                  Attorneys for Defendants, CITY OF
                                  COVINA, VANESSA CARDOZA,
                                  DAVID MEADOWS, and BILLY SUN

**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING DEFENDANTS' INTERLOCUTORY APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT E. MURPHY**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants City of Covina, Vanessa Cardoza, David Meadows, and Billy Sun (collectively, "defendants") respectfully request, via ex parte application, a stay of proceedings pending the resolution of defendants' interlocutory appeal on the Court's Order denying defendants' Motion for Summary Judgment and qualified immunity. Dkt. No 66, Order ("Order"). Ex parte relief is warranted because defendants will be irreparably harmed but for ex parte relief and because defendants are of little to no fault in creating the need for ex parte relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Without the requested stay, defendants will be denied the benefit of qualified immunity by having to try this matter and incur wasted costs and fees by proceeding to trial and engaging in pretrial motion practice that will prove to be unnecessary should the Ninth Circuit grant the interlocutory appeal. In addition, there is a need for immediate relief because the existing schedule, the recent decision with respect to certification of frivolity, and because defendants understood the matter to be automatically stayed but have not seen the matter be stayed as of yet.

The Court should order a stay of proceedings because the interlocutory appeal is based on the denial of qualified immunity and divests the district court of jurisdiction to proceed with trial on qualified immunity and related federal claims. *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992). As this Court has recognized in its denial of plaintiffs' motion for certification of frivolity, defendants raise legal questions properly heard on interlocutory appeal. A. *K. H by & through Landeros v. City of Tustin*, 837 F.3d 1005 (9th Cir. 2016); In addition, the Court should also exercise its discretion to stay trial proceedings regarding the state law claims pending the resolution of the interlocutory appeal. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). The "orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law" weighs heavily in favor of a

**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING DEFENDANTS' INTERLOCUTORY APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT E. MURPHY**

stay to avoid duplicative litigation and judicial review, minimize risks of inconsistent results, and promote the fair and efficient administration of justice. In addition, because the state law claims are inextricably linked to the Second and Fourth causes of action—so linked in fact that a finding of qualified immunity or reasonableness on these causes of action would disable plaintiffs from maintaining the corresponding state law claims against defendants—these claims cannot be decided without a ruling on the Second and Fourth causes of action.

The hardship and inequity to both parties and the Court is great should a stay not be granted because both plaintiffs and defendants would have have to litigate claims simultaneously in both this Court as well as the Ninth Circuit; both parties would expend time and expenses litigating issues that are the subject of the appeal and state claims that are inextricably intertwined with the issue of qualified immunity and will be rendered decided and moot by the Ninth Circuit's decision; and continuing with trial while the issue of qualified immunity is on appeal frustrates the purpose of qualified immunity, which defends against litigation and trial. Plaintiffs will suffer little if any harm outside of delay itself. It must be noted that plaintiffs will be especially harmed by proceeding forward with trial on only the state law claims because, should defendants prove successful on appeal, their counsel will have expended considerable resources on a mooted issue going to trial; if defendants are unsuccessful, plaintiffs will then have to spend even more resources on a secondary, separate trial on the remaining federal claims.

## II.     RELEVANT BACKGROUND

On August 4, 2023, Plaintiffs filed their Complaint alleging nine causes of action, four of which they dismissed prior to adjudicating on motion practice. The remaining five causes of action are: (2) Fourth Amendment -Excessive Force (42 U.S.C. § 1983); (4) Substantive Due Process (42 U.S.C. § 1983); (7) Battery (survival and wrongful death); (8) negligence (survival and wrongful death); and (9) violation of Cal. Civ. Code § 52.1. See Dkt No. 1. Defendants moved for summary judgment

2

on all remaining causes of action. See Dkt No. 44 ("Motion"). On October 14, 2025, this Court issued its Order Denying Defendants' Motion for Summary Judgment. See Order.

