**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez; D.V., a minor, by and through his guardian ad litem, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., individually,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN; DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-01562-CBM-ACCV<br><br>[*Honorable Consuelo B. Marshall*]<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 2 TO EXCLUDE SPECULATIVE INFERENCES**<br><br>[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]<br><br>**Final Pretrial Conference & Hearing on Motions *in Limine*:**<br>Date:    May 5, 2026<br>Time:    02:30 p.m.<br>Place:   Courtroom 8D<br>**Trial:**<br>Date:    June 9, 2026<br>Time:    10:00 a.m.<br>Place:   Courtroom 8D |

PLAINTIFFS' MOTION *IN LIMINE* NO. 2 – TO EXCLUDE SPECULATIVE INFERENCES

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Plaintiffs E.V. and X.V., minors by and through their guardian *ad litem*, Karla Juarez; D.V., a minor, by and through his guardian *ad litem*, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; and LUIS VALDIVIA JR., hereby move *in limine* for an order excluding any evidence, testimony, argument, reference or inference at trial as to any speculative beliefs and subjective fears, including:

(1)    Whether Decedent Valdivia shot at a Defendant Officer – given that it is undisputed that Valdivia never shot at any officer.

(2)    Whether Decedent Valdivia would have shot at a Defendant Officer (including harming some unidentified person or taking a hostage) – given that it is undeniable that Valdivia complied with several officer commands and dropped the gun prior to any shot being fired, never attempted to harm any person, never attempted to take a hostage, and there is no rational way for the Officers or their experts to know what Valdivia would have done.

(3)    Whether Decedent Valdivia was pointing a gun at any Defendant Officer during any of the shots fired – given that it is undeniable that Valdivia dropped the gun prior to any shot being fired.

(4)    Any speculative inference as to what Decedent Valdivia was thinking, planning or intending to do at the time of the incident.

(5)    Any speculative inference that Decedent Valdivia pointed the gun at any person prior to officer arrival – given that Officers had no information that a gun was ever pointed at any person, and the nature of the call for "brandishing" does not necessarily include pointing a gun.

Plaintiff will suffer specific and extreme prejudice if this Motion *in Limine* is not granted because admission of the above information was not part of the

circumstances confronting Defendant Officers at the time of the incident and irrelevant; further has such minimal probative value it substantial risks unfair prejudice, confusing the jury, presentation of cumulative evidence, unnecessarily consuming time and misleading the jury in their task of determining whether the Defendant Officers are liable based on Ninth Circuit Model Jury Instruction 9.27; and importantly, includes impermissible character evidence. Plaintiff makes this Motion under Federal Rules of Evidence, Rules 401, 402, 403, 404, 602, 701, 702 and the prohibition of hindsight evidence in the analysis of use of excessive force cases pursuant to *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

Plaintiffs base this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in Support of Plaintiffs' Motion *in Limine* No. 2 and Exhibits attached thereto, Plaintiffs' [Proposed] Order, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel during which only a partial resolution was reached. (Declaration of Marcel F. Sincich ("Sincich Decl.") at ¶2.)

Respectfully submitted,

Dated: April 7, 2026,          **LAW OFFICE OF DALE K. GALIPO**

By _____/s/_____Marcel F. Sincich_____
    Dale K. Galipo
    Marcel F. Sincich
    *Attorneys for Plaintiffs*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

By this Motion *in Limine*, Plaintiffs move to exclude from testimony, exhibits, and argument at trial any speculative information that has no foundation and even counter to the objective facts, because it is information that the Defendant Officers were not confronted with, and testimony and opinion based on speculation and unreasonable subjective fears that (1) Valdivia shot at an Officer – given that it is undisputed that Valdivia never shot at any Officer; (2) that Valdivia would have shot at an Officer – given that it is undeniable that Valdivia dropped the gun prior to any shot being fired and there is no rational way to know what Valdivia would have done; (3) that Valdivia was pointing a gun at any Officer during any of the shots fired – given that it is undeniable that Valdivia dropped the gun prior to any shot being fired; (4) any speculative inference as to what Valdivia was thinking, planning or intending to do at the time of the incident; and (5) any speculative inference that Valdivia pointed the gun at any person prior to officer arrival – given that Officers had no information that a gun was ever pointed at any person, and the nature of the call for "brandishing" does not necessarily include pointing a gun.

Defendants simply have no personal knowledge nor foundation to testify on these matters. Their testimony and that of their experts would be purely speculative. For the following reasons, Plaintiffs respectfully request the Court exclude speculative testimony and subjective fears from trial.

