**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez; D.V., a minor, by and through his guardian ad litem, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., individually,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN; DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-01562-CBM-ACCV<br><br>[*Honorable Consuelo B. Marshall*]<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE* No. 2 TO EXCLUDE SPECULATIVE INFERENCES**<br><br>**<u>Final Pretrial Conference & Hearing on Motions *in Limine*:</u>**<br>Date:   May 5, 2026<br>Time:   02:30 p.m.<br>Place:  Courtroom 8D<br>**<u>Trial:</u>**<br>Date:   June 9, 2026<br>Time:   10:00 a.m.<br>Place:  Courtroom 8D |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Having reviewed Plaintiff's Motion *in Limine* No. 2 to Exclude Speculative Inferences, and GOOD CAUSE appearing therein, Plaintiff's Motion is HEREBY GRANTED that it is excluded from evidence, testimony, argument, reference or inference at trial any speculative beliefs and subjective fears, including:

(1)    Whether Decedent Valdivia shot at a Defendant Officer – given that it is undisputed that Valdivia never shot at any officer.

(2)    Whether Decedent Valdivia would have shot at a Defendant Officer (including harming some unidentified person or taking a hostage) – given that it is undeniable that Valdivia complied with several officer commands and dropped the gun prior to any shot being fired, never attempted to harm any person, never attempted to take a hostage, and there is no rational way for the Officers or their experts to know what Valdivia would have done.

(3)    Whether Decedent Valdivia was pointing a gun at any Defendant Officer during any of the shots fired – given that it is undeniable that Valdivia dropped the gun prior to any shot being fired.

(4)    Any speculative inference as to what Decedent Valdivia was thinking, planning or intending to do at the time of the incident.

(5)    Any speculative inference that Decedent Valdivia pointed the gun at any person prior to officer arrival – given that Officers had no information that a gun was ever pointed at any person, and the nature of the call for "brandishing" does not necessarily include pointing a gun.

**IT IS SO ORDERED.**

DATED:_____                    _____

Honorable Consuelo B. Marshall

United States District Judge