**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, SBN 144074 (*lead counsel*)
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:        (818) 347-3333
Facsimile:        (818) 347-4118

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.V. and X.V., minors by and through their guardian *ad litem*, Karla Juarez; D.V., a minor, by and through his guardian *ad litem*, Elias Vadivia; individually ans as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., individually, <br><br> Plaintiffs, <br><br> v. <br><br> CITY COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 5:23-cv-01562-CBM-ACCV <br><br> [*Honorable Consuelo B. Marshall*] <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* No. 3 TO LIMIT OR EXCLUDE THE EXPERT TESTIMONY OF ROBERT FONZI** <br><br> [(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*] <br> **Final Pretrial Conference & Hearing on Motions *in Limine*:** <br> Date:   May 5, 2026 <br> Time:   02:30 p.m. <br> Place:   Courtroom 8D <br> **Trial:** <br> Date:   June 9, 2026 <br> Time:   10:00 a.m. <br> Place:   Courtroom 8D |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Plaintiffs E.V. and X.V., minors by and through their guardian *ad litem*, Karla Juarez; D.V., a minor, by and through his guardian *ad litem*, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; and LUIS VALDIVIA JR., hereby do move *in limine* for an order excluding or limiting defense police practices expert Robert Fonzi regarding opinions based on credibility determinations, legal conclusions, and opinions outside his expertise—which are not helpful to the jury. Further, some of Mr. Fonzi's opinions have no identifiable methodology or critical analysis; the Defendant' statements are accepted at face value as a premise, confusing the objective standard; despite stating that his opinions are not intended to usurp the province of the jury, he opines that the officers' conduct was reasonable, which is the jury's primary function in determining liability; and Mr. Fonzi usurps the Court's function to instruct the jury on the law in the guise of giving opinions on what officers are taught. Additionally, Plaintiffs move to exclude Mr. Fonzi from testifying as to "Lag time," purported to be the time between perception and reaction, as Mr. Fonzi has no education or training in neuroscience, nor any scientific background as well as forensic video analysis, as Mr. Fonzi also has no expertise. Plaintiffs make this Motion under Federal Rules of Evidence Rules 401, 403, 404, 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Plaintiffs will suffer specific prejudice if this motion *in limine* is not granted because admission of Mr. Fonzi's testimony will not be helpful to the jury, gives improper legal conclusions, makes credibility determinations, and will include opinions outside of his expertise that require scientific knowledge, training and experience regarding "action vs. reaction" and forensic video analysis, of which Mr. Fonzi has none of.

PLAINTIFFS' MOTION *IN LIMINE* NO. 3 – TO LIMIT THE TESTIMONY OF ROBERT FONZI

Plaintiffs base this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in Support of Plaintiffs' Motions *in Limine* and Exhibits attached thereto, Plaintiffs' [Proposed] Order, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel during which no resolution could be reached. (Declaration of Marcel F. Sincich ("Sincich Decl.") ¶2.)

Respectfully submitted,

DATED: April 7, 2026,                **LAW OFFICES OF DALE K. GALIPO**

                                                  */s/        Marcel F. Sincich*
                                                  Dale K. Galipo
                                                  Marcel F. Sincich
                                                  *Attorney for Plaintiffs*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This is a §1983 civil rights and state tort case arising from the use of excessive and unreasonable force against Decedent Daniel Valdivia ("Valdivia") by City of Covina Police Department ("CPD") Officers Vanessa Cardoza ("Cardoza"), David Meadows ("Meadows"), and Cheng Wei Sun ("Sun") on April 9, 2022.

The Defendant Officers all claim that Valdivia was pointing a gun at them during all the shots. Officer Sun claims, "Valdivia continuously point[ed] the gun in his direction during his six shots." Officer Cardoza claims, "Valdivia continuously point[ed] the gun in the direction of Sun and Meadows during her five shots." And Officer Meadows claims, "at the time he fired, Valdivia's gun was pointed in the direction of him and Officer Sun." Yet the video shows they fired all their shots after Valdivia had already dropped the gun in surrender and exposes the Officers' unified erroneous story that does not correspond with reality. Still, Defendants hired Robert Fonzi, a police practices expert, not a neuroscientist, to attempt to excuse the Defendant Officers' erroneous assertions with vague and speculative commends related to cognitive processing, unspecified "training and research," and motor reaction time that is completely outside his expertise.

Defendants refuse to admit that they shot and killed Valdivia after he dropped the gun. Defendants are sticking with the story that Valdivia was pointing the gun during all the shots. The Defendants' testimony will be impeached at trial. However, Defendants should not be permitted to bolster their impeached story with supposed expert testimony that it is okay to preemptively shoot and kill a man merely because he might point the gun and fire faster than the supposedly well-trained officers when that scenario is not what the officers faced in his matter. Here, Defendants retaliatorily shot and killed Valdivia, after he dropped the gun.

Despite this primary factual dispute, Mr. Fonzi appears to have improperly made credibility determinations by adopting all of Defendants' self-serving

statements at face value to render his opinions. Plaintiffs recognize that police practices experts are generally permitted in cases such as this. However, Plaintiffs contend that Mr. Fonzi's <u>commentary</u> based on making credibility determinations usurps the province of the jury, includes legal conclusions that usurp the province of the Court, and result in "cognitive processing" comments that are outside of his area of expertise and will not be helpful to the jury. *See Monica v. Williams*, No. 15-cv-04857-BLF, 2017 WL 548980, at *1 (N.D. Cal. Jan. 30, 2017) ("Fonzi may not testify as to any legal conclusion or the credibility of any witnesses.").

Additionally, in *Chang v. Cnty. of Santa Clara*, No. 5:15-cv-02502-RMW, 2016 WL 3880999, at *1 (N.D. Cal. July 18, 2016), the court agreed with plaintiff that Mr. Fonzi's opinions on reasonable suspicion and probable cause are irrelevant. (Citing *Minter v. Galios*, No. 12-cv-02905-JSC, 2014 U.S. Dist. LEXIS 36954, at *14 (N.D. Cal. Mar. 17, 2014)). Further, "the court will not allow Mr. Fonzi to testify regarding whether defendants' actions were lawful or appropriate." *Chang*, 2016 WL 3880999, at *2. Nevertheless, Mr. Fonzi's Rule 26 Report is multiple sections concluding that the Defendants had reasonable suspicion to investigate and probable cause to arrest Valdivia for brandishing a firearm (PC 417), interfering, delaying, and obstructing a police officer (PC 148), and drawing and/or exhibiting a firearm in a rude manner in the presence of a police officer (PC 417(c)). (Exh. A, Fonzi Report at 10-11.) This is not a wrongful arrest/false imprisonment action. This is an excessive force action. Opinions in this regard are irrelevant and unhelpful.

For the following reasons, Plaintiffs respectfully request an order limiting Mr. Fonzi to only proper opinions and excluded the following improper opinions at trial.

## II.    LEGAL STANDARD PURSUANT TO RULE 702

The admissibility of expert testimony is governed by Rule 702. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 590 (1993). To be admissible, expert testimony must generally satisfy a two-prong test: reliability, and relevance. *Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002), amended sub

nom. *Mukhtar v. California State Univ., Hayward*, 319 F.3d 1073 (9th Cir. 2003). To establish relevance, the testimony must be helpful to the trier of fact and beyond the common knowledge of jurors. *Daubert*, 509 U.S. at 597. Rule 702 requires courts to assess the reliability of expert testimony based on scientific, technical, or "other specialized" knowledge before admitting it. *Daubert*, 509 U.S. at 589, *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (extending the *Daubert* gatekeeping requirement to "technical" and "other specialized" knowledge).

The proponent of expert testimony bears the burden of proving admissibility. *Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995) ("the party presenting the expert must show that the expert's findings are based on sound science"). Assessment of the expert's qualifications to testify is not answered in the abstract but based on whether the expert's "qualifications provide a foundation for a witness to answer a specific question." *Smelser v. Norfolk Southern Ry. Co.*, 105 F.3d 299, 303 (6th Cir.1997) (internal quotations omitted). Thus, the court must determine whether the expert's training and qualifications relate to the specific subject matter of his proposed testimony.

The court may satisfy its "gatekeeping" function by conducting a pretrial hearing, or by ruling on a Rule 702 objection at trial, "so long as the court has sufficient evidence to perform 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000) (quoting *Daubert*, 509 U.S. at 597). Although "the gatekeeper inquiry under Rule 702 is ultimately a flexible determination, …a district court, when faced with a party's objection, must adequately demonstrate by specific findings on the record that it has performed its duty as gatekeeper." *Goebel*, 215 F.3d at 1088 (citation omitted). To establish reliability, the testimony must be derived from valid scientific knowledge, the witness must possess sufficient expertise, and the state of pertinent scientific knowledge must

permit the assertion of a reasonable opinion. *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002). Testimony is grounded in valid knowledge if it is "based on the methods and procedures of science [or other expertise] rather than on subjective belief or unsupported speculation; the expert must have good grounds for his or he belief." *Reger v. A.I. DuPoint Hosp. for Children of Nemours Foundation*, 259 Fed.Appx. 499, 500, 2008 WL 84540, 1 (3rd Cir. 2008) (quoting *Schneider v. Fried*, 320 F.3d 396, 404 (3rd Cir. 2003), and *Daubert*, 509 U.S. at 590 (in order to qualify as scientific knowledge, "an inference or assertion must be derived by the scientific method. Proposed testimony must be supported by appropriate validation – *i.e.*, "good grounds," based on what is known")).

Federal Rule of Evidence 702 requires that a qualified expert witness can only testify if: (a) it will help the trier of fact understand the evidence or to determine a fact in issue; (b) based on sufficient facts or data; (c) the product of reliable principles and methods; and (d) has reliably applied the principles and methods to the facts of the case. The issue here is not whether Mr. Fonzi is an experienced law enforcement officer. Rather, the question for the Court is whether certain proffered testimony "will help the trier of fact to understand the evidence or to determine a fact in issue," and whether it is supported by sufficient facts and data. If so, the next question is whether there is a reliable methodology applied to reach the opinions offered. What appears in Mr. Fonzi's reports are his credibility determinations by a consistent preference of the Defendants' factually impossible version over the contrary objective evidence; legal conclusion; and scientific commentary for which Mr. Fonzi is incapable of giving helpful opinions particular to this matter that is outside his expertise.

### III.    MR. FONZI'S IMPROPER PERCEPTION REACTION COMMENTARY SHOULD BE EXCLUDED

#### A.    Mr. Fonzi's Testimony Regarding "Action vs. Reaction Time" and Video Analysis is Outside of Mr. Fonzi's Expertise

Though designated as a police practices expert, Mr. Fonzi veers into the area of

neuroscience to discuss "action vs. reaction time" or "lag time" described as the time to perceive and react. Mr. Fonzi is not a human factors or behavioral science expert and does not have any formal training regarding "action vs. reaction time" or reaction-perception responses.  He does not set forth an adequate basis to provide such testimony, but merely states that it is something "to be taken into consideration." He has no actual opinion related to "action vs. reaction time" because there is no apparent foundation for such testimony from the evidence. Further, he does not actually relate this concept that is outside of his expertise to the facts of this case. Mr. Fonzi merely states that "'action vs. reaction time' is a factor that must be considered when evaluating the dynamics of this incident." Mr. Fonzi then goes on to attempt to define the concept that is outside of his expertise. (Fonzi Report at 17.)

Similarly, in *Avila v. City of Long Beach*, No. CV1705607-ABJ-PRX, 2018 WL 7501260 (C.D. Cal. Dec. 18, 2018), the plaintiffs moved to exclude Mr. Fonzi's from testifying as to "action vs. reaction time" on the ground that it is not admissible under Rule 702; irrelevant under Rules 401-402; and unduly prejudicial, confusing, and time-consuming under Rule 403. 2018 WL 7501260, at *1. Like in *Avila*, Plaintiffs here "contend that Mr. Fonzi has no scientific qualifications to opine as to 'action vs. reaction time' because he lacks training in psychology or biomechanics, that his discussion would be pseudoscience, and that any opinion would be irrelevant because the issue is whether any of the officers reasonably feared for their lives." *Id.* The Court in *Avila* agreed with the plaintiffs and excluded Mr. Fonzi's references to "action vs. reaction time" on the basis that his failure to recognize whether it was an issue to the underlying matter undermined his qualifications to opine on the topic. *Id.*; *see*, *e.g.*, *Jones v. Beelman Truck Co.*, No. 4:13-cv-252 CAS, 2015 WL 3620651, at *2 (E.D. Mo. June 9, 2015) (excluding opinions regarding perception and response as outside of specialization); *Banda v. Herc Rentals, Inc.*, No. 18-CV-05329-JCS, 2020 WL 353461, at *11 (N.D. Cal. Jan. 21, 2020) (granting motion because expert was not an expert in perception-reaction).

Exactly like in *Avila*, Mr. Fonzi "does not disclose any opinion." *Avila*, 2018 WL 7501260, at *1. Rather, "[t]he Report then describes what "action vs. reaction time" is, but provides no analysis of any facts, whether from this case or others." *Id*. Mr. Fonzi's repeated violation in this regard is likely because he is not qualified to render opinions on this matter and should not be permitted to provide a surprise opinion for the first time at trial.

It is also a clear invasion of the province of the Court for Mr. Fonzi to attempt to direct the jury on what they must consider in evaluating an excessive police shooting. *See Garcia v. Cnty. of Riverside*, No. CV51800839SJOASX, 2019 WL 4282903, at *11 (C.D. Cal. June 7, 2019) (granted motion to exclude Mr. Fonzi from testifying as to the ultimate legal conclusion of whether the deputies used "reasonable force"); *Goodin v. City of Glendora*, 380 F. Supp. 3d 970, 984 n.16 (C.D. Cal. 2019) (finding that the expert report of Mr. Fonzi regarding probable cause and exigent circumstances "contains mostly legal conclusions, as opposed to specific and articulable facts." That Mr. Fonzi "improperly 'undertakes to tell the court what result to reach,' by "substituting the expert's judgment for the court's."); *N.W. v. City of Long Beach*, No. EDCV141569VAPSPX, 2016 WL 9021966, at *3 (C.D. Cal. June 7, 2016) (excluding Mr. Fonzi's opinions regarding ultimate issue, whether officer action was consistent with unnamed national standard, and whether it would be reasonable for an officer to believe decedent posed an imminent danger that was life threatening—because "they are not based on reliable methodologies or are legal conclusions"); *Monica v. Williams*, No. 15-CV-04857-BLF, 2017 WL 548980, at *1 (N.D. Cal. Jan. 30, 2017) (holding that Mr. Fonzi "may not testify as to any legal conclusion or the credibility of any witnesses).

Mr. Fonzi states that this phenomenon relates to "training" yet fails to cite to what Covina officer training states anything of this nature, fails to establish that the Defendant Officers had such training, and he fails to establish that he underwent such training. Further, Mr. Fonzi does not provide any helpful opinion to the jury in

PLAINTIFFS' MOTION *IN LIMINE* NO. 3 – TO LIMIT THE TESTIMONY OF ROBERT FONZI

determining whether these Defendant Officers were subject to the "action vs. reaction time" phenomenon, how much time these Defendant Officers had to react and to what specific conduct they were reacting, and what these Defendant Officers reaction time was at the time of the incident. Mr. Fonzi's lists the materials reviewed for his matter, none of which includes any published and reliable "research" material on "action vs. reaction time." (Fonzi Report at 3-9.) Additionally, Mr. Fonzi fails to provide citations to any foundation for his discussion regarding action vs. reaction time. While he claims that officers are trained on this concept and the training is based on "studies," and "training and research," he fails to cite to any actual studies, training or research that could support his premise. (Fonzi Report at 32-34). *Cf. Dominguez v. City of Los Angeles*, No. CV174557DMGPLAX, 2018 WL 6164278, at *7–8 (C.D. Cal. Oct. 9, 2018) (precluding police practices expert from offering opinions on perception-reaction time and "reactionary gap" despite his claims that they are "well-known law enforcement principle(s)" because police academies and training organizations are not the "relevant scientific community" for such concepts under *Kumho Tire Co*.)

What remains is the fact that not Mr. Fonzi, nor any scientist with credentials to conduct such research, have ever tested these Defendant Officers' perception/reaction time. Mr. Fonzi's comments, not opinions, about "action vs. reaction time" lack foundation, are speculative, unduly prejudicial and misleading. (Fed. R. Evid. 403.) Mr. Fonzi claims that officers are "in extreme danger of under-reacting" (Fonzi Report at 33), which egregiously infers that officers have the right to overreact (i.e., use excessive force, an amount of force that is not necessary) to stop an unreasonably perceived threat despite the officers own testimony that they saw everything in slow motion and assessed between rounds.

Mr. Fonzi's experience in law enforcement does not give him the ability to form medical expert opinions on how long it takes for the human brain to process stimuli before the body can react to such stimuli. "Such an opinion would imply a

scientific knowledge of the human brain." *Dominguez*, 2018 WL 6164278, at *7 (citing *Daubert*, 509 U.S. at 590). Mr. Fonzi "is not a scientist or neurologist and has never performed a study that evaluates neurological reaction time in police-involved shootings, nor has he ever published in the field of "perception reaction time." *See Id.* Further, Mr. Fonzi's "training does not render him qualified to opine on the human brain's capabilities." *Garrit v. City of Chicago*, No. 16-CV-7319, 2022 WL 124554, at *8 (N.D. Ill. Jan. 13, 2022) (citing *Chatman v. City of Chicago*, No. 13 C 5697 Docket. #225 at 5 (N.D. Ill.) (finding opinions on action vs. reaction were not based in science). Courts have routinely excluded police practices experts who have no educational background in science, neurology, kinesiology, biomechanics, or psychology from offering opinions regarding reaction-perception time because they are not qualified to offer such opinions under *Kumho Tire Co*. *See Tovar v. City of San Jose*, No. 5:21-CV-02497-EJD, 2024 WL 4280950, at *21–22 (N.D. Cal. Sept. 24, 2024) (precluding defense's police practices expert from offering opinions based on scientific principals or analyses, including opinions regarding perception-reaction time due to lack of education, experience, and reliable methodology; *Alves v. Riverside Cnty.*, No. EDCV192083JGBSHKX, 2023 WL 2983583, at *7 (C.D. Cal. Mar. 13, 2023) (precluding defense's former police officer expert from testifying on topics of behavioral science, including time compression, because his accreditation from the Force Science Institute did not meet the *Daubert* standard for admissibility)Mr. Fonzi's "action vs. reaction time" testimony is merely an attempt for the Defendants to excuse shooting Valdivia after he dropped the gun. In effect, Mr. Fonzi contradicts the Defendant Officers, which will further confuse the jury. The Officers are adamant in their testimony that Valdiva was pointing the gun at them for all the shots. But having seen the video, Defendants desperately require Mr. Fonzi to attempt to excuse their wrongful conduct with testimony that it is permissible to use deadly force before a person points a gun. Mr. Fonzi's comments even defy logic. He states that supposedly "well-trained officers with their guns aimed at a suspect cannot

reasonably be expected to react faster than a suspect can raise his or weapon and fire." (Fonzi Report at 33.) This opinion is without foundation is disturbing – that well-trained officers who specifically train for these types of encounters, cannot act appropriately and faster than an untrained suspect. This is exactly the type of unreliable opinion without any scientific rigor that must be excluded from trial. By their "expert" opinions, Defendants would be asking the jury to adopt a factually and legally unsound conclusion, that officers cannot be expected to act reasonably when a presented with an armed subject because the subject might raise the weapon and fire.

Likewise, Mr. Fonzi is not an expert in forensic video analysis or body-worn camera function and limitations. Yet, Mr. Fonzi's rebuttal report includes 40 newly reviewed items, all of which were in Defendants possession and could have been reviewed by Mr. Fonzi previously, including 27 videos. In his rebuttal report, Mr. Fonzi again wanders outside of his expertise and into the realm of science for which he is not qualified to testify. He states that "videos do not experience the biomechanical, physiological and psychological aspects that the involved human being experiences under stress in terms of perception, fear, adrenalin-influenced physiological changes (such as breathing, heart rate, and blood pressure), interpretation of contextual cues, narrowly focused attention ("tunnel vision"), time distortion, sound distortion, memory (formation, storage, and retrieval), and other human performance phenomena." (Exh. B, Fonzi Rebuttal Report at 4.) Mr. Fonzi cannot offer testimony related to biomechanics, physiology, psychology, tunnel vision, distortion in perception, or any sort of "human performance phenomenon" which has no foundation. Mr. Fonzi attempts to rebut the opinions of Plaintiffs forensic video analyst expert, Scott Holdaway, without the expertise to do so. (See Fonzi Rebuttal Report at 4.) *See, e.g.*, *Asante-Chioke v. Dowdle*, No. CV 22-4587, 2026 WL 24978, at *6 (E.D. La. Jan. 5, 2026) ("Defendants fail to explain how Mr. [Fonzi's] years of training and experience as an officer qualify him as an expert on the difference between human perception and what body cam footage captures.").

-9-    Case No.: 5:23-cv-01562-CBM-ACCV

PLAINTIFFS' MOTION *IN LIMINE* NO. 3 – TO LIMIT THE TESTIMONY OF ROBERT FONZI

Therefore, Mr. Fonzi's unsupported, unqualified testimony as to "action vs. reaction," cognitive processing, video analysis, biomechanics, physiology, psychology, tunnel vision, distortion in perception, and any sort of "human performance phenomenon" are outside of Mr. Fonzi's expertise and should be excluded from trial. *See Est. of Sinuon Samantha Pream v. City of Long Beach*, No. CV 17-04295 TJH (FFMX), 2019 WL 13532445, at *1 (C.D. Cal. Feb. 28, 2019) ("**It is further Ordered** that Robert Fonzi be, and hereby is, **Precluded** from opining at trial on matters not specifically contained within his expert report, namely, action/reaction times, rotation times, and similar human factors.").

**B.**     **Mr. Fonzi's Testimony Will Not Help the Jury Determine a Fact at Issue and Is Not Based on Reliable Principles and Methods**

At the outset, any credibility determinations made by Mr. Fonzi will not be helpful to the jury in understanding the evidence or determining a fact at issue. Mr. Fonzi is not a fact witness and should be precluded from resolving any factual disputes in Defendants' favor at trial. Mr. Fonzi's opinions assume that the Defendant Officers' testimony is more credible than Plaintiffs', the video, and the physical evidence. *See United States v. Barnard*, 490 F.2d 907, 912 (9th Cir. 1973) (finding that credibility is an issue for the jury). His "Basis for Opinions" section of his report bolsters officer statements and minimizes contradictory video evidence. (Fonzi Report at 18-29.) Defendants even had Mr. Fonzi submit a rebuttal report to again attempt to minimize the value of objective video evidence without any expertise in video analysis or function of body-worn cameras. Rule 702 requires that expert opinion to be a product of reliable principles and methods. Here, Mr. Fonzi has no reliable principles and methods in rendering opinion testimony that should be designated to medical experts and video experts, not police practices experts. Defendants have two experts who analyzed the video who gave an analysis yet chose for Mr. Fonzi to provide video analysis testimony without qualification. It is not helpful to the jury to merely have an unqualified witness explain how qualified experts define a scientific

phenomenon without any application to this matter. Defendants are erroneously attempting to invite the jury to independently make leap into a scientific opinion based on Mr. Fonzi's unqualified testimony.

Mr. Fonzi's unreliable and unhelpful testimony also includes the speculative statements related to Valdivia's state of mind. (See also Plaintiffs' Motion *in Limine* No. 2.) Mr. Fonzi repeatedly makes comments as to "Valdivia's deliberate actions" and "refusing to comply," "deliberately put his hands in his pocket," and "Mr. Valdivia's actions appeared to be willful and deliberate." (Fonzi Report at 13, 14, 15, 21, 24.) This is in spite of already being instructed by a court to such testimony is not permitted. *Peck v. Cnty. of Orange*, No. CV194654DSFAFMX, 2023 WL 11195794, at *9 (C.D. Cal. May 22, 2023) ("The Court excludes Fonzi's opinions and testimony regarding Mono's intent, motive, and state of mind. Fonzi may not refer to Mono's acts or actions as deliberate or intentional."). "Courts routinely exclude as impermissible expert testimony as to intent, motive, or state of mind." *Id.* (*citing Lanard Toys Ltd. v. Anker Play Prods., LLC*, No. CV 19-4350-RSWL-AFMx, 2020 WL 6873647, at *7 (C.D. Cal. Nov. 12, 2020) (collecting cases)).

> Expert testimony as to intent, motive, or state of mind offers no more than the drawing of an inference from the facts of the case. The jury is sufficiently capable of drawing its own inferences regarding intent, motive, or state of mind from the evidence, and permitting expert testimony on this subject would be merely substituting the expert's judgment for the jury's and would not be helpful to the jury.

*Peck*, 2023 WL 11195794, at *9 (citation omitted).

Mr. Fonzi's testimony omits what the Defendant Officers state that they perceived, omits what a reasonable officer in the same position would have and should have perceived, omits how much time the Defendant Officers had to react and to what stimuli they would have been reacting, omits what the Defendant Officers' reaction time is, omits any explanation of officer training on reaction time, omits any

-11-        Case No.: 5:23-cv-01562-CBM-ACCV
PLAINTIFFS' MOTION *IN LIMINE* NO. 3 – TO LIMIT THE TESTIMONY OF ROBERT FONZI

explanation of officer training on decreasing reaction time, omits any explanation as to why the officers continued to assess between rounds saw the gun on the ground, Valdivia's hands empty and away from the gun and yet still decided to shot him dead. Further, it is not helpful for the jury to hear testimony that video evidence is vital when used by law enforcement but should be ignored when it shows officers shooting a person who was compliant, submissive, and dropped the gun prior to any shot fired.

Besides not being helpful to the jury, Mr. Fonzi's legal and factual conclusions present a great danger of unfair prejudice, misleading the jury, and confusing the issues. Rule 403; *see United States v. Gutierrez*, 995 F.2d 169, 172 (9th Cir. 1993); *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991); *Jinro America Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1001-10, 57 (9th Cir. 2001). Mr. Fonzi is not a fact witness and should not be allowed to testify as to what the facts are. Mr. Fonzi also should not be allowed to testify as to the legal conclusions of what is reasonableness, probable cause, reasonable suspicion, any analysis of *Graham*, or speculation as to any penal codes he believes were violated.

An example of how confusing an unhelpful Mr. Fonzi's testimony will be is his statements that body-worn camera video is an effective law enforcement tool and will continue to play a vital role in capturing events (Fonzi Rebuttal Report at 5) yet the overall scope of his opinions is to ignore that the videos show Valdivia drop the gun prior to any shot being fired. Interestingly, despite all the anticipated testimony from Mr. Fonzi that body-worn camera videos are limited, Defendants still have a reconstruction expert, Rod Englert, who analyzed those exact videos, isolating the positions of the parties, the actions of the parties, and utilizing still images of the videos to make their point.

## IV.    CONCLUSION

The above proffered testimony of Mr. Fonzi will not be helpful to the jury, but would be prejudicial, confusing, misleading, and will waste time. Thus, Plaintiffs

-12-    Case No.: 5:23-cv-01562-CBM-ACCV

respectfully request an order excluding Mr. Fonzi from testifying as to credibility, findings of fact, legal conclusions, penal code violations, and speculative scientific conclusions including cognitive processing and "action vs. reaction" or forensic video analysis as described herein.

Respectfully submitted,

DATED: April 7, 2026,                LAW OFFICES OF DALE K. GALIPO

                                     /s/        Marcel F. Sincich
                                     Dale K. Galipo
                                     Marcel F. Sincich
                                     *Attorney for Plaintiffs*

PLAINTIFFS' MOTION *IN LIMINE* NO. 3 – TO LIMIT THE TESTIMONY OF ROBERT FONZI

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs certifies that this brief contains 4,270 words, which complies with the word limit of L.R. 11-6.1.

DATED: April 7, 2026                    **LAW OFFICES OF DALE K. GALIPO**


By:    _/s/        Marcel F. Sincich_
          Dale K. Galipo
          Marcel F. Sincich
          *Attorneys for Plaintiffs*

PLAINTIFFS' MOTION *IN LIMINE* NO. 3 – TO LIMIT THE TESTIMONY OF ROBERT FONZI

## DECLARATION OF MARCEL F. SINCICH

I, Marcel F. Sincich, hereby declare as follows:

I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiffs.  I make this declaration in support of Plaintiff's Motion *in Limine* No. 3 to Exclude Testimony of Robert Fonzi. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

1.    Attached hereto as "**Exhibit A**" is a true and correct copy of Robert Fonzi's Initial Rule 26 Expert Report as designated by Defendants as a police practices expert on April 10, 2025 ("**Exh. A, Fonzi Report**").

2.    Attached hereto as "**Exhibit B**" is a true and correct copy of Robert Fonzi's Rebuttal Rule 26 Expert Report as designated by Defendants as a police practices expert on May 1, 2025 ("**Exh. B, Fonzi Rebuttal Report**").

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 7th day of April, 2026.

_____

Marcel F. Sincich