**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.V. and X.V., minors by and through their guardian *ad litem*, Karla Juarez; D.V., a minor, by and through his guardian *ad litem*, Elias Vadivia; individually ans as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., individually,<br><br>       Plaintiff,<br><br>    vs.<br><br>CITY COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN; and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No.: 5:23-cv-01562-CBM-ACCV<br><br>[*Honorable Consuelo B. Marshall*]<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 4 TO EXCLUDE DEFENDANTS' EXPERT JEFFREY MARTIN**<br><br>[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]<br><br>**<u>Final Pretrial Conference & Hearing on Motions *in Limine*</u>:**<br>Date:   May 5, 2026<br>Time:   02:30 p.m.<br>Place:  Courtroom 8D<br>**<u>Trial:</u>**<br>Date:   June 9, 2026<br>Time:   10:00 a.m.<br>Place:  Courtroom 8D |

PLAINTIFF'S MOTION *IN LIMINE* NO. 4 – TO EXCLUDE DEFENDANTS' EXPERT JEFFREY MARTIN

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs E.V. and X.V., minors by and through their guardian *ad litem*, Karla Juarez; D.V., a minor, by and through his guardian *ad litem*, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; and LUIS VALDIVIA JR., hereby do move *in limine* for an order excluding the testimony of Defense Expert Jeffrey Martin. Mr. Martin's testimony is based on insufficient facts and data and would be unreliable, speculative, with an improper methodology, and not helpful to the jury. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993).

Plaintiffs will suffer specific and extreme prejudice if this Motion *in Limine* is not granted because allowing Mr. Martin to provide his opinions at trial, which are irrelevant, speculative; and has such minimal probative value it substantially risks unfair prejudice, confusing the jury, presentation of cumulative evidence, unnecessarily consuming time and misleading the jury; includes impermissible character evidence; and improper expert opinion. Plaintiffs make this Motion under Federal Rules of Evidence, Rules 401, 403, 404, 602, 701, 702 and the prohibition of hindsight evidence in the reasonableness analysis of use of excessive force cases pursuant to *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

Plaintiffs base this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in Support of Plaintiffs' Motions *in Limine* and Exhibits attached thereto, Plaintiffs' [Proposed] Order, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel during which no resolution could be reached. (Declaration of Marcel F. Sincich ("Sincich Decl.") ¶2.)

Respectfully submitted,

Dated: April 7, 2026,                **LAW OFFICE OF DALE K. GALIPO**

By _____/s/_____*Marcel F. Sincich*_____
  Dale K. Galipo
  Marcel F. Sincich
  *Attorneys for Plaintiffs*

PLAINTIFF'S MOTION *IN LIMINE* NO. 4 – TO EXCLUDE DEFENDANTS' EXPERT JEFFREY MARTIN

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND STATEMENT OF FACTS

This is a § 1983 civil rights and state tort case arising from the use of excessive and unreasonable deadly force, against Daniel Luis Valdivia by City of Covina Police Department Officers Vanessa Cardoza, David Meadows, and Billy Sun on April 9, 2022. Plaintiffs now move, by way of this Motion, to exclude Defendant's retained "human factors" expert Jeffrey Martin from testifying at trial.

## II.    LEGAL STANDARD

The admissibility of expert testimony is governed by Rule 702. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993). To be admissible, expert testimony must generally satisfy a two-prong test, reliability, and relevance. *Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002), amended sub nom. *Mukhtar v. California State Univ., Hayward*, 319 F.3d 1073 (9th Cir. 2003) (footnote omitted). To establish relevance, the testimony must be helpful to the trier of fact and beyond the common knowledge of jurors. *Daubert*, 509 U.S. at 597. Rule 702 requires courts to assess the reliability of expert testimony based on scientific, technical, or "other specialized" knowledge before admitting it. *Daubert*, 509 U.S. at 589; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (extending the Daubert gatekeeping requirement to "technical" and "other specialized" knowledge).

The proponent of the expert testimony bears the burden of proving admissibility. *Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996) ("[i]t is the proponent of the expert who has the burden of proving admissibility"); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995) ("the party presenting the expert must show that the expert's findings are based on sound science"). Assessment of the expert's qualifications to testify is not answered in the abstract but based on whether the expert's "qualifications provide a foundation for a witness to answer a specific

question." *Smelser v. Norfolk Southern Ry. Co.*, 105 F.3d 299, 303 (6th Cir. 1997) (internal quotations omitted). The court determines whether the expert's training and qualifications relate to the specific subject matter of his proposed testimony.

A court may satisfy its "gatekeeping" function by conducting a pretrial hearing, or by ruling on a Rule 702 objection at trial, "so long as the court has sufficient evidence to perform 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000) (quoting *Daubert*, 509 U.S. at 597). Although "the gatekeeper inquiry under Rule 702 is ultimately a flexible determination, ... a district court, when faced with a party's objection, must adequately demonstrate by specific findings on the record that it has performed its duty as gatekeeper." *Goebel*, 215 F.3d at 1088 (citation omitted). To establish reliability, the testimony must be derived from valid scientific knowledge, the witness must possess sufficient expertise, and the state of pertinent scientific knowledge must permit the assertion of a reasonable opinion. *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002). Testimony is grounded in valid knowledge if it is "based on the methods and procedures of science [or other expertise] rather than on subjective belief or unsupported speculation; the expert must have good grounds for his or her belief." *Reger v. A.I. DuPont Hosp. for Children of Nemours Foundation*, 259 Fed.Appx. 499, 500, 2008 WL 84540, 1 (3rd Cir. 2008) (quoting *Schneider v. Fried*, 320 F.3d 396, 404 (3rd Cir. 2003), and *Daubert*, 509 U.S. at 590 (to qualify as scientific knowledge, "an inference or assertion must be derived by the scientific method. Proposed testimony must be supported by appropriate validation – *i.e.*, "good grounds," based on what is known.").

Federal Rule of Evidence 702 allows opinion testimony by an expert only if the expert is qualified by knowledge, skill, experience, training, or education and only if: (a) the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on

sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Therefore, the first question for the Court is whether his proffered testimony "will help the trier of fact to understand the evidence or to determine a fact in issue." The next question is whether a reliable methodology was applied to reach the opinions offered.

## III.    MR. MARTIN'S OPINIONS SHOULD BE EXCLUDED FROM TRIAL

The entirety of Mr. Martin's report appears to be opinions offered to advocate on behalf of the Defendant Officers and to bolster their credibility without any showing that these opinions are tethered to any reliable method of analysis. Mr. Martin's discussion on "perception-response time."

### A.    Mr. Martin's Testimony Will Not Assist the Jury's Understanding of the Evidence

Throughout his report, Mr. Martin offers opinions about whether or not Valdivia reasonably appeared to be an immediate threat to the Defendant Officers and whether or not the officers reasonably perceived Valdivia as an immediate threat when they shot him. These opinions are unhelpful to the jury, constitute improper state of mind and legal opinions, and should be excluded at trial.

The crux of Mr. Martin's inappropriate opinions is that (1) Valdivia was in the process of firing a handgun; (2) the Defendant Officers were unable to stop themselves from shooting Valdivia, who was unarmed, because they were already reacting to their faulty perception that Valdivia was in the process of firing a handgun; and (3) this process interfered with their ability to see that Valdivia was unarmed. (Exh. A, Martin Report at 16-17.) These opinions are unhelpful and improper on multiple levels. Mr. Martin has no direct knowledge of whether Defendant Officers actually perceived Valdivia as an immediate threat when they shot him. With opinions like these, specific data is necessary – not merely what some people may experience. However, the entirety of Mr. Martin's opinions rest on what

-3-    Case No. 5:23-cv-01562-CBM-ACCV

he believes the Defendant Officers may have experienced rather than the facts of the case. In fact, with respect to "Opinion Three" in his report, Mr. Martin *admits* he does not have certain data necessary to make his opinion. (*See* Martin Report at 17.)

Any opinions about whether Defendant Officers *actually* perceived Valdivia to be an immediate threat would be impermissible attempt to bolster the officers' credibility and would invade the province of the jury. Moreover, any opinion that the defendant officers *reasonably* perceived Valdivia to be an immediate threat and *reasonably* believed that they needed to shoot would constitute improper legal opinion and should be excluded. *See White v. Gerardot*, No. 1:05-CV-382, 2008 WL 4724004, ay *2 (N.D. Ind. Oct. 24, 2008) (excluding human factors expert's opinions that the officer actually identified the decedent as a threat, reasonably believed he had to shoot to immediately defend himself, was correct from an action/reaction perspective in believing the decedent was a lethal threat to him as "[t]hese are impermissible legal conclusions, attempt to bolster [the officer's] credibility, and improperly invade the province of the jury"); *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051. 1058 (9th Cir. 2008).

Mr. Martin further offers impermissible, speculative opinions throughout his report regarding the defendant officers' state of mind and the decedent's intent. For example, he states "All three officers knew the area had a reputation for criminal activity" (Martin's Report at 15:2); "Mr. Valdivia transferred a large bottle he was holding in his right hand to his left hand and started reaching for his right-front pants pocket" (Martin's Repot at 15:17-8); "As Mr. Valdivia went to the ground, he 'posted' on his left arm and reached rearward toward the left-rear quadrant area of his waistband, while keeping his head up and looking at the officer(s)" (Martin Report at 15:22-4; and "Officer Sun fired because he perceived that Mr. Valdivia pulled a handgun from his person and pointed it at them" (Martin's Report at 15:27-8). He further opines that "Mr. Valdivia's motion of reaching for the handgun under the circumstances would very likely cause trained and reasonable peace officers

-4-    Case No. 5:23-cv-01562-CBM-ACCV

facing the same circumstances to believe he was in the process of drawing and firing a handgun at them." (Martin's Report at 16:1-3.) The entirety of Mr. Martin's opinions are impermissible state-of-mind opinions, legal conclusions, and unhelpful to the trier of fact.

"Courts routinely exclude as impermissible expert testimony as to intent, motive, or state of mind." *Lanard Toys Ltd. v. Anker Play Prods., LLC*, No. CV 19-4350-RSWL-AFMx, 2020 WL 6873647, at *7 (C.D. Cal. Nov. 12, 2020) (collecting cases.) "Expert testimony as to intent, motive, or state of mind offers no more than the drawing of an inference from the facts of the case... [and because t]he jury is sufficiently capable of drawing its own inferences regarding intent, motive or state of mind from the evidence, [] permitting expert testimony on this subject would be merely substituting the expert's judgment for the jury's and [therefore] would not be helpful to the jury." *Moller v. Cnty. of San Bernardino*, No. 5:22-cv-01306-DSF-MARx, 2024 WL 5185640, at *7 (C.D. Cal. Jan 2, 2024) (internal citations and question marks omitted). Additionally, Mr. Martin's underlying point that the officers were responding to a fast-moving situation is an obvious point that could easily be understood by a jury without the assistance of an expert. *See Sanchez v. Jiles*, No. CV109384MMMOPX, 2012 WL 13005996, at *35 (C.D. Cal. June 14, 2012) (excluding defense's human factors expert from opining that the officers were faced with "a fast-moving, dynamic situation that occurs within a compressed time frame... [making] it difficult for officers to immediately respond to outside stimuli" because it was an obvious point that the jury could come to from officers' testimony, police practices testimony, and their own every day life). The jury will hear evidence regarding what the Defendant Officers knew, observed, and inferred and what they were thinking when they encountered Valdivia. The jury can also appreciate, from everyday life, that high pressure situations can produce uncertainty and may elicit a conservative, preemptive response. The jury does not need an expert to regurgitate

PLAINTIFF'S MOTION *IN LIMINE* NO. 4 – TO EXCLUDE DEFENDANTS' EXPERT JEFFREY MARTIN

the defendant officers' testimony and confirm common sense facts. Thus, the Court should exclude Mr. Martin's testimony.

### B. Mr. Martin's Prejudicial Opinions Must Be Excluded

Mr. Martin's prejudicial opinions must be excluded. Mr. Martin attempts to redefine when it is appropriate for an officer to use deadly force by stating that officers have an "increased sensitivity to patterns of movements that they perceive immediately threatening" as an explanation for his opinion that the Defendant Officers acted reasonably. These opinions directly contradict Ninth Circuit law, wherein "it [is] clearly established that officers may not use deadly force against a person who is armed but cannot reasonably be perceived to be taking any furtive, harrowing, or threatening actions… even in circumstances in which the suspect has allegedly committed a violent crime in the past." *N.E.M. v. City of Salinas*, f. App'x 698, 700 (9th Cir. 2019) (citing *Lopez v. Gelhaus*, 871 F.3d 998, 1020 (9th Cir. 2017); *George*, 736 F.3d at 838; *Harris v. Roderick*, 126 F.3d 1189, 1203-04 (9th Cir. 1997); *Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991)) (cleaned up). Expert opinion or testimony that attempts to redefine the governing legal standard, such as Mr. Martin's attempt to redefine what constitutes an immediate or imminent threat is prejudicial and inadmissible. *See Yu v. Idaho State Univ.*, 15 F.4th 1236, 1247 (9th Cir. 2021) (expert opinion which redefined the governing legal standard for racial discrimination was prejudicial and inadmissible); *Nationwide Transp. Fin.*, 523 F.3d at 1063 (evidence of an erroneous inapplicable legal theory or legal principle is inadmissible because any probative value is substantially outweighed by unfair prejudice, confusion of issues, or misleading the jury).

Additionally, Mr. Martin attempts to take the determination of facts and ultimate issues out of the hands of the jury and essentially argues that the factfinder should simply rely on the Officers' perception of the incident and discount video evidence, which is also duplicative of Defendants other two experts. He opines that "It is inappropriate and unempirical to make determinations as to what people are

-6-          Case No. 5:23-cv-01562-CBM-ACCV

perceiving or intending based upon the video evidence alone" so that the trier of fact can rely on his opinions which clearly contradict the evidence in this case. Such opinion improperly invades the province of the jury. *See Yu*, 15 4th at 1245 ("expert testimony is not admissible simply to tell the jury that one party's witnesses should be believed and the other party's should not"). It is prejudicial to admit testimony in which "the evaluation of the commonplace by an expert witness supplant[s] a jury's independent exercise of common sense." *Stepney v. Dildy*, 128 F.R.D. 77, 79-80 (D. Md. 1989). The jurors will certainly be aware that they are not experiencing the incident in real time like the officers and the jury instruction already specifically instructs jurors to evaluate the use of force based on the perspective of a reasonable officer at the scene and not with 20/20 hindsight. Mr. Martin's opinions do not add anything of value that the jury will not already know or be instructed on and his discussion regarding response bias will only serve to confuse the jury and prejudicially bolster the credibility of the deputies. Accordingly, Mr. Martin's testimony should be excluded as prejudicial.

### C.    Mr. Martin's Opinions Outside of the Scope of His Expertise Must Be Excluded

Mr. Martin is not a police practices expert and has not been retained as one in this matter. He also does not purport to be a video expert nor a firearms expert. Yet, Mr. Martin offers a variety of opinions that rely on expert knowledge of standard police practices, training, and experience and firearms. For example, Mr. Martin opines that "trained and reasonable peace officers facing the same circumstances" would have also shot Valdivia. By way of police practices, Mr. Martin also states that "Police officers are trained to have an increased sensitivity to patterns of movement that they perceive immediately threatening" (Martin Report at 16:5-7), though he provides no citation to any materials or policies that any officers are trained this way, let alone the Defendant Officers. Mr. Martin is not qualified to offer opinions on what a trained officer would do, and whether the officers' actions were

reasonable is a question for the trier of fact to decide. Mr. Martin also offers specific opinions with respect to Officer Meadows' use of his firearm which he is not qualified to give, including that "law enforcement officers are generally trained to accommodate (i.e., shift their focus) to the front sight, which causes the target to go out of focus." (Martin Report at 17:11-2.) However, Mr. Martin is neither designated as a firearms expert nor a police practices expert and does not provide any support to qualify him under *Daubert* and *Kumho Tire Co.* to render such an opinion. Thus, Mr. Martin should be precluded from testifying on subject areas outside of his designation or expertise.

### D.    Mr. Martin's Speculative Opinions Should Be Excluded

Mr. Martin's assumption that Valdivia was reaching for the handgun and attempting to point it at the officers is speculative, unsupported by the evidence, not based on any scientific, technical, or specialized knowledge, and not helpful to the trier of fact. Mr. Martin's assumptions/opinions of what he thinks Valdivia is doing with his right hand based on his viewing of the officers' body worn camera videos does not require any specialized or technical knowledge but is simply interpretation of the video evidence, which the jury is more than capable of performing without an expert's help. *See Est. of Risher v. City of Los Angles*, No. CV 17-00995-MWF (DTBX), 2025 WL 869028, at *6 (C.D. Cal. Jan. 22, 2025) (excluding defense experts' opinion regarding the decedent's hand position at the time of the shooting because their interpretation of the video evidence did not require any technical or specialized knowledge and is therefore unhelpful to the jury).

Further, Mr. Martin's opinion that their firearms interfered with their abilities to see that Valdivia was unarmed during the shooting grossly lacks any basis in fact or scientific, technical, or specialized knowledge. With respect to Officer Sun, Mr. Martin admits that he does not have all the data necessary to form an opinion that Officer Sun's handgun movements obstructed his vision. (Martin Report at 17:6.) He further opines that Officer Meadows would have had the same obstruction, despite

using iron sights, based on how officers are trained, although Mr. Martin is not a police practices expert and does not provide any evidence as to Officer Meadows' firearm training. (Martin Report at 17:9-14.) Mr. Martin again admits that he does not have all the information required to form his opinion with respect to Officer Cardoza's vision being obstructed, but again baselessly speculates that "her visual field would likely remain constant" and obstructed. Thus, Mr. Martin improperly speculates on a number of his opinions, including opinions as to the officers' and Valdivia's intent, and the officers' vision and perception of the incident. Mr. Martin's methodology is unreliable and unscientific, and he must be excluded.

## IV.    CONCLUSION

Mr. Martin's anticipated testimony is part of a larger effort by Defendants to bolster the testimony of the Defendant Officers without providing any relevant, helpful, or reliable evidence. None of Mr. Martin's opinions are admissible pursuant to Fed. R. Evid. 702, and he should be excluded from trial.

Respectfully submitted,

DATED: April 7, 2026                    **LAW OFFICES OF DALE K. GALIPO**

By:  ___/s/_____Marcel F. Sincich_____
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiff certifies that this brief contains 2,936 words, which complies with the word limit of L.R. 11-6.1.

DATED: April 7, 2026

**LAW OFFICES OF DALE K. GALIPO**

By:   /s/      *Marcel F. Sincich*
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiffs*

## DECLARATION OF MARCEL F. SINCICH

I, Marcel F. Sincich, hereby declare as follows:

I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiffs.  I make this declaration in support of Plaintiff's Motion *in Limine* No. 4 to Exclude Testimony of Jeffrey Martin. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

1.    Attached hereto as "**Exhibit A**" is a true and correct copy of Jeffrey Martin's Rebuttal Rule 26 Expert Report as designated by Defendants as a human factors expert on May 1, 2025 ("**Exh. A, Martin Report**").

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 7th day of April, 2026.

_____

Marcel F. Sincich

PLAINTIFF'S MOTION *IN LIMINE* NO. 4 – TO EXCLUDE DEFENDANTS' EXPERT JEFFREY MARTIN