**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

E.V. and X.V., minors by and through
their guardian ad litem, Karla Juarez;
D.V., a minor, by and through his
guardian ad litem, Elias Valdivia;
individually and as successors-in-
interest to Daniel Luis Valdivia,
deceased; JESSICA VALDIVIA;
LUIS VALDIVIA JR., individually,

Plaintiffs,

vs.

CITY OF COVINA; VANESSA
CARDOZA; DAVID MEADOWS;
BILLY SUN; DOES 1-10, inclusive,

Defendants.

Case No. 5:23-cv-01562-CBM-ACCV

[*Honorable Consuelo B. Marshall*]

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' *EX PARTE*
APPLICATION TO STAY
PROCEEDINGS PENDING
DEFENDANTS'
INTERLOCUTORY APPEAL**

PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This is a §1983 civil rights and state tort case arising from the use of excessive and unreasonable force against Decedent Daniel Valdivia by City of Covina Police Department Officers Vanessa Cardoza, David Meadows, and Cheng Wei Sun on April 9, 2022. Trial was originally set for August 12, 2025. (Doc. 29). The Court approved the parties' stipulation to continue trial to October 21, 2025. (Doc. 37.) Then, having reviewed the parties' Joint Motion to Modify the Scheduling Order, the Court vacated the trial date. (Doc. 62.) On June 3, 2025, Defendants filed their Motion for Summary Judgment. (Doc. 44.) On October 4, 2025, this Court denied Defendants Motion for Summary Judgment finding disputed issues of fact. (Doc. 66.) After denying summary judgment, the Court set the Jury Trial for January 20, 2026. (Doc. 68.) Again, the Court accommodated the parties and granted their Stipulation to Modify the Scheduling Order, continuing the trial to June 9, 2026. (Doc. 70.) Despite Defendants Notice of Interlocutory Appeal (Doc. 71) and denying Plaintiffs' Motion to Deem the Interlocutory Appeal Frivolous (Doc. 81), the Court did not vacate the current trial date.

Plaintiffs contend that this Court still has jurisdiction over Plaintiffs' state law claims and has discretion to allow Plaintiffs to proceed to trial on those state law claims during the pendency of the appeal on the federal claims. However, Defendants now apply *ex parte* for an order to stay the proceedings pending interlocutory appeal. Plaintiffs first contend that this *ex parte* application should be denied because it is untimely and Defendants have not established good cause to move *ex parte*. Secondly, Defendants have not established good cause to stay this matter. Therefore, Defendants' *Ex Parte* Application to Stay the Proceedings Pending Interlocutory Appeal should be denied.

/ / /

/ / /

-2-                    Case No. 5:23-cv-01562-CBM-ACCV

## II.    *EX PARTE* RELIEF IS UNWARRANTED

"Ex parte proceedings are appropriate only in a narrow set of circumstances." *United States v. Real Prop. Located at 22 Santa Barbara Drive*, 264 F.3d 860, 870 (9th Cir. 2001). As the Court has reminded in its Standing Order, "ex parte applications are solely for extraordinary relief." (Standing Order, Doc. 13 at 6:18); *see also Mission Power Eng'g v Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 488 (C.D. Cal. 1995). Here, the Defendants requested relief is not extraordinary. Nevertheless, a party seeking *ex parte* relief must show: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief," or "the crisis occurred as a result of excusable neglect." *Id.* at 492. Defendants' application fails to meet the standard for *ex parte* procedures and should not be considered.

Defendants have not shown irreparable harm. Defendants created the crisis by waiting to file this application on an *ex parte* basis claiming the trial is fast approaching instead of filing a motion to stay months ago. There is no irreparable harm because the appeal is related to qualified immunity claims only, not the remaining state law claims. The Court denied summary judgment on October 14, 2025 (Doc. 66) and Defendants filed their notice of appeal on November 12, 2025 (Doc. 71). The appeal has now been pending for nearly 6 months. Instead of filing earlier, Defendants waited until April 6, 2026, a month prior to the pretrial conference, to file their *Ex Parte* Application to Stay Proceedings Pending Interlocutory Appeal stating that trial is fast approaching. (Doc. 82.) Defendants had time and opportunity to file earlier and chose not to. Therefore, Defendants manufactured their own crisis. Thus, Plaintiffs respectfully request an order denying Defendants' *Ex Parte* Application.

/ / /

/ / /

## III.    LEGAL STANDARD

While an interlocutory appeal typically "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The same does not apply to those aspects of the case that are not involved in the appeal.

This Court has already exercised jurisdiction over Plaintiffs' state law claims, and the present interlocutory appeal applies only to qualified immunity. The only immediately appealable issue is whether the law was clearly established. *See Anderson v. Marsh*, 985 F.3d 726, 730-31 (9th Cir. 2021) (quoting *Johnson v. Jones*, 515 U.S. 304, 313 (1995)); *see Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018). But, this Court's denial of summary judgment as to Plaintiffs' state law claims was premised on the Court's determination that material facts bearing on those claims are genuinely disputed. (Doc. 66 at 10-11.) Qualified immunity is a defense from suit only to the federal claims. Qualified immunity does not apply to Plaintiffs' state law claims for negligence, battery, and violation of the Bane Act. *See Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1171 (9th Cir. 2013) ("the doctrine of qualified immunity does not shield defendants from state law claims"); *see Cousins v. Lockyer*, 568 F.3d 1063, 1072 (9th Cir. 2009).

The Court enjoys wide discretion to maintain jurisdiction on Plaintiffs' state law claims even if Plaintiffs' federal claims were dismissed. 28 U.S.C. § 1367(c); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). However, here, Plaintiffs' federal claims were not dismissed. In fact, the federal claims survived summary judgment and are pending Defendants' interlocutory appeal. In the its discretion, the Courts may consider several factors, including (1) the court's familiarity with the issues, (2) length of time presiding over the case, (3) the hardship to the parties should plaintiff be forced to-refile in state court, (4) whether discovery has been completed, (5) whether a dispositive motion had been submitted, (6) whether the case would soon be ready for trial, (7) judicial economy, (8) convenience, (9) fairness, and (10)

comity. *See Golden Gate Restaurant Assoc. v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008); *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014); *Chavira v. Chavez*, No. SACV 13-00890 JVS (ANx), 2015 WL 13916256, at *1 (C.D. Cal. Nov. 24, 2015); *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997); *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1550 (10th Cir. 1996); *see also Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023) (quoting *Lockyer v. Mirant Corp.*, 389 F.3d 1098, 1110 (9th Cir. 2005)). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## IV.    THIS COURT SHOULD DENY DEFENDANTS' MOTION TO STAY

### A.    The Court Should Maintain Jurisdiction over State Law Claims

In the interest of justice, the Court should maintain jurisdiction over Plaintiffs' state law claims and allowing Plaintiffs to proceed to trial on those claims. This Court has presided over this case since October 4, 2023, discovery has long been completed, and a dispositive motion had been fully briefed and ruled on by the Court. There is a high likelihood of hardship should Plaintiffs be forced to refile in state court based on the cost of litigation, wasted time and effort and unnecessary duplication of documents. Finally, this case is set for trial in just two months. *See Kroshnyi*, 771 F.3d at 102.

Further, judicial efficiency likewise weights against issuing a stay in this case since the district court "ha[s] an interest in clearing its docket." *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1980). Consequently, "[t]his factor usually weighs against granting a stay...." *Sec. & Exch. Comm'n v. Braslau*, No. 14-01290-ODW (AJWX), 2015 WL 9591482, at *4 (C.D. Cal. Dec. 29, 2015); *see Sanrio, Inc. v. Ronnie Home Textile Inc.*, No. 2:14-cv-06369-RSWL, 2015 WL 1062035, at *4 (C.D. Cal. Mar. 10, 2015). Indeed, "a policy of issuing stays solely because a litigant is defending simultaneous multiple suits would threaten to become a constant source of delay and an interference with judicial administration." *IBM v.*

*Brown*, 857 F.Supp 1384, 1392 (C.D. Cal 1994). Defendants argument does not change this analysis. Thus, the Court should deny the stay.

> **B.** **Plaintiffs and the Public Have a Strong Interest In Proceeding Expeditiously with Trial, and Would Be Prejudiced By Delay**

Plaintiffs would be prejudiced by further delay. Plaintiffs contend that the outcome of the interlocutory appeal only delays the inevitable. If Plaintiffs succeed at trial on their state law claims, they will likely no longer pursue the federal claims as they may have already recovered full compensation for their damages, rendering the appeal moot. Likewise, if Plaintiffs do not succeed at trial on their state law claims, they will likely no longer pursue the federal claims, again rendering the appeal moot. On the other hand, if the stay is granted, no matter what occurs on appeal, Plaintiffs will most likely be trying their state law claims (i.e., even if qualified immunity is granted by the appellate court). The only question is whether trial on the use of unreasonable force under state law by the Defendant Officers against Valdivia will be before this Court in June, delayed for potentially a year yet still tried before this Court, or delayed potentially for years and tried in state court. Plaintiffs lost their father and son from Defendants use of unreasonable force against Valdivia. To Plaintiff's justice delayed is justice denied.

Courts uniformly recognize that a "civil plaintiff has an interest in having her case resolved quickly." *ESG Capital Partners LP v. Stratos*, 22 F.Supp.3d 1042, 1046 (C.D. Cal. 2014). Plaintiffs have a significant interest in obtaining resolution of their claims and receiving compensation if they prove they are entitled to it. *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp.805, 809 (N.D. Cal. 1989) ("Witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end."). Thus, Plaintiff is necessarily prejudiced by the delay caused by a stay.

The public also has an interest in the "speedy resolution" of this action. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995); *see also*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION

*Molinaro*, 889 F.2d at 903 (finding that the interest of the public "would be frustrated by further delay."). A stay would clearly impair that interest. *Perez v. Cty. of Los Angeles*, No. CV 15-09585 SJO (FFMx), 2016 WL 10576622, at 4* (C.D. Cal. May 3, 2016).

Accordingly, this factor weighs against staying the instant action.

### C.     Proceeding with Trial on Plaintiffs' State Law Claims Would Impose No Undue Burden on Defendants

Defendants have not sufficiently demonstrated that the denial of a stay would create a significant and undue burden. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need."). Defendants' own brief belies their argument. (Doc. 82 at. 5:15-22.) "The general rule is that once a notice of appeal has been filed the district court is divested of jurisdiction *over the matters being appealed*." *United States v. Phelps*, 283 F.3d 1176, 1181, n.5 (9th Cir. 2002) (emphasis added) (citing *Griggs*, 459 U.S. at 58). The Ninth Circuit opinion in which Defendants rely goes on to state, "[t]his is a judge-made rule and the principle of divestiture is not absolute; there are exceptions. The purpose of the rule is to promote judicial economy and avoid the confusion of *having the same issues before two courts simultaneously*. *Id.* (emphasis added) (citation removed). But as Defendants point out, there are five causes of action and only two are subject to appeal – the only two that are subject to qualified immunity. The other three causes of action—negligence, battery, and Bane Act—are not matters being appealed, are not subject to qualified immunity, and are not before two courts simultaneously. The issues on interlocutory appeal are not whether the force was reasonable. The only immediately appealable issue before the appellate court is whether the law was clearly established at the time to put the officers on notice that their use of force was a constitutional violation, which does not apply to the state law claims.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION

Additionally, Defendants' reliance on *Huskey v. City of San Jose*, 204 F.3d 893 (9th Cir. 2000) is misplaced. The *Huskey* Court was reviewing a freedom of speech violation not an officer-involved shooting excessive force violation and is not instructive. The *Huskey* Court, however, cites to *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1092 (9th Cir. 1998) where the Court determined that the excessive force claim is inextricably intertwined with the *Monell* claim. That order also belies Defendants' argument. The *Watkins* Court reasoning is based on the fact that the constitutional violation is a specific element that must be met in a *Monell* claim. The same logic does not apply between the federal excessive force claim and the state law negligence, battery, and Bane Act claims. Next, Defendants misconstrue *California by & through Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 771, n.7 (9th Cir. 2025). The Ninth Circuit is clearly describing how jurisdiction is lost over all claims subject to qualified immunity because qualified immunity is a defense from litigation not just damages, not state law claims.

Plaintiffs contend that proceeding on Plaintiffs' state law claims will not interfere with the appeal and the appeal will not interfere with Plaintiffs' state law claims. The Court denied Defendants' Motion for Summary Judgment regarding Plaintiffs' state law claims, finding that there are trial issues of fact. (Doc. 66 at 10-11.) Plaintiffs seek to have the jury resolve those facts and seek justice for their loss without having to wait for the outcome of the pending interlocutory appeal.

The issues presented to the Ninth Circuit are entirely centered around qualified immunity, which does not apply to state law claims.

/ / /

/ / /

/ / /

PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION

**V.     CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that this Court deny Defendants' *Ex Parte* Application to Stay Proceedings Pending Interlocutory Appeal.

Respectfully submitted,

DATED: April 9, 2026                    **LAW OFFICES OF DALE K. GALIPO**

By: _____/s/____Marcel F. Sincich_____
Dale K. Galipo
Marcel F. Sincich, *Attorneys for Plaintiffs*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION