Mildred K. O'Linn (State Bar No. 159055)
  *missy.olinn@manningkass.com*
Robert E. Murphy (State Bar No. 103936)
  *robert.murphy@manningkass.com*
David Fleck (State Bar No. 192912)
  *David.Fleck@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF
COVINA, VANESSA CARDOZA,
DAVID MEADOWS, and BILLY SUN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez; D.V., a minor, by and through his guardian ad litem, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., individually;, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN; DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:23-cv-01562-CBM-ACCV <br> District Judge: Consuelo B. Marshall <br> Magistrate Judge: Angela C. C. Viramontes <br><br> **DEFENDANTS' REPLY IN SUPPORT OF EX PARTE APPLICATION TO STAY PROCEEDINGS PENDING RESOLUTION OF DEFENDANTS' INTERLOCUTORY APPEAL** <br><br> Judge:   Hon. Consuelo B. Marshall <br><br> Filed Date:          08/04/23 |

///

///

///

///

///

///

---

**DEFENDANTS' REPLY IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING DEFENDANTS' INTERLOCUTORY APPEAL**

**REPLY**

## I.    INTRODUCTION

Parties have already commenced appellate briefing and this Court has denied plaintiffs' motion for frivolity. Rather than stipulate to a stay, plaintiffs' counsel has chosen to waste this court's time with unsupportable oppositions and legless, halfhearted arguments to proceed forward with a trial on plaintiffs' state law claims alone, even though these claims are intertwined with those on appeal and proceeding with trial will undeniably rack up attorneys' fees and necessitate two trials, no matter if plaintiffs or defendants are successful on appeal.

Ex parte relief is also warranted because there is no time to notice a motion to stay with pretrial and trial proceedings so close. The short timeline, defendants' mistaken expectation for the matter to be stayed automatically, and the risk of an expensive and possibly pointless trial on the state law claims alone necessitates ex parte rather than noticed relief.

## II.    ARGUMENT

Plaintiffs have no argument for denying ex parte relief except to argue that defendants "created their own crisis." As stated in defendants' application and herein, there will be irreparable harm to both parties having to proceed forward with a costly trial (along with other pretrial filings and appearances) more than once; defendants will lose the main benefit of qualified immunity; and parties will also litigate claims that will be extinguished if defendants are successful on appeal. Plaintiffs do not refute this truth in their Opposition.

Substantively, there is no argument that plaintiffs can set forth against staying this action. Plaintiffs' argument that the state law claims are not the "subject" of appeal is disingenuous; the injuries underlying plaintiffs' state law claims are the same ones being reviewed under federal theories of liability on appeal. Plaintiffs' additional misrepresentations of caselaw are half-baked and seemingly meant to fill pages rather than actually argue the content of the law.

1

**DEFENDANTS' REPLY IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING DEFENDANTS' INTERLOCUTORY APPEAL**

Defendants want to point the court to a particular argument set forth by plaintiffs in Opposition. Plaintiffs contend that "the outcome of the interlocutory appeal only delays the inevitable. If Plaintiffs succeed at trial on their state law claims, they will likely no longer pursue the federal claims as they may have already recovered full compensation for their damages, rendering the appeal moot. Likewise, if Plaintiffs do not succeed at trial on their state law claims, they will likely no longer pursue the federal claims, again rendering the appeal moot." Dkt No. 88, (Plaintiffs' Opposition ("Opposition")), at 6:6-6:11. This is the first defendants have heard of plaintiffs' desire to forgo pursuit of federal claims in exchange for a trial on state claims based on the same injuries underlying said federal claims. Plaintiffs could have stipulated with defendants to forgo appeal or any causes of action at any time during these six (6) months. Plaintiffs did not do so because, according to the Opposition, plaintiffs wish to litigate the same injury federally and in state court under different mechanisms of recovery, wasting both courts' time and resources in the meantime while they try their hand in both the ninth circuit and the district court. This is inappropriate conduct that by definition seeks to waste judicial resources and litigate the same injury in two separate courts.

In so many words, plaintiffs have admitted that they are trying to play the district and appellate court off of each other in a duplicitous manner that goes against the jurisdictional scheme courts have in place. It is bad faith and unlawful for plaintiffs to attempt to litigate for the same injury through appeal in one arena and at trial (the more expensive route for plaintiffs) in another and see whichever "wins out." For this reason alone, this Court should deny plaintiffs' request to proceed forward with this course of action.

## III.    <u>CONCLUSION</u>

Plaintiffs have failed to stipulate or work with defendants to reach another resolution of this matter. Parties have an appeal pending which deals with whether or not defendants are immunized from liability for conduct underlying each of plaintiffs'

2

claims, both federally and state-based. This Court should prevent plaintiffs from enacting their disclosed plans to litigate the same conduct in two different courts and pull out wherever they lose (at great cost and after great expenditure of judicial resources). Defendants respectfully request this Court stay this matter pending the resolution of the pending and active interlocutory appeal.

DATED: April 10, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: _____/s/ Mildred K. O'Linn_____
Mildred K. O'Linn
Robert E. Murphy
David L. Fleck
Attorneys for Defendants, CITY OF COVINA, VANESSA CARDOZA, DAVID MEADOWS, and BILLY SUN

3

**DEFENDANTS' REPLY IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING DEFENDANTS' INTERLOCUTORY APPEAL**