UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:23-cv-1562-CBM-SHK | Date | April 14, 2026 |
|---|---|---|---|

| Title | *E.V. et al. v. City of Covina et al.* |
|---|---|

Present: The Honorable    CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

NONE PRESENT                              NONE PRESENT

**Proceedings:**        **IN CHAMBERS- ORDER RE: DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER TO STAY PROCEEDINGS PENDING DEFENDANTS' INTERLOCUTORY APPEAL**

The matter before the Court is Defendants' Ex Parte Application to Stay Proceedings Pending Defendants' Interlocutory Appeal. (Dkt. No. 82 (the "Application").) Plaintiffs filed an opposition to the Application. (Dkt. No. 88.)

Plaintiffs' Complaint asserts the following nine causes of action: (1) Fourth Amendment—Detention and Arrest, 42 U.S.C. § 1983; (2) Fourth Amendment—Excessive Force, 42 U.S.C. § 1983; (3) Fourth Amendment—Denial of Medical Care, 42 U.S.C. § 1983; (4) Substantive Due Process, 42 U.S.C. § 1983; (5) Municipal Liability (Monell)—Inadequate Training, 42 U.S.C. § 1983; (6) Municipal Liability (Monell)—Unconstitutional Custom, Practice or Policy, 42 U.S.C. § 1983; (7) Battery (survival and wrongful death); (8) negligence (survival and wrongful death); and (9) violation of Cal. Civ. Code § 52.1. On June 3, 2025, the Court granted the parties' stipulation for voluntary dismissal of Plaintiffs' first, third, fifth and sixth causes of action without prejudice. (Dkt. No. 46.) On October 14, 2025, the Court denied Defendants' Motion for Summary Judgment as to Plaintiff's remaining claims upon finding triable issues of fact existed, and found Defendants were not entitled to qualified immunity as to Plaintiff's § 1983 excessive force and substantive due process claims (second and fourth causes of action). (Dkt. No. 66 ("Summary Judgment Order").)

On November 12, 2025, Defendants filed a notice of appeal of the Court's Summary Judgment Order with respect to the Court's denial of qualified immunity re: Plaintiff's § 1983 for excessive force and substantive due process claims. (Dkt. No. 71.) On March 24, 2026, the Court denied Plaintiffs'

00    :

motion for an order certifying Defendants' Appeal as frivolous and retain jurisdiction upon finding Defendants identifies questions of law related to the Court's denial of qualified immunity which are the basis for Defendants' appeal.   (Dkt. No. 81).

Defendants' Application seeks a stay of proceedings as to all of Plaintiffs' remaining claims pending interlocutory appeal.   Having declined to certify Defendants' interlocutory appeal re: the Court's denial of qualified immunity as frivolous, this district court is divested of jurisdiction to proceed with trial as to Plaintiffs' § 1983 excessive force and substantive due process claims.   *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 791 (9th Cir. 2018).   However, Defendants' appeal does not automatically divest the district court of jurisdiction as to Plaintiffs' remaining state law claims for battery, negligence, and violation of Cal. Civ. Code § 52.1.

"A district court has discretionary power to stay proceedings in its own court."   *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).   "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."   *Id.* at 1110.   Here, granting a stay would cause minimal harm to Plaintiffs because resolution of the § 1983 claims is necessarily delayed pending the outcome of Defendants' appeal, whereas Defendants may be harmed if they are required to try the state law claims separately from the § 1983 claims because Plaintiffs' claims arise from the same set of facts.[1]   *See Long v. Weeks*, 2023 WL 8165527, at *4 (C.D. Cal. Mar. 16, 2023).   Moreover, trying only some related claims would not promote judicial economy "in terms of the simplifying or complicating of issues, proof, and questions of law."   *See id*. (quoting *Lockyer*, 398 F.3d at 1110).   Therefore, the Court finds a stay of the proceedings is warranted pending the resolution of Defendants' appeal.

Accordingly, Defendants' Ex Parte Application to Stay Proceedings Pending Defendants' Interlocutory Appeal is **GRANTED**.   Therefore, the May 5, 2026 pretrial and June 9, 2026 trial dates are VACATED in light of the stay.

The parties are ordered to file a joint status report re status of appeal **no later than July 13, 2026**.

**IT IS SO ORDERED.**

---

[1] Plaintiffs argue "they will likely no longer pursue the federal claims" if they succeed or do not succeed at trial on their state law claims.   However, Plaintiffs have not withdrawn their federal claims.

00    :