Mildred K. O'Linn (State Bar No. 159055)
  *missy.olinn@manningkass.com*
Robert E. Murphy (State Bar No. 103936)
  *robert.murphy@manningkass.com*
David Fleck (State Bar No. 192912)
  *David.Fleck@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF COVINA, VANESSA CARDOZA, DAVID MEADOWS, and BILLY SUN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez; D.V., a minor, by and through his guardian ad litem, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., individually;,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN; DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-01562-CBM-ACCV<br>District Judge: Consuelo B. Marshall<br>Magistrate Judge: Angela C. C. Viramontes<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2. TO EXCLUDE SPECULATIVE INFORMATION**<br><br>Judge:  Hon. Consuelo B. Marshall<br><br>Filed Date:          08/04/23 |

///

///

///

///

///

///

**TO THE HONORABLE COURT AND ALL PARTIES AND COUNSEL:**

Defendants CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; and BILLY SUN ("defendants") submit the following Opposition to E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez; D.V., a minor, by and through his guardian ad litem, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., ("plaintiffs") motion in limine no. 2 seeking to exclude information that plaintiffs deem to be speculative and based on "officer fears" or unconfirmed information all surrounding what Daniel Luis Valdivia ("Valdivia") did with his gun at officers and bystanders for fear of prejudicing the jury against Valdivia. Defendants oppose this Motion in limine as to all requests except no. (1). This Opposition will be made on the grounds that some information was known to officers and all other information is directly relevant to a determination of liability, causation, motive, and damages. This Opposition is based on these papers, the Memorandum of Points and Authorities, the papers and records on file herein, and oral and documentary evidence as may be presented at the hearing of this Motion.

DATED:  April 14, 2026          Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:  _____/s/ Mildred K. O'Linn_____
        Mildred K. O'Linn
        Robert E. Murphy
        David Fleck
        Attorneys for Defendants, CITY OF
        COVINA, VANESSA CARDOZA,
        DAVID MEADOWS, and BILLY SUN

2

MANNING | KASS

MK

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs' entire argument within their Motion in Limine no. 2 ("MIL") is hinged on the court ruling their contentions as true before trial takes place. First, plaintiffs request this court exclude reference to Valdivia pointing his gun at officers or officer belief that Valdivia was going to shoot them because, per plaintiffs, it is "undeniable" that Valdivia dropped his gun prior to officer fire. Plaintiffs seek the court to tell the jury this contention is true before trial has even begun. Such a determination is a central issue in this case, not only undecided by the consequences of which are being appealed. Plaintiffs are seemingly requesting that this court pre-decide this issue for the jury.

Further, plaintiffs seek to have this court exclude any and all information regarding Valdivia pointing his gun at or threatening the public with his gun due to the nebulous definition of the legal term "brandishing" and because officers did not see this behavior with their own eyes. Plaintiffs are asking the court to rule that it is "undeniable"-against all witness testimony to the contrary-that Valdivia "never attempted to harm any person."

Plaintiffs' MIL appears to confuse details which may not have been available to officers at the time of the incident with probative, relevant information relayed to officers before and after the incident regarding the threat that the public perceived regarding Valdivia and his actions which led them to so perceive him as a threat. Plaintiffs' MIL mistakenly labels concrete or probative information as mere speculation and seeks to have the court remove from the jury factual determinations that were not settled during summary judgment and are therefore the exclusive domain of either the appellate courts or the jury.

## II.    PLAINTIFFS' NONCOMPLIANCE WITH LOCAL RULE 7-3

Defendants notice the court that plaintiffs' statement of compliance with Local Rule 7-3 is defective. Plaintiffs did not provide this motion in limine to defense

1

counsel in writing or discuss the substance of the motions telephonically before filing them with this Court. Plaintiffs state that at least "partial" resolution was reached but they have not met and conferred with defense counsel on motions in limine since 2025 and certainly did not present these motions in limine to defense counsel. Based on this failure, defendants request the Court reject plaintiff's motion in limine 2 as defective.

## III.    INFORMATION REGARDING VALDIVIA'S ACTIVITY INVOLVING HIS FIREARM WAS KNOWN TO OFFICERS, IS PROBATIVE, AND IS NOT UNDULY PREJUDICIAL

As plaintiffs state in their MIL, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Testimony from officers or any other witnesses regarding what they observed regarding Valdivia's actions and behaviors and what they perceived thereabout is admissible as their knowledge on the matter.

Neither the FRE nor any other law bars defendants or other witnesses from testifying with respect to whether or not Valdivia acted, spoke, or indicated in such a way as to give witnesses the impression of what Valdivia would do next. It is expected that witnesses will testify as to their reasonable inferences and interpretations of a suspect's behavior. This type of testimony is frequently admitted because the question is not what Valdivia in fact decided or intended but rather what witnesses believed and if that belief was reasonable. In this case, defendants have knowledge regarding Valdivia's actions and can testify about their reasonable inferences based thereon. Officer inferences and beliefs are also central to resolution of the claims at issue, thus, their testimony as to this issue cannot be barred for that reason alone.

With respect to whether or not Valdivia pointed his gun at officers, plaintiffs' conclusions are not only faulty but invasive of the domain of the jury following this Court forgoing adjudication on this issue in its summary Judgment Order. See Dkt. No. 66, Order on Defendants' Summary Judgment Motion ("Order"), at 5:26-28, 9:2-4. Plaintiffs' request for the Court to adopt their conclusion now and bar defendants

2

from submitting evidence thereagainst is shockingly inappropriate. Plaintiffs cannot use their MIL to remove defendants' ability to litigate what this Court has currently deemed a dispute of fact for the jury to decide.

Furthermore, there is no prejudice that plaintiffs can show as to the remaining items plaintiffs seek to exclude. There is no prejudice to officers stating their beliefs and opening those beliefs to cross examination. There is no prejudice to testimony regarding the perceptions of what Valdivia was going to do with his gun as that goes towards the question of reasonable belief and imminent threat. There is no prejudice to be found in witness accounts and officer information regarding what Valdivia did with his gun to other people as this informs officers' decision-making and the totality of the circumstances.

## IV.    CONCLUSION

For the reasons set forth herein, defendants respectfully request the court deny plaintiffs' motion in limine no. 2, particularly as to the following: (2) Whether Decedent Valdivia would have shot at a Defendant Officer; (3) Whether Decedent Valdivia was pointing a gun at any Defendant Officer during any of the shots fired; (4) Inferences as to Valdivia' intent as perceived by officers or witnesses; (5) Inferences that Valdivia pointed his gun at other persons before officers arrived especially those which made up the calls relayed to officers from dispatch.

3

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE SPECULATIVE INFORMATION**

DATED:  April 14, 2026          Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By: _____/s/ Mildred K. O'Linn_____
Mildred K. O'Linn
Robert E. Murphy
David Fleck
Attorneys for Defendants, CITY OF COVINA, VANESSA CARDOZA, DAVID MEADOWS, and BILLY SUN

4

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On April 14, 2026, I served true copies of the following document(s) described as **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2. TO EXCLUDE SPECULATIVE INFORMATION** on the interested parties in this action as follows:

**Electronic Mail Notice List**

**The following are those who are currently on the list to receive e-mail notices for this case.**

- **Richard T Copeland**
  **rtc@conflict-solution.com**

- **David L Fleck**
  **David.Fleck@manningkass.com,adriana.alvarado@manningkass.com**

- **Dale K Galipo**
  **dalekgalipo@yahoo.com,dgilbert@galipolaw.com,blevine@galipolaw.com,evalenzuela@galipolaw.com,bjohnson@galipolaw.com,rvalentine@galipolaw.com,slaurel@galipolaw.com,CMayne@galipolaw.com,msincich@galipolaw.com,ldeleon@galipolaw.com,amonguia@galipolaw.com,coopermayne@recap.email,hlee@galipolaw.com**

- **Edlynne Rose Gutierrez**
  **Gigi.Gutierrez@manningkass.com,dxf@manningllp.com**

- **Robert E Murphy**
  **Robert.Murphy@manningkass.com,mireya.linares@manningkass.com,veronica.price@manningkass.com**

- **Mildred K. O'Linn**
  **missy.olinn@manningkass.com,dxf@manningllp.com,docket@manningllp.com,mko@manningllp.com**

- **Marcel F Sincich**
  **msincich@galipolaw.com,amonguia@galipolaw.com**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 14, 2026, at Los Angeles, California.


                          /s/ Sandra Alarcon
                Sandra Alarcon