Mildred K. O'Linn (State Bar No. 159055)
  *missy.olinn@manningkass.com*
Robert E. Murphy (State Bar No. 103936)
  *robert.murphy@manningkass.com*
David Fleck (State Bar No. 192912)
  *David.Fleck@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF COVINA, VANESSA CARDOZA, DAVID MEADOWS, and BILLY SUN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez; D.V., a minor, by and through his guardian ad litem, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., individually;, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN; DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:23-cv-01562-CBM-ACCV <br> District Judge: Consuelo B. Marshall <br> Magistrate Judge: Angela C. C. Viramontes <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3. TO EXCLUDE THE EXPERT TESTIMONY OF ROBERT FONZI** <br><br> Judge:  Hon. Consuelo B. Marshall <br><br> Filed Date:          08/04/23 |

///

///

///

///

///

///

**TO THE HONORABLE COURT AND ALL PARTIES AND COUNSEL:**

Defendants CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; and BILLY SUN ("defendants") submit the following Opposition to E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez; D.V., a minor, by and through his guardian ad litem, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., ("plaintiffs") motion in limine no. 3 seeking to exclude or limit the testimony of defendants' expert Robert Fonzi as for those determinations that plaintiffs characterize as "credibility determinations," "legal conclusions," and "opinions outside his expertise." Plaintiffs motion should be denied because not only does Mr. Fonzi have adequate credentials to make all of his opinions plaintiffs seek to challenge but also because plaintiffs never point to an instance where Mr. Fonzi gives opinion that constitutes a legal conclusion or otherwise where Mr. Fonzi makes "credibility determinations." This Opposition will be based on these papers, the Memorandum of Points and Authorities, the papers and records on file herein, and such oral and documentary evidence as may be presented at the hearing of this Motion.

DATED:  April 14, 2026          Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:      /s/ Mildred K. O'Linn
         Mildred K. O'Linn
         Robert E. Murphy
         David Fleck
         Attorneys for Defendants, CITY OF
         COVINA, VANESSA CARDOZA,
         DAVID MEADOWS, and BILLY SUN

2

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE EXPERT TESTIMONY OF ROBERT FONZI**

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    <u>INTRODUCTION</u>

Plaintiffs improperly seek to exclude police practice expert Mr. Fonzi's report, particularly his opinions regarding "action vs. reaction" times for officers and taking into account officer testimony. Plaintiffs also attempt to mischaracterize Mr. Fonzi's opinions as providing legal conclusions.

Should the Court grant plaintiffs' motion or limit Mr. Fonzi as plaintiffs request, Mr. Fonzi's relevant evidence will not make it into this trial simply because plaintiffs mistakenly beliefs; namely that experts are restricted to those facts plaintiffs deem advantageous and that Mr. Fonzi is unable to speak on training and police standards with respect to officer "action vs. reaction" times. Mr. Fonzi's report and rebuttal report are properly constructed and formatted and the opinions therein meet the *Daubert* standards.

### II.    <u>PLAINTIFFS' NONCOMPLIANCE WITH LOCAL RULE 7-3</u>

Defendants notice the court that plaintiffs' statement of compliance with Local Rule 7-3 is defective and fabricated. Plaintiff did not provide this motion in limine to defense counsel in writing or discussed the substance of the motions telephonically before filing them with this Court. Plaintiffs' counsel's declaration supposedly supports that the statement that there existed a conference and no resolution was reached but the supporting declaration does not even state this was so. Declaration of Marcel F. Sincich.

Based on this failure, defendants request the Court reject plaintiff's motion in limine 3 outright.

### III.    <u>PLAINTIFFS HAVE FAILED TO SHOW THAT MR. FONZI'S OPINIONS IN HIS EXPERT REPORTS SHOULD BE EXCLUDED</u>

Per Federal Rule of Evidence section 702, the trial court exercises broad discretion regarding the admissibility of expert-technical evidence by performing a "'gatekeeping role...to all expert testimony....'" *Hangarter v. Provident Life &*

1

*Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004). A court properly exercises this gatekeeping role to exclude expert testimony only where the "factual basis, data, principles, methods, or their application [of the expert's testimony] are called sufficiently into question" by the moving party because the expert has not used "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field...." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149, 152 (1999). Factors to consider in evaluating the reliability of an expert opinion are thus: (1) whether the theory, reasoning, methodology or technique can be and has been tested based upon objective/empirical criteria; (2) whether the theory, reasoning, methodology or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the theory, reasoning, methodology or technique; and (4) whether the theory, reasoning, methodology or technique utilized enjoys widespread acceptance. *Daubert*, 509 U.S. at 593-94. The focus of such evaluation is on determining scientific or technical validity – and thus admissibility – by examining the methodology rather than the conclusions. See id. Furthermore, in excessive force cases, expert testimony on standard police practices and procedures, and expert opinions on what those practices would require under a certain set of facts, is/are usually admissible. *See Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005).

Along these lines, the fact that the police practices expert relies upon factual assumptions in forming his conclusions does not render his conclusions inadmissible; rather, as long as there is some factual support for the expert's conclusions in the case, it is for the jury to decide witness credibility so as to determine the weight to be given to the expert's factual assumptions and to the expert's conclusions based thereon.

**A.** **Mr. Fonzi's Reports Meet The Daubert Standards And Are Not Improper Credibility Determinations**

Here, Plaintiffs erroneously contend that Mr. Fonzi improperly relied on defendant officers testimony to the exclusion of contradictory information and thereby made impermissible credibility determinations that should warrant exclusion

2

of his testimony. Plaintiffs critiques focus on Mr. Fonzi's conclusions rather than his actual methodology or credentials. Plaintiffs contend that Mr. Fonzi should not have adopted defendants facts at face value. This claim is unsupported by any law. Mr. Fonzi reviewed a plethora of information and referenced the undisputed facts repeatedly, which plaintiffs have now sought that no one-not defendants, this Court, or experts-utilize. Plaintiffs mistakenly assert time and again that their view of the facts alone are the ones that should inform every opinion, to the exclusion of all other viewing of the evidence. Moreover, what plaintiff casts as "[d]efendants' version of facts" is the undisputed evidence, taken from both parties' discovery as well as video footage. For example, Mr. Fonzi has taken officers' tesitmony of being fearful at the time of the incident. Plaintiffs have no way to disprove this purported state of being. Nor does Mr. Fonzi. Mr. Fonzi incorporating this purported state of mind into his report is not biased or discredited simply because plaintiffs wish it was not so.

Furthermore, plaintiffs have offered no authority or citation to evidence to support the proposition that, in forming his opinions in this matter, Mr. Fonzi did not use methods widely accepted in his field or did not rely upon evidence upon which experts in his field typically rely. Additionally, Mr. Fonzi gives opinions regarding probable cause and "defines" terms like reasonable suspicion within his report. In so doing, Mr. Fonzi is not offer legal opinion. Mr. Fonzi's mention of the police terms important to this case and his estimation of whether or not probable cause existed is offered in the context of police practices standards. Mr. Fonzi is qualified to speak on these practices, including his up-to-date understanding of these terms and what is taught to officers regarding this in general. Mr. Fonzi does far less legal defining and attempts at legalese than plaintiffs' police practice expert.

It is expected that Mr. Fonzi will testify as to the standards, practices, and police officer standards with respect to tactics, the use of force, and the perceived existence of probably cause. Mr. Fonzi's opinions on these matters are based on review of sufficient facts and date, relying on his decades of training and experience, that will

3

assist the jury in determining the issues in this matter. However, should the Court find that certain opinions stray into the territory of legal conclusions, defendants have no objection to all police practices experts refraining from giving ultimate issues or legal opinions to the extend they so opine.

Mr. Fonzi's opinions do not set forth impermissible credibility determinations, because the opinions he sets forth rely on the types of methodology and information that is accepted in his field and because there is factual support for these opinions in many forms including the testimony of the defendant officers. Plaintiffs fail to show how Mr. Fonzi's opinions are deficient under the *Daubert* standards for reliability and admissibility. Thus, there is no basis to exclude Mr. Fonzi's opinion testimony under the *Daubert* standard.

## B.  Mr. Fonzi's Reaction Opinions Are Not Outside of His Expertise

Experts are qualified by knowledge, experience, skill, training, or education. Fed. R. Evid. 702. Mr. Fonzi is a thirty-two-year veteran of the San Bernardino County Sheriff's Department and the San Diego Police Department, earning ranks of Assistant Sheriff and Deputy Chief among others. Mr. Fonzi has over nineteen (19) years of training over 10,000 law enforcement officers across the nation with extensive expertise in use of force and police procedures. Mr. Fonzi has testied as an expert on use of force and police practices in numerous several jurisdictions around the country, federally and at the state level for both civil and criminal matters. Mr. Fonzi is a recognized expert on the use of force and police practices. Dkt. No. 86-1 Fonzi Rule 26 Report ("Fonzi Report"), at 1-2.

Fonzi is well qualified to testify as to action and reaction times of police officers given his extensive experience and expertise training officers, particularly on use of force. This type of testimony does not require medical, psychological, or even forensic expertise. Largely, Fonzi is not opining on an esoteric matter in a scientific sense. Fonzi is speaking about action and reaction times as they are analyzed under action and reaction time training that officers receive and are observed to perform. These

4

considerations are well known to police practice experts familiar with POST and are a subject of teaching and training, as Fonzi explains in his report. Fonzi report, at 32-33. Moreover, Fonzi demonstrates clearly the methodology, study, and research that has gone into the development of action vs. reaction time analysis and training with respect to officers' behavior, especially in use of force situations.

Plaintiffs' remaining arguments that Fonzi should be excluded from so testifying are not supported by the law they cite. This is most observable in plaintiffs' misuse of the case they erroneously cite as *Avila v. City of Long Beach*, No. CV1705607-ABJ-PRX, 2018 WL 7501260 (C.D. Cal. Dec. 18, 2018). Plaintiffs misquote and misrepresents this district's decisions regarding Mr. Fonzi's testimony in that case. In *Avila*, the court did not deem Mr. Fonzi's testimony on "action vs. reaction" to be irrelevant, outside of his area of expertise, or otherwise. The *Avila* court instead stated that, "The Court has reviewed Mr. Fonzi's Rule 26 Report and finds that it simply does not include any actual opinion on "action vs. reaction time…." Rather, it simply states, "If this is an issue in this matter I would like to reserve the right to discuss and/or testify as to my experience, training, and knowledge with respect to action vs. reaction time." *Est. of Avila v. City of Long Beach*, No. CV1705607ABJPRX, 2018 WL 7501260, at *1 (C.D. Cal. Dec. 18, 2018). It was for lack of an actual opinion that the *Avila* court excluded Mr. Fonzi's action vs. reaction time opinion, not because that opinion was inadmissible for any of the reasons plaintiffs set forth.

## IV.  CONCLUSION

Mr. Fonzi's testimony will be undoubtedly helpful to the jury and plaintiffs have shown little to no risk of prejudice or demonstrated how Mr. Fonzi's opinion fails to meet Daubert standards. Defendants respectfully request that plaintiffs request to exclude Mr. Fonzi's testimony be denied in full.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE EXPERT TESTIMONY OF ROBERT FONZI

DATED:  April 14, 2026          Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:        /s/ Mildred K. O'Linn
           Mildred K. O'Linn
           Robert E. Murphy
           David Fleck
           Attorneys for Defendants, CITY OF
           COVINA, VANESSA CARDOZA,
           DAVID MEADOWS, and BILLY SUN

6

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE EXPERT TESTIMONY OF ROBERT FONZI**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On April 14, 2026, I served true copies of the following document(s) described as **DEFENDANTS' OPPOSITION  TO PLAINTIFFS' MOTION IN LIMINE NO. 3. TO EXCLUDE THE EXPERT TESTIMONY OF ROBERT FONZI** on the interested parties in this action as follows:

**Electronic Mail Notice List**

**The following are those who are currently on the list to receive e-mail notices for this case.**

- **Richard T Copeland**
  **rtc@conflict-solution.com**

- **David L Fleck**
  **David.Fleck@manningkass.com,adriana.alvarado@manningkass.com**

- **Dale K Galipo**
  **dalekgalipo@yahoo.com,dgilbert@galipolaw.com,blevine@galipolaw.com,evalenzuela@galipolaw.com,bjohnson@galipolaw.com,rvalentine@galipolaw.com,slaurel@galipolaw.com,CMayne@galipolaw.com,msincich@galipolaw.com,ldeleon@galipolaw.com,amonguia@galipolaw.com,coopermayne@recap.email,hlee@galipolaw.com**

- **Edlynne Rose Gutierrez**
  **Gigi.Gutierrez@manningkass.com,dxf@manningllp.com**

- **Robert E Murphy**
  **Robert.Murphy@manningkass.com,mireya.linares@manningkass.com,veronica.price@manningkass.com**

- **Mildred K. O'Linn**
  **missy.olinn@manningkass.com,dxf@manningllp.com,docket@manningllp.com,mko@manningllp.com**

- **Marcel F Sincich**
  **msincich@galipolaw.com,amonguia@galipolaw.com**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 14, 2026, at Los Angeles, California.


                                        /s/ Sandra Alarcon
                                    Sandra Alarcon