Mildred K. O'Linn (State Bar No. 159055)
  *missy.olinn@manningkass.com*
Robert E. Murphy (State Bar No. 103936)
  *robert.murphy@manningkass.com*
David Fleck (State Bar No. 192912)
  *David.Fleck@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF COVINA, VANESSA CARDOZA, DAVID MEADOWS, and BILLY SUN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez; D.V., a minor, by and through his guardian ad litem, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., individually;, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN; DOES 1-10, inclusive, <br><br> Defendants. | Case No. 5:23-cv-01562-CBM-ACCV <br> District Judge: Consuelo B. Marshall <br> Magistrate Judge: Angela C. C. Viramontes <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE EXPERT TESTIMONY OF JEFFREY MARTIN** <br><br> Judge: Hon. Consuelo B. Marshall <br><br> Filed Date:          08/04/23 |

///

///

///

///

///

///

---

**TO THE HONORABLE COURT AND ALL PARTIES AND COUNSEL:**

Defendants CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; and BILLY SUN ("defendants") submit the following Opposition to E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez; D.V., a minor, by and through his guardian ad litem, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., ("plaintiffs") motion in limine no. 4 seeking to exclude or limit the testimony of defendants' expert Jeffrey Martin on the basis that his report is based on insufficient facts and data and is therefore improper and unhelpful. Plaintiffs' motion should be denied because Mr. Martin's report satisfies the Daubert standard and plaintiffs have provided no persuasive argument, let alone evidence, to the contrary. This Opposition will be based on these papers, the Memorandum of Points and Authorities, the papers and records on file herein, and such oral and documentary evidence as may be presented at the hearing of this Motion.

DATED:  April 14, 2026          Respectfully submitted,

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**


By:  _____/s/ Mildred K. O'Linn_____
          Mildred K. O'Linn
          Robert E. Murphy
          David Fleck
          Attorneys for Defendants, CITY OF
          COVINA, VANESSA CARDOZA,
          DAVID MEADOWS, and BILLY SUN

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff has moved in limine to exclude defendants' human factors expert Jeffrey Martin from offering any testimony, evidence, opinion, or argument at trial on the singular ground that Mr. Martin's report is somehow unhelpful to the jury and extremely prejudicial, characterizing it as a advocacy for the officers to bolster their credibility. This inflammatory motion has no real argument against the inclusion of Mr. Martin's opinion.

As an initial matter, Mr. Martin is properly designated as a witness, and submitted a report that complies with Federal Rule of Civil Procedure 26(e) and used a methodology that is a product of reliable principles and methods, and have reliably applied the principles and methods to the facts of this case. Mr. Martin's opinions are relevant and admissible under *Daubert* and Fed. R. Evid. Rule 702 and are not unfairly prejudicial under Red. R. Evid. Rule 403. Accordingly, defendants respectfully request plaintiffs' motion in limine to preclude defense expert Mr. Martin be denied.

## II.   PLAINTIFFS' NONCOMPLIANCE WITH LOCAL RULE 7-3

Defendants notice the court that plaintiffs' statement of compliance with Local Rule 7-3 is defective and fabricated. Plaintiff did not provide this motion in limine to defense counsel in writing or discussed the substance of the motions telephonically before filing them with this Court. Plaintiffs' counsel's declaration supposedly supports that the statement that there existed a conference and no resolution was reached but the supporting declaration does not even state this was so. Declaration of Marcel F. Sincich.

Based on this failure, defendants request the Court reject plaintiff's motion in limine 4 outright.

## III.   MARTIN'S REPORT MEETS THE DAUBERT STANDARDS

Per Federal Rule of Evidence section 702, the trial court may allow "scientific, technical, or other specialized knowledge" by a qualified expert if it will "assist the

1

trier of fact to understand the evidence or to determine a fact in issue." Red. R. Evid, Rule 702 also provides that a witness may be qualified as an expert if the "testimony is based on sufficient facts or data." As the gatekeeper, the trial court assures the expert testimony both rests on a reliable foundation and is relevant to the task at hand. *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir.2010) (citation and quotation marks omitted). Reliability is established "if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Id.* at 565. The test "is not the correctness of the expert's conclusions but the soundness of his methodology." *City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1043-44 (9th Cir. 2014). In conducting its inquiry, "[t]he district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." Id. at 969-70. Furthermore, in excessive force cases, expert testimony on standard police practices and procedures, and expert opinions on what those practices would require under a certain set of facts, is/are usually admissible. *See Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005).

Mr. Martin is a credible, experienced, and educated expert witness whose report is based on sound methodology, utilizes a large universe of information, and takes into account forensic-level analysis of material that is dispositive to this case, namely the video footage that both parties agree is the best representation of the events.

**A.** **Mr. Martin's Report Meets and Surpasses The Daubert Standards And Plaintiffs' Offer No Supportable Argument To the Contrary**

Jeffrey Martin is a retired police sergeant and former labor relations attorney in admin matters who actively spends time as a consultant, expert witness, and teacher. Mr. Martin has experience not only analyzing, teaching, and opining and consulting on police practices and policy adherence but he has regularly applied policy and legal developments to this understanding. In addition, Mr. Martin has extensive training and experience in the technical preparation, examination, and interpretation of video evidence, having over 180 hours' worth of training in multiple levels of video analysis

2

and the law and processing multimedia evidence. Mr. Martin is certified as a "Forensic Video Technician." Dkt No. 87-1, Jeffrey Martin Rule 26 Report ("Martin Report") at 1. Moreover, Mr. Martin holds both a Bachelors and Masters degree in psychology with emphasis on Human Factors Psychology and is certified in the same. Martin Report, at 2. Mr. Martin's credentials are incontestable. Plaintiffs' attempts to argue that Mr. Martin is not a video expert is simply not true in the face of Mr. Martin's CV. Nor is the rest of plaintiffs' half-baked attempts to spuriously cast doubt on Mr. Martin's qualifications for video analysis, human factors, and his experience and work as an officer himself.

Further, Mr. Martin uses a thorough and well-researched method when analyzing and drawing conclusions from the body camera footage that is determinative in this matter. The information Mr. Martin can provided as an expert in handling this video footage at a forensic level is irrefutably probative. Further, as parties agree that the video evidence is the best and undisputable evidence, Mr. Martin's ability to provide facts that are otherwise hard to understand or see with murky video footage capturing mere seconds of time, his report is necessary and helpful to the jury. Indeed, plaintiffs realize the value in providing a clearer and more accurate rendition of the video footage to the jury as they have impermissibly sought to utilize an uncredentialed expert opining over freeze-frames of the videos slowed down. Plaintiffs' failed to retain an expert with the correct skills, insights, and abilities to assist the jury in making factual sense of the regrettably lacking video evidence. Defendants, however, have retained Mr. Martin for this very purpose.

Plaintiffs arguments regarding 'deficiencies' in Mr. Martin's opinions are not found within the actual report. Plaintiffs claim Mr. Martin gives opinions on whether "or not Valdivia reasonably appeared to be an immediate threat" and claim that "[t]he crux of Mr. Martin's inappropriate opinions is that (1) Valdivia was in the process of firing a handgun; (2) the Defendant Officers were unable to stop themselves from shooting Valdivia, who was unarmed, because they were already reacting to their

3

faulty perception that Valdivia was in the process of firing a handgun; and (3) this process interfered with their ability to see that Valdivia was unarmed. (Exh. A, Martin Report at 16-17.) Dkt. No. 87, Plaintiffs' Motion in Limine No. 4 ("MIL") at 3:19-28. However, the pages referenced by plaintiffs do not show Mr. Martin making any commentary on Valdivia's threat level let alone his intent or lack thereof to shoot officers. As to the remaining arguments, they are derisive renditions of permitted tesitmony that Mr. Martin is able to offer as an expert on what the videos show as to the perceptions and actions of officers from a forensic point of view and based on the video footage. Plaintiffs' assertions that these opinions amount to both legal conclusions and regurgitation of obvious information the jury can easily perceive are disingenuous and stated without anything to support.

Plaintiffs' final attack is that Mr. Martin's opinion is speculative because it concerns defendant officers' state of mind and the decedent's intent. First, plaintiffs cannot point to even a single instance whereby Mr. Martin opined as to Valdivia's state of mind. Mr. Martin opined on Valdivia's behavior per the depiction within the video evidence which is divorced from Valdivia's mental or emotional state of being. As to officers' states of mind, Mr. Martin is relying on the nexus of information given to him from the mouths of officers themselves. Experts are allowed to rely on officer testimony and compare that with the other evidence, coming to a conclusion thereon. Mr. Martin did not have to divine officers' intent through speculation. Instead, Mr. Martin scrutinized and eventually made sense of officers' admitted states of mind in light of his forensic analysis of the video evidence.

**B.** **Mr. Martin's Report Has Little To No Prejudicial Effect On The Jury**

Plaintiffs have no argument regarding what if any prejudicial effect Mr. Martin's report would have on the jury. Instead, plaintiffs make a quasi-Golden Rule argument for the exclusion of Mr. Martin, warning that "Mr. Martin attempts to redefine when it is appropriate for an officer to use deadly force by stating that officers have an "increased sensitivity to patterns of movements that they perceive

4

immediately threatening" as an explanation for his opinion that the Defendant Officers acted reasonably." MIL, at 6:4-12. This is a hollow, slipper-slope argument that does not stand as evidence of any risk of prejudice. In all of the caselaw cited by plaintiffs, none of it supports plaintiffs' claims that expert testimony with no discernable risk of prejudice, which does not set forth legal conclusions, delivered by a qualified expert is somehow inadmissible or confusing. Indeed, it is plaintiffs who attempt repeatedly to confuse the Court and jury with condemned legal frameworks, not defendants nor their experts.

## IV. CONCLUSION

Plaintiffs have failed to show any deficiency with Mr. Martin's expertise, his opinions, or his ability to give expert testimony as a human factors expert and forensic video technician. This is the type of testimony plaintiffs seek to have admitted through the mouth of their expert via still-shots and slowed down video; but he is unqualified and unable to do so. Plaintiffs cannot now stop defendants from properly procuring and offering such testimony. Mr. Martin meets all Daubert criteria and plaintiffs' claims against him prove baseless. Defendants respectfully request that plaintiffs motion in limine to exclude Mr. Martin's testimony be denied in full.

DATED: April 14, 2026                Respectfully submitted,

                                     **MANNING & KASS**
                                     **ELLROD, RAMIREZ, TRESTER LLP**


                                     By:        /s/ Mildred K. O'Linn
                                                _____
                                                Mildred K. O'Linn
                                                Robert E. Murphy
                                                David Fleck
                                                Attorneys for Defendants, CITY OF
                                                COVINA, VANESSA CARDOZA,
                                                DAVID MEADOWS, and BILLY SUN

5

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE EXPERT TESTIMONY OF JEFFREY MARTIN**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On April 14, 2026, I served true copies of the following document(s) described as **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 4 TO EXCLUDE THE EXPERT TESTIMONY OF JEFFREY MARTIN** on the interested parties in this action as follows:

**Electronic Mail Notice List**

**The following are those who are currently on the list to receive e-mail notices for this case.**

- **Richard T Copeland**
  **rtc@conflict-solution.com**

- **David L Fleck**
  **David.Fleck@manningkass.com,adriana.alvarado@manningkass.com**

- **Dale K Galipo**
  **dalekgalipo@yahoo.com,dgilbert@galipolaw.com,blevine@galipolaw.com,evalenzuela@galipolaw.com,bjohnson@galipolaw.com,rvalentine@galipolaw.com,slaurel@galipolaw.com,CMayne@galipolaw.com,msincich@galipolaw.com,ldeleon@galipolaw.com,amonguia@galipolaw.com,coopermayne@recap.email,hlee@galipolaw.com**

- **Edlynne Rose Gutierrez**
  **Gigi.Gutierrez@manningkass.com,dxf@manningllp.com**

- **Robert E Murphy**
  **Robert.Murphy@manningkass.com,mireya.linares@manningkass.com,veronica.price@manningkass.com**

- **Mildred K. O'Linn**
  **missy.olinn@manningkass.com,dxf@manningllp.com,docket@manningllp.com,mko@manningllp.com**

- **Marcel F Sincich**
  **msincich@galipolaw.com,amonguia@galipolaw.com**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 14, 2026, at Los Angeles, California.


                                                    /s/ Sandra Alarcon
                                            Sandra Alarcon