**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

AUG 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| E.V.; X.V., minors by and through their guardian ad litem, Karla Juarez, individually and as successors-in-interest to Daniel Luis Valdivia; D.V., minor, by and through his guardian ad litem, Elias Valdivia, individually and as successors-in-interest to Daniel Luis Valdivia; JESSICA VALDIVIA; LUIS VALDIVIA, Jr., individually, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN, <br><br> Defendants - Appellants, <br><br> DOES, 1-10, inclusive, <br><br> Defendant. | No. 25-7151 <br><br> D.C. No. 5:23-cv-01562-CBM-SHK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Argued and Submitted August 6, 2026
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Officers Vanessa Cardoza, David Meadows, and Billy Sun (collectively, "Defendant Officers") appeal the district court's denial of summary judgment based on qualified immunity from the lawsuit, asserting claims of Fourth and Fourteenth Amendment violations, brought by Plaintiff parents and minor children of decedent Daniel Luis Valdivia.[1] We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for further proceedings.

"We review de novo a district court's grant or denial of summary judgment, including officers' entitlement to qualified immunity." *Cardenas-Ornelas v. Johnson*, 165 F.4th 1234, 1239 (9th Cir. 2026) (citation modified). "When evaluating a denial of summary judgment on the issue of qualified immunity, our review is limited to the 'purely legal issue whether the facts alleged . . . support a claim of clearly established law.'" *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011) (quoting *Moran v. Washington*, 147 F.3d 839, 843 (9th Cir. 1998)). We "assum[e] that the version of the material facts asserted by the non-moving party is correct." *Cardenas-Ornelas*, 165 F.4th at 1239 (alteration in original) (quoting

---

[1] We dismiss any appeal as to the City of Covina, as it is not a proper appellant.

25-7151

*Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001) (per curiam)).[2] To determine whether Defendant Officers are entitled to qualified immunity, we "must decide whether the officer[s'] conduct violated a constitutional right and whether the right was clearly established at the time of the alleged misconduct." *Id.* at 1239–40 (citation modified).

1. The district court erred in determining that Defendant Officers were not entitled to qualified immunity as to Plaintiffs' excessive force claim because, in the totality of the circumstances, the officers' use of force against Valdivia was reasonable. *See Espinosa v. City & County of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010) (stating the totality of the circumstances standard); *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994) (noting that defendants can prevail at the summary judgment stage "if the district court concludes, after resolving all factual disputes in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstances").

Resolving all factual disputes in favor of Plaintiffs, the record shows that Valdivia retrieved a gun from his pocket after being ordered not to touch the weapon and that he moved it in the direction of Officers Sun and Meadows. In

---

[2] Plaintiffs argue that the district court's ruling rested on factual disputes that we do not have jurisdiction to review. We retain jurisdiction, however, to decide whether the facts alleged demonstrate that Defendant Officers violated clearly-established law. *See Alston*, 663 F.3d at 1098.

doing so, he "posed an immediate threat to the safety of the officers," *George v. Morris*, 736 F.3d 829, 837 (9th Cir. 2013) (citation modified), which is the "most important" factor when assessing the reasonableness of Defendant Officers' use of force, *Estate of Strickland v. Nevada County*, 69 F.4th 614, 620 (9th Cir. 2023) (quoting *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010)).

2. For similar reasons, Defendant Officers' actions did not "shock[] the conscience" and therefore did not violate Plaintiffs' substantive due process rights. *Sinclair v. City of Seattle*, 61 F.4th 674, 680 (9th Cir. 2023) (quoting *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008)). In shooting Valdivia in response to his movement of the gun, Defendant Officers did not "act[] with a purpose to harm unrelated to legitimate law enforcement objectives." *Napouk v. L.V. Metro. Police Dep't*, 123 F.4th 906, 923 (9th Cir. 2024) (quoting *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010)). Their actions did not demonstrate an intention to "teach a suspect a lesson" or "get even" and similarly were not "so grossly and unreasonably excessive that [the shooting] alone could evidence a subjective purpose to harm." *S.R. Nehad v. Browder*, 929 F.3d 1125, 1139–40 (9th Cir. 2019) (citation modified).

**REVERSED and REMANDED. APPEAL DISMISSED as to the City of Covina.**

25-7151

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

### Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)**

**(1) Purpose**
**A. Panel Rehearing:**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ➢ A material point of fact or law was overlooked in the decision;
  - ➢ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ➢ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Rehearing En Banc**
- A party should seek en banc rehearing only if one or more of the following grounds exist:
  - ➢ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
  - ➢ The proceeding involves a question of exceptional importance; or

1

Post Judgment Form - Rev. 8/2025

➢ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d). The deadlines for seeking reconsideration of a non-dispositive order are set forth in 9th Cir. R. 27-10(a)(2).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

2

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

### Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

### Attorneys Fees
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

### Petition for a Writ of Certiorari
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

### Counsel Listing in Published Opinions
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➢ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➢ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

3

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)**

**Case Name**

Name of party/parties requesting costs to be taxed:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**                     **Date**

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd , and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee/Appeal from District Court filing portion of fee ($5) | | | | $ |
| | | | TOTAL: | $ |

***Example:*** *Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10); TOTAL: 4 x 500 x $.10 = $200.*