# EXHIBIT A

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| E.V.; X.V., minors by and through their guardian ad litem, Karla Juarez, individually and as successors-in-interest to Daniel Luis Valdivia; D.V., minor, by and through his guardian ad litem, Elias Valdivia, individually and as successors-in-interest to Daniel Luis Valdivia; JESSICA VALDIVIA; LUIS VALDIVIA, Jr., individually, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN, <br><br> Defendants - Appellants, <br><br> DOES, 1-10, inclusive, <br><br> Defendant. | No. 25-7151 <br><br> D.C. No. 5:23-cv-01562-CBM-SHK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Argued and Submitted August 6, 2026
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Officers Vanessa Cardoza, David Meadows, and Billy Sun (collectively, "Defendant Officers") appeal the district court's denial of summary judgment based on qualified immunity from the lawsuit, asserting claims of Fourth and Fourteenth Amendment violations, brought by Plaintiff parents and minor children of decedent Daniel Luis Valdivia.[1] We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for further proceedings.

"We review de novo a district court's grant or denial of summary judgment, including officers' entitlement to qualified immunity." *Cardenas-Ornelas v. Johnson*, 165 F.4th 1234, 1239 (9th Cir. 2026) (citation modified). "When evaluating a denial of summary judgment on the issue of qualified immunity, our review is limited to the 'purely legal issue whether the facts alleged . . . support a claim of clearly established law.'" *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011) (quoting *Moran v. Washington*, 147 F.3d 839, 843 (9th Cir. 1998)). We "assum[e] that the version of the material facts asserted by the non-moving party is correct." *Cardenas-Ornelas*, 165 F.4th at 1239 (alteration in original) (quoting

---

[1] We dismiss any appeal as to the City of Covina, as it is not a proper appellant.

*Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001) (per curiam)).[2] To determine whether Defendant Officers are entitled to qualified immunity, we "must decide whether the officer[s'] conduct violated a constitutional right and whether the right was clearly established at the time of the alleged misconduct." *Id.* at 1239–40 (citation modified).

1. The district court erred in determining that Defendant Officers were not entitled to qualified immunity as to Plaintiffs' excessive force claim because, in the totality of the circumstances, the officers' use of force against Valdivia was reasonable. *See Espinosa v. City & County of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010) (stating the totality of the circumstances standard); *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994) (noting that defendants can prevail at the summary judgment stage "if the district court concludes, after resolving all factual disputes in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstances").

Resolving all factual disputes in favor of Plaintiffs, the record shows that Valdivia retrieved a gun from his pocket after being ordered not to touch the weapon and that he moved it in the direction of Officers Sun and Meadows. In

---

[2] Plaintiffs argue that the district court's ruling rested on factual disputes that we do not have jurisdiction to review. We retain jurisdiction, however, to decide whether the facts alleged demonstrate that Defendant Officers violated clearly-established law. *See Alston*, 663 F.3d at 1098.

doing so, he "posed an immediate threat to the safety of the officers," *George v. Morris*, 736 F.3d 829, 837 (9th Cir. 2013) (citation modified), which is the "most important" factor when assessing the reasonableness of Defendant Officers' use of force, *Estate of Strickland v. Nevada County*, 69 F.4th 614, 620 (9th Cir. 2023) (quoting *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010)).

2. For similar reasons, Defendant Officers' actions did not "shock[] the conscience" and therefore did not violate Plaintiffs' substantive due process rights. *Sinclair v. City of Seattle*, 61 F.4th 674, 680 (9th Cir. 2023) (quoting *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008)). In shooting Valdivia in response to his movement of the gun, Defendant Officers did not "act[] with a purpose to harm unrelated to legitimate law enforcement objectives." *Napouk v. L.V. Metro. Police Dep't*, 123 F.4th 906, 923 (9th Cir. 2024) (quoting *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010)). Their actions did not demonstrate an intention to "teach a suspect a lesson" or "get even" and similarly were not "so grossly and unreasonably excessive that [the shooting] alone could evidence a subjective purpose to harm." *S.R. Nehad v. Browder*, 929 F.3d 1125, 1139–40 (9th Cir. 2019) (citation modified).

**REVERSED and REMANDED. APPEAL DISMISSED as to the City of Covina.**