Mildred K. O'Linn (State Bar No. 159055)
*missy.olinn@manningkass.com*
Robert E. Murphy (State Bar No. 103936)
*robert.murphy@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF COVINA, VANESSA CARDOZA, DAVID MEADOWS, and BILLY SUN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez; D.V., a minor, by and through his guardian ad litem, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., individually;,

Plaintiffs,

v.

CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN; DOES 1-10, inclusive,

Defendants.

Case No. 5:23-cv-01562-CBM-ACCV
District Judge: Consuelo B. Marshall
Magistrate Judge: Angela C. C. Viramontes

**DEFENDANTS' [JOINT] STATUS REPORT RE: INTERLOCUTORY APPEAL**

///

///

///

///

///

///

Pursuant to this Court's August 16, 2026 Order (Dkt. No. 97), the parties submit the following status report regarding the status of Defendants' interlocutory appeal.

On August 12, 2026, the Ninth Circuit issued a Memorandum reversing and remanding the matter for further proceedings in accordance with its instruction therein. The Ninth Circuit's Memorandum determined error in denying qualified immunity and found that the defendant officers' use of force was both reasonable under the Fourth Amendment claim and did not shock the conscience under the 14th Amendment claim. Dkt. No. 98 ("Memorandum") at 3-4. The Ninth Circuit went on to determine that decedent "posed an immediate threat" to the safety of the officers under governing law. *Id*. Thereafter, on September 3, 2026, the Ninth Circuit Issued a Mandate for the August 12 memorandum. See Declaration of Safi Henson ("Henson Decl."), ¶ 2.

Parties stipulated to the dismissal of claims 1, 3, 5, and 6. Dkt. No. 43. The Ninth Circuit's Memorandum and Mandate specifically find the first prong of qualified immunity satisfied and that the officers' conduct was reasonable under the totality of the circumstances; in so holding, claims 2 and 4 subject to dismissal in accordance with the Ninth Circuit's ruling. The remaining claims are battery, negligence, and violation of the Bane Act. Each of these claims are premised on whether or not the officers' conduct of using deadly force against decedent in this case was reasonable; these claims therefore fail for want of unreasonable use of force.[1]

Plaintiffs' battery claim fails without an actionable excessive force claim. *See Monzon v. City of Murrieta*, 978 F.3d 1150, 1164 (9th Cir. 2020) ("The battery claim fails because plaintiffs cannot show that the officers used unreasonable force") and

[1] Defense counsel sent the status report to Plaintiffs' counsel for review and permission to affix their signature. However, Plaintiffs' counsel has not replied nor given defense counsel permission to sign. In order to remain timely, Defendants submit the status report without Plaintiffs' counsel joining. Henson Decl., ¶ 3.

*Edson v. City of Anaheim*, 63 Cal.App.4th 1269 (1998) ("By definition then, a prima facie battery is not established unless and until plaintiff proves unreasonable force was used.").

Plaintiffs' negligence claim fails without an actionable excessive force claim. *See Hayes v. Cnty. of San Diego*, 57 Cal.4h 622, 629 (2013) ("Officers have a duty to act reasonably when using deadly force").

Plaintiffs' Bane Act violation claim fails without an actionable excessive force claim. *See also Chinaryan v. City of Los Angeles*, 113 F.4h 888, 907 (9h Cir. 2024) ("The elements of a Bane Act claim are essentially identical to the elements of a § 1983 claim, with the added requirements that the government official had specific intent to violate a constitutional right.)

Plaintiffs have no claims remaining in light of the Ninth Circuit's ruling. Therefore, this Court must dismiss with prejudice the remainder of the claims: plaintiffs' second, fourth, seventh, eighth, and ninth claims.

DATED: September 10, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Mildred K. O'Linn
Mildred K. O'Linn
Robert E. Murphy
Attorneys for Defendants, CITY OF COVINA, VANESSA CARDOZA, DAVID MEADOWS, and BILLY SUN

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St., 15th Floor, Los Angeles, CA 90017-3012.

On September 10, 2026, I served true copies of the following document(s) described as **DEFENDANTS' [JOINT] STATUS REPORT RE: INTERLOCUTORY APPEAL** on the interested parties in this action as follows:

The following are those who are currently on the list to receive e-mail notices for this case.

- **Richard T Copeland**
  rtc@conflict-solution.com
- **David L Fleck**
  David.Fleck@manningkass.com,adriana.alvarado@manningkass.com
- **Dale K Galipo**
  dalekgalipo@yahoo.com,dgilbert@galipolaw.com,blevine@galipolaw.com,evalenzuela@galipolaw.com,bjohnson@galipolaw.com,rvalentine@galipolaw.com,slaurel@galipolaw.com,CMayne@galipolaw.com,msincich@galipolaw.com,ldeleon@galipolaw.com,amonguia@galipolaw.com,coopermayne@recap.email,hlee@galipolaw.com
- **Robert E Murphy**
  Robert.Murphy@manningkass.com,veronica.price@manningkass.com
- **Mildred K. O'Linn**
  missy.olinn@manningkass.com,dxf@manningllp.com,docket@manningllp.com,mko@manningllp.com
- **Marcel F Sincich**
  msincich@galipolaw.com,amonguia@galipolaw.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 10, 2026, at Los Angeles, California.

/s/ Sandra Alarcon

Sandra Alarcon

MANNING | KASS