Mildred K. O'Linn (State Bar No. 159055)
*missy.olinn@manningkass.com*
Robert E. Murphy (State Bar No. 103936)
*robert.murphy@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF COVINA, VANESSA CARDOZA, DAVID MEADOWS, and BILLY SUN

MANNING | KASS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| E.V. and X.V., minors by and through their guardian ad litem, Karla Juarez; D.V., a minor, by and through his guardian ad litem, Elias Valdivia; individually and as successors-in-interest to Daniel Luis Valdivia, deceased; JESSICA VALDIVIA; LUIS VALDIVIA JR., individually;,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF COVINA; VANESSA CARDOZA; DAVID MEADOWS; BILLY SUN; DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-01562-CBM-ACCV<br>District Judge: Consuelo B. Marshall<br>Magistrate Judge: Angela C. C. Viramontes<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEFING PURSUANT TO DOCKET NO. 104 REGARDING PLAINTIFFS' STATE LAW CLAIMS**<br><br>Judge: Hon. Consuelo B. Marshall<br><br>Filed Date: 08/04/23 |

**TO THIS COURT, PLAINTIFFS, AND THEIR COUNSEL OF RECORD:**

Defendants City of Covina ("City"), Vanessa Cardoza, Davis Meadows, and Billy Sun ("Defendants") submit their Supplemental Briefing regarding the effect of the Ninth Circuit's memorandum has on Plaintiffs' battery, negligence, and Cal. Civ. Codde § 52.1 (Bane Act) claims.

///

///

MANNING | KASS

## I. <u>RELEVANT BACKGROUND</u>

Plaintiffs' operative complaint set forth nine causes of action. Parties stipulated to dismissal of four of these claims, leaving only five claims remaining: Fourth Amendment, Fourteenth Amendment, Battery, Negligence, and Bane Act (violation of Cal. Civ. Code § 52.1). (Dkt. No. 46, 66.)

On October 14, 2026, this Court denied Defendants summary judgment motion as to these remaining five claims. (Dkt. No 66). In its Order, this Court stated in part:

> "Because there is a genuine issue of material fact as to whether Defendants' use of deadly force was objectively reasonable, the Court cannot grant summary judgment in favor of Defendants on Plaintiffs' battery claim…"
>
> "[Regarding negligence], there is a genuine issue of material fact in dispute as to whether the Defendant Officers' use of deadly force was objectively reasonable under the circumstances (see supra), and whether Defendants' Officers breached their duty to act reasonably when using deadly force…"
>
> "[Regarding the Bane Act], Here, there is a genuine issue of material fact in dispute regarding whether decedent pointed his gun at officers and posed an immediate threat to officers."
>
> (Dkt. No. 66 at 10-11)

Defendants successfully appealed. On August 12, 2026, the Ninth Circuit issued a Memorandum wherein it stated all of the following:

> "The district court erred in determining that Defendant Officers were not entitled to qualified immunity as to Plaintiffs' excessive force claim because, in the totality of the circumstances, the officers' use of force against Valdivia was reasonable…. Resolving all factual disputes in favor of Plaintiffs, the record shows that Valdivia retrieved a gun from his pocket after being ordered not to touch the weapon and that he moved it in the direction of Officers Sun and Meadows. In doing so, he "posed an immediate threat to the safety of the officers," *George v. Morris*, 736 F.3d 829, 837 (9th Cir. 2013) (citation modified), which is the "most important" factor when assessing the reasonableness of Defendant Officers' use of force, *Estate of Strickland v. Nevada County*, 69 F.4th 614, 620 (9th Cir. 2023)….
>
> For similar reasons, Defendant Officers' actions did not "shock[] the conscience" and therefore did not violate Plaintiffs' substantive due process rights. *Sinclair v. City of Seattle*, 61 F.4th 674, 680 (9th Cir. 2023). "
>
> (Dkt. No. 98, at 3-4)

Per the Ninth Circuit's Memorandum and Mandate, Plaintiffs' Fourth Amendment and Fourteenth Amendment claims were subject to dismissal.

MANNING | KASS

On September 10, per this Court's Order, Defendants reached out to Plaintiffs to file a joint status report and, receiving no response, filed a status report seven days after the Ninth Circuit's Mandate. (Dkt. No. 100, 101, 102) Thereafter, Plaintiffs filed a singular status report one day later, eight days after the mandate, wherein they requested this Court to exercise its jurisdiction over their remaining claims (the state law claims). (Dkt. No. 103)

## II. RELEVANT AUTHORITY UNDERPINNING JURISDICTION

The district court may exercise supplemental jurisdiction over state law claims derived from and otherwise brought with federal claims over which the district court has original jurisdiction. The general rule is "when federal claims are dismissed before trial… pendent state claims should also be dismissed." *Religious Tech. Ctr v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992); *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985). When a plaintiff's state law claims are resolved by the dismissal or findings on federal claims, a district court may freely exercise jurisdiction over the state-law claims. *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1131 n.7 (9th Cir. 2021).

A district court may also decline to exercise said jurisdiction over a claim if it "raises a novel or complex issue of State law" or if, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(1), (4). However, when issues underlying the state claims closely intertwine with and answer same or overlapping questions posed by the federal claims, as is the case here, the interest of judicial economy, convenience, fairness, and comity weighs in favor of this court retaining jurisdiction over the remaining (state law) claims.

Under precedent, state law claims relevant to this case—battery, negligence, and Bane Act arising out of alleged excessive force—are analyzed under the same or closely analogous standards to the Fourth Amendment of the United States Constitution. *Morales v. City & Cnty. of San Francisco*, 603 F. Supp. 3d 841, 851 (N.D. Cal. 2022); quoting *Avina v. United States*, 681 F.3d 1127, 1131 (9th Cir. 2012);

*Susag v. City of Lake Forest*, 94 Cal.App.4th 1401, 1415 (2002). The issues remaining, set forth in the state law claims, are indivisible from the issues already adjudicated by this court and the Ninth Circuit on this matter. There are no separate or divorced issues of state law, let alone complex ones, at issue here. Therefore, state courts would be in no better position that the district court to adjudicate the remaining issues. *See e.g. Johnson v. City of San Jose*, 591 F. Supp. 3d 649, 671 (N.D. Cal. 2022)

## III. <u>THE REMAINING STATE-LAW TORTS MUST BE DISMISSED</u>

### A. <u>Battery and Bane Act</u>

It is well established that a battery claim fails when the underlying constitutional harm fails. *See Johnson v. Cnty. of L.A.*, 340 F.3d 787, 794 (9th Cir. 2003). A battery claim fails when a plaintiff cannot show the officers used unreasonable force. *Monzon v. City of Murrieta*, 978 F.3d 1150, 1164 (9th Cir. 2020); *See Brown v. Ransweiler*, 171 Cal.App.4th 516, 527 (2009) ("In both, a plaintiff must prove that the peace officer's use of force was unreasonable."). In the same way, a Bane Act violation requires the existence of an underlying constitutional violation. *Williamson v. City of Nat'l City*, 23 F.4th 1146, 1155 (9th Cir. 2022). It also requires "specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043–45 (9th Cir. 2018).

By the Ninth Circuit's ruling, there is no unreasonable force in this case, nor intent to harm or violate the rights of decedent or Plaintiffs in this case. (Dkt. No. 98) Therefore, by the explicit holding from appeal, there is neither a violation nor evidence of intent necessary to carry either of these derivative claims.

Finally, Plaintiffs' battery and Bane Act claims are admittedly reliant on the same injury underpinning their failed Fourth and Fourteenth Amendment claims. (Dkt. No 48, at 23 ("Regarding Plaintiffs' battery and Bane Act claims, the same facts and law would be considered as with the Fourth Amendment excessive force claim.)

### B. <u>Negligence</u>

Just as with battery and the Bane Act, negligence is decided by taking into




MK MANNING | KASS

MANNING | KASS

account the totality of the circumstances. *See Brown v. Ransweiler*, 171 Cal.App.4th 516, 527 (2009) These considerations are "highly deferential to the police officer's need to protect himself and others." *Id.* at 527-28.

In their Opposition at the summary judgment stage, Plaintiffs halfheartedly argued for the independent survival of their negligence claim. However, this argument does not stand separate from the injury for which they seek damages: the "wrongful death" and "survival" action based on the same. Plaintiffs' own cited law espouses this understanding.

The governing and instructive case on this point is the California Supreme Court case *Hayes v. County of San Diego*, 57 Cal.4th 622, 639 (2013) (*Hayes*). *Hayes* is unequivocal and crystal clear on negligence and its derivative nature to federal claims of deadly or excessive force. However, Plaintiffs have, with little to no caselaw in Opposition, misinterpreted *Hayes*, leading this Court astray in the process, as somehow allowing a standalone negligence claim for preshooting conduct ***in addition*** to negligence for the shooting itself. *Hayes* does no such thing. After meticulously analyzing a bevy of prior decisions and instructing the Ninth Circuit on how to analyze pre-shooting conduct in deadly force cases, the *Hayes* court states:

"The reasonableness of the deputies' preshooting conduct should not be considered in isolation, however; rather, it should be considered as *part of the totality of circumstances* surrounding the fatal shooting of [decedent]. We perceive no sound reason to divide plaintiff's cause of action artificially into a series of decisional moments…and then to permit plaintiff to litigate each decision in isolation, when each is part of a continuum of circumstances surrounding a single use of deadly force by the deputies. Any other approach would be both inefficient and confusing, and would conflict with our past decisions on negligence. (See *Grudt, supra,* 2 Cal.3d at pp. 585–588, 86 Cal.Rptr. 465, 468 P.2d 825 [case involving a police shooting; the decision evaluates negligence in light of the totality of circumstances, including the officers' actions preceding the use of deadly force]; see also *Kahn v. East Side Union High*

*School Dist.*, *supra*, 31 Cal.4th at pp. 996, 1011–1013, 4 Cal.Rptr.3d 103, 75 P.3d 30 [case involving a swimming pool accident; the decision considers the defendant coach's actions during the weeks preceding the injurious event].) *Hayes*, 57 Cal. 4th at 637–38 (2013).

There, as here, plaintiff asserted the injury of the loss of a loved one by way of allegedly deadly or excessive force. There is no discernable standalone injury from the conduct of law enforcement personnel preceding this shooting. Instead, under *Hayes*, there is a ***single indivisible*** cause of action which seeks recovery for a ***single wrong***: *the shooting itself*. *Id*. at 630. Under *Hayes*, the pre-shooting conduct of law enforcement personnel…is only relevant here to the extent it shows, as part of the totality of circumstances, that the shooting itself was negligent. *Id.* at 631.

Indeed, as pointed out in *Tabares v. City of Huntington Beach*, Officers are liable "if the tactical conduct *and decisions leading up to the use of deadly force* show, as part of the totality of circumstances, that the use of deadly force was unreasonable." *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1125 (9th Cir. 2021) Neither *Hayes* nor *Tabares* create distinct and separate causes of action for each and every discretionary decision made by law enforcement but instead contrast reasonability under negligence as encompassing a wider range of pre-force conduct so as to render the force reasonable or not.

It is undisputable that the harm Plaintiffs seek redress for is the death of decedent, in his right and as family members. As such, this harm is indivisible from the underlying Fourth and Fourteenth Amendment claims and fail along with them. Under the governing authority such as *Munoz*, *Hayes*, and *Tabares*, the preshooting conduct and decisions mentioned are relevant only in relation as factors in the totality of the circumstances. As based on this indivisible harm the negligence claim fails and must be dismissed.

## IV. <u>THERE IS NO BASIS FOR PUNITIVE DAMAGES</u>

To the extent the claim for punitive damages has also survived the Ninth

Circuit's dismissal of constitutional claims, Defendants are also entitled to judgment on their favor on the punitive damages claim because there is no predicate federal or state claims that can serve as the basis for punitive damages against them." See e.g. *In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*, 497 F. Supp. 3d 552, 578 (N.D. Cal. 2020) (a request for punitive damages "is not a distinct cause of action").

"[P]unitive damages are aimed at deterrence and retribution," and are only appropriate where the defendants' conduct demonstrates some level of ill intent. *Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activists*, 422 F.3d 949, 953 (9th Cir. 2005). In the § 1983 context, punitive damages are warranted only where the defendants were "motivated by evil motive or intent," or were "reckless[ly] or callous[ly] indifferen[t]" to a person's constitutional rights. *See Dang v. Cross*, 422 F.3d 800, 810 (9th Cir. 2005). The standard for entitlement to punitive damages for state tort claims is even ***higher***: Plaintiffs must produce clear and convincing evidence of despicable conduct. *See Basich v. Allstate Ins. Co.*, 87 Cal.App.4th 1112, 1119 (2001) (stating clear and convincing standard); *Pacific Gas & Elec. Co. v. Super. Ct.*, 24 Cal.App.5th 1150, 1161 (2018) (interpreting and applying Cal. Code Civ. Proc. § 3294).

Here, Plaintiffs have no federal or state claims remaining. The Ninth Circuit has already found that the use of force was not done with no intent to harm and was reasonable, thereby evidencing reasonability rather than despicableness. As argued above, there is no viable claim for negligence, battery, or Bane Act violation either. Simply put, Plaintiffs have "no legal right to punitive damages." *See Ward v. City of San Jose*, 967 F.2d 280, 286 (9th Cir. 1991).

## V. <u>CONCLUSION</u>

For the foregoing reasons, Defendants request that the Court exercise supplemental jurisdiction and summarily dismiss the remaining three state law claims for battery, negligence, and Bane Act violation and, as applicable, any remaining

claims for punitive damages.

DATED: September 21, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: *___/s/ Mildred K. O'Linn___*
Mildred K. O'Linn
Robert E. Murphy
Attorneys for Defendants, CITY OF COVINA, VANESSA CARDOZA, DAVID MEADOWS, and BILLY SUN

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St., 15th Floor, Los Angeles, CA 90017-3012.

On September 21, 2026, I served true copies of the following document(s) described as **DEFENDANTS' SUPPLEMENTAL BRIEFING PURSUANT TO DOCKET NO. 104 REGARDING PLAINTIFFS' STATE LAW CLAIMS** on the interested parties in this action as follows:

The following are those who are currently on the list to receive e-mail notices for this case.

- **Richard T Copeland**
  rtc@conflict-solution.com

- **David L Fleck**
  David.Fleck@manningkass.com,adriana.alvarado@manningkass.com

- **Dale K Galipo**
  dalekgalipo@yahoo.com,dgilbert@galipolaw.com,blevine@galipolaw.com,evalenzuela@galipolaw.com,bjohnson@galipolaw.com,rvalentine@galipolaw.com,slaurel@galipolaw.com,CMayne@galipolaw.com,msincich@galipolaw.com,ldeleon@galipolaw.com,amonguia@galipolaw.com,coopermayne@recap.email,hlee@galipolaw.com

- **Robert E Murphy**
  Robert.Murphy@manningkass.com,veronica.price@manningkass.com

- **Mildred K. O'Linn**
  missy.olinn@manningkass.com,dxf@manningllp.com,docket@manningllp.com,mko@manningllp.com

- **Marcel F Sincich**
  msincich@galipolaw.com,amonguia@galipolaw.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 21, 2026, at Los Angeles, California.

/s/ Sandra Alarcon

Sandra Alarcon

MK MANNING | KASS