UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:23-cv-1562-CBM-SHK | Date | October 5, 2026 |
|---|---|---|---|
| Title | *E.V. et al. v. City of Covina et al.* | | |

| Present: The Honorable | CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE |
|---|---|
| V.R. VALLEY<br>Deputy Clerk | NOT REPORTED<br>Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| NONE PRESENT | NONE PRESENT |

**Proceedings:** **IN CHAMBERS- ORDER RE: PLAINTIFFS' STATE LAW CLAIMS**

Plaintiffs' Complaint asserts the following causes of action: (1) Fourth Amendment—Detention and Arrest, 42 U.S.C. § 1983; (2) Fourth Amendment—Excessive Force, 42 U.S.C. § 1983; (3) Fourth Amendment—Denial of Medical Care, 42 U.S.C. § 1983; (4) Substantive Due Process, 42 U.S.C. § 1983; (5) Municipal Liability (*Monell*)—Inadequate Training, 42 U.S.C. § 1983; (6) Municipal Liability (*Monell*)—Unconstitutional Custom, Practice or Policy, 42 U.S.C. § 1983; (7) Battery (survival and wrongful death); (8) negligence (survival and wrongful death); and (9) violation of Cal. Civ. Code § 52.1. On June 3, 2025, the Court granted the parties' stipulation for voluntary dismissal of Plaintiffs' first, third, fifth and sixth causes of action without prejudice. (Dkt. No. 46.)

On October 14, 2025, the Court denied Defendants' motion for summary judgment on Plaintiffs' five remaining causes of action (§ 1983 excessive force, § 1983 substantive due process, battery, negligence, and Cal. Civ. Code § 52.1 claims) and found Defendants Vanessa Cardoza, David Meadows, and Billy Sun (collectively, the "Defendant Officers") were not entitled to qualified immunity. (Dkt. No. 66.) Defendants appealed. The Ninth Circuit reversed and remanded, finding the district court erred in determining the Defendant Officers were not entitled to qualified immunity because "in the totality of the circumstances, the officers' use of force against [the decedent] was reasonable" and the decedent "post an immediate threat to the safety of the officers," and the Defendant Officers did not violate Plaintiffs' substantive due process rights. (Dkt. No. 98.) Following remand, the Court ordered the parties to brief the effect of the Ninth Circuit's memorandum decision on Plaintiffs' remaining state claims for battery, negligence, and violation of Cal. Civ. Code § 52.1. (Dkt. No. 104.)

The Court has reviewed the parties' briefs re: Plaintiffs' remaining state claims (Dkt. Nos. 105,

106), and finds consistent with the Ninth Circuit's memorandum decision and mandate that the Defendants Officers are entitled to summary judgment on Plaintiffs' § 1983 excessive force and § 1983 substantive due process claims. The Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state claims for battery, negligence, and violation of Cal. Civ. Code § 52.1 pursuant to 28 U.S.C. § 1367(c), and dismisses those state law claims without prejudice to being refiled in state court.

**IT IS SO ORDERED.**

00 :

Initials of Deputy Clerk VRV