This court denied summary judgment and qualified immunity based on a finding that "There is evidence in the record creating a genuine issue of disputed fact as to whether the Decedent pointed his gun at officers, and therefore the Court cannot determine at the summary judgment stage whether Decedent posed an immediate threat to officers and the Defendant Officers' use of deadly force was objectively reasonable." Order at 5:26-6:2. The court also denied defendants' motion as to the due process claim, explaining, "if Decedent was not pointing his gun at officers and did not pose an immediate threat to officers when shots were fired at Decedent, a reasonable jury could find the Defendants Officers' use of deadly force against Decedent shocks the conscience and that officers used deadly force against Decedent with a purpose to harm without regard to legitimate law enforcement objectives, which precludes summary judgment in favor of Defendants on Plaintiffs' Fourteenth Amendment due process claim." Order at 9:4-9:12.

This Court ultimately denied qualified immunity for defendants and resolved the remaining state law claims based on its findings for the federal causes of action and purported dispute of fact. Order at 10:2-11:21.

Pursuant to Local Rules of Court 7-19.1, on April 3, 2026, counsel for defendants notified counsels for plaintiffs of their intention of filing this Ex Parte, also seeking stipulation, and counsels for plaintiffs indicated they would not stipulate and instead be opposing. Declaration of Robert E. Murphy ("Murphy Decl."), ¶ 2.

## III.    EX PARTE RELIEF IS WARRANTED AND SHOULD BE GRANTED

To obtain ex parte relief, a party must demonstrate that: (1) it will be irreparably harmed but for ex parte relief; and (2) it is without fault in creating the need for ex parte relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Ex parte relief is necessary due to pretrial motion dates impending, the

pretrial conference on May 5, 2026, and trial fast approaching on June 9, 2026. Thus, there is insufficient time to bring a motion pursuant to the regular notice and briefing schedule requirements of this Court. [*See* Murphy Declaration, ¶ 3, Ex. A at 6.] If required to seek relief through regular notice procedure, defendants will be harmed by being unable to seek relief and are without fault in creating the need for ex parte relief. *Id.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); Fed. R. App. P. 32.1(a).

Without the requested stay, defendants will be required to participate in the imminent trial scheduled to commence on June 9, 2026. Dkt No. 70, Modified Scheduling Order ("Scheduling Order"). However, should the Ninth Circuit grant defendants' appeal, the trial would be rendered unnecessary. *Smith v. Cnty. of Los Angeles*, No. CV1110666GAFPJWX, 2012 WL 12965922, at *2 (C.D. Cal. Sept. 20, 2012); Fed. R. App. P. 32.1(a). Without relief, defendants will be forced to expend unnecessary costs and fees at great prejudice. Fed. R. Civ. P. 1 ("These rules … should be construed, administered, and employed by the court … to secure the just, speedy, and inexpensive determination of every action and proceeding.") Furthermore, the benefit of qualified immunity to forgo the requirement to litigate and try a suit will be lost to defendants without a stay. Second, defendants are without fault in creating the need for ex parte relief.

The need for immediate relief results from the existing schedule because the pretrial conference is set for May 5, 2026 and trial is set for June 9, 2026. See Scheduling Order. This Court recently denied plaintiffs' Certification Motion for frivolity on March 24, 2026. Dkt. No. 81, Order on Frivolity ("Frivolity Order"). With all outstanding issues now resolved and because trial is not currently stayed, defendants have now moved as fast as is practicable to bring a motion for stay before the Court. *Smith v. Cnty. of Los Angeles*, No. CV1110666GAFPJWX, 2012 WL 12965922, at *2 (C.D. Cal. Sept. 20, 2012); Fed. R. App. P. 32.1(a).

///

///

4

**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING DEFENDANTS' INTERLOCUTORY APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT E. MURPHY**

## IV.    ARGUMENT

## A.    A Stay of Proceedings is Automatic as to Any Claim That Is The Subject of Defendants' Appeal

There are five causes of action in this case, two of which are the subject of defendants' appeal. Dkt. No. 71, Notice of Appeal ("Notice of Appeal"); *See* Order at 6-7, 9-10. Defendants appealed. *See* Notice of Appeal. Recently, this court denied certification of frivolity. *See* Frivolity Order. Defendants have raised a legal issues for appeal. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *see also Isayeva v. Sacramento Sheriff's Dept.*, 872 F.3d 938, 944 (9th Cir. 2017) (The denial of qualified immunity is immediately appealable.) As these issues are also not frivolous, further adjudication on them and the trial involving them should be stayed. "[A] proper appeal from the denial of qualified immunity automatically divests the district court of jurisdiction to require the appealing defendants to appear for trial." *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992); *Horton v. City of Santa Maria*, 915 F.3d 592, 603 n. 10 (9th Cir. 2019). "A federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also United States v. Phelps*, 283 F.3d 1176, 1181 n.5 (9th Cir. 2002). "[T]he district court loses its power to proceed from the time the defendant files its notice of appeal until the appeal is resolved." This rule is necessary to "avoid confusion [and] waste of time resulting from having the same issues before two courts at the same time." *U.S. v. Claiborne*, 727 F. 2d 842, 850 (9th Cir. 1984).

## B.    There is Good Reason for This Court to Stay Proceedings on Issues That Are the Subject of Appeal

### 1.    *The Remaining State Law Claims Must Be Stayed*

The two federal causes of action in this case are the direct subject of defendants' appeal. The three additional issues are for battery, negligence, and Bane Act violations which are inextricably intertwined with the appealed causes of actions and whether or

**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING DEFENDANTS' INTERLOCUTORY APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT E. MURPHY**

not defendants are entitled to qualified immunity thereon. The Court's order based its findings for all three remaining causes of action on the **same reasoning** and **rationale** and purported dispute of fact underlying the causes of action currently being appealed. Order at 10:6-10:8, 10:15-10:20, 11:11-11:21. These state law claims are legally bound to the federal claims; i.e. if defendants are found to be reasonable in the force used, they cannot be liable for the corresponding state law claims; and if defendants are awarded qualified immunity, they are also immunized from the state law claims which are based upon the same alleged constitutional violations. The state law claims are not independent; they are "inextricably intertwined" with the claims that are appealable. They are derivative of these claims such that what happens in the federal court will directly impact the viability of these remaining state law claims. In such a circumstance, the appellate court has pendent appellate jurisdiction, divesting the district court of jurisdiction.

"A pendent appellate claim can be regarded as inextricably intertwined with a properly reviewable claim on collateral appeal only if the pendent claim is coterminous with, or subsumed in, the claim before the court on interlocutory appeal - that is, when the appellate resolution of the collateral appeal necessarily resolves the pendent claim as well." *Huskey v. City of San Jose*, 204 F.3d 893, 905 (9th Cir. 2000). "In reviewing the district court's orders, it is often impossible to separate the court's reasoning or decisions regarding qualified immunity from those regarding liability. The issues are generally analyzed together and are sometimes simply not susceptible of independent review." *Marks*, 102 F.3d at 1018. In this case too, the Ninth Circuit will have pendent appellate jurisdiction over the state law battery, negligence, and Bane Act claims against defendants because these claims are derivative of and inextricably intertwined with the qualified immunity issue on appeal.

Qualified immunity "immediately divest[s] the district court of jurisdiction over the entire case against defendants because th[is] immunit[y] represent[s] an entitlement to avoid litigation altogether." *California by & through Harrison v.*

6

**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING DEFENDANTS' INTERLOCUTORY APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT E. MURPHY**

*Express Scripts, Inc.*, 139 F.4th 763, 771 (9th Cir. 2025), fn 7. In these circumstances, courts typically stay cases because the outcome of another proceeding will have preclusive effect on the pending issues. *Flores v. Bennett*, 675 F. Supp. 3d 1052, 1063 (E.D. Cal. 2023) (quoting *Safari Club Int'l v. Bonta*, No. 222CV01395DADJDP, 2023 WL 3505373, at *1 (E.D. Cal. May 17, 2023) (granting stay where the interlocutory appeal of the court's denial of the preliminary injunction "contained all of the substantive legal issues in dispute in this litigation"); *see also Andrade Rico*, 2019 WL 4127206, at **5, 8 (staying proceedings pending interlocutory appeal where the merits of plaintiffs' claims were intertwined with the questions of qualified immunity on appeal because a grant of qualified immunity would result in dismissal of the claims).

Defendants' qualified immunity turns on whether the legal analysis employed in the ruling was in accordance with the totality of the circumstances governing the assessment of reasonableness and whether defendants violated clearly established federal law. Because the remaining claims arise from the exact same conduct as the federal claims, and because a finding of qualified immunity on the federal claims would also render defendants reasonable with respect to the state law claims or otherwise immunized from liability, these claims are inextricably intertwined. Failure to stay the proceedings as to the remaining state law claims, pending the outcome of the appeal, will result in two separate trials, inconsistent results, the waste of judicial resources, and increased expense to the parties. Egregiously, moving forward with a trial now on the state law claims will result in incredible expense to plaintiffs as well because, should defendants be successful in their appeal, plaintiffs' counsel will have incurred copious fees in preparing for and litigating the state law claims that will be rendered moot by the appellate ruling. If defendants are unsuccessful, plaintiffs will have to pay for two separate trials-one for state claims and another for federal claims-and all of the costs and expenses that go into preparing for and appearing at two separate trials. This is judicially wasteful and very expensive for the parties.

**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING DEFENDANTS' INTERLOCUTORY APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT E. MURPHY**

## 2.    *The Court's Discretionary Considerations All Favor Granting A Stay*

In deciding a stay, a court weighs (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023)). Each of these considerations weigh in favor of staying the matter, including trial.

First, plaintiffs will not be prejudiced by staying the proceedings. Plaintiffs would have to await the outcome of defendants' appeal regardless of whether their state law claims proceeds, so a stay would cause "minimal damage" to them. *Johnson v. City of Mesa*, 2022 WL 137619, at *2 (D. Ariz. Jan. 14, 2022) (granting motion to stay). That discovery has ended, motion practice is closed, and there is no risk of evidence being lost weighs in favor of a stay. *See Sanchez v. Green Messengers, Inc.*, 666 F. Supp. 3d 1047, 1053–54 (N.D. Cal. 2023) There are also no allegations of ongoing constitutional violations. *Id.* The hardship to all parties in having to prepare for trial on claims that may be rendered moot by appeal is paramount. *See Blain v. Liberty Mut. Fire Ins. Co.*, 2025 WL 886966, at *23 (S.D. Cal. Mar. 21, 2025) Where, as here, "a denial of stay would cause both parties to incur significant expenses on litigation that may be rendered moot," this factor favors granting the stay. *Vance v. Google LLC*, 2021 WL 534363, at *5 (N.D. Cal. Feb. 12, 2021).

A stay will "serve the purpose of qualified immunity to avoid trial and the burdens of pretrial matters," *Johnson, supra*, 2022 WL 137619, at *3. Finally, judicial economy would be best served by initiating a stay. Defendants' qualified immunity appeal creates "independent proceedings which bear upon the case" such that the "most efficient and fairest course" is to await the resolution of those proceedings before continuing towards trial. *Edmond v. City of Los Angeles*, 2022 WL 20273277, at *2 (C.D. Cal. Jan. 13, 2022) (finding the "interest of economy of time and effort

8

**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING DEFENDANTS' INTERLOCUTORY APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT E. MURPHY**

for the Court, for counsel and for litigants" outweighed any risk of prejudice from a delay in trial).

Each of these consideration weight in favor of granting a stay.

## V.   CONCLUSION

For all of the above reasons, defendants' request that this Court grant their Ex Parte Application to stay the district court proceedings for all cause of action pending the resolution of defendants' interlocutory appeal.

DATED:  April 6, 2026                    Respectfully submitted,

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By: _____
Mildred K. O'Linn
Robert E. Murphy
David L. Fleck
Attorneys for Defendants, CITY OF COVINA, VANESSA CARDOZA, DAVID MEADOWS, and BILLY SUN

9

## DECLARATION OF ROBERT E. MURPHY

I, Robert E. Murphy, declare as follows:

1.    I am an attorney duly admitted to practice before this Court.  I am a Partner with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendants, CITY OF COVINA, VANESSA CARDOZA, DAVID MEADOWS, and BILLY SUN.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2.    Pursuant to Local Rules of Court 7-19.1, on April 3, 2026, counsel for defendants notified counsel for plaintiff of their intention of filing this Ex Parte Application. At that same time through to Monday April 6, defense counsel also requested to stipulate to a stay of the matter while the appeal resolved. However, counsels for plaintiff indicated they would not stipulate to a stay and would instead be opposing this Ex Parte Application.

3.    Attached hereto at Exhibit A is a true and correct copy of this Court's Standing Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 6th day of April, 2026, at Los Angeles, California.

_____
Robert E. Murphy

**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING DEFENDANTS' INTERLOCUTORY APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT E. MURPHY**