### II.    DEFENDANTS' SPECULATIVE TESTIMONY SHOULD BE EXCLUDED

"A witness may testify to a matter *only* if evidence is introduced sufficient to support a finding that the witness has *personal knowledge* of the matter." Fed. R. Evid. 602 (emphasis added). Here, Defendants have no personal knowledge whatsoever that Valdivia ever fired the gun at any time, especially not at any officer. Defendants plainly should be precluded from testifying that Valdivia shot at an

Officer – because Valdivia absolutely did not. Defendants have no personal knowledge nor foundation to be able to predict the future as to what Valdivia would have done, especially that Valdivia would have shot at an Officer. Defendants cannot state from personal knowledge what Valdivia would have done in any situation. Defendant Officers should not be permitted to testify that Valdivia was pointing a gun at any Officer during any of the shots fired because Defendants assessed the situation in slow motion, and assessed between rounds, and it is undisputable that Valdivia did not point the gun at any officer during any of the shots. Defendants also have no person knowledge as to what Valdivia was thinking, planning or intending to do at the time of the incident. Finally, Defendants have no personal knowledge as to whether Valdivia ever pointed the gun at any person prior to officer arrival. The evidence is clear, the Officers responded to a brandishing call, which does not necessarily include pointing a gun, and had no information that a gun was ever pointed at any person.

Given that Defendants lack personal knowledge to provide testimony in any of these speculative areas, their testimony in this regard should be excluded.

## III.    SPECULATIVE TESTIMONY SUBSTANTIALLY RISKS UNFAIR PREJUDICE, CONFUSING THE ISSUES, AND MISLEADING THE JURY

Testimony that has a substantial risk for unfair prejudice, confusing the issues, misleading the jury, and wasting time should be excluded. Fed. R. Evid. 403. "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses). Plaintiffs contend that testimony without foundation and based on speculation as to what Valdivia would have done, what Valdivia was thinking, or testimony as to what Valdivia was doing that is contradicted by objective evidence should be excluded under Rule 403. Testimony that Valdivia

pointed a gun at people before officer arrival (even though he never did), then pointed a gun at officers (even though he never did), and subjective fear testimony in the form of a fact that Valdivia would have taken a hostage or shot an officer does nothing more than inflame the passions of the jury, invoke an emotional response, and deprive Plaintiffs of a fair trial.

Whether Valdivia shot at an Officer; whether Valdivia would have shot at an Officer; whether Valdivia was pointing a gun at any Officer during any of the shots fired; any speculative inference as to what Valdivia was thinking, planning or intending to do at the time of the incident; and any speculative inference that Valdivia pointed the gun at any person prior to officer arrival is not the facts and circumstances that he Defendant Officers were facing at the time, and at the very least confuses the issues and misleads the jury. There is no foundation for this testimony, it is argumentative, unknown to Officers, and should be excluded under Rule 403.

Additionally, "[c]ourts routinely exclude as impermissible expert testimony as to intent, motive, or state of mind." *Lanard Toys Ltd. V. Anker Play Prods.*, LLC, No. CV 19-4350-RSWL-AFMx, 2020 WL 6873647, at *7 (C.D. Cal. Nov. 12, 2020) (collecting cases). "Expert testimony as to intent, motive, or state of mind offers no more than the drawing of an inferences from the facts of the case…[and because t]he jury is sufficiently capable of drawing its own inferences regarding intent, motive or state of mind from the evidence, [] permitting expert testimony on this subject would be merely substituting the expert's judgment for the jury's and [therefore] would not be helpful to the jury." *Moller v. Cnty. of San Bernardino*, No. 5:22-CV-01306-DSF-MARX, 2024 WL 5185640, at *7 (C.D. Cal. Jan. 2, 2024) (internal citations and quotation marks omitted). Moreover, lay witnesses are generally excluded from providing opinion testimony on a person's state of mind, as they may only testify to what they actually witnessed and perceived. *See Bui v. City & Cnty. of San Francisco* No. 11-CV-04189-LB, 2018 WL 1057787, at *7 (N.D. Cal. Feb. 27, 2018) (holding "lay witnesses may not give opinions as to [an individual's] mental condition or what

effect his mental condition had on his conduct, other than what they actually perceived"). Accordingly, any and all speculative testimony regarding Valdivia's state of mind should be excluded.

## IV.    CONCLUSION

Therefore, Plaintiffs respectfully request the Court to issue an order excluding any testimony and argument at trial (1) that Valdivia shot at an Officer; (2) that Valdivia would have shot at an Officer; (3) that Valdivia was pointing a gun at any Officer during any of the shots fired; (4) any speculative inference as to what Valdivia was thinking, planning or intending to do at the time of the incident; and (5) any speculative inference that Valdivia pointed the gun at any person prior to officer arrival.


Respectfully submitted,

Dated: April 7, 2026,              **LAW OFFICE OF DALE K. GALIPO**

By _____/s/_____ *Marcel F. Sincich*_____
        Dale K. Galipo
        Marcel F. Sincich
        *Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs certify that this brief contains 1,174 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

Dated: April 7, 2026,     **LAW OFFICE OF DALE K. GALIPO**

By _____ */s/*          *Marcel F. Sincich*_____
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiffs*